```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
MARKHAM CONCEPTS, INC.; SUSAN GARRETSON; )
and LORRAINE MARKHAM, individually and  )
in her capacity as Trustee of the Bill  )
and Lorraine Markham Exemption Trust    )
and the Lorraine Markham Family Trust,  )
                                    )
            Plaintiffs,             )
                                    )
     v.                             )    C.A. No. 15-419 WES
                                    )
HASBRO, INC.; REUBEN KLAMER; DAWN   )
LINKLETTER GRIFFIN; SHARON LINKLETTER; )
MICHAEL LINKLETTER; LAURA LINKLETTER )
RICH; DENNIS LINKLETTER; THOMAS FEIMAN, )
in his capacity as co-trustee of the )
Irvin S. and Ida Mae Atkins Family  )
Trust; ROBERT MILLER, in his capacity )
as co-trustee of the Irvin S. and Ida )
Mae Atkins Family Trust; and MAX    )
CANDIOTTY, in his capacity as       )
co-trustee of the Irvin S. and Ida Mae )
Atkins Family Trust.                )
                                    )
            Defendants.             )
_____ )
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

This case involving the intellectual property rights to the Game of Life ("Game") is now before the Court on two motions. One is Defendant Klamer's Motion to Dismiss Count III of the Second Amended Complaint ("Klamer's Motion") (ECF No. 49).[1] The other is

---

[1] On October 13, 2017, the parties entered a stipulation wherein Defendants consented to the filing of a third amended complaint, (Stip. 4, ECF No. 126), which Plaintiffs filed the same day, (Pls.' Third Am. Compl., ECF No. 127). Although the Court

Plaintiffs' Motion for Judgment on the Pleadings and/or to Dismiss Certain of Defendant Klamer's Counterclaims and to Strike Certain Affirmative Defenses ("Plaintiffs' Motion") (ECF No. 37). Plaintiffs' Motion is granted to the extent it asks the Court to dismiss Defendant Klamer's request for a declaratory judgment stating that claims concerning the intellectual property in the Game are barred by claim and issue preclusion. Plaintiff's motion is otherwise denied. Klamer's Motion is denied in full.[2]

---

could treat Klamer's Motion as moot for being directed at a now-superseded complaint, see Collins v. Winex Invs., LLC, Civil No. 08cv51-L(CAB), 2008 WL 927572, at *1 (S.D. Cal. Apr. 4, 2008), the Court declines to do so here because Plaintiffs' third claim of relief in their second amended complaint and in their third amended complaint are nearly identical. Consequently, Defendant Klamer's arguments to dismiss the third claim of relief in the second amended complaint are just as applicable to the third amended complaint. Therefore, in the interest of efficiency, the Court deems Klamer's Motion applicable to Plaintiffs' third amended complaint: Discussion below testing Klamer's Motion against the second amended complaint serves also as the Court's determination of Klamer's Motion as applied to the third amended complaint.

[2] Both Plaintiffs and Klamer argue in their respective Motions as to why the other party lacks standing to bring certain claims. The parties have since resolved these issues to the extent stated in their stipulation entered October 13, 2017.(See Stip. 2-4). Therefore, the Court denies the Motions' standing sections – to the extent they relate to issues resolved in the parties' stipulation - as moot. Klamer's right to raise arguments relying on the work-for-hire doctrine against the third (or any subsequent) amended complaint is reserved. (See id. at 3-4).

**DISCUSSION**[3]

### I. Klamer's Motion

In his Motion, Klamer urges the Court to dismiss Plaintiffs' third claim of relief in their second amended complaint. (Klamer's Mot. 15-18).  The Court will grant a motion to dismiss when a complaint fails to plead "sufficient factual matter . . . to state a claim to relief that is plausible on its face." Guadalupe-Baez v. Pesquera, 819 F.3d 509, 514 (1st Cir. 2016) (quotations omitted). Klamer's argument is that Plaintiffs' third claim for relief – which asks the Court for a declaratory judgment determining ownership of the intellectual property associated with the Game – is barred by claim and issue preclusion stemming from litigation in the late 1980s that ended in settlement ("1989 Litigation"). (Klamer's Mot. 15-18).

Klamer's argument lacks merit. The 1989 Litigation was in state court, (Decl. of Erica J. Van Loon, Ex. 3, ECF No. 39-1) – that is, in a court without subject matter jurisdiction to determine the federal intellectual property rights at issue in Plaintiff's third claim of relief, see 28 U.S.C. § 1338(a) ("The [federal] district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . .

---

[3] The Court may, if necessary, expand on the discussion contained herein in its post-trial findings of fact and conclusions of law.

3

copyrights and trademarks. No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to . . . copyrights."). Applying California preclusion law,[4] claim preclusion does not apply here because the first forum lacked subject matter jurisdiction over the claim at issue. Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 2 Cal. Rptr. 3d 408, 415-16 (Cal. Ct. App. 2003) (finding that claim preclusion does not apply where "plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts . . . and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief.") (citing Restatement (Second) of Judgments § 26 (Am. Law Inst. 1982)).

