UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and LORRAINE MARKHAM, individually and in her capacity as Trustee of the Bill and Lorraine Markham Exemption Trust and the Lorraine Markham Family Trust,<br><br>Plaintiffs,<br><br>-against-<br><br>HASBRO, INC., REUBEN KLAMER, DAWN LINKLETTER GRIFFIN, SHARON LINKLETTER, MICHAEL LINKLETTER, LAURA LINKLETTER RICH, DENNIS LINKLETTER, THOMAS FEIMAN, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, ROBERT MILLER, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, and MAX CANDIOTTY, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust,<br><br>Defendants. | No. 1:15-cv-419-S-PAS |
| REUBEN KLAMER,<br><br>Counterclaim Plaintiff,<br><br>-against-<br><br>MARKHAM CONCEPTS, INC., and LORRAINE MARKHAM,<br><br>Counterclaim Defendants. | |

**MOTION TO COMPEL DISCOVERY**

Pursuant to Fed. R. Civ. P. 37, Plaintiffs Markham Concepts, Inc., Susan Garretson, and Lorraine Markham (collectively, "the Markham Parties" or "Plaintiffs") move that the Court compel Defendants Dawn Linkletter Griffin, Sharon Linkletter, Michael Linkletter, Laura

Linkletter Rich, and Dennis Linkletter (collectively, "the Linkletter Defendants") to provide responses to Plaintiffs' outstanding discovery requests. The Linkletter Defendants have wholly refused to produce any documents or even respond to the discovery requests, and have instead taken the position that they may participate in discovery when they so choose but are not subject to any written discovery obligations. This discovery is particularly relevant given the upcoming deposition of Ms. Sharon Linkletter.

Plaintiffs properly served Requests for Production and Interrogatories (the "Discovery Requests") on each of the Linkletter Defendants on May 25, 2016. Representative Discovery Requests served on Sharon Linkletter are attached hereto as Exhibits A and B. Although a stay was subsequently ordered in the case, no stay had been entered at the time the Discovery Requests were made.

On May 27, 2016 then-counsel to the Linkletter Defendants Mitch Reinis allegedly sent an email to the Markham Parties' interim counsel, Robert Foote[1], asserting that the Linkletter Defendants would not be responding to the Discovery Requests because (i) the Court had indicated that it might grant a stay while it considered the then-pending Motion to Disqualify the Markham Parties' original counsel (Dkt. No. 75), and (ii) there had not been a formal conference pursuant to Fed. R. Civ. P. 26. Regardless of whether these purported objections were ever in fact communicated to the Markham Parties, neither was an appropriate objection, given that there was no stay then in place, and that discovery had already begun in the case.

---

[1] Mr. Reinis and Mr. Foote are no longer involved in this action. The Linkletter Defendants' current counsel was unable to locate the e-mail allegedly sent from Mr. Reinis to Mr. Foote. Instead, the Linkletter Defendants' counsel produce a separate e-mail apparently addressed to Mr. Foote with no identified "To" or "CC" recipients. Counsel represented that this e-mail was sent by Mr. Reinis to at least one of the Linkletter Defendants and was a copy of the e-mail sent to Mr. Foote. A copy of this e-mail and the purported representation is attached hereto as Exhibit D.

Thereafter, on June 1, 2016, the Court granted the Motion to Stay, and on July 22, 2016, disqualified the Markham Parties' prior counsel. The Markham Parties' current counsel became involved in the case in September of 2016.

On January 9, 2017, Defendant Reuben Klamer moved that the Court "lift the stay of proceedings and reopen discovery." (Dkt. No. 106). The next day, Defendant Hasbro similarly moved that the court "reopen discovery." (Dkt. No. 107). On March 10, 2017, the Court granted these motions, specifically ordering that "[t]he stay is lifted and discovery is open."

Since the Court lifted the stay and reopened discovery, all parties, including the Linkletter Defendants, have actively participated in discovery. Collectively, Plaintiffs' and Defendants' counsel have noticed and taken six depositions over the past six months. The Linkletter Defendants are currently represented by Gary Wexler of Thompson Coburn, LLP. Mr. Wexler has appeared at all six depositions. In fact, Mr. Wexler has questioned deponents on the record. For example, at the July 26, 2017 deposition of Susan Garretson, Mr. Wexler interrogated Ms. Garretson regarding the legality of her court-issued adoption by Bill Markham. An excerpt of the interrogation of Ms. Garretson's is attached hereto as Exhibit C.

In preparation for the deposition of Sharon Linkletter, which was originally scheduled for October 4, 2017, current counsel for the Markham Parties become aware that the Linkletter Defendants had never responded to the Discovery Requests or produced any responsive documents. The undersigned counsel immediately attempted to resolve the issue with Mr. Wexler without involvement of the Court. Mr. Wexler, however, took the position that any required response to the Discovery Requests was postponed by the stay, and that "[t]he motion to stay was never lifted as regards to written discovery as to the Linkletter defendants." *See* Exhibit D. Despite Mr. Wexler's arguments, neither the motions to lift the stay nor the order included such an exception. Mr. Wexler has not explained the basis for his understanding that the Linkletter

Defendants may participate in discovery relating to the Markham Parties but simultaneously be immune from any discovery obligations.

The purported reasons for the Linkletter Defendants' complete refusal to produce documents or respond to interrogatories are not legitimate. Given that the parties have agreed to postpone the deposition of Sharon Linkletter until after the resolution of this motion, production of relevant documents and interrogatory responses will be critical to allow the Markham Parties to properly prepare for the deposition. Further, it would be unduly prejudicial to the Markham Parties to permit the Linkletter Defendants to on the one hand actively participate in the deposition process, while on the other hand allow them to refuse to answer propounded discovery. Lastly, there is no prejudice to the Linkletter Defendants, given that Ms. Linkletter's deposition will be scheduled once this motion is decided.

WHEREFORE, Plaintiff requests that the instant Motion be granted and that the Court issue an Order directing each Linkletter Defendant to respond to Plaintiffs' Discovery Requests and produce any responsive materials within ten (10) days of the Court's Order. Moreover, pursuant to Fed. R. Civ. P. 37(a)(5), Plaintiffs request that the Court order that the Linkletter Defendants and/or their counsel be required to pay for the Markham Parties' reasonable expenses incurred in making this motion.

    Respectfully submitted,

    MARKHAM CONCEPTS, INC., and LORRAINE MARKHAM,

    By his Attorneys,
      /s/ Robert M. Pollaro

    Robert M. Pollaro
    John T. Moehringer

-5-

David Cole

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Telephone:  (212) 504-6000

/s/ Mary C. Dunn

Joseph V. Cavanagh, Jr. (#1139)
Mary Cavanagh Dunn (#6712)
Robert J. Cavanagh, Jr. (#8589)
BLISH & CAVANAGH  LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
Telephone (401) 831-8900


*Attorneys for the Markham Parties*

### FRCP Rule 37 Certification

I hereby certify that counsel for Plaintiff has conferred or attempted to confer in good faith with counsel for Defendants in an effort to secure the requested information without court action.

Dated: October 19, 2017


/s/ Mary C. Dunn

## Certificate of Service

I hereby certify that on October 19, 2017, I caused a true copy of the foregoing Motion to Compel Discovery to be served upon counsel of record via ECF.

/s/ Mary C. Dunn