```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
MARKHAM CONCEPTS, INC.; SUSAN GARRETSON;)
and LORRAINE MARKHAM, individually and  )
in her capacity as Trustee of the Bill  )
and Lorraine Markham Exemption Trust    )
and the Lorraine Markham Family Trust,  )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )    C.A. No. 15-419 WES
                                   )
HASBRO, INC.; REUBEN KLAMER; DAWN  )
LINKLETTER GRIFFIN; SHARON LINKLETTER;  )
MICHAEL LINKLETTER; LAURA LINKLETTER    )
RICH; DENNIS LINKLETTER; THOMAS FEIMAN, )
in his capacity as co-trustee of the    )
Irvin S. and Ida Mae Atkins Family      )
Trust; ROBERT MILLER, in his capacity   )
as co-trustee of the Irvin S. and Ida   )
Mae Atkins Family Trust; and MAX        )
CANDIOTTY, in his capacity as           )
co-trustee of the Irvin S. and Ida Mae  )
Atkins Family Trust,                    )
                                   )
          Defendants.              )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

This case is before the Court on Defendant Hasbro, Inc.'s, ("Hasbro") Motion to Exclude Bill Markham's 1989 Deposition Testimony. Def.'s Mot., ECF No. 130. This testimony was given as part of prior litigation ("1989 Litigation") involving the Game of Life ("Game") initiated by Bill Markham against Reuben Klamer and Hasbro's predecessor-in-interest, Milton Bradley, among others. Even though Mr. Markham is now deceased, Hasbro argues that his

prior deposition testimony is hearsay that does not fall under any exception, and is therefore inadmissible. The Court disagrees, finding that the testimony at issue is admissible, not under Rule 804(b)(1), but rather under Rule 807. See Fed. R. Evid. 804, 807.

## DISCUSSION

I. Rule 804(b)(1)[1]

Hasbro's first contention is that Mr. Markham's deposition testimony is not covered by the former-testimony exception to the rule against hearsay. Def.'s Mot. 6-10. This exception provides that where a declarant is unavailable as a witness, testimony that:

> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who had – or, in a civil case, whose predecessor in interest had - an opportunity and similar motive to develop it by direct, cross-, or redirect examination

is not excluded by the rule against hearsay. Fed. R. Evid. 804(b)(1).

Hasbro concedes that Markham was a witness in the 1989 Litigation, and that Hasbro is a predecessor-in-interest to Milton Bradley. Def.' s Mot. at 6. Nevertheless, Hasbro argues, Milton Bradley did not have a similar motive to examine Mr. Markham in the 1989 Litigation. Id.

---

[1] The parties agree that the deposition testimony is hearsay, so the Court proceeds with an analysis of the relevant exceptions.

Hasbro points out that the 1989 Litigation was a contract case that put at issue the implications of various agreements between Mr. Markham and the then-existing successors-in-interest to Link Research Corp. Id. at 2. Indeed, as Mr. Markham's complaint in that case states, he named Milton Bradley as a defendant "solely because Milton Bradley is a necessary and indispensable party to the resolution of this action," not because of any "wrongdoing" on the company's part. Decl. of Courtney L. Batliner Ex. A, ¶ 28, ECF No. 131.

Milton Bradley, whose participation in the 1989 Litigation was little more than a formality, cannot then be said to have had a similar motive as the one Hasbro has here to develop and test evidence relevant to ownership of the Game's intellectual property. See United States v. Bartelho, 129 F.3d 663, 672 (1st Cir. 1997) ("[T]he similar-motive inquiry . . . requires scrutiny of the factual and procedural context of each proceeding to determine both the issue in dispute and the intensity of interest in developing the particular issue by the party against whom the disputed testimony is offered.").

There can be no doubt that the interest, if any, to probe Mr. Markham in 1989 as to the events surrounding the creation of the Game was not as intense as the interest the parties have in that

issue here.[2] Cf. Holmquist v. Farm Family Cas. Ins. Co., 800 F. Supp. 2d 305, 310-11 (D. Me. 2011) (disallowing former-testimony evidence where "there would have been little motivation to explore [the] issues [at bar] . . . in the prior proceeding (save for perhaps seeking to damage [the witness]'s credibility").

Mr. Markham's deposition testimony is therefore not admissible pursuant to the former-testimony exception.[3]

II. Rule 807

However, Plaintiffs argue that even if Mr. Markham's deposition is not eligible for admission under Rule 804(b)(1), the Court should admit it under Rule 807. Rule 807 is the "residual exception" to the hearsay rule, by which a court may allow hearsay statements "not specifically covered by a hearsay exception in Rule 803 or 804" if:

(1) the statement has equivalent circumstantial guarantees of trustworthiness;

(2) it is offered as evidence of a material fact;

---

[2] On this point, the Court notes that Plaintiffs Markham Concepts, Inc., and Lorraine Markham have already represented to the Court that "the claims previously raised by the parties in the 1989 Litigation . . . relate to six very different main factual disputes" than those in the instant case. Countercl. Defs.' Mem. of Law in Supp. of Mot. for J. on the Pleadings and/or to Dismiss Certain of Klamer's Countercls. and to Strike Certain Affirmative Defenses 10, ECF No. 37-1.

[3] This being the case even assuming Plaintiffs are not judicially estopped from making an argument under Rule 804(b), Hasbro's argument on that score, see Def.'s Mot. 10-12, is of no consequence.

4

>
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807.

To the extent it touches on his recollection concerning the events underlying the claims in the instant case, Mr. Markham's deposition testimony is evidence of at least one material fact, namely, the extent and nature of Mr. Markham's and Mr. Klamer's involvement in the Game's creation. See United States v. Sposito, 106 F.3d 1042, 1047 (1st Cir. 1997) (Rule 807(1) "requires only that the statement be offered as evidence of a material fact. It need not itself be a material fact."). The testimony would also be the most probative evidence available regarding Mr. Markham's understanding of his relationship with Mr. Klamer vis-à-vis the Game. See id. at 1046-47 (Rule 807(3) "requires only that the statement be more probative on the point for which it is offered." (quotations omitted)).

Moreover, Mr. Markham's deposition testimony was under oath and pertaining to matters of which he had personal knowledge. See United States v. Panzardi-Lespier, 918 F.2d 313, 316 (1st Cir. 1990) ("Courts have consistently provided that former testimony is trustworthy when it is given under oath . . . [and when] the witness testified about matters within his personal knowledge.").

5

And there is no argument from Hasbro that the testimony is implausible, though of course the company will dispute its veracity. See id. (noting that an indicium of trustworthiness is that testimony "is not implausible").

Finally, the Court finds that allowing the admission of Mr. Markham's deposition testimony will serve the purposes of the Federal Rules of Evidence and the interests of justice – not least because the testimony is from one of the two most important percipient witnesses in this case, the other being Mr. Klamer, who has already provided live testimony. See Sposito, 106 F.3d at 1048 (The "[b]asic purpose of the Federal Rules of Evidence . . . [is] truth ascertainment and fair adjudication of controversies.").

## CONCLUSION

For the above reasons, Hasbro's Motion to Exclude Bill Markham's 1989 Deposition Testimony (ECF No. 130) is DENIED. IT IS SO ORDERED.

/s/ WESmith

William E. Smith
Chief Judge
Date: December 19, 2017