Nor is Plaintiffs' third claim of relief subject to issue preclusion. In order for issue preclusion to apply, an issue must have been "actually litigated" in the first proceeding. Pac. Lumber Co. v. State Water Res. Control Bd., 126 P.3d 1040, 1054 (Cal. 2006) (quotations omitted). And when a case ends in settlement, as the 1989 Litigation did, "nothing was actually litigated." Le Parc,

---

[4] See Goldstein v. Galvin, 719 F.3d 16, 22 (1st Cir. 2013) ("When a federal court considers the preclusive effect of an earlier state court judgment, it must apply that state's preclusion principles.").

4

2 Cal. Rptr. 3d at 419. Therefore, Klamer's issue preclusion argument fails.

## II. Plaintiffs' Motion

Plaintiffs' Motion asks that paragraph 52(d) of Klamer's first counterclaim be dismissed. (Pls.' Mem. of Law 11-15, ECF. No. 37-1). This part of Klamer's counterclaim essentially contends that Plaintiffs' intellectual property claims are subject to claim and issue preclusion. (Id.) Paragraph 52(d) is based on the same legal premise as his Motion to Dismiss discussed above. (Def.'s Answer and Countercls. 27, ¶ 52(d), ECF No. 27). The Court grants dismissal of this part of Klamer's first counterclaim, for the same reason it denies Klamer's Motion. See supra pp. 2-4.

Plaintiffs' Motion also seeks to dismiss, (Pls.' Mem. of Law 15-19), another of Klamer's alternative declaratory judgment requests that, if entered, would limit Bill Markham's ownership in the Game to that of joint author, (Def.'s Answer and Countercls. 27, ¶ 52(e)).[5] Considered in the light most favorable to Klamer,[6] the relevant facts are as follows: Klamer hired Bill Markham to

---

[5] Section 201 of the Copyright Act provides that "[c]opyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are co-owners of copyright in the work."

[6] When deciding a motion to dismiss, the Court must "accept as true the factual allegations of the complaint and draw all reasonable inferences in favor of the nonmoving party." Davis v. Coakley, 802 F.3d 128, 132 (1st Cir. 2015).

5

assist with the physical creation of the game board after Klamer had "creat[ed] and conceiv[ed]" of the Game; Markham "produced a prototype of the Game built around [Klamer's] concepts"; but beyond that, Markham "had no further contribution to the development of the Game, or any subsequent revision thereof, beyond offering opinions and feedback which were not implemented into any version of the Game." (Def.'s Answer and Countercls. 19, ¶¶ 11, 12). Klamer also alleged he "significantly revised the design of the game board with Milton Bradley" after receiving Markham's prototype. (Id. at ¶ 13). The Court finds that these allegations plead a plausible claim for a determination that the Game was a "joint work" as defined by the Copyright Act, 17 U.S.C. § 101.

Finally, the Court denies Plaintiffs' Motion insofar as it asks the Court to strike Klamer's seventh and eighth affirmative defenses. (Pls.' Mem. of Law 15). Plaintiffs' attempt to strike is untimely. See Fed. R. Civ. P. 12(f)(2); FTC v. Instant Response Sys, LLC, No. 13 Civ. 00976(ILG)(VMS), 2014 WL 558688, at *2 (E.D.N.Y. Feb. 11, 2014) ("Rule 12 requires that a motion to strike be filed within 21 days of the service of the Answer.").

Moreover, Plaintiffs have not met their burden to show that no question of fact or law might allow these defenses to succeed. See United States v. Kennebec Scrap Iron, Inc., Docket no. 1:16-cv-191-GZS, 2016 WL 6651302, at *2 n.2 (D. Me. Nov. 10, 2016) ("To prevail on a motion to strike an affirmative defense, a plaintiff

6

must establish three criteria: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense.") (quotations omitted); Honeywell Consumer Prods., Inc. v. Windmere Corp., 993 F. Supp. 22, 24 (D. Mass. 1998) ("Motions to strike defenses are disfavored and should be granted only when it is beyond cavil that the defendant[ ] could not prevail on them.") (quotations omitted). Klamer's seventh and eighth affirmative defenses – asserting that Plaintiffs' claims are precluded "in whole or in part" – are broader than the preclusion Klamer asks for in paragraph 52(d) of his first counterclaim. (Def.'s Answer and Countercls. 16). Therefore, Plaintiffs' attempt to rely on the same arguments to strike the affirmative defenses as it does to dismiss the counterclaim in paragraph 52(d), see (Pls.' Mem. of Law 14-15), is for now unavailing.

## CONCLUSION

For these reasons, Plaintiffs' Motion (ECF No. 37) is GRANTED as to Klamer's Counterclaim in paragraph 52(d), but otherwise DENIED. Defendant Klamer's Motion (ECF No. 49) is DENIED.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
Chief Judge
Date: October 17, 2017