APPEAL

# U.S. District Court
# District of Rhode Island (Providence)
# CIVIL DOCKET FOR CASE #: 1:15–cv–00419–WES–PAS

| | |
|---|---|
| Markham Concepts, Inc. v. Hasbro, Inc. | Date Filed: 10/02/2015 |
| Assigned to: Chief Judge William E. Smith | Date Terminated: 08/14/2019 |
| Referred to: Magistrate Judge Patricia A. Sullivan | Jury Demand: Both |
| Case in other court:     U.S. Court of Appeals for the First Circuit, COA19–1927 | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |
| Cause: 28:1332 Diversity–Other Contract | |

**Plaintiff**

| | | |
|---|---|---|
| **Markham Concepts, Inc.** | represented by | **Joseph V. Cavanagh , Jr.** |

Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
831–8900
Fax: 751–7542
Email: jvc@blishcavlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A Cole**
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, NY 10281
212–504–6755
Email: david.cole@cwt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Nimmer**
Irell & Manella LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
310–277–1010
Email: dnimmer@irell.com
*TERMINATED: 11/16/2017*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory A. Markel**
Cadwalader, Wickersahm, & Taft LLP
One World Financial Center
Suite 33–106
New York, NY 10022
212–504–6112
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**John T. Moehringer**
Cadwalader, Wickersham & Taft, LLP
200 Liberty St.
New York, NY 10281
(212) 504−6000
Fax: (212) 504−6666
Email: john.moehringer@cwt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kyle G Grimm**
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
212−504−6206
Email: kyle.grimm@cwt.com
*TERMINATED: 06/09/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Louis M. Solomon**
Reed Smith LLP
599 Lexington Avenue
New York, NY 10022
(212) 521−5400
Fax: (212) 521−5450
Email: lsolomon@reedsmith.com
*TERMINATED: 07/22/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael S. Lazaroff**
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
212−504−6620
Email: Michael.Lazaroff@cwt.com
*TERMINATED: 07/22/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert J. Cavanagh , Jr.**
Blish & Cavanagh
30 Exchange Terrace
3rd Floor
Providence, RI 02903
401−831−8900
Fax: 401−751−7542
Email: rjc@blishcavlaw.com
*ATTORNEY TO BE NOTICED*

2

**Robert C. Foote , III**
Cadawalader, Wickersham & Taft, LLP
200 Liberty Street
New York, NY 10281
212–504–6043
Email: robert.foote@cwt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert M Pollaro**
Codwalader, Wickersham & Taft LLP
200 Liberty Street
New York, NY 10281
212–993–3143
Email: robert.pollaro@cwt.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mary C. Dunn**
Blish & Cavanagh, LLP
30 Exchange Terrace
Providence, RI 02903
831–8900
Fax: 751–7542
Email: mcd@blishcavlaw.com
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Lorraine Markham**                     represented by   **David A Cole**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David Nimmer**
                                                          (See above for address)
                                                          *TERMINATED: 11/16/2017*
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Gregory A. Markel**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **John T. Moehringer**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Mary C. Dunn**
                                                          (See above for address)

*ATTORNEY TO BE NOTICED*

**Robert J. Cavanagh , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert C. Foote , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert M Pollaro**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Louis M. Solomon**
(See above for address)
*TERMINATED: 07/22/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Susan Garretson**                    represented by    **Mary C. Dunn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert M Pollaro**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Hasbro, Inc**                        represented by    **Joseph Avanzato**
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903
401−274−7200
Fax: 401−751−0604
Email: javanzato@apslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patricia K. Rocha**
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor
Providence, RI 02903
274−7200

4

Fax: 351–4607
Email: procha@apslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brenna Anatone Force**
Adler Pollock & Sheehan PC
One Citizens Plaza
8th Floor
Providence, RI 02903
401–274–7200
Fax: 401–351–4607
Email: bforce@apslaw.com
*ATTORNEY TO BE NOTICED*

**Courtney L Batliner**
Holland & Knight, LLP
10 St. James Avenue
11th Floor
Boston, MA 02116
(617)523–2700
Fax: (617)523–6850
Email: courtney.batliner@hklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacob W.S. Schneider**
Holland & Knight LLP
10 St. James Avenue
11th Floor
Boston, MA 02116
617–305–2025
Email: jacob.schneider@hklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua C. Krumholz**
Holland & Knight LLP
10 St. James Avenue
11th Floor
Boston, MA 02116
617–523–2700
Fax: 617–523–6850
Email: joshua.krumholz@hklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mark T. Goracke**
Holland and Knight
10 Saint James Avenie
11th Floor
Boston, MA 02116

617–305–2146
Fax: 617–523–6850
Email: mark.goracke@hklaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Reuben Klamer**                    represented by    **Brittany Elias**
Glaser Weil Fink Howard Avchen &
Shapiro LLP
10250 Constellation Blvd
19th Floor
Los Angeles, CA 90067
310–556–7809
Fax: 310–843–2609
Email: belias@glaserweil.com
*TERMINATED: 04/12/2018*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Eric E. Renner**
Renner Law, LLC
50 South Main Street
Suite 202
Providence, RI 02903
401–404–5251
Fax: 401–404–5285
Email: erenner@rennerlawllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica J. Van Loon**
Lathrop Gage LLP
1888 Century Park East
Suite 1000
Los Angeles, CA 90067–1623
310–789–4601
Email: evanloon@lathropgage.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas Edward Huskins**
Glaser Weil Fink HOward Avchen &
Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310–282–6264
Email: nhuskins@glaserweil.com
*TERMINATED: 09/11/2017*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Patricia L. Glaser**
Glaser Weil Fink Howard Avchen &
Shapiro LLP
10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310–553–3000
Email: pglaser@glaserweil.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas P. Burke , Jr.**
Glasser Weil Fink Howard Avchen &
Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067
310–556–7807
Fax: 310–843–2607
Email: tburke@glaserweil.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ida Mae Atkins**

**Defendant**

**Dawn Linkletter Griffin**                    represented by    **Christine K. Bush**
Hinckley, Allen & Snyder LLP
100 Westminster Street
Suite 1500
Providence, RI 02903
401–274–2000
Fax: 401–277–9600
Email: cbush@hinckleyallen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan M. Gainor**
Hinckley, Allen & Snyder LLP
100 Westminster Street
Suie 1500
Providence, RI 02903
401–457–5324
Fax: 401–277–9600
Email: rgainor@hinckleyallen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David B. Jinkins**
Thompson Coburn LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552–6000
Fax: (314) 552–7000
Email: djinkins@thompsoncoburn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary Wexler**
Thompson Coburn LLP
2029 Century Park East
19th Floor
Los Angeles, CA 90067
(310) 282–9470
Fax: (310) 282–2501
Email: GWexler@thompsoncoburn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Sharon Linkletter**                    represented by   **Christine K. Bush**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan M. Gainor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David B. Jinkins**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary Wexler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mitchell N. Reinis**
Thompson Coburn LLP
2029 Century Park East
19th FLoor
Los Angeles, CA 90067
310–282–2500
Email: mreinis@thompsoncoburn.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Michael Linkletter**                     represented by   **Christine K. Bush**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan M. Gainor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David B. Jinkins**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary Wexler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mitchell N. Reinis**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Laura Linkletter Rich**                  represented by   **Christine K. Bush**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan M. Gainor**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David B. Jinkins**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gary Wexler**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mitchell N. Reinis**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Dennis Linkletter**                    represented by   **Christine K. Bush**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ryan M. Gainor**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **David B. Jinkins**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Mitchell N. Reinis**
                                                          (See above for address)
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Thomas Feiman**                        represented by   **Christine K. Bush**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ryan M. Gainor**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Robert Miller**                        represented by   **Christine K. Bush**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ryan M. Gainor**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Max Candiotty**                        represented by   **Christine K. Bush**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Ryan M. Gainor**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Greenberg Traurig, LLP**                   represented by   **Greenberg Traurig, LLP**
                                                               PRO SE

                                                               **William M. Dolan , III**
                                                               Adler Pollock & Sheehan
                                                               One Citizens Plaza
                                                               8th Floor
                                                               Providence, RI 02903
                                                               274–7200
                                                               Fax: 351–4607
                                                               Email: wdolan@apslaw.com
                                                               *TERMINATED: 02/10/2017*
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Nicholas L. Nybo**
                                                               Adler Pollock & Sheehan P.C.
                                                               One Citizens Plaza
                                                               8th Floor
                                                               Providence, RI 02903
                                                               401–274–7200
                                                               Fax: 401–351–4607
                                                               Email: nnybo@apslaw.com
                                                               *TERMINATED: 02/10/2017*
                                                               *ATTORNEY TO BE NOTICED*

**Respondent**

**Louis M. Solomon**                         represented by   **Louis M. Solomon**
                                                               PRO SE

                                                               **William M. Dolan , III**
                                                               (See above for address)
                                                               *TERMINATED: 02/10/2017*
                                                               *LEAD ATTORNEY*

                                                               **Nicholas L. Nybo**
                                                               (See above for address)
                                                               *TERMINATED: 02/10/2017*

**Respondent**

**Michael S. Lazaroff**                      represented by   **Michael S. Lazaroff**
                                                               PRO SE

11

**William M. Dolan , III**
(See above for address)
*TERMINATED: 02/10/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas L. Nybo**
(See above for address)
*TERMINATED: 02/10/2017*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Lorraine Markham**                    represented by   **David A Cole**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Nimmer**
(See above for address)
*TERMINATED: 11/16/2017*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory A. Markel**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Louis M. Solomon**
(See above for address)
*TERMINATED: 07/22/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert J. Cavanagh , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert C. Foote , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert M Pollaro**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Reuben Klamer**                    represented by   **Eric E. Renner**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erica J. Van Loon**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nicholas Edward Huskins**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Patricia L. Glaser**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas P. Burke , Jr.**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**<u>Counter Defendant</u>**

**Markham Concepts, Inc.**                  represented by   **Joseph V. Cavanagh , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A Cole**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Nimmer**
(See above for address)
*TERMINATED: 11/16/2017*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory A. Markel**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kyle G Grimm**
(See above for address)
*TERMINATED: 06/09/2016*
*PRO HAC VICE*

13

*ATTORNEY TO BE NOTICED*

**Louis M. Solomon**
(See above for address)
*TERMINATED: 07/22/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael S. Lazaroff**
(See above for address)
*TERMINATED: 07/22/2016*
*ATTORNEY TO BE NOTICED*

**Robert J. Cavanagh , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert C. Foote , III**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert M Pollaro**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mary C. Dunn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Hasbro, Inc**                    represented by  **Joseph Avanzato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patricia K. Rocha**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brenna Anatone Force**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney L Batliner**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacob W.S. Schneider**

14

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua C. Krumholz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Hasbro, Inc**                        represented by   **Joseph Avanzato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patricia K. Rocha**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brenna Anatone Force**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney L Batliner**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacob W.S. Schneider**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joshua C. Krumholz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Hasbro, Inc**                        represented by   **Joseph Avanzato**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patricia K. Rocha**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brenna Anatone Force**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Courtney L Batliner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacob W.S. Schneider**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua C. Krumholz**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Lorraine Markham**                    represented by   **David A Cole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Nimmer**
(See above for address)
*TERMINATED: 11/16/2017*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory A. Markel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Louis M. Solomon**
(See above for address)
*TERMINATED: 07/22/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robert J. Cavanagh , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert C. Foote , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert M Pollaro**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Markham Concepts, Inc.**                     represented by   **Joseph V. Cavanagh , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A Cole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Nimmer**
(See above for address)
*TERMINATED: 11/16/2017*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory A. Markel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kyle G Grimm**
(See above for address)
*TERMINATED: 06/09/2016*
*ATTORNEY TO BE NOTICED*

**Louis M. Solomon**
(See above for address)
*TERMINATED: 07/22/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael S. Lazaroff**
(See above for address)
*TERMINATED: 07/22/2016*
*ATTORNEY TO BE NOTICED*

**Robert J. Cavanagh , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert C. Foote , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert M Pollaro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary C. Dunn**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Reuben Klamer**                    represented by    **Brittany Elias**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Eric E. Renner**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Erica J. Van Loon**
                                                       (See above for address)
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Nicholas Edward Huskins**
                                                       (See above for address)
                                                       *TERMINATED: 09/11/2017*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Patricia L. Glaser**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Thomas P. Burke , Jr.**
                                                       (See above for address)
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Susan Garretson**                  represented by    **Mary C. Dunn**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Lorraine Markham**                 represented by    **David A Cole**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **David Nimmer**
                                                       (See above for address)
                                                       *TERMINATED: 11/16/2017*
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

**Gregory A. Markel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John T. Moehringer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary C. Dunn**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert J. Cavanagh , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert C. Foote , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert M Pollaro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Louis M. Solomon**
(See above for address)
*TERMINATED: 07/22/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Markham Concepts, Inc.**                represented by   **Joseph V. Cavanagh , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David A Cole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Nimmer**
(See above for address)
*TERMINATED: 11/16/2017*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gregory A. Markel**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John T. Moehringer**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Kyle G Grimm**
(See above for address)
*TERMINATED: 06/09/2016*
*ATTORNEY TO BE NOTICED*

**Louis M. Solomon**
(See above for address)
*TERMINATED: 07/22/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael S. Lazaroff**
(See above for address)
*TERMINATED: 07/22/2016*
*ATTORNEY TO BE NOTICED*

**Robert J. Cavanagh , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert C. Foote , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert M Pollaro**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mary C. Dunn**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/02/2015 | 1 | | COMPLAINT ( filing fee paid $ 400.00, receipt number 0103−891096 ), filed by Markham Concepts, Inc.. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Dunn, Mary) (Entered: 10/02/2015) |
| 10/02/2015 | 2 | | MOTION for Kyle G. Grimm to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103−891107 ) filed by Markham Concepts, Inc.. (Dunn, Mary) (Entered: 10/02/2015) |
| 10/02/2015 | 3 | | MOTION for Louis M. Solomon to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103−891111 ) filed by Markham Concepts, Inc.. (Dunn, Mary) (Entered: 10/02/2015) |
| 10/02/2015 | 4 | | Corporate Disclosure Statement by Markham Concepts, Inc.. (Dunn, Mary) (Entered: 10/02/2015) |
| 10/02/2015 | | | Case assigned to Chief Judge William E. Smith and Magistrate Judge Patricia A. Sullivan. (Melendez, Filipa) (Entered: 10/02/2015) |

| | | |
|---|---|---|
| 10/02/2015 | 5 | MOTION for Temporary Restraining Order *and Preliminary Injuction* filed by Markham Concepts, Inc.. (Attachments: # 1 Supporting Memorandum, # 2 Supplement, # 3 Supplement, # 4 Exhibit 1, # 5 Exhibit 2, # 6 Exhibit 3, # 7 Exhibit 4, # 8 Exhibit 5, # 9 Exhibit 6, # 10 Exhibit 7, # 11 Exhibit 8, # 12 Exhibit 9, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17)(Dunn, Mary) (Entered: 10/02/2015) |
| 10/05/2015 | | NOTICE of Hearing: In Chambers Conference re: 5 MOTION for Temporary Restraining Order and Preliminary Injuction filed by Markham Concepts, Inc. *scheduled for 10/9/2015 at 10:30 AM in Chambers* before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 10/05/2015) |
| 10/06/2015 | 6 | Summons Request filed by Markham Concepts, Inc.. (Dunn, Mary) (Entered: 10/06/2015) |
| 10/06/2015 | 7 | Summons Issued as to Hasbro, Inc. (Urizandi, Nisshy) (Entered: 10/06/2015) |
| 10/07/2015 | 8 | SUMMONS Returned Executed by Markham Concepts, Inc.. Hasbro, Inc. served on 10/6/2015, answer due 10/27/2015. (Dunn, Mary) (Entered: 10/07/2015) |
| 10/09/2015 | 9 | MOTION to Intervene *and Stay Plaintiff's Motion and All Further Proceedings in this Matter Pending the Outcome of Arbitration* filed by Reuben Klamer. Responses due by 10/26/2015 (Attachments: # 1 Memorandum of Law in Support of Motion to Intervene and Stay Plaintiff's Motion and All Further Proceedings in this Matter Pending the Outcome of Arbitration, # 2 Declaration of Erica Van Loon in Support of Reuben Klamer's Motion to Intervene and Stay Plaintiff's Motion and All Further Proceedings in this Matter Pending the Outcome of Arbitration)(Renner, Eric) (Entered: 10/09/2015) |
| 10/09/2015 | 10 | NOTICE of Appearance by Eric E. Renner on behalf of Reuben Klamer (Renner, Eric) (Entered: 10/09/2015) |
| 10/09/2015 | 11 | MOTION for Erica Van Loon to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–895276 ) filed by Reuben Klamer. (Renner, Eric) (Entered: 10/09/2015) |
| 10/09/2015 | | HEARING CANCELLED re: Notice of In Chambers Conference re: 5 MOTION for Temporary Restraining Order and Preliminary Injuction filed by Markham Concepts, Inc. previously scheduled for 10/9/2015 at 10:30 AM in Chambers before Chief Judge William E. Smith is hereby POSTPONED until further notice of the Court, as per the request of the Plaintiff (Jackson, Ryan) (Entered: 10/09/2015) |
| 10/09/2015 | 12 | NOTICE of Appearance by Patricia K. Rocha on behalf of Hasbro, Inc. (Rocha, Patricia) (Entered: 10/09/2015) |
| 10/09/2015 | 13 | NOTICE of Appearance by Joseph Avanzato on behalf of Hasbro, Inc. (Avanzato, Joseph) (Entered: 10/09/2015) |
| 10/14/2015 | | Reset Hearings re: Notice of Hearing/In Chambers Conference re: 5 MOTION for Temporary Restraining Order and Preliminary Injuction *RE–SCHEDULED for 10/21/2015 at 11:00 AM in Chambers* before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 10/14/2015) |

| 10/15/2015 | 14 | | AMENDED COMPLAINT against Hasbro, Inc., Reuben Klamer, filed by Markham Concepts, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Certificate of Service)(Dunn, Mary) (Entered: 10/15/2015) |
|---|---|---|---|
| 10/15/2015 | 15 | | RESPONSE in Opposition re 9 MOTION to Intervene *and Stay Plaintiff's Motion and All Further Proceedings in this Matter Pending the Outcome of Arbitration* filed by Markham Concepts, Inc.. Replies due by 10/26/2015. (Attachments: # 1 Declaration of Alan B. Pick, # 2 Declaration of Louis Solomon, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Certificate of Service)(Dunn, Mary) (Entered: 10/15/2015) |
| 10/16/2015 | 16 | | Summons Request filed by Markham Concepts, Inc.. (Dunn, Mary) (Entered: 10/16/2015) |
| 10/16/2015 | 17 | | MOTION for an Extension of Time to File Response/Reply as to 5 MOTION for Temporary Restraining Order *and Preliminary Injuction* filed by Hasbro, Inc.. Responses due by 11/2/2015 (Attachments: # 1 Exhibit Link Settlement Agreement, # 2 Exhibit Milton Bradley Settlement Agreement, # 3 Exhibit 9–27–15 Letter, # 4 Exhibit 9–30–15 Letter)(Rocha, Patricia) (Entered: 10/16/2015) |
| 10/19/2015 | 18 | | Summons Issued as to Hasbro, Inc. (Urizandi, Nisshy) (Entered: 10/19/2015) |
| 10/19/2015 | 19 | | RESPONSE in Opposition re 17 MOTION for an Extension of Time to File Response/Reply as to 5 MOTION for Temporary Restraining Order *and Preliminary Injuction* filed by Markham Concepts, Inc.. Replies due by 10/29/2015. (Dunn, Mary) (Entered: 10/19/2015) |
| 10/20/2015 | 20 | | REPLY MEMORANDUM re 9 MOTION to Intervene *and Stay Plaintiff's Motion and All Further Proceedings in this Matter Pending the Outcome of Arbitration* . (Renner, Eric) (Entered: 10/20/2015) |
| 10/21/2015 | 21 | | MOTION for Michael S. Lazaroff to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–902258 ) filed by Markham Concepts, Inc.. (Dunn, Mary) (Entered: 10/21/2015) |
| 10/21/2015 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: In Chambers Conference held on 10/21/2015; counsel present: M. Dunn, M. Lazaroff, K. Grimm, L. Solomon; J. Avanzato, P. Rocha; E. Renner, E. Van Loon (via teleconference). (Jackson, Ryan) (Entered: 10/21/2015) |
| 10/21/2015 | | | TEXT ORDER finding as moot 5 Motion for TRO; finding as moot 17 Motion for Extension of Time to File Response/Reply. So Ordered by Chief Judge William E. Smith on 10/21/2015. (Jackson, Ryan) (Entered: 10/21/2015) |
| 10/21/2015 | | | TEXT ORDER granting 21 Motion to Appear Pro Hac Vice of Michael S. Lazaroff; granting 2 Motion to Appear Pro Hac Vice of Kyle G. Grimm ; granting 3 Motion to Appear Pro Hac Vice of Louis M. Solomon. So Ordered by Chief Judge William E. Smith on 10/21/15. (Jackson, Ryan) (Entered: 10/21/2015) |
| 10/21/2015 | | | TEXT ORDER granting 11 Motion to Appear Pro Hac Vice of Erica J. Van Loon. So Ordered by Chief Judge William E. Smith on 10/21/15. (Jackson, |

| | | | |
|---|---|---|---|
| | | | Ryan) (Entered: 10/21/2015) |
| 10/21/2015 | 22 | | TRANSCRIPT ORDER for proceedings held on 10/21/2015 before Judge Smith.. (Rocha, Patricia) (Entered: 10/21/2015) |
| 10/23/2015 | 23 | | TRANSCRIPT of Chambers Conference held on October 21, 2015, before Chief Judge William E. Smith. Court Reporter Anne M. Clayton, Telephone number 401–255–2310. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **<span style="color:red">NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option.</span>** Redaction Request due 11/13/2015. Redacted Transcript Deadline set for 11/23/2015. Release of Transcript Restriction set for 1/21/2016. (Clayton, Anne) (Entered: 10/23/2015) |
| 10/27/2015 | 24 | | NOTICE by Reuben Klamer re 9 MOTION to Intervene *and Stay Plaintiff's Motion and All Further Proceedings in this Matter Pending the Outcome of Arbitration* (Renner, Eric) (Entered: 10/27/2015) |
| 10/30/2015 | | | NOTICE of Hearing: Status/Scheduling Conference *scheduled for 11/12/2015 at 10:30 AM (EST) in Chambers* before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 10/30/2015) |
| 11/02/2015 | 25 | | STIPULATION re 14 Amended Complaint *Enlarging Time To Answer Or Otherwise Respond* by Hasbro, Inc.. (Rocha, Patricia) (Entered: 11/02/2015) |
| 11/05/2015 | 26 | | RULE 16 STATEMENT by Markham Concepts, Inc.. (Dunn, Mary) (Main Document 26 replaced on 11/5/2015) (Jackson, Ryan). (Entered: 11/05/2015) |
| 11/12/2015 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Status Conference held on 11/12/2015; counsel present: M. Dunn, L. Solomon, K. Grimm, M. Lazaroff; J. Avanzato, P. Rocha; E. Renner; E. Van Loon via teleconference. (Jackson, Ryan) (Entered: 11/12/2015) |
| 11/12/2015 | | | TEXT ORDER: Hasbro's answer or responsive pleading due on or before 12/18/15; Markham's objection due on or before 1/4/16; and reply due on or before 1/11/16. So Ordered by Chief Judge William E. Smith on 11/12/2015. (Jackson, Ryan) (Entered: 11/12/2015) |
| 11/12/2015 | 27 | | ANSWER to 14 Amended Complaint , COUNTERCLAIM against Markham Concepts, Inc. by Reuben Klamer. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Renner, Eric) (Entered: 11/12/2015) |
| 11/12/2015 | 28 | | Summons Request filed by Reuben Klamer. (Renner, Eric) (Entered: 11/12/2015) |
| 11/16/2015 | | | **NOTICE of Hearing**:Preliminary Settlement Conference set for **1/21/2016 02:00 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan. (Saucier, Martha) (Entered: 11/16/2015) |
| 11/23/2015 | 29 | | Summons Issued as to Lorraine Markham. (Urizandi, Nisshy) (Entered: 11/23/2015) |

| | | | |
|---|---|---|---|
| 11/23/2015 | | | TEXT ORDER: TEXT ORDER: Markham Concepts, Inc.'s answer or responsive pleading to Klamer's counterclaim is due on or before 12/18/15; Klamer's objection due on or before 1/4/16; and reply due on or before 1/11/16. So Ordered by Chief Judge William E. Smith on 11/23/2015. (Jackson, Ryan) (Entered: 11/23/2015) |
| 11/30/2015 | 30 | | MOTION to Amend/Correct *Plaintiffs' Motion for Leave to File an Amended Complaint;* filed by Lorraine Markham, Markham Concepts, Inc.. Responses due by 12/17/2015 (Attachments: # 1 The Markham Parties' Memorandum of Law in Support of Their Motion for Leave to File an Amended Complaint, # 2 Declaration of Louis M. Solomon, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9)(Solomon, Louis) (Entered: 11/30/2015) |
| 12/11/2015 | 31 | | RESPONSE in Opposition re 30 MOTION to Amend/Correct *Plaintiffs' Motion for Leave to File an Amended Complaint;* filed by Reuben Klamer. Replies due by 12/21/2015. (Renner, Eric) (Entered: 12/11/2015) |
| 12/17/2015 | 32 | | NOTICE by Reuben Klamer re 9 MOTION to Intervene *and Stay Plaintiff's Motion and All Further Proceedings in this Matter Pending the Outcome of Arbitration (Notice of Withdrawal)* (Renner, Eric) (Entered: 12/17/2015) |
| 12/18/2015 | 33 | | MOTION for an Extension of Time to File Answer re 14 Amended Complaint filed by Hasbro, Inc.. Responses due by 1/4/2016 (Rocha, Patricia) (Entered: 12/18/2015) |
| 12/18/2015 | 34 | | ANSWER to Complaint *[Answer to Second Amended Complaint and Counterclaim]*, COUNTERCLAIM *[Against Markham Parties]* against Hasbro, Inc. by Hasbro, Inc..(Rocha, Patricia) (Entered: 12/18/2015) |
| 12/18/2015 | 35 | | MOTION for Joshua C. Krumholz to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–924541 ) filed by Hasbro, Inc.. (Rocha, Patricia) (Entered: 12/18/2015) |
| 12/18/2015 | 36 | | MOTION for Courtney L. Batliner to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–924543 ) filed by Hasbro, Inc.. (Rocha, Patricia) (Entered: 12/18/2015) |
| 12/18/2015 | 37 | | MOTION for Judgment on the Pleadings *Counter–Claim Defendants' Motion for Judgment of the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Certain Affirmative Defenses;* filed by Lorraine Markham, Markham Concepts, Inc.. Responses due by 1/4/2016 (Attachments: # 1 Memorandum of Law, # 2 Declaration of Louis M. Solomon, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13)(Solomon, Louis) (Entered: 12/18/2015) |
| 12/21/2015 | 38 | | REPLY to Response to Motion re 31 Response in Opposition to Motion *The Markham Parties' Reply Memorandum of Law in Further Support of the Markham Parties' Motion for Leave to File an Amended Complaint;* filed by Lorraine Markham, Markham Concepts, Inc.. (Attachments: # 1 Declaration of Louis M. Solomon, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Solomon, Louis) (Entered: 12/21/2015) |
| 12/22/2015 | | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Hearing re: 30 MOTION to Amend/Correct / *Plaintiffs' Motion for Leave to File an Amended Complaint;*, and 33 MOTION for an Extension of Time to File Answer re 14 Amended Complaint: Motion Hearing **scheduled for 1/21/2016 at 11:00 AM in Courtroom 2** before Chief Judge William E. Smith; immediately following the hearing the Court will hold an in chambers conference re: scheduling. (Jackson, Ryan) (Entered: 12/22/2015) |
| 01/11/2016 | 39 | | RESPONSE in Opposition re 37 MOTION for Judgment on the Pleadings / *Counter−Claim Defendants' Motion for Judgment of the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Certain Affirmative Defenses;* filed by Reuben Klamer. Replies due by 1/21/2016. (Attachments: # 1 Affidavit Declaration of Erica J. Van Loon)(Renner, Eric) (Entered: 01/11/2016) |
| 01/11/2016 | 40 | | Reply to Counterclaim / *Counterclaim Defendants Markham Concepts, Inc. and Lorraine Markham's Answer to Counterclaim Plaintiff Hasbro, Inc.'s Answer and Counterclaim;* by Lorraine Markham, Markham Concepts, Inc.. (Attachments: # 1 Exhibit A)(Solomon, Louis) (Entered: 01/11/2016) |
| 01/12/2016 | 41 | | NOTICE of Appearance by Robert J. Cavanagh, Jr on behalf of Markham Concepts, Inc. (Cavanagh, Robert) (Entered: 01/12/2016) |
| 01/13/2016 | | | TEXT ORDER granting 35 Motion to Appear Pro Hac Vice of Joshua C. Krumholz; granting 36 Motion to Appear Pro Hac Vice of Courtney L Batliner. So Ordered by Chief Judge William E. Smith on 1/13/16. (Jackson, Ryan) (Entered: 01/13/2016) |
| 01/15/2016 | | | TEXT ORDER granting 30 Motion to Amend/Correct; finding as moot 33 Motion for Extension of Time to Answer. So Ordered by Chief Judge William E. Smith on 1/15/16. (Jackson, Ryan) (Entered: 01/15/2016) |
| 01/15/2016 | | | Reset Hearings re: Notice of Hearing on 30 MOTION to Amend/Correct / Plaintiffs' Motion for Leave to File an Amended Complaint; and 33 MOTION for an Extension of Time to File Answer is hereby CONVERTED to an In Chambers Conference **scheduled for 1/21/2016 at 11:00 AM in Chambers** before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 01/15/2016) |
| 01/19/2016 | 42 | | REPLY to Response to Motion re 39 Response in Opposition to Motion, / *Counter−Claim Defendants' Reply Memorandum of Law in Further Support of Motion for Judgment on the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Certain Affirmative Defenses;* filed by Lorraine Markham, Markham Concepts, Inc.. (Attachments: # 1 Declaration of Louis M. Solomon, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Solomon, Louis) (Entered: 01/19/2016) |
| 01/20/2016 | 43 | | AMENDED COMPLAINT /*Second Amended Complaint* against All Defendants, filed by Markham Concepts, Inc., Lorraine Markham. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Solomon, Louis) (Entered: 01/20/2016) |
| 01/21/2016 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: In Chambers Conference held on 1/21/2016; counsel present: L. Solomon, M. Lazeroff, M. Dunn, K. Grimm; P. Rocha, J. Krumholz; E. Renner, E. Van Loon (Jackson, Ryan) (Entered: 01/21/2016) |

| 01/21/2016 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Settlement Conference held on 1/21/2016. (Chambers at 12:00.) (Saucier, Martha) (Entered: 01/21/2016) |
|---|---|---|---|
| 01/21/2016 | 44 | | NOTICE of SETTLEMENT CONFERENCE and SETTLEMENT CONFERENCE ORDER: Settlement Conference set for **2/29/2016 10:30 AM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan. (Saucier, Martha) (Entered: 01/21/2016) |
| 01/22/2016 | 45 | | PRETRIAL SCHEDULING ORDER: Factual discovery due by 6/29/2016. Party with the burden of proof shall make its expert witness disclosures by 7/29/2016; opposing party shall make its expert witness disclosures by 8/29/2016; expert discovery closes 9/29/2016. Dispositive motions due by 9/29/2016. Pretrial Memoranda due 30 days after a decision on any dispositive motion or, if no dispositive motions are filed, by 10/14/2016. So Ordered by Chief Judge William E. Smith on 1/22/2016. (Marseglia, Patricia) (Entered: 01/22/2016) |
| 01/22/2016 | 46 | | Summons Request filed by Lorraine Markham, Markham Concepts, Inc.. (Attachments: # 1 Dawn Linkletter Griffin Summons. Dennis Linkletter Summons, # 2 Ida Mae Atkins Summons, # 3 Laura Linkletter Rich Summons, # 4 Michael Linkletter Summons, # 5 Sharon Linkletter Summons)(Solomon, Louis) (Entered: 01/22/2016) |
| 01/26/2016 | 47 | | Summons Issued as to Ida Mae Atkins, Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Urizandi, Nisshy) (Entered: 01/26/2016) |
| 02/03/2016 | 48 | | MOTION for Leave to File Document With Supporting Memo filed by Reuben Klamer. Responses due by 2/22/2016 (Attachments: # 1 Exhibit A, # 2 Declaration of Erica J. Van Loon)(Renner, Eric) (Entered: 02/03/2016) |
| 02/03/2016 | 49 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiffs' Second Amended Complaint, or in the Alternative, to Transfer This Action to the United States District Court for the Central District of California* With Supporting Memo filed by Reuben Klamer. Responses due by 2/22/2016 (Attachments: # 1 Declaration of Erica J. Van Loon (with exhibits), # 2 Declaration of Reuben Klamer (with exhibits), # 3 Declaration of Leonard Israel, # 4 Declaration of Grace Falco Chambers)(Renner, Eric) (Entered: 02/03/2016) |
| 02/05/2016 | | | TEXT ORDER granting 48 Motion for Leave to File. So Ordered by Chief Judge William E. Smith on 2/5/2016. (Urizandi, Nisshy) (Entered: 02/05/2016) |
| 02/10/2016 | 50 | | SUR–REPLY to Reply to Motion Response re 42 Reply to Response to Motion, *of Plaintiff and Counterclaim Defendants for Judgment on the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Certain Affirmative Defenses* filed by Reuben Klamer. (Attachments: # 1 Declaration of Erica J. Van Loon)(Renner, Eric) (Entered: 02/10/2016) |
| 02/11/2016 | 51 | | NOTICE of Appearance by Brenna Anatone Force on behalf of Hasbro, Inc. (Force, Brenna) (Entered: 02/11/2016) |
| 02/22/2016 | 52 | | RESPONSE in Opposition re 49 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiffs' Second Amended Complaint, or in the* |

| | | |
|---|---|---|
| | | *Alternative, to Transfer This Action to the United States District Court for the Central District of California* filed by Lorraine Markham, Markham Concepts, Inc.. Replies due by 3/3/2016. (Attachments: # 1 Declaration of Louis M. Solomon, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Solomon, Louis) Modified on 3/1/2016 The document is illegible, incomplete or the wrong PDF is attached.  The filer has to re–filed the document as ECF #53. (Urizandi, Nisshy). (Entered: 02/22/2016) |
| 02/22/2016 | 53 | RESPONSE in Opposition re 49 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiffs' Second Amended Complaint, or in the Alternative, to Transfer This Action to the United States District Court for the Central District of California* filed by Lorraine Markham, Markham Concepts, Inc.. Replies due by 3/3/2016. (Attachments: # 1 Declaration of Louis M. Solomon, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11)(Solomon, Louis) (Entered: 02/22/2016) |
| 02/23/2016 | 54 | SUMMONS Returned Executed by Lorraine Markham, Markham Concepts, Inc.. Dawn Linkletter Griffin served on 2/13/2016, answer due 3/7/2016. (Solomon, Louis) (Entered: 02/23/2016) |
| 02/23/2016 | 55 | SUMMONS Returned Executed by Lorraine Markham, Markham Concepts, Inc.. Laura Linkletter Rich served on 2/16/2016, answer due 3/8/2016. (Solomon, Louis) (Entered: 02/23/2016) |
| 02/23/2016 | 56 | SUMMONS Returned Executed by Lorraine Markham, Markham Concepts, Inc.. Michael Linkletter served on 2/12/2016, answer due 3/4/2016. (Solomon, Louis) (Entered: 02/23/2016) |
| 02/23/2016 | 57 | SUMMONS Returned Executed by Lorraine Markham, Markham Concepts, Inc.. Sharon Linkletter served on 2/12/2016, answer due 3/4/2016. (Solomon, Louis) (Entered: 02/23/2016) |
| 02/29/2016 | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Settlement Conference held on 2/29/2016. (Chambers at 10:30.) (Saucier, Martha) (Entered: 02/29/2016) |
| 03/01/2016 | | **NOTICE of Hearing**: Telephone Conference set for **3/1/2016 04:45 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with counsel for Defendant Klamer only. Court to initiate the call.(Saucier, Martha) (Entered: 03/01/2016) |
| 03/01/2016 | | **NOTICE of Hearing**: Telephone Conference set for **3/2/2016 02:00 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with counsel for Plaintiff Markham and Markham Concepts only. Court to initiate the call.(Saucier, Martha) (Entered: 03/01/2016) |
| 03/01/2016 | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/1/2016 with Attorney Erica Van Loon. (Chambers at 4:45.) (Saucier, Martha) (Entered: 03/02/2016) |
| 03/02/2016 | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/2/2016 with Attorneys Solomon, |

| | | | |
|---|---|---|---|
| | | | Lazaroff, Grimm, Norden, Cavanaugh, Jr. and, White. (Chambers at 2:00.) (Saucier, Martha) (Entered: 03/02/2016) |
| 03/03/2016 | | | **NOTICE of Hearing**: Telephone Conference set for **3/4/2016 02:00 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan Counsel for Defendant Hasbro Inc. only. Court to initiate the call.(Saucier, Martha) (Entered: 03/03/2016) |
| 03/03/2016 | | | **AMENDED** NOTICE of Hearing: Telephone Conference set for **3/4/2016 03:00 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan Counsel for Defendant Hasbro Inc. only. Court to initiate the call. Please Note Time Change Only.(Saucier, Martha) (Entered: 03/03/2016) |
| 03/03/2016 | 58 | | REPLY to Response to Motion re 53 Response in Opposition to Motion,, *to Dismiss the Second Amended Complaint, or in the Alternative, to Transfer to the Central District of California,* filed by Reuben Klamer. (Attachments: # 1 Declaration of Erica J. Van Loon, # 2 Declaration of Reuben Klamer)(Renner, Eric) (Entered: 03/03/2016) |
| 03/04/2016 | 59 | | NOTICE of Appearance by Christine K. Bush on behalf of Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich (Bush, Christine) (Entered: 03/04/2016) |
| 03/04/2016 | 60 | | NOTICE of Appearance by Ryan M. Gainor on behalf of Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich (Gainor, Ryan) (Entered: 03/04/2016) |
| 03/04/2016 | 61 | | MOTION for Mitchell N. Reinis to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–946704 ) filed by Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 03/04/2016) |
| 03/04/2016 | 62 | | MOTION to Dismiss , MOTION to Dismiss for Lack of Jurisdiction WITH SUPPORTING MEMO filed by Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. Responses due by 3/21/2016 (Attachments: # 1 Supporting Memorandum)(Gainor, Ryan) (Entered: 03/04/2016) |
| 03/04/2016 | 63 | | DECLARATION re 62 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction by Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Gainor, Ryan) (Entered: 03/04/2016) |
| 03/04/2016 | 64 | | DECLARATION re 62 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction by Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 03/04/2016) |
| 03/04/2016 | 65 | | DECLARATION re 62 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction by Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 03/04/2016) |
| 03/04/2016 | 66 | | DECLARATION re 62 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction by Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 03/04/2016) |

| 03/04/2016 | 67 | | DECLARATION re 62 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction by Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 03/04/2016) |
|---|---|---|---|
| 03/04/2016 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/4/2016. (Chambers at 3:00.) (Saucier, Martha) (Entered: 03/04/2016) |
| 03/04/2016 | | | **NOTICE of Hearing**: Telephone Conference set for **3/7/2016 03:00 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with Plaintiffs' counsel only. Court to initiate the call.(Saucier, Martha) (Entered: 03/04/2016) |
| 03/07/2016 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/7/2016 with Attorneys Solomon, Lazaroff, Grimm, Norden. (Chambers at 3:00.) (Saucier, Martha) (Entered: 03/07/2016) |
| 03/07/2016 | | | **NOTICE of Hearing**: Telephone Conference set for **3/7/2016 05:00 PM** in Courtroom B before Magistrate Judge Patricia A. Sullivan with Attorney Christine Bush only. Court to initiate the call.(Saucier, Martha) (Entered: 03/07/2016) |
| 03/07/2016 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/7/2016 Attorneys Christine Bush and Mitchell Reinis. (Chambers at 5:00.) (Saucier, Martha) (Entered: 03/08/2016) |
| 03/08/2016 | | | **NOTICE of Hearing**: TELEPHONIC Status Conference set for **5/16/2016 09:30 AM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with all counsel of record. Court to initiate the call. (Saucier, Martha) (Entered: 03/08/2016) |
| 03/08/2016 | 68 | | MOTION for Jacob W.S. Schneider to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–947601 ) filed by Hasbro, Inc.. (Rocha, Patricia) (Entered: 03/08/2016) |
| 03/10/2016 | 69 | | MOTION for Leave to File Document *Markham Parties' Motion for Leave to File a Surreply to Defendant Klamer's Reply in Further Support of Motion to Dismiss, or in the Alternative, To Transfer* filed by All Plaintiffs. Responses due by 3/28/2016 (Attachments: # 1 Declaration of Louis M. Solomon, # 2 Exhibit 1– Proposed Surreply, # 3 Exhibit 2– Excerpts of Lorraine Markham's Responses and Objections to Klamer's First Set of Document Requests, # 4 Exhibit 3– Excerpts of Markham Concepts' Responses and Objections to Klamer's First Set of Document Requests)(Solomon, Louis) (Entered: 03/10/2016) |
| 03/17/2016 | | | TEXT ORDER granting 69 Motion for Leave to File a Surreply to Defendant Klamer's Reply in Support of 49 Motion to Dismiss. So Ordered by Chief Judge William E. Smith on 3/17/2016. (Jackson, Ryan) (Entered: 03/17/2016) |
| 03/18/2016 | 70 | | MOTION for Nicholas Edward Huskins to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–951013 ) filed by Reuben Klamer. (Renner, Eric) (Entered: 03/18/2016) |
| 03/18/2016 | 71 | | |

| | | | |
|---|---|---|---|
| | | | RESPONSE in Opposition re 49 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiffs' Second Amended Complaint, or in the Alternative, to Transfer This Action to the United States District Court for the Central District of California* filed by Markham Concepts, Inc.. Replies due by 3/28/2016. (Attachments: # 1 Exhibit Declaration of Kyle G. Grimm)(Cavanagh, Joseph) (Entered: 03/18/2016) |
| 03/21/2016 | 72 | | RESPONSE in Opposition re 62 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction filed by Lorraine Markham, Markham Concepts, Inc.. Replies due by 3/31/2016. (Attachments: # 1 Affidavit, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39)(Cavanagh, Joseph) (Entered: 03/21/2016) |
| 03/31/2016 | 73 | | REPLY to Response to Motion re 72 Response in Opposition to Motion,,, *to Dismiss for Lack of Personal Jurisdiction and Improper Venue* filed by Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 03/31/2016) |
| 04/01/2016 | | | TEXT ORDER granting 61 Motion to Appear Pro Hac Vice of Mitchell N. Reinis. So Ordered by Chief Judge William E. Smith on 4/1/2016. (Jackson, Ryan) (Entered: 04/01/2016) |
| 04/08/2016 | | | TEXT ORDER granting 68 Motion to Appear Pro Hac Vice of Jacob W.S. Schneider. So Ordered by Chief Judge William E. Smith on 4/8/2016. (Jackson, Ryan) (Entered: 04/08/2016) |
| 04/15/2016 | | | TEXT ORDER granting 70 Motion to Appear Pro Hac Vice of Nicholas Edward Huskins. So Ordered by Chief Judge William E. Smith on 4/15/2016. (Jackson, Ryan) (Entered: 04/15/2016) |
| 04/15/2016 | 74 | | Summons Issued as to Dennis Linkletter via international mail. (Farrell Pletcher, Paula) Filed date modified on 4/18/2016 (Farrell Pletcher, Paula). (Entered: 04/18/2016) |
| 04/22/2016 | 75 | | MOTION to Disqualify Counsel WITH SUPPORTING MEMO filed by Hasbro, Inc. Responses due by 5/9/2016 (Attachments: # 1 Affidavit Declaration of Barbara Finigan, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E, # 7 Exhibit Exhibit F, # 8 Exhibit Exhibit G, # 9 Exhibit Exhibit H, # 10 Exhibit Exhibit I)(Rocha, Patricia) (Entered: 04/22/2016) |
| 05/02/2016 | | | NOTICE of Hearing on 75 MOTION to Disqualify Counsel: Motion Hearing *scheduled for Thursday 5/26/2016 at 11:00 AM in Courtroom 2* before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 05/02/2016) |
| 05/02/2016 | 76 | | NOTICE of Appearance by William M. Dolan, III on behalf of Greenberg Traurig, LLP, Louis M. Solomon, Michael S. Lazaroff (Dolan, William) (Entered: 05/02/2016) |

| 05/02/2016 | 77 | | NOTICE of Appearance by Nicholas L. Nybo on behalf of Greenberg Traurig, LLP, Michael S. Lazaroff, Louis M. Solomon (Nybo, Nicholas) (Entered: 05/02/2016) |
|---|---|---|---|
| 05/03/2016 | | | HEARING CANCELLED: TELEPHONIC Status Conference set for 5/16/2016 09:30 AM before Magistrate Judge Patricia A. Sullivan has been cancelled.(Saucier, Martha) (Entered: 05/03/2016) |
| 05/04/2016 | 78 | | Assented MOTION for an Extension of Time to Respond to Defendant Hasbro, Inc.'s Motion to Disqualify Greenberg Traurig, LLP, Louis M. Solomon and Michael S. Lazaroff filed by Greenberg Traurig, LLP, Michael S. Lazaroff, Louis M. Solomon. Responses due by 5/23/2016 (Dolan, William) (Entered: 05/04/2016) |
| 05/05/2016 | | | TEXT ORDER granting 78 Motion for Extension of Time to respond to 75 MOTION to Disqualify Counsel up to and including 5/16/16. So Ordered by Chief Judge William E. Smith on 5/5/2016. (Jackson, Ryan) (Entered: 05/05/2016) |
| 05/10/2016 | 79 | | FILED IN ERROR – STIPULATION *Extending Time for Defendant Dennis Linkletter to Respond to Second Amended Complaint and Order Thereon* by Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Gainor, Ryan) Modified on 5/11/2016 – The name of the ECF Filer must be preceded by an "/s/" and typed in the space where the signature would otherwise appear. The filer is directed to re–file the document within one day. (Urizandi, Nisshy). (Entered: 05/10/2016) |
| 05/10/2016 | 80 | | STIPULATION *Extending Time for Defendant Dennis Linkletter to Respond to Second Amended Complaint and Order Thereon* by Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 05/10/2016) |
| 05/11/2016 | 81 | | TEXT ORDER : Plaintiffs are hereby ordered to file a Motion to Stay all proceedings in the matter pending a decision on 75 MOTION to Disqualify Counsel consistent with their letter dated 5/6/16 (and attached hereto) on or before 5/13/16; once the motion is filed, Defendant Hasbro, Inc. will have one week to file their response. So Ordered by Chief Judge William E. Smith on 5/11/2016. (Jackson, Ryan) (Entered: 05/11/2016) |
| 05/13/2016 | 82 | | MOTION to Stay re 81 Order, Motion to Stay filed by All Plaintiffs. Responses due by 5/31/2016 (Attachments: # 1 Affidavit Declaration of Markham, # 2 Affidavit Declaration of Garretson, # 3 Affidavit Declaration of Grimm, # 4 Exhibit 1 to Decl. of Grimm, # 5 Exhibit 2 to Decl. of Grimm, # 6 Exhibit 3 to Decl. of Grimm, # 7 Exhibit 4 to Decl. of Grimm, # 8 Exhibit 5 to Decl. of Grimm, # 9 Exhibit 6 to Decl. of Grimm, # 10 Exhibit 7 to Decl. of Grimm)(Cavanagh, Robert) (Entered: 05/13/2016) |
| 05/16/2016 | | | UPDATED Notice of Hearing: At the motion hearing scheduled for 5/26/16, the Court will hear both 75 MOTION to Disqualify Counsel and 82 MOTION to Stay; the parties should file their written responses, if any, by Monday 5/23/16: Motion Hearing *scheduled for Thursday 5/26/2016 at 11:00 AM in Courtroom 2* before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 05/16/2016) |
| 05/16/2016 | 83 | | |

| | | | |
|---|---|---|---|
| | | | MOTION to Seal Document filed by Greenberg Traurig, LLP, Michael S. Lazaroff, Louis M. Solomon. Responses due by 6/2/2016 (Attachments: # 1 Respondent's Objection, # 2 Supporting Memorandum, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit A)(Urizandi, Nisshy) (Entered: 05/17/2016) |
| 05/18/2016 | 84 | | MOTION for Gregory Markel to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103−970593 ) filed by Lorraine Markham, Markham Concepts, Inc.. (Cavanagh, Robert) (Entered: 05/18/2016) |
| 05/18/2016 | 85 | | MOTION for Robert C. Foote III to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103−970609 ) filed by Lorraine Markham, Markham Concepts, Inc.. (Cavanagh, Robert) (Entered: 05/18/2016) |
| 05/19/2016 | | | TEXT ORDER Entering 80 Stipulation Extending Time for Defendant Dennis Linkletter to Respond to Second Amended Complaint filed by Dennis Linkletter, Laura Linkletter Rich, Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Markham Concepts, Inc., and Lorraine Markham. So Ordered by Chief Judge William E. Smith on 5/19/2016. (Jackson, Ryan) (Entered: 05/19/2016) |
| 05/19/2016 | | | TEXT ORDER granting 83 Motion to Seal Document. So Ordered by Chief Judge William E. Smith on 5/19/2016. (Urizandi, Nisshy) (Entered: 05/19/2016) |
| 05/19/2016 | 86 | | RESPONSE in Opposition (UNREDACTED COPY) re 75 MOTION to Disqualify Counsel filed by Greenberg Traurig, LLP, Michael S. Lazaroff, Louis M. Solomon. Replies due by 5/31/2016. (Attachments: # 1 Supporting Memorandum, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit A)(Urizandi, Nisshy) Modified on 6/3/2016 to lift sealed restriction pursuant to the Text Order entered on 5/27/2016 granting to motion to unseal (Urizandi, Nisshy). (Entered: 05/19/2016) |
| 05/20/2016 | 87 | | MOTION to Unseal Document filed by Hasbro, Inc. (Rocha, Patricia) (Entered: 05/20/2016) |
| 05/23/2016 | 88 | | RESPONSE to Motion re 82 MOTION to Stay re 81 Order, *Reuben Klamer's Memorandum of Law in Response to the Markham Parties' Motion for a Stay of Proceedings Pending Resolution of Hasbro's Motion to Disqualify* filed by Reuben Klamer. Replies due by 6/2/2016. (Attachments: # 1 Declaration of Erica J. Van Loon)(Renner, Eric) (Entered: 05/23/2016) |
| 05/23/2016 | 89 | | RESPONSE in Opposition re 82 MOTION to Stay re 81 Order, filed by Hasbro, Inc. Replies due by 6/2/2016. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Rocha, Patricia) (Entered: 05/23/2016) |
| 05/23/2016 | 90 | | RESPONSE in Support re 75 MOTION to Disqualify Counsel filed by Hasbro, Inc. (Attachments: # 1 Exhibit 1, # 2 Declaration of Barbara Finigan, # 3 Exhibit A to Declaration)(Rocha, Patricia) (Entered: 05/23/2016) |
| 05/25/2016 | | | TEXT ORDER granting 84 Motion to Appear Pro Hac Vice of Gregory Markel; granting 85 Motion to Appear Pro Hac Vice of Robert C. Foote, III. So Ordered by Chief Judge William E. Smith on 5/25/2016. (Jackson, Ryan) (Entered: 05/25/2016) |
| 05/26/2016 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Motion Hearing held on 5/26/2016 re 75 MOTION to Disqualify Counsel filed |

|  |  |  | by Hasbro, Inc, <u>82</u> MOTION to Stay re <u>81</u> Order, filed by Lorraine Markham, Markham Concepts, Inc. (Rocha, Dolan) Court addresses. Arguments heard. Court questions. Court takes matter under advisement and will issue a written ruling. Recess. (Court Reporter Anne Clayton in Courtroom 2 at 11:15 a.m.) (Urizandi, Nisshy) (Entered: 05/26/2016) |
| 05/27/2016 |  |  | TEXT ORDER granting <u>87</u> Motion to Unseal Document: Markham filed the documents that are the subject of the Motion under seal out of a concern that they contain information Hasbro would consider confidential. Hasbro has represented in its Motion that it does not consider any of the information in the documents confidential, negating the need to seal the documents. So Ordered by Chief Judge William E. Smith on 5/27/2016. (Jackson, Ryan) (Entered: 05/27/2016) |
| 05/27/2016 | <u>91</u> |  | TRANSCRIPT ORDER *Motion to Disqualify* for proceedings held on 5/26/2016 before Judge William Smith.. (Rocha, Patricia) (Entered: 05/27/2016) |
| 05/27/2016 | <u>92</u> |  | TRANSCRIPT ORDER *Motion to Disqualify* for proceedings held on 5/26/2016 before Judge William Smith.. (Dolan, William) (Entered: 05/27/2016) |
| 06/01/2016 | <u>93</u> |  | NOTICE by Lorraine Markham, Markham Concepts, Inc. *Notice of Withdrawal of Kyle G. Grimm* (Cavanagh, Robert) (Entered: 06/01/2016) |
| 06/01/2016 | <u>94</u> |  | ORDER granting <u>82</u> Motion to Stay Proceedings with the exception that the deposition of Mr. Klamer may proceed as described in the attached order. So Ordered by Chief Judge William E. Smith on 6/1/2016. (Jackson, Ryan) (Entered: 06/01/2016) |
| 06/06/2016 | <u>95</u> |  | TRANSCRIPT ORDER *Motion to Disqualify* for proceedings held on 5/26/2016 before Judge Smith.. (Renner, Eric) (Entered: 06/06/2016) |
| 06/17/2016 | <u>96</u> |  | TRANSCRIPT of Motion to Disqualify held on May 26, 2016, before Chief Judge William E. Smith. Court Reporter Anne M. Clayton, Telephone number 401–255–2310. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option**. Redaction Request due 7/8/2016. Redacted Transcript Deadline set for 7/18/2016. Release of Transcript Restriction set for 9/15/2016. (Clayton, Anne) (Entered: 06/17/2016) |
| 07/22/2016 | <u>97</u> |  | MEMORANDUM AND ORDER granting <u>75</u> Motion to Disqualify Counsel. Attorney Michael S. Lazaroff and Louis M. Solomon terminated– So Ordered by Chief Judge William E. Smith on 7/22/2016. (Barletta, Barbara) (Entered: 07/22/2016) |
| 07/29/2016 |  |  | NOTICE of Hearing on <u>62</u> MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction , <u>49</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiffs' Second Amended Complaint, or in the Alternative, to Transfer This Action to the United States District Court for the Central District* |

| | | | |
|---|---|---|---|
| | | | *of California*, and <u>37</u> MOTION for Judgment on the Pleadings / *Counter−Claim Defendants' Motion for Judgment of the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Certain Affirmative Defenses* : Motion Hearing ***scheduled for Wednesday 8/24/2016 at 11:00 AM in Courtroom 2*** before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 07/29/2016) |
| 08/05/2016 | <u>98</u> | | MOTION to Continue *Motion to Continue the Hearing Currently Scheduled for August 24, 2016* With Supporting Memo filed by Reuben Klamer. Responses due by 8/22/2016 (Attachments: # <u>1</u> Declaration of Erica J. Van Loon)(Renner, Eric) (Entered: 08/05/2016) |
| 08/17/2016 | | | TEXT ORDER granting <u>98</u> Motion to Continue Hearing. So Ordered by Chief Judge William E. Smith on 8/17/2016. (Jackson, Ryan) (Entered: 08/17/2016) |
| 08/17/2016 | | | Reset Hearings re: Notice of Hearing on <u>62</u> MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction, <u>49</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM as to Plaintiffs' Second Amended Complaint, or in the Alternative, to Transfer T his Action to the United States District Court for the Central District of California, and <u>37</u> MOTION for Judgment on the Pleadings / Counter−Claim Defendants' Motion for Judgment of the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Certain Affirmative Defenses: Motion Hearing ***RE−SCHEDULED for*** <u>***Thursday 10/13/2016 at 10:00 AM in Courtroom 2***</u> before Chief Judge William E. Smith; the hearing previously scheduled for 8/24/16 is hereby CANCELLED. (Jackson, Ryan) (Entered: 08/17/2016) |
| 08/30/2016 | <u>99</u> | | MOTION for Patricia L. Glaser to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103−1002343 ) filed by Reuben Klamer. (Renner, Eric) (Entered: 08/30/2016) |
| 09/27/2016 | | | TEXT ORDER granting <u>99</u> Motion to Appear Pro Hac Vice of Patricia L. Glaser. So Ordered by Chief Judge William E. Smith on 9/27/2016. (Jackson, Ryan) (Entered: 09/27/2016) |
| 09/28/2016 | <u>100</u> | | MOTION for Robert M. Pollaro to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103−1012305 ) filed by Lorraine Markham, Markham Concepts, Inc.. (Cavanagh, Robert) (Entered: 09/28/2016) |
| 09/28/2016 | <u>101</u> | | MOTION for David A. Cole to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103−1012307 ) filed by Lorraine Markham, Markham Concepts, Inc.. (Cavanagh, Robert) (Entered: 09/28/2016) |
| 09/29/2016 | | | Reset Hearings: Motion Hearing re: on <u>62</u> MOTION to Dismiss for Lack of Jurisdiction, <u>49</u> MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM as to Plaintiffs' Second Amended Complaint, or in the Alternative, to Transfer This Action to the United States District Court for the Central District of California, and <u>37</u> MOTION for Judgment on the Pleadings / Counter−Claim Defendants' Motion for Judgment of the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Certain Affirmative Defenses: Motion Hearing ***RE−SCHEDULED for*** <u>***Tuesday 12/20/2016 at 11:00 AM in Courtroom 2***</u> before Chief Judge William E. Smith; the hearing previously scheduled for 10/13/16 is hereby CANCELLED. (Jackson, Ryan) (Entered: 09/29/2016) |

| 10/10/2016 | 102 | | WITHDRAWAL of : 62 MOTION to Dismiss MOTION to Dismiss for Lack of Jurisdiction by Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich . (Gainor, Ryan) (Entered: 10/10/2016) |
| --- | --- | --- | --- |
| 10/10/2016 | 103 | | STIPULATION *EXTENDING TIME FOR LINKLETTER DEFENDANTS TO RESPOND TO SECOND AMENDED COMPLAINT* by Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 10/10/2016) |
| 10/14/2016 | 104 | | NOTICE of Change of Address by Eric E. Renner (Renner, Eric) (Entered: 10/14/2016) |
| 10/20/2016 | | | TEXT ORDER granting 100 Motion to Appear Pro Hac Vice of Robert M Pollaro; granting 101 Motion to Appear Pro Hac Vice of David A Cole. So Ordered by Chief Judge William E. Smith on 10/20/2016. (Jackson, Ryan) (Entered: 10/20/2016) |
| 10/27/2016 | 105 | | ORDER Entering 103 Stipulation EXTENDING TIME FOR LINKLETTER DEFENDANTS TO RESPOND TO SECOND AMENDED COMPLAINT filed by Dennis Linkletter, Laura Linkletter Rich, Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Markham Concepts, Inc., Lorraine Markham. So Ordered by Chief Judge William E. Smith on 10/25/2016. (Jackson, Ryan) (Entered: 10/27/2016) |
| 12/15/2016 | | | HEARING CANCELLED: Motion hearing on 62 MOTION to Dismiss for Lack of Jurisdiction, 49 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM as to Plaintiffs' Second Amended Complaint, or in the Alternative, to Transfer This Action to the United States District Court for the Central District of California, and 37 MOTION for Judgment on the Pleadings/Counter–Claim Defendants' Motion for Judgment of the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Certain Affirmative Defenses: Motion Hearing previously scheduled for Tuesday 12/20/2016 at 11:00 AM in Courtroom 2 before Chief Judge William E. Smith is hereby CANCELLED until further notice of this Court.(Jackson, Ryan) (Entered: 12/15/2016) |
| 12/16/2016 | | | NOTICE of Hearing: Telephone Conference set for **1/11/2017 at 01:00 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with Counsel of Record. Court to initiate the call.(Saucier, Martha) (Entered: 12/16/2016) |
| 01/04/2017 | 106 | | NOTICE by Greenberg Traurig, LLP, Michael S. Lazaroff, Louis M. Solomon */Notice of Withdrawals of Attorneys William M. Dolan III and Nicholas L. Nybo* (Dolan, William) (Entered: 01/04/2017) |
| 01/09/2017 | 107 | | MOTION Defendant and Counterclaim Plaintiff Reuben Klamer's Motion to Lift the Stay of Proceedings and Reopen Discovery With Supporting Memo filed by Reuben Klamer. Responses due by 1/23/2017. (Attachments: # 1 Declaration of Erica J. Van Loon in Support of Defendant and Counterclaim Plaintiff Reuben Klamer's Motion to Lift the Stay of Proceedings and Reopen Discovery)(Renner, Eric) (Entered: 01/09/2017) |
| 01/10/2017 | 108 | | MOTION to Lift the Stay of Proceedings and Reopen Discovery filed by Hasbro, Inc. Responses due by 1/24/2017. (Rocha, Patricia) (Entered: 01/10/2017) |

| 01/11/2017 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 1/11/2017 with Attorneys: Robert Pollaro, Mary Dunn, Joseph Avanzato, Joshua Krumholz, Eric Renner, Erica Van Loon, Patricia Glaser, Mitchell Reinis, Christine Bush. (Courtroom Chambers at 1:00.) (Saucier, Martha) (Entered: 01/11/2017) |
|---|---|---|---|
| 01/11/2017 | | | NOTICE of Hearing: Telephone Conference set for **1/24/2017 at 04:30 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with Counsel for Hasbro only. Court to initiate the call. (Saucier, Martha) (Entered: 01/11/2017) |
| 01/11/2017 | | | NOTICE of Hearing: Telephone Conference set for **1/25/2017 at 04:30 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with Counsel for Markham only. Court to initiate the call. (Saucier, Martha) (Entered: 01/11/2017) |
| 01/11/2017 | | | NOTICE of Hearing: Settlement Conference set for **2/20/2017 at 09:00 AM** before Magistrate Judge Patricia A. Sullivan at the law offices of Hinckley, Allen & Snyder. (Saucier, Martha) (Entered: 01/11/2017) |
| 01/17/2017 | | | AMENDED NOTICE of Hearing: Telephone Conference set for **1/24/2017 at 10:30 AM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with Counsel for Hasbro only. Court to initiate the call. Please Note Time Change. (Saucier, Martha) (Entered: 01/17/2017) |
| 01/23/2017 | 109 | | RESPONSE to Motion re 107 MOTION Defendant and Counterclaim Plaintiff Reuben Klamer's Motion to Lift the Stay of Proceedings and Reopen Discovery , 108 MOTION to Lift the Stay of Proceedings and Reopen Discovery WITH SUPPORTING MEMO filed by Lorraine Markham, Markham Concepts, Inc.. Replies due by 1/30/2017. (Dunn, Mary) (Entered: 01/23/2017) |
| 01/24/2017 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 1/24/2017 with Attorneys Patricia Rocha and Joshua Krumholz. (Chambers at 10:30.) (Saucier, Martha) (Entered: 01/24/2017) |
| 01/24/2017 | | | MOTIONS REFERRED: 107 MOTION Defendant and Counterclaim Plaintiff Reuben Klamer's Motion to Lift the Stay of Proceedings and Reopen Discovery , 108 MOTION to Lift the Stay of Proceedings and Reopen Discovery referred to Magistrate Judge Patricia A. Sullivan for determination. (Jackson, Ryan) (Entered: 01/24/2017) |
| 01/25/2017 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 1/25/2017 with Attorneys Robert Pollaro and Mary Dunn. (Chambers at 4:30.) (Saucier, Martha) (Entered: 01/26/2017) |
| 01/30/2017 | 110 | | REPLY to Response to Motion re 109 Response to Motion, filed by Reuben Klamer. (Renner, Eric) (Entered: 01/30/2017) |
| 02/20/2017 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Settlement Conference held on 2/20/2017. (Saucier, Martha) (Entered: 02/27/2017) |

| | | | |
|---|---|---|---|
| 02/24/2017 | | | NOTICE of Hearing: Telephone Conference set for **2/24/2017 at 12:30 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with counsel for Hasbro only. Court to initiate the call. (Leyva, Lucia) (Entered: 02/24/2017) |
| 02/24/2017 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference with counsel for Hasbro held on 2/24/2017. (Noel, Jeannine) (Entered: 02/24/2017) |
| 03/03/2017 | | | NOTICE of Hearing: Telephone Conference set for **3/3/2017 at 03:30 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with the attorneys for Plaintiffs, Reuben Klamer, Dawn Linkletter Griffin, Sharon Linkletter, Michael Linkletter, Laura Linkletter Rich, and Dennis Linkletter.(Saucier, Martha) (Entered: 03/03/2017) |
| 03/03/2017 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/3/2017 with Attorneys Patricia Glaser, Robert Pollaro, Mary Dunn, Mitchell Reinis and Ryan Gainor. (Chambers at 3:30.) (Saucier, Martha) (Entered: 03/03/2017) |
| 03/03/2017 | | | NOTICE of Hearing: Telephone Conference set for **3/8/2017 at 03:30 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with counsel for Plaintiffs, Reuben Klamer, Dawn Linkletter Griffin, Sharon Linkletter, Michael Linkletter, Laura Linkletter Rich, and Dennis Linkletter. Court to initiate the call. (Saucier, Martha) (Entered: 03/03/2017) |
| 03/08/2017 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/8/2017 with Attorneys Robert Pollaro, Mary Dunn, Erica Van Loon, Nick Huskins, Mitchell Reinis and Ryan Gainor. (Chambers at 3:30.) (Saucier, Martha) (Entered: 03/08/2017) |
| 03/10/2017 | | | NOTICE of Hearing: Telephone Conference set for **3/10/2017 at 01:30 PM** in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with counsel for Reuben Klamer only. Court to initiate the call.(Saucier, Martha) (Entered: 03/10/2017) |
| 03/10/2017 | | | NOTICE of Hearing: Telephone Conference set for **3/10/2017 at 02:00 PM** or after in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan with Attorney Mitchell Reinis. Court to initiate the call.(Saucier, Martha) (Entered: 03/10/2017) |
| 03/10/2017 | | | NOTICE of Hearing: Telephone Conference set for **3/10/2017 at 02:30 PM** or after in Magistrate Judge Sullivan Chambers – Room P–285 before Magistrate Judge Patricia A. Sullivan counsel for Hasbro, Inc. Court to initiate the call.(Saucier, Martha) (Entered: 03/10/2017) |
| 03/10/2017 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/10/2017 with Attorney Erica Van Loon. (Chambers at 1:30.) (Saucier, Martha) (Entered: 03/10/2017) |
| 03/10/2017 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/10/2017 with Attorneys Mitchell Reinis and Ryan Gainor. (Chambers at 2:00.) (Saucier, Martha) (Entered: 03/10/2017) |

| 03/10/2017 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/10/2017 with Attorneys Patricia Rocha and Joshua Krumholz. (Chambers at 2:30.) (Saucier, Martha) (Entered: 03/10/2017) |
|---|---|---|---|
| 03/10/2017 | | | TEXT ORDER granting 107 Motion Lift Stay and Reopen DiscoveryLift Stay and Reopen Discovery; granting 108 Motion Lift Stay and Reopen DiscoveryLift Stay and Reopen Discovery. The motion of Defendant and Counterclaim Plaintiff Reuben Klamer to lift the stay of proceedings and reopen discovery 107 and the motion to lift the stay of proceedings and reopen discovery filed by Hasbro, Inc. 108 are both GRANTED. The stay is lifted and discovery is open. Because all of the deadlines in the scheduling order previously set by the Court are now passed, by March 24, 2017,the parties are directed to meet and confer and to file a joint motion for setting of new deadlines, with any differences among the parties with respect to the proposed dates set forth in the joint motion.. So Ordered by Magistrate Judge Patricia A. Sullivan on 3/10/2017. (Saucier, Martha) (Entered: 03/10/2017) |
| 03/20/2017 | | | Reset Hearings re: 49 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM as to Plaintiffs' Second Amended Complaint, or in the Alternative, to Transfer This Action to the United S tates District Court for the Central District of California and 37 MOTION for Judgment on the Pleadings / Counter–Claim Defendants' Motion for Judgment of the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Ce rtain Affirmative Defenses: Motion Hearing *RE–SCHEDULED for **Thursday 4/27/2017 at 10:00 AM** in Courtroom 2* before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 03/20/2017) |
| 03/21/2017 | 111 | | NOTICE by Reuben Klamer re 49 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiffs' Second Amended Complaint, or in the Alternative, to Transfer This Action to the United States District Court for the Central District of California (Notice of Partial Withdrawal)* (Renner, Eric) (Entered: 03/21/2017) |
| 03/23/2017 | 112 | | Joint MOTION to Amend/Correct *Joint Motion to Reset Case Schedule Pursuant to the Court's March 10, 2017 Order* filed by Reuben Klamer. Responses due by 4/6/2017. (Renner, Eric) (Entered: 03/23/2017) |
| 03/27/2017 | | | MOTIONS REFERRED: 112 Joint MOTION to Amend/Correct *Joint Motion to Reset Case Schedule Pursuant to the Court's March 10, 2017 Order* referred to Magistrate Judge Patricia A. Sullivan for determination. (Jackson, Ryan) (Entered: 03/27/2017) |
| 03/28/2017 | | | TEXT ORDER granting 112 Motion to Amend/Correct; Set/Reset Scheduling Order Deadlines:( Factual Discovery to close by 8/28/2017;, Plaintiff Expert Disclosures shall be made by 9/28/2017;, Defendant Expert Disclosures shall be made by 10/27/2017;, Expert Discovery to close by 11/27/2017;, Dispositive Motions due by 1/2/2018;, Pretrial Memorandum due 30 days after a decision on any dispositive motion or, if no dispositive motions are filed by 1/15/2018;). So Ordered by Magistrate Judge Patricia A. Sullivan on 3/28/2017. (Saucier, Martha) (Entered: 03/28/2017) |
| 04/11/2017 | 113 | | DECLARATION re 49 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiffs' Second Amended Complaint, or in the Alternative,* |

| | | | |
|---|---|---|---|
| | | | *to Transfer This Action to the United States District Court for the Central District of California* by Reuben Klamer. (Attachments: # 1 Exhibits A–F to Supplemental Declaration)(Renner, Eric) (Entered: 04/11/2017) |
| 04/12/2017 | 114 | | MOTION for David B. Jinkins to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–1073882 ) filed by Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Bush, Christine) (Entered: 04/12/2017) |
| 04/12/2017 | | | TEXT ORDER granting 114 Motion for David B. Jinkins to Appear Pro Hac Vice. So Ordered by Chief Judge William E. Smith on 4/12/2017. (Jackson, Kerrie) (Entered: 04/12/2017) |
| 04/18/2017 | 115 | | MOTION for Gary Wexler to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–1075898 ) filed by Dawn Linkletter Griffin, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 04/18/2017) |
| 04/18/2017 | | | TEXT ORDER granting 115 Motion for Gary Wexler to Appear Pro Hac Vice. So Ordered by Chief Judge William E. Smith on 4/18/2017. (Jackson, Kerrie) (Entered: 04/18/2017) |
| 04/25/2017 | | | Reset Hearings re: NOTICE OF HEARING ON 49 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM as to Plaintiffs' Second Amended Complaint, or in the Alternative, to Transfer This Action to the United S tates District Court for the Central District of California and 37 MOTION for Judgment on the Pleadings / Counter–Claim Defendants' Motion for Judgment of the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Ce rtain Affirmative Defenses: Motion Hearing RE–SCHEDULED for 4/27/2017 at 9:00 AM in Courtroom 2 before Chief Judge William E. Smith; HEARING START TIME MOVED TO **9:00 AM** on Thursday 4/27/17 (from 10 AM original start time). (Jackson, Ryan) (Entered: 04/25/2017) |
| 04/25/2017 | 116 | | Joint MOTION for Protective Order filed by Hasbro, Inc. Responses due by 5/9/2017. (Attachments: # 1 Exhibit Protective Order)(Rocha, Patricia) (Entered: 04/25/2017) |
| 04/26/2017 | 117 | | MOTION for Leave to File Document filed by All Plaintiffs. Responses due by 5/10/2017. (Attachments: # 1 Exhibit Supplemental Pollaro Declaration, # 2 Exhibit Ex. A to Pollaro Dec, # 3 Exhibit Ex. B to Pollaro Dec., # 4 Exhibit Ex. C to POllaro Dec., # 5 Exhibit Ex. D to Pollaro Dec., # 6 Exhibit Ex. E to Pollaro Dec., # 7 Exhibit Ex. F to Pollaro Dec., # 8 Exhibit Ex. G to Pollaro Dec., # 9 Exhibit Ex. H to Pollaro Dec)(Dunn, Mary) (Entered: 04/26/2017) |
| 04/26/2017 | 118 | | MOTION for John T. Moehringer to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–1078606 ) filed by Lorraine Markham, Markham Concepts, Inc.. (Cavanagh, Robert) (Entered: 04/26/2017) |
| 04/27/2017 | | | TEXT ORDER granting 118 Motion for John T. Moehringer to Appear Pro Hac Vice. So Ordered by Chief Judge William E. Smith on 4/27/2017. (Jackson, Kerrie) (Entered: 04/27/2017) |
| 04/27/2017 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Motion Hearing held on 4/27/2017 re 49 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Plaintiffs' Second Amended Complaint,* |

| | | | |
|---|---|---|---|
| | | | *or in the Alternative, to Transfer This Action to the United States District Court for the Central District of California* filed by Reuben Klamer, 37 MOTION for Judgment on the Pleadings */ Counter–Claim Defendants' Motion for Judgment of the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Certain Affirmative Defenses;* filed by Lorraine Markham, Markham Concepts, Inc: (Dunn, Pollaro, Renner, Glaser, Huskins) Court addresses. Arguments heard. Court questions. Plaintiff and Defense counsel respond. Court takes matter under advisement and will issue a ruling at a later date. Recess. (Court Reporter Denise Veitch in Courtroom 2 at 9:10 a.m.) (Urizandi, Nisshy) (Entered: 04/27/2017) |
| 04/27/2017 | | | TEXT ORDER granting 116 Motion for Protective Order; granting 117 Motion for Leave to File. So Ordered by Chief Judge William E. Smith on 4/27/2017. (Jackson, Ryan) (Entered: 04/27/2017) |
| 04/27/2017 | 119 | | TRANSCRIPT ORDER for proceedings held on 04–27–2017 before Judge Smith.. (Rocha, Patricia) (Entered: 04/27/2017) |
| 05/01/2017 | 120 | | TRANSCRIPT ORDER for proceedings held on 4–27–2017 before Judge Smith.. (Dunn, Mary) (Entered: 05/01/2017) |
| 05/01/2017 | 121 | | TRANSCRIPT ORDER for proceedings held on 4–27–2017 before Judge Smith.. (Renner, Eric) (Entered: 05/01/2017) |
| 05/08/2017 | 122 | | TRANSCRIPT of Motion for Judgment on Pleadings and Motion to Dismiss, held on April 27, 2017, before Chief Judge William E. Smith. Court Reporter Denise P. Veitch, Telephone number 401–323–9337. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option**. Redaction Request due 5/30/2017. Redacted Transcript Deadline set for 6/8/2017. Release of Transcript Restriction set for 8/7/2017. (Veitch, Denise) (Entered: 05/08/2017) |
| 06/19/2017 | | | NOTICE of Hearing:Summary Judgment Conference *scheduled for Friday 7/21/2017 at 10:30 AM in Chambers* before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 06/19/2017) |
| 07/18/2017 | | | Reset Hearings re: Notice of Summary Judgment Conference *RE–SCHEDULED for Thursday 8/3/2017 at 10:30 AM in Chambers* before Chief Judge William E. Smith; hearing previously scheduled for 7/21/17 is hereby CANCELLED. (Jackson, Ryan) (Entered: 07/18/2017) |
| 07/20/2017 | | | Reset Hearings re: Summary Judgment Conference *RE–SCHEDULED for Tuesday 8/15/2017 at 11:00 AM in Chambers* before Chief Judge William E. Smith; the conference previously scheduled for 8/3/17 is hereby CANCELLED. (Jackson, Ryan) (Entered: 07/20/2017) |
| 08/15/2017 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Status Conference held on 8/15/2017; counsel present: D. Cole, R. Pollaro, T. Alves; P. Glover, E. Van Loon, E. Renner; P. Rocha, J. Krumholtz, C. Batliner; C. Bush (Jackson, Ryan) (Entered: 08/16/2017) |

| 08/16/2017 | | | NOTICE of Hearing: In Chambers Conference *scheduled for Thursday 10/5/2017 at 10:00 AM in Chambers* before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 08/16/2017) |
|---|---|---|---|
| 08/25/2017 | 123 | | MOTION for an Extension of Time to Extend Scheduling Order *Joined by Reuben Klamer* filed by Hasbro, Inc. Responses due by 9/8/2017. (Rocha, Patricia) (Entered: 08/25/2017) |
| 08/29/2017 | | | TEXT ORDER granting 123 Motion for Extension of Time noting that no further extensions will be granted; Reset Deadlines: Factual Discovery to be completed by 9/28/2017; Plaintiff Expert Disclosures shall be made by 10/30/2017; Defendant Expert Disclosures shall be made by 11/27/2017; All Expert Discovery to be completed by 12/27/2017; Dispositive Motions to be filed by 2/2/2018; Pretrial Memorandum due 30 days after decision on any pending motions, or if no motions pending, by 2/2/2018. So Ordered by Chief Judge William E. Smith on 8/29/2017. (Jackson, Ryan) (Entered: 08/29/2017) |
| 09/09/2017 | 124 | | MOTION for Brittany Elias to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103–1123449 ) filed by Reuben Klamer. (Renner, Eric) (Entered: 09/09/2017) |
| 09/09/2017 | 125 | | NOTICE by Reuben Klamer *Notice of Withdrawal of Nicholas E. Huskins* (Renner, Eric) (Entered: 09/09/2017) |
| 09/11/2017 | | | TEXT ORDER granting 124 Motion for Brittany Elias to Appear Pro Hac Vice filed by Reuben Klamer. So Ordered by Chief Judge William E. Smith on 9/11/2017. (Urizandi, Nisshy) (Entered: 09/11/2017) |
| 10/05/2017 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: In Chambers Conference held on 10/5/2017; counsel present: R. Pollaro; M. Dunn; P Rocha; J. Krumholz, C. Batliner; E. Renner; R. Gainor; E. Van Loon and P. Glaser via teleconference (Jackson, Ryan) (Entered: 10/11/2017) |
| 10/11/2017 | | | NOTICE of Hearing: Telephone Conference *scheduled for Wednesday 10/18/2017 at 3:00 PM* before Chief Judge William E. Smith; this office will issue instructions as to the conference call via email. (Jackson, Ryan) (Entered: 10/11/2017) |
| 10/13/2017 | 126 | | STIPULATION *Re Standing and For Leave to File Unopposed Third Amended Complaint* filed by Reuben Klamer. (Renner, Eric) (Entered: 10/13/2017) |
| 10/13/2017 | 127 | | AMENDED COMPLAINT / *Third Amended Complaint* against Dawn Linkletter Griffin, Hasbro, Inc, Reuben Klamer, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich, Thomas Feiman, Robert Miller, Max Candiotty, filed by Markham Concepts, Inc., Lorraine Markham, Susan Garretson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Pollaro, Robert) (Entered: 10/13/2017) |
| 10/17/2017 | 128 | | MEMORANDUM AND ORDER granting in part and denying in part 37 Motion for Judgment on the Pleadings; denying 49 Motion to Dismiss for Failure to State a Claim. So Ordered by Chief Judge William E. Smith on 10/17/2017. (Jackson, Ryan) (Entered: 10/17/2017) |
| 10/18/2017 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Telephone Conference held on 10/18/2017; counsel present via teleconference: R. Pollaro, M. Dunn; J. Krumholz, P. Rocha; E. Van Loon, E. Renner; G. |

| | | | |
|---|---|---|---|
| | | | Wexler, R. Gainor (Jackson, Ryan) (Entered: 10/18/2017) |
| 10/18/2017 | | | NOTICE of Hearing: Telephone Conference *scheduled for Monday 11/6/2017 at 2:00 PM* before Chief Judge William E. Smith; this office will issue instructions as to the conference call via email. (Jackson, Ryan) (Entered: 10/18/2017) |
| 10/19/2017 | 129 | | MOTION to Compel Discovery filed by All Plaintiffs. Responses due by 11/2/2017. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Dunn, Mary) (Entered: 10/19/2017) |
| 10/25/2017 | 130 | | MOTION in Limine *to Exclude Bill Markham's 1989 Deposition Testimony* filed by Hasbro, Inc. (Rocha, Patricia) (Entered: 10/25/2017) |
| 10/25/2017 | 131 | | DECLARATION re 130 MOTION in Limine *to Exclude Bill Markham's 1989 Deposition Testimony of Courtney Batliner, Esq.* by Hasbro, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Rocha, Patricia) (Entered: 10/25/2017) |
| 10/26/2017 | 132 | | ANSWER to 127 Amended Complaint, *(Third Amended Complaint)*, COUNTERCLAIM against Lorraine Markham, Markham Concepts, Inc. by Hasbro, Inc.(Rocha, Patricia) (Entered: 10/26/2017) |
| 10/27/2017 | 133 | | NOTICE of Appearance by Christine K. Bush on behalf of Max Candiotty, Thomas Feiman, Robert Miller (Bush, Christine) (Entered: 10/27/2017) |
| 10/27/2017 | 134 | | NOTICE of Appearance by Ryan M. Gainor on behalf of Max Candiotty, Thomas Feiman, Robert Miller (Gainor, Ryan) (Entered: 10/27/2017) |
| 10/27/2017 | 135 | | ANSWER to 127 Amended Complaint, by Max Candiotty, Thomas Feiman, Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Robert Miller, Laura Linkletter Rich.(Gainor, Ryan) (Entered: 10/27/2017) |
| 10/27/2017 | 136 | | ANSWER to 127 Amended Complaint, *(Third Amended Complaint)*, COUNTERCLAIM against Susan Garretson, Lorraine Markham, Markham Concepts, Inc. by Reuben Klamer.(Renner, Eric) (Entered: 10/27/2017) |
| 11/01/2017 | | | NOTICE of Hearing: Telephone Conference *scheduled for Thursday 11/2/2017 at 3:00 PM* before Chief Judge William E. Smith; this office will issue instructions as to the conference call via email later today. (Jackson, Ryan) (Entered: 11/01/2017) |
| 11/01/2017 | | | Reset Hearings re: Notice of Telephone Conference *RE−SCHEDULED for Thursday 11/2/2017 at 10:00 AM (EST)* before Chief Judge William E. Smith; this office will issue instructions as to the conference call via email later today. (Jackson, Ryan) (Entered: 11/01/2017) |
| 11/01/2017 | 137 | | RESPONSE in Opposition re 130 MOTION in Limine *to Exclude Bill Markham's 1989 Deposition Testimony* filed by All Plaintiffs. Replies due by 11/8/2017. (Dunn, Mary) (Entered: 11/01/2017) |
| 11/01/2017 | 138 | | DECLARATION re 137 Response in Opposition to Motion by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Dunn, Mary) (Entered: 11/01/2017) |

| 11/02/2017 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Telephone Conference held on 11/2/2017; counsel on call: M. Dunn, R. Pollaro; P. Rocha, J. Krumholz, C. Batliner; E. Van Loon; C. Bush, G. Wexler, D. Jinkins (Jackson, Ryan) (Entered: 11/02/2017) |
| --- | --- | --- | --- |
| 11/02/2017 | | | HEARING CANCELLED re: Notice of Telephone Conference previously scheduled for Monday 11/6/2017 at 2:00 PM before Chief Judge William E. Smith is hereby CANCELLED (Jackson, Ryan) (Entered: 11/02/2017) |
| 11/02/2017 | 139 | | RESPONSE in Opposition re 129 MOTION to Compel Discovery filed by Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. Replies due by 11/9/2017. (Gainor, Ryan) (Entered: 11/02/2017) |
| 11/02/2017 | 140 | | MOTION to Strike / Plaintiffs' Motion to Preclude Hasbro's Untimely Contentions and Motion to Strike Hasbro's Supplemental Discovery Responses filed by All Plaintiffs. Responses due by 11/16/2017. (Pollaro, Robert) (Entered: 11/02/2017) |
| 11/02/2017 | 141 | | AFFIDAVIT in Support re 140 MOTION to Strike / Plaintiffs' Motion to Preclude Hasbro's Untimely Contentions and Motion to Strike Hasbro's Supplemental Discovery Responses filed by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Pollaro, Robert) (Entered: 11/02/2017) |
| 11/06/2017 | 142 | | Supplemental MOTION to Strike 140 MOTION to Strike / Plaintiffs' Motion to Preclude Hasbro's Untimely Contentions and Motion to Strike Hasbro's Supplemental Discovery Responses and Motion To Strike Klamer's Supplemental Discovery Responses filed by All Plaintiffs. Responses due by 11/20/2017. (Dunn, Mary) (Entered: 11/06/2017) |
| 11/06/2017 | 143 | | DECLARATION re 142 Supplemental MOTION to Strike 140 MOTION to Strike / Plaintiffs' Motion to Preclude Hasbro's Untimely Contentions and Motion to Strike Hasbro's Supplemental Discovery Responses and Motion To Strike Klamer's Suppl by All Plaintiffs. (Attachments: # 1 Exhibit A)(Dunn, Mary) (Entered: 11/06/2017) |
| 11/07/2017 | 144 | | MOTION for Attorney Fees for Plaintiffs' Motion to Compel Discovery WITH SUPPORTING MEMO filed by All Plaintiffs. Responses due by 11/21/2017. (Attachments: # 1 Supporting Memorandum)(Dunn, Mary) (Entered: 11/07/2017) |
| 11/08/2017 | 145 | | MOTION for David Nimmer to Appear Pro Hac Vice ( filing fee paid $ 50.00, receipt number 0103−1144238 ) filed by Lorraine Markham, Markham Concepts, Inc.. (Cavanagh, Robert) (Entered: 11/08/2017) |
| 11/08/2017 | | | TEXT ORDER granting 145 Motion to Appear Pro Hac Vice of David Nimmer. So Ordered by Chief Judge William E. Smith on 11/8/2017. (Simoncelli, Michael) (Entered: 11/08/2017) |
| 11/08/2017 | 146 | | NOTICE by Max Candiotty, Thomas Feiman, Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Robert Miller, Laura Linkletter Rich of Proposed Findings of Fact and Conclusions of Law Concerning Count III of Plaintiffs' Complaint (Gainor, Ryan) (Entered: 11/08/2017) |

| 11/08/2017 | 147 | | Proposed Findings of Fact and Conclusions of Law by Hasbro, Inc.(Rocha, Patricia) (Entered: 11/08/2017) |
|---|---|---|---|
| 11/08/2017 | 148 | | PRETRIAL MEMORANDUM by Hasbro, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Rocha, Patricia) (Entered: 11/08/2017) |
| 11/08/2017 | 149 | | REPLY to Response to Motion re 137 Response in Opposition to Motion *to Exclude Bill Markham's 1989 Deposition Testimony* filed by Hasbro, Inc. (Rocha, Patricia) (Entered: 11/08/2017) |
| 11/08/2017 | 150 | | Proposed Findings of Fact and Conclusions of Law by Reuben Klamer.(Renner, Eric) (Entered: 11/08/2017) |
| 11/08/2017 | 151 | | PRETRIAL MEMORANDUM by Reuben Klamer. (Renner, Eric) (Entered: 11/08/2017) |
| 11/08/2017 | 152 | | PRETRIAL MEMORANDUM by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.. (Pollaro, Robert) (Entered: 11/08/2017) |
| 11/08/2017 | 153 | | Proposed Findings of Fact by Susan Garretson, Lorraine Markham, Markham Concepts, Inc..(Pollaro, Robert) Modified on 11/9/2017 to correct filing parties. (Simoncelli, Michael). (Entered: 11/08/2017) |
| 11/08/2017 | 154 | | Proposed Findings of Fact by Susan Garretson, Lorraine Markham, Markham Concepts, Inc..(Pollaro, Robert) (Entered: 11/08/2017) |
| 11/09/2017 | | | NOTICE of Hearing: Bench Trial *scheduled to begin on Thursday 11/16/2017 at 9:00 AM in Courtroom 5B, Central District of CA, 350 W. 1st Street, Los Angeles, CA* before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 11/09/2017) |
| 11/09/2017 | 155 | | RESPONSE in Opposition re 140 MOTION to Strike */ Plaintiffs' Motion to Preclude Hasbro's Untimely Contentions and Motion to Strike Hasbro's Supplemental Discovery Responses* filed by Hasbro, Inc. Replies due by 11/16/2017. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Krumholz, Joshua) (Entered: 11/09/2017) |
| 11/10/2017 | 156 | | *Counterclaim Defendants Markham Concepts, Inc., and Lorraine Markham's* Reply to Counterclaim *of Counterclaim Plaintiff Hasbro* by Lorraine Markham, Markham Concepts, Inc.. (Pollaro, Robert) (Entered: 11/10/2017) |
| 11/10/2017 | 157 | | *Counterclaim Defendants Markham Concepts, Inc., Susan Garretson, and Lorraine Markham's* Reply to Counterclaim *of Ruben Klamer* by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.. (Pollaro, Robert) (Entered: 11/10/2017) |
| 11/13/2017 | 158 | | RESPONSE in Opposition re 142 Supplemental MOTION to Strike 140 MOTION to Strike */ Plaintiffs' Motion to Preclude Hasbro's Untimely Contentions and Motion to Strike Hasbro's Supplemental Discovery Responses and Motion To Strike Klamer's Suppl filed by Reuben Klamer. Replies due by 11/20/2017. (Attachments: # 1 Declaration of Erica J. Van Loon)(Renner, Eric) (Entered: 11/13/2017)* |
| 11/13/2017 | 159 | | |

| | | | |
|---|---|---|---|
| | | | REPLY to Response to Motion re 155 Response in Opposition to Motion, / *Plaintiffs' Reply in Support of Their Motion to Preclude Hasbro's Untimely Contentions and Motion to Strike Hasbro's Supplemental Discovery Responses* filed by All Plaintiffs. (Pollaro, Robert) (Entered: 11/13/2017) |
| 11/13/2017 | 160 | | MOTION for Leave to File Document / *Proposed Surreply in Further Support of Plaintiffs' Response in Opposition to Defendant Hasbro's Motion In Limine to Exclude Bill Markham's 1989 Deposition Testimony* filed by All Plaintiffs. Responses due by 11/27/2017. (Attachments: # 1 Exhibit 1– Proposed Surreply Brief)(Pollaro, Robert) (Entered: 11/13/2017) |
| 11/13/2017 | 161 | | Emergency MOTION to Compel filed by All Plaintiffs. Responses due by 11/27/2017. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Pollaro, Robert) (Entered: 11/13/2017) |
| 11/14/2017 | | | TEXT ORDER ENTERED by Chief Judge William E. Smith: Defendant Reuben Klamer shall file a response to the Plaintiffs Emergency Motion to Compel 161 no later than 12:00 p.m., Pacific Standard Time ("PST") on Tuesday, November 14, 2017. (Perry, Frank) (Entered: 11/14/2017) |
| 11/14/2017 | 162 | | RESPONSE in Opposition re 161 Emergency MOTION to Compel filed by Reuben Klamer. Replies due by 11/21/2017. (Attachments: # 1 Declaration of Erica J. Van Loon)(Renner, Eric) (Entered: 11/14/2017) |
| 11/14/2017 | 163 | | REPLY to Response to Motion re 162 Response in Opposition to Motion filed by All Plaintiffs. (Attachments: # 1 Exhibit A)(Pollaro, Robert) (Entered: 11/14/2017) |
| 11/14/2017 | | | TEXT ORDER entered by Chief Judge William E. Smith: The Court has reviewed the Plaintiffs' Emergency Motion to Compel production ( doc. 161), Defendant's opposition (Doc.162) and Plaintiffs' reply (doc. 163). The Court finds as follows: Defendant has waived the attorney client privilege as to the letter from Attorney Herzig dated August 14, 1959, referenced in the motion, and Defendant is ordered to disclose it forthwith. The Court is considering whether the attempted use of the letter in the 1989 deposition of Bill Markham broadens the waiver. Defendant is directed to inform the Court if it agrees that the referred letter was in fact the letter from Herzig dated August 14, 1959 as claimed by Plaintiff; further, Defendants shall submit the additional privileged documents (privilege log numbers 35–38, and 58) to the Court for in camera review. The Court will rule as soon as possible prior to the start of trial on Thursday.(Perry, Frank) (Entered: 11/14/2017) |
| 11/15/2017 | 164 | | RESPONSE in Opposition re 161 Emergency MOTION to Compel / *Klamer's Further Response to Plaintiffs' Emergency Motion to Compel Per the Court's November 14, 2017 Text Order* filed by Reuben Klamer. Replies due by 11/22/2017. (Renner, Eric) (Entered: 11/15/2017) |
| 11/15/2017 | | | TEXT ORDER DENYING 161 Emergency MOTION to Compel filed by Lorraine Markham, Susan Garretson, Markham Concepts, Inc.: After review of the submissions in response to the court's order of November 14, 2017 the court has concluded that Plaintiff has not established grounds for the court to conclude that a broad subject matter waiver of the attorney client privilege beyond the August 14, 1959, Herzig letter, has occurred. See In Re Keeper of Records, XYZ Corporation, 348 F.3d 16 (2003). Therefore, the motion to compel as to the additional privilege log documents is denied. So Ordered by |

| | | | |
|---|---|---|---|
| | | | Chief Judge William E. Smith on 11/15/2017. (Jackson, Ryan) (Entered: 11/15/2017) |
| 11/15/2017 | 165 | | NOTICE by Susan Garretson, Lorraine Markham, Markham Concepts, Inc. *of Withdrawal of David Nimmer* (Nimmer, David) (Entered: 11/15/2017) |
| 11/15/2017 | | | TEXT ORDER entered by Chief Judge William E. Smith: The Plaintiff's motion to strike 140 and supplemental motion to strike 142 are denied. The Court will hear evidence on all parties' theories with respect to authorship, and work made for hire at the trial commencing Thursday morning. (Perry, Frank) (Entered: 11/15/2017) |
| 11/15/2017 | 166 | | RESPONSE in Opposition re 160 MOTION for Leave to File Document */ Proposed Surreply in Further Support of Plaintiffs' Response in Opposition to Defendant Hasbro's Motion In Limine to Exclude Bill Markham's 1989 Deposition Testimony* filed by Hasbro, Inc. Replies due by 11/22/2017. (Krumholz, Joshua) (Entered: 11/15/2017) |
| 11/16/2017 | 167 | | Minute Entry for proceedings held before Chief Judge William E. Smith: Bench Trial held on 11/16/2017. See attached document with the notes provided by Renne A. Fisher, Deputy Clerk (District of Central California). (Court Reporter Laura Elias) (Urizandi, Nisshy) (Urizandi, Nisshy). (Entered: 11/20/2017) |
| 11/17/2017 | 168 | | Minute Entry for proceedings held before Chief Judge William E. Smith: Bench Trial held on 11/17/2017. See attached document with the notes provided by Renne A. Fisher, Deputy Clerk (District of Central California) (Court Reporter Laura Elias) (Urizandi, Nisshy) (Urizandi, Nisshy) (Entered: 11/20/2017) |
| 11/17/2017 | 169 | | Exhibit/Witness List.(Urizandi, Nisshy) (Entered: 11/20/2017) |
| 11/21/2017 | 170 | | RESPONSE In Opposition to 144 MOTION for Attorney Fees *for Plaintiffs' Motion to Compel Discovery* filed by Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Laura Linkletter Rich. Replies due by 11/28/2017. (Attachments: # 1 Exhibit A)(Gainor, Ryan) (Entered: 11/21/2017) |
| 11/27/2017 | 171 | | MOTION for an Order that Certain of Hasbro's Requests for Admission Are Deemed Admitted or, in the Alternative, for an Order Compelling Responses with supporting memorandum filed by Hasbro, Inc. Responses due by 12/11/2017. (Rocha, Patricia) (Entered: 11/27/2017) |
| 11/27/2017 | 172 | | DECLARATION re 171 MOTION for an Order that Certain of Hasbro's Requests for Admission Are Deemed Admitted or, in the Alternative, for an Order Compelling Responses by Hasbro, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Rocha, Patricia) (Entered: 11/27/2017) |
| 12/07/2017 | | | NOTICE of Hearing: Telephone Conference **scheduled for Tuesday 12/19/2017 at 2:00 PM** before Chief Judge William E. Smith; dial–in instructions will be forwarded to all counsel via email by Case Manager Ryan Jackson. (Jackson, Ryan) (Entered: 12/07/2017) |
| 12/07/2017 | | | TEXT ORDER Extending Deadlines by agreement of the parties: The party with the burden of proof's expert reports due 12/18/17; rebuttal expert reports |

| | | | |
|---|---|---|---|
| | | | due 1/18/18. So Ordered by Chief Judge William E. Smith on 12/7/2017. (Jackson, Ryan) (Entered: 12/07/2017) |
| 12/11/2017 | 173 | | STIPULATION re 171 MOTION for an Order that Certain of Hasbro's Requests for Admission Are Deemed Admitted or, in the Alternative, for an Order Compelling Responses / *Agreeing that the Deadline for the Markham Parties Response Shall be Extended to December 15, 2017* filed by All Plaintiffs. (Pollaro, Robert) (Entered: 12/11/2017) |
| 12/13/2017 | | | TEXT ORDER Entering 173 Stipulation filed by Lorraine Markham, Susan Garretson, Markham Concepts, Inc. Response to 171 MOTION for an Order that Certain of Hasbro's Requests for Admission Are Deemed Admitted or, in the Alternative, for an Order Compelling Responses due on or before 12/15/17. So Ordered by Chief Judge William E. Smith on 12/13/2017. (Jackson, Ryan) (Entered: 12/13/2017) |
| 12/15/2017 | 174 | | ORDER denying as moot 129 Motion to Compel; denying 144 Motion for Attorney Fees– So Ordered by Chief Judge William E. Smith on 12/15/2017. (Barletta, Barbara) (Entered: 12/15/2017) |
| 12/15/2017 | 175 | | WITHDRAWAL of : 171 MOTION for an Order that Certain of Hasbro's Requests for Admission Are Deemed Admitted or, in the Alternative, for an Order Compelling Responses by Hasbro, Inc . (Krumholz, Joshua) (Entered: 12/15/2017) |
| 12/19/2017 | 176 | | MEMORANDUM AND ORDER denying 130 Motion in Limine to Exclude Bill Markham's 1989 Deposition Testimony. So Ordered by Chief Judge William E. Smith on 12/19/2012. (Jackson, Ryan) (Entered: 12/19/2017) |
| 12/19/2017 | | | TEXT ORDER denying as moot 160 Motion for Leave to File. So Ordered by Chief Judge William E. Smith on 12/19/2017. (Jackson, Ryan) (Entered: 12/19/2017) |
| 12/19/2017 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Telephone Conference held on 12/19/2017; counsel on call: R. Pollaro, J. Moerhinger, M. Dunn; J. Krumholz, C. Batliner, P. Rocha; R. Gainor, G. Wexler, D. Jenkins; E. Renner, E. Van Loon. (Jackson, Ryan) (Entered: 12/20/2017) |
| 12/20/2017 | | | TEXT ORDER Setting Deadlines: Conclusion of Bench Trial will begin on Monday 3/5/18; Plaintiff will file a motion to reopen limited discovery on or before 1/3/18; Defendants will object or respond to that motion on or before 1/12/18; Witness Disclosures for any witnesses to be called at the continuation of trial are to be made by 2/5/18; all briefing on any *Daubert* issues is to be filed by 2/23/18. So Ordered by Chief Judge William E. Smith on 12/19/2017. (Jackson, Ryan) (Entered: 12/20/2017) |
| 01/03/2018 | 177 | | MOTION for Discovery / *to Re−Open Discovery on a Limited Basis* filed by All Plaintiffs. Responses due by 1/17/2018. (Pollaro, Robert) (Entered: 01/03/2018) |
| 01/03/2018 | 178 | | DECLARATION re 177 MOTION for Discovery / *to Re−Open Discovery on a Limited Basis* by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Pollaro, Robert) (Entered: 01/03/2018) |
| 01/10/2018 | | | |

| | | | |
|---|---|---|---|
| | | | TEXT ORDER ENTERING BRIEFING SCHEDULE: Any and all *Daubert* motions to be filed on or before 2/12/18; any and all opposition briefs to be filed on or before 2/20/18; any and all reply briefs to be filed on or before 2/23/18. So Ordered by Chief Judge William E. Smith on 1/10/2018. (Jackson, Ryan) (Entered: 01/10/2018) |
| 01/12/2018 | 179 | | RESPONSE In Opposition to 177 MOTION for Discovery */ to Re−Open Discovery on a Limited Basis / Defendant and Counterclaim Plaintiff Reuben Klamer's Opposition to Plaintiffs' Motion to Re−Open Discovery on a Limited Basis and Request to Strike Ross Declaration* filed by Reuben Klamer. Replies due by 1/19/2018. (Attachments: # 1 Declaration of Reuben Klamer, # 2 Declaration of Leonard Israel, # 3 Declaration of Grace Falco Chambers)(Renner, Eric) (Entered: 01/12/2018) |
| 01/12/2018 | 180 | | RESPONSE In Opposition to 177 MOTION for Discovery */ to Re−Open Discovery on a Limited Basis* filed by Hasbro, Inc. Replies due by 1/19/2018. (Krumholz, Joshua) (Entered: 01/12/2018) |
| 01/17/2018 | 181 | | DECLARATION re 179 Response to Motion, *Supplemental Declaration of Leonard Israel in Support of Reuben Klamer's Opposition to Plaintiffs' Motion to Re−Open Discovery on a Limited Basis* by Reuben Klamer. (Renner, Eric) (Entered: 01/17/2018) |
| 01/18/2018 | 182 | | <span style="color:red">PLEASE DISREGARD THIS ENTRY; DOCUMENT REFILED AS ECF #183 with Additional Exhibit</span> REPLY to Response re 180 Response to Motion *to Re−Open Discovery on a Limited Basis* filed by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Pollaro, Robert) Modified on 1/19/2018 (Jackson, Ryan). (Entered: 01/18/2018) |
| 01/18/2018 | 183 | | REPLY to Response re 180 Response to Motion *to Re−Open Discovery on a Limited Basis* filed by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Pollaro, Robert) (Entered: 01/18/2018) |
| 01/29/2018 | 184 | | ORDER granting 177 Motion for to Reopen Discovery. So Ordered by Chief Judge William E. Smith on 1/29/2018. (Jackson, Ryan) (Entered: 01/29/2018) |
| 02/01/2018 | 185 | | MOTION for Thomas P. Burke Jr. to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number 0103−1173106 ) filed by Reuben Klamer. (Renner, Eric) (Entered: 02/01/2018) |
| 02/06/2018 | | | TEXT ORDER granting 185 Motion to Appear Pro Hac Vice of Thomas P. Burke, Jr. So Ordered by Chief Judge William E. Smith on 2/6/2018. (Potter, Carrie) (Entered: 02/06/2018) |
| 02/12/2018 | 186 | | MOTION to Strike *the Expert Testimony of Robert Carty* filed by Hasbro, Inc. Responses due by 2/26/2018. (Krumholz, Joshua) (Entered: 02/12/2018) |
| 02/12/2018 | 187 | | DECLARATION re 186 MOTION to Strike *the Expert Testimony of Robert Carty* by Hasbro, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Krumholz, Joshua) (Entered: 02/12/2018) |
| 02/12/2018 | 188 | | MOTION to Seal *Portions of Motion in Limine to Exclude Expert Reports and Testimony of Philip Orbanes* Filed. Notice Sent To: All Plaintiffs. |

| | | | |
|---|---|---|---|
| | | | (Attachments: # <u>1</u> Proposed Sealed Document Motion In Limine, # <u>2</u> Exhibit A, # <u>3</u> Exhibit B, # <u>4</u> Proposed Sealed Document C (Unredacted), # <u>5</u> Proposed Sealed Document Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit 2–Redacted Motion In Limine, # <u>9</u> Exhibit C (Redacted))(Dunn, Mary) **This entry/document has been filed under seal pursuant to statute, rule or court order and access is restricted. Please login to CM/ECF to view document(s).** (Entered: 02/12/2018) |
| 02/12/2018 | <u>189</u> | | MOTION in Limine *to Exclude Expert Reports and Testimony of Philip Orbanes (REDACTED)* filed by All Plaintiffs. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Exhibit E, # <u>5</u> Exhibit F)(Dunn, Mary) (Entered: 02/12/2018) |
| 02/12/2018 | <u>190</u> | | NOTICE by Reuben Klamer re <u>186</u> MOTION to Strike *the Expert Testimony of Robert Carty / Notice to Join in Defendant Hasbro, Inc.s Motion to Exclude the Expert Testimony of Robert Carty* (Renner, Eric) (Entered: 02/12/2018) |
| 02/15/2018 | | | TEXT ORDER granting <u>188</u> Motion to Seal. So Ordered by Chief Judge William E. Smith on 2/15/2018. (Jackson, Ryan) (Entered: 02/15/2018) |
| 02/16/2018 | | | NOTICE of Hearing: Continued Bench Trial *schedule for Monday 3/5/2018 at 9:00 AM and continuing on Tuesday 3/6/18 in Courtroom 3* before Chief Judge William E. Smith.(Jackson, Ryan) (Entered: 02/16/2018) |
| 02/20/2018 | <u>192</u> | | RESPONSE In Opposition to <u>186</u> MOTION to Strike *the Expert Testimony of Robert Carty – Plaintiffs Response to Defendant Hasbro, Inc.s motion to exclude the expert testimony of Robert Carty* filed by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.. Replies due by 2/27/2018. (Attachments: # <u>1</u> Exhibit Transcript – Videotaped Deposition of Robert Carty, # <u>2</u> Exhibit Expert Report of Robert Carty, # <u>3</u> Exhibit Transcript – Videotaped Deposition of Phillip E. Orbanes)(Pollaro, Robert) (Entered: 02/20/2018) |
| 02/20/2018 | <u>193</u> | | RESPONSE In Opposition to <u>189</u> MOTION in Limine *to Exclude Expert Reports and Testimony of Philip Orbanes (REDACTED),* <u>191</u> MOTION in Limine *(Unredacted) to Exclude Expert Reports and Testimony of Philip Orbanes* filed by Hasbro, Inc. Replies due by 2/27/2018. (Krumholz, Joshua) (Entered: 02/20/2018) |
| 02/20/2018 | <u>194</u> | | DECLARATION re <u>193</u> Response to Motion, by Hasbro, Inc. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C)(Krumholz, Joshua) (Entered: 02/20/2018) |
| 02/23/2018 | <u>195</u> | | REPLY to Response re <u>192</u> Response to Motion,, *to Exclude Expert Testimony of Robert Carty* filed by Hasbro, Inc. (Rocha, Patricia) (Entered: 02/23/2018) |
| 02/23/2018 | <u>196</u> | | DECLARATION re <u>195</u> Reply to Response *of Courtney Batliner* by Hasbro, Inc. (Attachments: # <u>1</u> Exhibit A)(Rocha, Patricia) (Attachment 1 replaced on 3/2/2018) (Jackson, Ryan). (Entered: 02/23/2018) |
| 02/23/2018 | <u>197</u> | | MOTION to Seal *Portions of Reply in Further Support of Motion to Exclude Expert Testimony of Philip Orbanes* Filed. Notice Sent To: All Plaintiffs. (Attachments: # <u>1</u> Proposed Sealed Document Exhibit 1, # <u>2</u> Proposed Sealed Document Exhibit B, # <u>3</u> Exhibit 2 (Redacted), # <u>4</u> Exhibit B (Redacted))(Dunn, Mary) **This entry/document has been filed under seal pursuant to statute, rule or court order and access is restricted. Please** |

| | | | **login to CM/ECF to view document(s).** (Entered: 02/23/2018) |
|---|---|---|---|
| 02/23/2018 | 198 | | REPLY to Response re 193 Response to Motion, *(Redacted)* filed by All Plaintiffs. (Dunn, Mary) (Entered: 02/23/2018) |
| 02/23/2018 | 199 | | DECLARATION re 198 Reply to Response by All Plaintiffs. (Attachments: # 1 Exhibit A, # 2 Exhibit B (Redacted), # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Dunn, Mary) (Entered: 02/23/2018) |
| 02/26/2018 | | | TEXT ORDER granting 197 Motion to Seal. So Ordered by Chief Judge William E. Smith on 2/26/2018. (Jackson, Ryan) (Entered: 02/26/2018) |
| 03/02/2018 | 202 | | MOTION to Strike 199 Declaration, 198 Reply to Response, 191 MOTION in Limine *(Unredacted) to Exclude Expert Reports and Testimony of Philip Orbanes Motion to Strike Errata Sheet and in Further Support of Motion to Exclude Expert Reports and Testimony of Philip Orbanes* filed by All Plaintiffs. Responses due by 3/16/2018. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Dunn, Mary) (Entered: 03/02/2018) |
| 03/05/2018 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Bench Trial held on 3/5/2018. Mary C. Dunn, David A. Cole, John T. Moehringer and Robert M. Pollaro for the Plaintiff. Joshua C. Krumholz, Eric E. Renner, Erica J. Van Loon, Courtney L. Batliner, Christine K. Bush, and David B. Jinkins for the Defendant. Court addresses. 3 Witnesses sworn. 9 exhibit offered. Plaintiff rests. Directed verdict motions made by plaintiff. Court reserves on motions. Court addresses. Bench Trial continued until Tuedsay, 3/7/2018 at 9:00. Recess. (Court Reporter Denise Veitch in Courtroom 3 at 9:13.) (Jackson, Kerrie) (Entered: 03/06/2018) |
| 03/06/2018 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Bench Trial held on 3/6/2018. Mary C. Dunn, David A. Cole, John T. Moehringer and Robert M. Pollaro for the Plaintiff. Joshua C. Krumholz, Eric E. Renner, Erica J. Van Loon, Courtney L. Batliner, Christine K. Bush, and David B. Jinkins for the Defendant. Court addresses. Continuation of witness. 5 exhibits offered. Defense rests. Plaintiff makes motion for directed verdict. Post Trial Briefs with proposed findings are due April 12, 2018, and are not to exceed 30 pages. Replies are due by May 4, 2018, and are not to exceed 15 pages. Closing arguments are scheduled for May 10, 2018 at 10:00. Recess. (Court Reporter Denise Veitch in Courtroom 3 at 9:09.) (Jackson, Kerrie) (Entered: 03/06/2018) |
| 03/06/2018 | | | NOTICE of Hearing: Bench Trial set for Thursday, 5/10/2018 at 10:00 AM in Courtroom 3 before Chief Judge William E. Smith. (Jackson, Kerrie) (Entered: 03/06/2018) |
| 03/09/2018 | 203 | | TRANSCRIPT ORDER for proceedings held on 3/5/2018–3/6/2018 before Judge William E. Smith. Expedited Transcript selected. Transcript to be delivered within 7 calendar days.. (Krumholz, Joshua) (Entered: 03/09/2018) |
| 03/12/2018 | 204 | | TRANSCRIPT ORDER for proceedings held on 03–05–2018 to 03–06–2018 before Judge Smith. Expedited Transcript selected. Transcript to be delivered within 7 calendar days.. (Dunn, Mary) (Entered: 03/12/2018) |
| 03/12/2018 | 205 | | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 204 Transcript Order, 203 Transcript Order. Court Reporter/Transcriber: Denise Veitch. |

| | | | |
|---|---|---|---|
| | | | Transcript due by 3/19/2018. (Dias, Jennifer) (Entered: 03/12/2018) |
| 03/12/2018 | 206 | | TRANSCRIPT ORDER for proceedings held on 3/5/2018 – 3/6/2018 before Judge Smith. Expedited Transcript selected. Transcript to be delivered within 7 calendar days.. (Renner, Eric) (Entered: 03/12/2018) |
| 03/15/2018 | 207 | | TRANSCRIPT of Bench Trial, Volume III, held on March 5, 2018, before Chief Judge William E. Smith. Court Reporter Denise P. Veitch, Telephone number 401–323–9337. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option**. Redaction Request due 4/5/2018. Redacted Transcript Deadline set for 4/16/2018. Release of Transcript Restriction set for 6/13/2018. (Veitch, Denise) (Entered: 03/15/2018) |
| 03/15/2018 | 208 | | TRANSCRIPT of Bench Trial, Volume IV, held on March 6, 2018, before Chief Judge William E. Smith. Court Reporter Denise P. Veitch, Telephone number 401–323–9337. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option**. Redaction Request due 4/5/2018. Redacted Transcript Deadline set for 4/16/2018. Release of Transcript Restriction set for 6/13/2018. (Veitch, Denise) (Entered: 03/15/2018) |
| 03/15/2018 | 209 | | RESPONSE In Opposition to 202 MOTION to Strike 199 Declaration, 198 Reply to Response, 191 MOTION in Limine *(Unredacted) to Exclude Expert Reports and Testimony of Philip Orbanes Motion to Strike Errata Sheet and in Further Support of Motion to Exclude Expe filed by Hasbro, Inc. Replies due by 3/22/2018. (Krumholz, Joshua) (Entered: 03/15/2018)* |
| 03/15/2018 | 210 | | DECLARATION re 209 Response to Motion, by Hasbro, Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Krumholz, Joshua) (Entered: 03/15/2018) |
| 03/22/2018 | 211 | | TRANSCRIPT ORDER for proceedings held on 3/5/18–3/6/18 before Judge Smith. Expedited Transcript selected. Transcript to be delivered within 7 calendar days.. (Gainor, Ryan) (Entered: 03/22/2018) |
| 03/22/2018 | 212 | | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 211 Transcript Order. Court Reporter/Transcriber: Denise Veitch. Transcript due by 3/29/2018. (Dias, Jennifer) (Entered: 03/22/2018) |
| 03/23/2018 | 213 | | MOTION for Mark T. Goracke to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number 0103–1193770 ) filed by Hasbro, Inc. (Rocha, Patricia) (Entered: 03/23/2018) |
| 03/23/2018 | | | TEXT ORDER granting 213 Motion to Appear Pro Hac Vice of Mark T. Goracke. So Ordered by Chief Judge William E. Smith on 3/23/2018. (Potter, |

| | | | |
|---|---|---|---|
| | | | Carrie) (Entered: 03/23/2018) |
| 04/12/2018 | 214 | | POST TRIAL BRIEF by Max Candiotty, Thomas Feiman, Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Robert Miller, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 04/12/2018) |
| 04/12/2018 | 215 | | NOTICE by Reuben Klamer / *Notice of Withdrawal of Brittany M. Elias* (Renner, Eric) (Entered: 04/12/2018) |
| 04/12/2018 | 216 | | Amended Proposed Findings of Fact by Hasbro, Inc.(Krumholz, Joshua) (Entered: 04/12/2018) |
| 04/12/2018 | 217 | | Amended Proposed Conclusions of Law by Hasbro, Inc.(Krumholz, Joshua) (Entered: 04/12/2018) |
| 04/12/2018 | 218 | | POSTTRIAL MEMORANDUM by Susan Garretson, Lorraine Markham, Markham Concepts, Inc..(Pollaro, Robert) (Entered: 04/12/2018) |
| 04/12/2018 | 219 | | POST TRIAL BRIEF by Reuben Klamer. (Renner, Eric) (Entered: 04/12/2018) |
| 04/12/2018 | 220 | | Proposed Findings of Fact by Susan Garretson, Lorraine Markham, Markham Concepts, Inc..(Pollaro, Robert) (Entered: 04/12/2018) |
| 04/12/2018 | 221 | | Proposed Findings of Fact by Reuben Klamer.(Renner, Eric) (Entered: 04/12/2018) |
| 04/12/2018 | 222 | | Proposed Conclusions of Law by Reuben Klamer.(Renner, Eric) (Entered: 04/12/2018) |
| 04/12/2018 | 223 | | POST–TRIAL BRIEF by Hasbro, Inc.(Krumholz, Joshua) (Entered: 04/12/2018) |
| 04/12/2018 | 224 | | Proposed Conclusions of Law by Susan Garretson, Lorraine Markham, Markham Concepts, Inc. /*Conclusions of Law* (Pollaro, Robert) (Entered: 04/12/2018) |
| 05/04/2018 | 225 | | REPLY MEMORANDUM re 214 Post Trial Brief *of Defendants Dawn Linkletter Griffin, Sharon Linkletter, Michael Linkletter, Laura Linkletter Rich, Dennis Linkletter, Thomas Feiman, Robert Miller and Max Candiotty.* (Gainor, Ryan) (Entered: 05/04/2018) |
| 05/04/2018 | 226 | | REPLY POST–TRIAL BRIEF by Hasbro, Inc. (Attachments: # 1 Exhibit Tab A)(Krumholz, Joshua) (Entered: 05/04/2018) |
| 05/04/2018 | 227 | | REPLY POST–TRIAL BRIEF by Reuben Klamer.(Renner, Eric) (Entered: 05/04/2018) |
| 05/04/2018 | 228 | | Supplemental Post–Trial Proposed Findings of Fact by Reuben Klamer.(Renner, Eric) (Entered: 05/04/2018) |
| 05/04/2018 | 229 | | REPLY MEMORANDUM / *PLAINTIFFS AND COUNTERCLAIM DEFENDANTS THE MARKHAM PARTIES' RESPONSE TO DEFENDANTS' POST–TRIAL MEMORANDA.* (Pollaro, Robert) (Entered: 05/04/2018) |
| 05/04/2018 | 230 | | Plaintiffs and Counter–Claim Defendants the Markham Parties' Final Findings of Fact by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.(Pollaro, Robert) (Entered: 05/04/2018) |

| 05/04/2018 | 231 | | Plaintiffs and Counter–Claim Defendants The Markham Parties' Final Conclusions of Law by Susan Garretson, Lorraine Markham, Markham Concepts, Inc. (Pollaro, Robert) (Entered: 05/04/2018) |
|---|---|---|---|
| 05/10/2018 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Bench Trial held on 5/10/2018. Robert M. Pollaro, John t. Moehringer, David A. Cole, and Mary C. Dunn for the Plaintiffs. Joshua C. Krumholz, Courtney L. Batliner, Patricial L. Glaser, Erica J. Van Loon, Eric e. Renner, Christine Bush, David B. Jinkins, Mark T. Goracke, and Robert Turner for the Defendants. Court addresses. Counsel give closing arguments. Rebuttal by Plaintiffs. Defense clarifies for the record. Court to prepare an Opinion. Recess. (Court Reporter Denise Veitch in Courtroom 3 at 10:08.) (Jackson, Kerrie) (Entered: 05/10/2018) |
| 05/14/2018 | 232 | | TRANSCRIPT ORDER for proceedings held on 5/10/2018 before Judge Chief Judge William Smith. Ordinary Transcript delivery selected. Transcript to be delivered in 30 days.. (Krumholz, Joshua) (Entered: 05/14/2018) |
| 05/15/2018 | 233 | | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 232 Transcript Order. Court Reporter/Transcriber: Denise Veitch. Transcript due by 6/14/2018. (Dias, Jennifer) (Entered: 05/15/2018) |
| 05/15/2018 | 234 | | TRANSCRIPT ORDER for proceedings held on 05–10–2018 before Judge William Smith. Ordinary Transcript delivery selected. Transcript to be delivered in 30 days.. (Dunn, Mary) (Entered: 05/15/2018) |
| 05/15/2018 | 235 | | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 234 Transcript Order. Court Reporter/Transcriber: Denise Veitch. Transcript due by 6/14/2018. (Dias, Jennifer) (Entered: 05/15/2018) |
| 05/21/2018 | 236 | | TRANSCRIPT ORDER for proceedings held on 5/10/2018 before Judge Smith. Ordinary Transcript delivery selected. Transcript to be delivered in 30 days.. (Renner, Eric) (Entered: 05/21/2018) |
| 05/21/2018 | 237 | | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 236 Transcript Order. Court Reporter/Transcriber: Denise Veitch. Transcript due by 6/20/2018. (Dias, Jennifer) (Entered: 05/21/2018) |
| 06/04/2018 | 238 | | TRANSCRIPT of Bench Trial, Volume V, held on May 10, 2018, before Chief Judge William E. Smith. Court Reporter Denise P. Veitch, Telephone number 401–323–9337. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option**. Redaction Request due 6/25/2018. Redacted Transcript Deadline set for 7/5/2018. Release of Transcript Restriction set for 9/4/2018. (Veitch, Denise) (Entered: 06/04/2018) |
| 09/20/2018 | 239 | | NOTICE of Change of Address by Eric E. Renner (Renner, Eric) (Entered: 09/20/2018) |
| 01/25/2019 | | | |

| | | | |
|---|---|---|---|
| | | | TEXT ORDER denying <u>186</u> Motion to Strike ; denying <u>189</u> Motion in Limine: Both sides moved in limine to exclude the testimony of the other's expert witness. See Mots. to Exclude, ECF Nos. 186 and 189. In their respective submissions, both parties raised questions regarding the credibility, relevance, and bases of the other side's proposed expert testimony. The Court nonetheless allowed both experts to testify, leaving it to the lawyers to explore their respective objections during cross–examination. Such a course was especially appropriate given this case was tried to the Court. These motions, therefore, are DENIED. See In re Salem, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702."). So Ordered by Chief Judge William E. Smith on 1/25/2019. (Jackson, Ryan) (Entered: 01/25/2019) |
| 01/25/2019 | | | TEXT ORDER denying <u>202</u> Motion to Strike: Plaintiffs moved to strike the errata sheet submitted in connection with the deposition of Philip E. Orbanes, Defendant Hasbro, Inc.'s, expert. Mot. to Strike, ECF No. 202. This motion is DENIED. See Bennett v. Kent Cty. Mem'l Hosp., C.A. No. 07163ML, 2009 WL 101851, at *2 (D.R.I. Jan. 14, 2009) (allowing contradictory amendment where "the Court c[ould] not conclude that the change [was] made in bad faith or otherwise in violation of Rule 30(e)"). So Ordered by Chief Judge William E. Smith on 1/25/2019. (Jackson, Ryan) (Entered: 01/25/2019) |
| 01/25/2019 | | | TEXT ORDER: The parties have submitted to the Court two binders containing proposed evidence. One holds proposed deposition designations; the other proposed exhibits. To the extent the parties' respective proposed evidence has not been objected to by the other side, it is admitted. As for the objected–to proposed evidence, the Court has determined that none of it is necessary to the result; therefore, the Court will make it part of the record for identification only. Either party may renew its objections if, for any reason, this case is retried. So Ordered by Chief Judge William E. Smith on 1/25/2019. (Jackson, Ryan) (Entered: 01/25/2019) |
| 01/25/2019 | <u>240</u> | | FINDINGS OF FACT AND CONCLUSIONS OF LAW. So Ordered by Chief Judge William E. Smith on 1/25/2019. (Jackson, Ryan) (Entered: 01/25/2019) |
| 02/13/2019 | | | NOTICE of Hearing: Telephone Conference re: Status *scheduled for Thursday 3/7/2019 at 3:30 PM* before Chief Judge William E. Smith; call–in instructions will be emailed to all counsel of record prior to the date of the call. (Jackson, Ryan) (Entered: 02/13/2019) |
| 02/22/2019 | <u>241</u> | | MOTION to Amend/Correct <u>240</u> Findings of Fact & Conclusions of Law filed by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.. **Responses due by 3/8/2019.** (Pollaro, Robert) (Entered: 02/22/2019) |
| 03/07/2019 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Telephone Status Conference held on 3/7/2019; counsel on call: R. Pollaro; P. Glaser; J. Krumholz. (Jackson, Ryan) (Entered: 03/07/2019) |
| 03/07/2019 | | | NOTICE of Hearing on <u>241</u> MOTION to Amend/Correct <u>240</u> Findings of Fact & Conclusions of Law: Motion Hearing *scheduled for Monday 3/25/2019 at 10:00 AM in Courtroom 3* before Chief Judge William E. Smith. (Jackson, Ryan) (Entered: 03/07/2019) |

| 03/08/2019 | 242 | | RESPONSE In Opposition to 241 MOTION to Amend/Correct 240 Findings of Fact & Conclusions of Law filed by Reuben Klamer. **Replies due by 3/15/2019.** (Renner, Eric) (Entered: 03/08/2019) |
|---|---|---|---|
| 03/08/2019 | 243 | | RESPONSE In Opposition to 241 MOTION to Amend/Correct 240 Findings of Fact & Conclusions of Law filed by Ida Mae Atkins, Max Candiotty, Thomas Feiman, Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter. **Replies due by 3/15/2019.** (Gainor, Ryan) (Entered: 03/08/2019) |
| 03/08/2019 | 244 | | RESPONSE In Opposition to 241 MOTION to Amend/Correct 240 Findings of Fact & Conclusions of Law filed by Hasbro, Inc. **Replies due by 3/15/2019.** (Rocha, Patricia) (Entered: 03/08/2019) |
| 03/15/2019 | 245 | | REPLY to Response re 242 Response to Motion, 244 Response to Motion, 243 Response to Motion, filed by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.. (Pollaro, Robert) (Entered: 03/15/2019) |
| 03/25/2019 | | | Minute Entry for proceedings held before Chief Judge William E. Smith: Motion Hearing held on 3/25/2019 re 241 MOTION to Amend/Correct 240 Findings of Fact & Conclusions of Law. Robert M. Pallaro, David A. Cole and Mary C. Dunn for the Plaintiffs. Patricial L. Glaser, Erica Van Loon, Patricia K. Rocha, Courtnes L. Batliner, Ryan M. Gainor and Joshua C. Krumholz for the Defendant. Court addresses. Counsel address Motion. Court denies Motion. Court will reserve on the issue of whether to certify under 54(b)until counsel meet with Magistrate Judge. (Court Reporter Denise /Veitch in Courtroom 3 at 10:05.) (Jackson, Kerrie) (Entered: 03/25/2019) |
| 03/25/2019 | | | TEXT ORDER denying 241 Motion to Amend/Correct. So Ordered by Chief Judge William E. Smith on 3/25/2019. (Jackson, Kerrie) (Entered: 03/25/2019) |
| 03/25/2019 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Settlement Conference held on 3/25/2019. (Chambers at 11:05.) (Saucier, Martha) (Entered: 03/25/2019) |
| 03/25/2019 | | | NOTICE of Hearing: Telephone Conference set for **3/28/2019 at 11:00 AM** in Magistrate Judge Sullivan Chambers before Magistrate Judge Patricia A. Sullivan with Plaintiff's Counsel only. Court to initiate the call. (Saucier, Martha) (Entered: 03/25/2019) |
| 03/25/2019 | | | NOTICE of Hearing: Telephone Conference set for **3/29/2019 at 10:00 AM** in Magistrate Judge Sullivan Chambers before Magistrate Judge Patricia A. Sullivan with Defendant's Counsel only. Court to initiate the call. (Saucier, Martha) (Entered: 03/25/2019) |
| 03/28/2019 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/28/2019 with Attorneys Robert Pollaro and David Cole. (Chambers at 11:00.) (Saucier, Martha) (Entered: 03/28/2019) |
| 03/29/2019 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 3/29/2019 with Attorneys Patricia Glaser,Erica Van Loon,Joshua Krumholz, Courtney Batliner and Ryan Gainor. (Chambers at 10:00.) (Saucier, Martha) (Entered: 03/29/2019) |
| 03/29/2019 | | | |

| | | |
|---|---|---|
| | | NOTICE of Hearing: Telephone Conference set for 4/3/2019 at 04:30 PM in Magistrate Judge Sullivan Chambers before Magistrate Judge Patricia A. Sullivan with Defendants' counsel only. (Saucier, Martha) (Entered: 03/29/2019) |
| 04/01/2019 | | NOTICE of Hearing: Telephone Conference set for **4/4/2019 at 04:00 PM** in Magistrate Judge Sullivan Chambers before Magistrate Judge Patricia A. Sullivan with Plaintiff's Counsel only. (Saucier, Martha) (Entered: 04/01/2019) |
| 04/03/2019 | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 4/3/2019 with Attorneys Patricia Glaser, Erica Van Loon, Joshua Krumholz, Ryan Gainor and David Jinkins. (Chambers at 4:30.) (Saucier, Martha) (Entered: 04/03/2019) |
| 04/04/2019 | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 4/4/2019 with Attorneys Robert Pollaro and David Cole. (Chambers at 4:00.) (Saucier, Martha) (Entered: 04/05/2019) |
| 04/05/2019 | | NOTICE of Hearing: Telephone Conference set for **4/9/2019 at 09:30 AM** in Courtroom B before Magistrate Judge Patricia A. Sullivan with Plaintiff's counsel only. (Saucier, Martha) (Entered: 04/05/2019) |
| 04/09/2019 | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 4/9/2019 with Attorney Robert Pollaro. (Chambers at 9:30.) (Saucier, Martha) (Entered: 04/09/2019) |
| 04/09/2019 | | NOTICE of Hearing: Telephone Conference set for **4/10/2019 at 03:30 PM** in Magistrate Judge Sullivan Chambers before Magistrate Judge Patricia A. Sullivan. Dial in instruction via email.(Saucier, Martha) (Entered: 04/09/2019) |
| 04/10/2019 | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 4/10/2019 with Attorneys Van Loon, Krumholz, Rocha, Gainor, Batliner, Glaser and Jinkins. (Chambers at 3:30.) (Saucier, Martha) (Entered: 04/10/2019) |
| 04/15/2019 | <u>246</u> | TRANSCRIPT of Plaintiffs' Motion to Amend Findings of Fact and Conclusions of Law, held on March 25, 2019, before Judge William E. Smith. Court Reporter Denise P. Veitch, Telephone number 401–752–7031. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option**. Redaction Request due 5/6/2019. Redacted Transcript Deadline set for 5/16/2019. Release of Transcript Restriction set for 7/15/2019. (Veitch, Denise) (Entered: 04/15/2019) |
| 04/16/2019 | | NOTICE of Hearing: Telephone Conference with Defendants' Counsel only set for 4/17/2019 at 04:00 PM in Magistrate Judge Sullivan Chambers before Magistrate Judge Patricia A. Sullivan. Call in instructions to be sent by email. (Noel, Jeannine) (Entered: 04/16/2019) |

| 04/17/2019 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference with Courtney Batliner, Patricia Glaser, Erica Van Loon, David Jinkins, Ryan Gainor held on 4/17/2019. (Noel, Jeannine) (Entered: 04/17/2019) |
|---|---|---|---|
| 04/22/2019 | | | NOTICE of Hearing: Telephone Conference set for **4/24/2019 at 03:00 PM** in Magistrate Judge Sullivan Chambers before Magistrate Judge Patricia A. Sullivan with the following Plaintiffs counsel only: David Cole and Robert Pollaro. Court to initiate the call.(Saucier, Martha) (Entered: 04/22/2019) |
| 04/24/2019 | | | HEARING CANCELLED re Telephone Conference set for 4/24/2019 at 03:00 PM in Magistrate Judge Sullivan Chambers before Magistrate Judge Patricia A. Sullivan has been cancelled. Court to Reschedule. (Saucier, Martha) (Entered: 04/24/2019) |
| 04/24/2019 | | | NOTICE of Hearing: Telephone Conference set for **4/26/2019 at 02:30 PM** in Magistrate Judge Sullivan Chambers before Magistrate Judge Patricia A. Sullivan with counsel of record. Court to initiate the call. (Saucier, Martha) (Entered: 04/24/2019) |
| 04/26/2019 | 247 | | TRANSCRIPT ORDER for proceedings held on 3/25/2019 before Judge Smith. Ordinary Transcript delivery selected. Transcript to be delivered in 30 days.. (Dunn, Mary) (Entered: 04/26/2019) |
| 04/26/2019 | 248 | | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 247 Transcript Order. Court Reporter/Transcriber: Denise Veitch. (Dias, Jennifer) (Entered: 04/26/2019) |
| 04/26/2019 | | | Minute Entry for proceedings held before Magistrate Judge Patricia A. Sullivan: Telephone Conference held on 4/26/2019 with Attorneys Robert Pollaro and David Cole. (Chambers at 2:30.) (Saucier, Martha) (Entered: 04/29/2019) |
| 07/22/2019 | 249 | | STIPULATION *of Partial Dismissal With Prejudice* filed by Hasbro, Inc. (Rocha, Patricia) (Entered: 07/22/2019) |
| 07/25/2019 | | | TEXT ORDER entering 249 Stipulation of partial dismissal with prejudice – So Ordered by Chief Judge William E. Smith on 7/25/2019 (Barletta, Barbara) (Entered: 07/25/2019) |
| 07/29/2019 | 250 | | ORDER DENYING 241 MOTION to Amend/Correct 240 Findings of Fact & Conclusions of Law filed by Lorraine Markham, Susan Garretson, Markham Concepts, Inc. and directing parties to show cause by 8/2/19 as to why final judgment should not enter – So Ordered by Chief Judge William E. Smith on 7/29/2019. (Barletta, Barbara) (Entered: 07/29/2019) |
| 08/14/2019 | 251 | | CLERK'S JUDGMENT in favor of Hasbro, Inc., Reuben Klamer, Dawn Linkletter Griffin, Sharon Linkletter, Michael Linkletter, Laura Linkletter Rich, Dennis Linkletter, Thomas Feiman (in his capacity as co–trustee of the Irvin S. and Ida Mae Atkins Family Trust), Robert Miller (in his capacity as co–trustee of the Irvin S. and Ida Mae Atkins Family Trust), and Max Candiotty (in his capacity as co–trustee of the Irvin S. and Ida Mae Atkins Family Trust) and against the Plaintiffs Markham Concepts, Inc., Lorraine Markham, and Susan Garretson as to Count III of the Third Amended Complaint (ECF No. 127 ). The remaining counts of the complaint were dismissed by this Court's July 25, |

| | | | |
|---|---|---|---|
| | | | 2019 Text Order entering the parties Stipulation of Partial Dismissal with Prejudice (ECF No. 249 ). (Urizandi, Nisshy) (Entered: 08/14/2019) |
| 08/21/2019 | 252 | | Assented MOTION for an Extension of Time to File filed by Hasbro, Inc. **Responses due by 9/4/2019.** (Rocha, Patricia) (Entered: 08/21/2019) |
| 08/22/2019 | 253 | | Assented MOTION for an Extension of Time to File Motion for Attorneys' Fees filed by Reuben Klamer. **Responses due by 9/5/2019.** (Renner, Eric) (Entered: 08/22/2019) |
| 08/23/2019 | | | TEXT ORDER granting 252 Motion for Extension of Time to File ; granting 253 Motion for Extension of Time; both deadlines to file Motions for Attorneys' Fees extended to 9/6/19. So Ordered by Chief Judge William E. Smith on 8/23/2019. (Jackson, Ryan) (Entered: 08/23/2019) |
| 08/23/2019 | 254 | | Assented MOTION for an Extension of Time TO FILE MOTION FOR ATTORNEYS' FEES filed by Max Candiotty, Thomas Feiman, Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Robert Miller, Laura Linkletter Rich. **Responses due by 9/6/2019.** (Bush, Christine) (Entered: 08/23/2019) |
| 08/27/2019 | | | TEXT ORDER granting 254 Motion for Extension of Time up to and including 9/6/19 to file a Motion for Attorneys' Fees. So Ordered by Chief Judge William E. Smith on 8/27/2019. (Jackson, Ryan) (Entered: 08/27/2019) |
| 08/28/2019 | 255 | | BILL OF COSTS by Hasbro, Inc. (Attachments: # 1 Supporting Memorandum, # 2 Exhibit Declaration of Joshua Krumholz, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12)(Rocha, Patricia) (Entered: 08/28/2019) |
| 08/28/2019 | 256 | | BILL OF COSTS by Reuben Klamer. (Attachments: # 1 Supporting Memorandum, # 2 Exhibit Declaration of Erica J. Van Loon, # 3 Exhibit A)(Renner, Eric) (Entered: 08/28/2019) |
| 08/28/2019 | 257 | | BILL OF COSTS by Max Candiotty, Thomas Feiman, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Robert Miller, Laura Linkletter Rich. (Attachments: # 1 Supporting Memorandum Memorandum of Law in Support of Bill of Costs, # 2 Affidavit Declaration of Christine K. Bush in Support of Bill of Costs)(Bush, Christine) (Entered: 08/28/2019) |
| 09/06/2019 | 258 | | MOTION for Attorney Fees *and Costs* filed by Reuben Klamer. **Responses due by 9/20/2019.** (Attachments: # 1 Declaration of Erica J. Van Loon in Support of Motion for Attorneys' Fees and Costs (with exhibits), # 2 Declaration of Eric E. Renner in Support of Motion for Attorneys' Fees and Costs (with exhibits), # 3 Affidavit of Stacey P. Nakasian in Support of Motion for Attorneys' Fees and Costs)(Renner, Eric) (Entered: 09/06/2019) |
| 09/06/2019 | 259 | | MOTION for Attorney Fees *and Costs* filed by Hasbro, Inc. **Responses due by 9/20/2019.** (Rocha, Patricia) (Entered: 09/06/2019) |
| 09/06/2019 | 260 | | DECLARATION re 259 MOTION for Attorney Fees *and Costs Declaration of Matthew T. Oliverio* by Hasbro, Inc. (Rocha, Patricia) (Entered: 09/06/2019) |
| 09/06/2019 | 261 | | DECLARATION re 259 MOTION for Attorney Fees *and Costs Declaration of Patricia K. Rocha* by Hasbro, Inc. (Attachments: # 1 Exhibit 6, # 2 Exhibit |

| | | | |
|---|---|---|---|
| | | | 7)(Rocha, Patricia) (Entered: 09/06/2019) |
| 09/06/2019 | 262 | | DECLARATION re 259 MOTION for Attorney Fees *and Costs Declaration of Joshua C. Krumholz* by Hasbro, Inc. (Attachments: # 1 Exhibit 6, # 2 Exhibit 7, # 3 Exhibit 8, # 4 Exhibit 9, # 5 Exhibit 12, # 6 Exhibit 13, # 7 Exhibit 14, # 8 Exhibit 15, # 9 Exhibit 16)(Rocha, Patricia) (Entered: 09/06/2019) |
| 09/06/2019 | 263 | | MOTION to Seal *Exhibit 1−5 to Declaration of Patricia K. Rocha* Filed. Notice Sent To: Hasbro, Inc, Ida Mae Atkins, Max Candiotty, Thomas Feiman, Susan Garretson, Greenberg Traurig, LLP, Dawn Linkletter Griffin, Reuben Klamer, Michael S. Lazaroff, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Lorraine Markham, Markham Concepts, Inc., Robert Miller, Laura Linkletter Rich, Louis M. Solomon. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5)(Rocha, Patricia) **This entry/document has been filed under seal pursuant to statute, rule or court order and access is restricted. Please login to CM/ECF to view document(s).** (Entered: 09/06/2019) |
| 09/06/2019 | 264 | | MOTION to Seal *Exhibits 1−5, 10,11 to Declaration of Joshua C. Krumholz* Filed. Notice Sent To: Hasbro, Inc, Ida Mae Atkins, Max Candiotty, Thomas Feiman, Susan Garretson, Greenberg Traurig, LLP, Dawn Linkletter Griffin, Reuben Klamer, Michael S. Lazaroff, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Lorraine Markham, Markham Concepts, Inc., Robert Miller, Laura Linkletter Rich, Louis M. Solomon. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 10, # 7 Exhibit 11)(Rocha, Patricia) **This entry/document has been filed under seal pursuant to statute, rule or court order and access is restricted. Please login to CM/ECF to view document(s).** (Entered: 09/06/2019) |
| 09/06/2019 | 265 | | MOTION for Attorney Fees *and Costs* filed by Max Candiotty, Thomas Feiman, Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Robert Miller, Laura Linkletter Rich. **Responses due by 9/20/2019.** (Attachments: # 1 Declaration of Christine K. Bush in Support of Motion for Attorney Fees and Costs (with exhibits), # 2 Declaration of Gary Wexler in Support of Motion for Attorney Fees and Costs (with exhibits), # 3 Declaration of Thomas R. Noel in Support of Motion for Attorney Fees and Costs)(Bush, Christine) (Entered: 09/06/2019) |
| 09/12/2019 | 266 | | Assented MOTION for an Extension of Time to File Response/Reply as to 265 MOTION for Attorney Fees *and Costs*, 259 MOTION for Attorney Fees *and Costs*, 258 MOTION for Attorney Fees *and Costs* filed by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.. **Responses due by 9/26/2019.** (Pollaro, Robert) (Entered: 09/12/2019) |
| 09/13/2019 | | | TEXT ORDER granting 266 Motion for Extension of Time to File Response/Reply ; **Responses due by 10/1/2019.** So Ordered by Chief Judge William E. Smith on 9/13/2019. (Jackson, Ryan) (Entered: 09/13/2019) |
| 09/13/2019 | 267 | | NOTICE OF APPEAL by Susan Garretson, Lorraine Markham, Markham Concepts, Inc. as to Order on Motion to Strike,,, 240 Findings of Fact & Conclusions of Law, 251 Clerk's Judgment,,, ( filing fee paid $ 505.00, receipt number 0103−1415689 ) |

| | | | |
|---|---|---|---|
| | | | **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 9/20/2019. (Pollaro, Robert) (Entered: 09/13/2019) |
| 09/16/2019 | 268 | | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). 267 Notice of Appeal. (Attachments: # 1 ROA)(Potter, Carrie) (Entered: 09/16/2019) |
| 09/16/2019 | | | TEXT ORDER granting 263 Motion to Seal; granting 264 Motion to Seal. So Ordered by Chief Judge William E. Smith on 9/16/2019. (Jackson, Ryan) (Entered: 09/16/2019) |
| 09/17/2019 | | | USCA Case Number COA19−1927 for 267 Notice of Appeal,,, filed by Lorraine Markham, Susan Garretson, Markham Concepts, Inc. (McGuire, Vickie) (Entered: 09/17/2019) |
| 09/17/2019 | 271 | | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 267 Notice of Appeal. (Attachments: # 1 ROA)(Potter, Carrie) (Entered: 09/17/2019) |
| 09/18/2019 | 272 | | TRANSCRIPT of Portion of Bench Trial held on November 16, 2017 before Judge Chief Judge William E. Smith. Court Reporter/Transcriber Laura Miller Elias, CSR, Telephone number (213)894−0374. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option**. Redaction Request due 10/9/2019. Redacted Transcript Deadline set for 10/21/2019. Release of Transcript Restriction set for 12/17/2019. (Farrell Pletcher, Paula) (Entered: 09/18/2019) |
| 09/18/2019 | 273 | | TRANSCRIPT of Portion of Bench Trial held on November 18, 2017 before Judge Chief Judge William E. Smith. Court Reporter/Transcriber Laura Miller Elias, CSR, Telephone number (213)894−0374. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option**. Redaction Request due 10/9/2019. Redacted Transcript Deadline set for 10/21/2019. Release of Transcript Restriction set for 12/17/2019. (Farrell Pletcher, Paula) (Entered: 09/18/2019) |
| 09/26/2019 | 274 | 254 | MOTION to Stay re 265 MOTION for Attorney Fees *and Costs*, 259 MOTION for Attorney Fees *and Costs*, 258 MOTION for Attorney Fees *and Costs / Plaintiffs' Motion to Stay, and in the Alternative to Dismiss Without Prejudice,* |

| | | | |
|---|---|---|---|
| | | | *Defendants' Motion for Attorneys' Fees Pending Appeal to the First Circuit* filed by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.. **Responses due by 10/10/2019.** (Pollaro, Robert) (Entered: 09/26/2019) |
| 10/01/2019 | 275 | 207 | RESPONSE In Opposition to 265 MOTION for Attorney Fees *and Costs*, 259 MOTION for Attorney Fees *and Costs*, 258 MOTION for Attorney Fees *and Costs / REDACTED Plaintiffs' Combined Opposition to Defendants' Motions for Attorneys' Fees and Costs* filed by Susan Garretson, Lorraine Markham, Markham Concepts, Inc.. **Replies due by 10/8/2019.** (Pollaro, Robert) (Entered: 10/01/2019) |
| 10/01/2019 | 276 | | MOTION to Seal *Exhibits A–C of the Combined Opposition to Defendants' Motions for Attorneys' Fees and Costs* Filed. Notice Sent To: Susan Garretson, Markham Concepts, Inc., Lorraine Markham, Ida Mae Atkins, Max Candiotty, Thomas Feiman, Greenberg Traurig, LLP, Dawn Linkletter Griffin, Hasbro, Inc, Reuben Klamer, Michael S. Lazaroff, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Robert Miller, Laura Linkletter Rich, Louis M. Solomon. (Attachments: # 1 Unredacted Brief in Opposition to Defendants' Motions for Attorneys' Fees and Costs, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Pollaro, Robert) **This entry/document has been filed under seal pursuant to statute, rule or court order and access is restricted. Please login to CM/ECF to view document(s).** (Entered: 10/01/2019) |
| 10/03/2019 | 277 | 203 | Assented MOTION for an Extension of Time to File Response/Reply as to 275 Response to Motion, *for Attorneys' Fees and Costs* filed by Reuben Klamer. **Responses due by 10/17/2019.** (Renner, Eric) (Entered: 10/03/2019) |
| 10/07/2019 | | | TEXT ORDER granting 277 Motion for Extension of Time to File Reply in support of 258 MOTION for Attorney Fees *and Costs*; Reset Deadlines: **Reply due by 10/18/2019.** – So Ordered by Chief Judge William E. Smith on 10/7/2019. (Barletta, Barbara) (Entered: 10/07/2019) |
| 10/08/2019 | | | TEXT ORDER granting 276 Motion to Seal. So Ordered by Chief Judge William E. Smith on 10/8/2019. (Jackson, Ryan) (Entered: 10/08/2019) |
| 10/08/2019 | 279 | 154 | REPLY to Response re 278 Response to Motion, *(Redacted)* filed by Hasbro, Inc. (Attachments: # 1 Exhibit Declaration of Joshua C. Krumholz, # 2 Exhibit 1, # 3 Exhibit 2)(Rocha, Patricia) (Entered: 10/08/2019) |
| 10/08/2019 | 280 | | MOTION to Seal *Hasbro, Inc.'s Reply in Support of its Motion for Attorneys' Fees and Costs* Filed. Notice Sent To: Hasbro, Inc, Ida Mae Atkins, Max Candiotty, Thomas Feiman, Susan Garretson, Greenberg Traurig, LLP, Dawn Linkletter Griffin, Reuben Klamer, Michael S. Lazaroff, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Lorraine Markham, Markham Concepts, Inc., Robert Miller, Laura Linkletter Rich, Louis M. Solomon. (Attachments: # 1 Proposed Sealed Document Unredacted Reply in Support of Motion for Attorneys' Fees and Costs)(Rocha, Patricia) **This entry/document has been filed under seal pursuant to statute, rule or court order and access is restricted. Please login to CM/ECF to view document(s).** (Entered: 10/08/2019) |
| 10/08/2019 | 281 | 145 | REPLY to Response re 275 Response to Motion, *for Attorney's Fees* filed by Max Candiotty, Thomas Feiman, Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Robert Miller, Laura Linkletter Rich. (Gainor, Ryan) (Entered: 10/08/2019) |

| | | | |
|---|---|---|---|
| 10/09/2019 | 282 | 141 | RESPONSE In Opposition to 274 MOTION to Stay re 265 MOTION for Attorney Fees *and Costs*, 259 MOTION for Attorney Fees *and Costs*, 258 MOTION for Attorney Fees *and Costs / Plaintiffs' Motion to Stay, and in the Alternative to Dismiss Wit filed by Max Candiotty, Thomas Feiman, Dawn Linkletter Griffin, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Robert Miller, Laura Linkletter Rich. **Replies due by 10/16/2019.** (Gainor, Ryan) (Entered: 10/09/2019)* |
| 10/10/2019 | 283 | 136 | RESPONSE In Opposition to 274 MOTION to Stay re 265 MOTION for Attorney Fees *and Costs*, 259 MOTION for Attorney Fees *and Costs*, 258 MOTION for Attorney Fees *and Costs / Plaintiffs' Motion to Stay, and in the Alternative to Dismiss Wit filed by Reuben Klamer.* **Replies due by 10/17/2019.** *(Renner, Eric) (Entered: 10/10/2019)* |
| 10/10/2019 | 284 | 130 | RESPONSE In Opposition to 274 MOTION to Stay re 265 MOTION for Attorney Fees *and Costs*, 259 MOTION for Attorney Fees *and Costs*, 258 MOTION for Attorney Fees *and Costs / Plaintiffs' Motion to Stay, and in the Alternative to Dismiss Wit filed by Hasbro, Inc.* **Replies due by 10/17/2019.** *(Rocha, Patricia) (Entered: 10/10/2019)* |
| 10/18/2019 | 285 | 66 | REPLY to Response re 275 Response to Motion, *(Redacted)* filed by Reuben Klamer. (Attachments: # 1 Supplemental Declaration of Erica J. Van Loon (with exhibits), # 2 Supplemental Declaration of Eric E. Renner (with exhibits), # 3 Declaration of Reuben Klamer (Redacted), # 4 Declaration of Paul Glass (Redacted))(Renner, Eric) (Entered: 10/18/2019) |
| 10/18/2019 | 286 | | MOTION to Seal *Reuben Klamer's Reply in Support of His Motion for Attorneys' Fees and Costs and the Declarations of Reuben Klamer and Paul Glass in Support of Motion for Attorneys' Fees and Costs* Filed. Notice Sent To: Reuben Klamer, Ida Mae Atkins, Max Candiotty, Thomas Feiman, Susan Garretson, Dawn Linkletter Griffin, Hasbro, Inc, Dennis Linkletter, Michael Linkletter, Sharon Linkletter, Lorraine Markham, Markham Concepts, Inc., Robert Miller, Laura Linkletter Rich. (Attachments: # 1 Proposed Sealed Document Unredacted Reply in Support of Motion for Attorneys' Fees and Costs, # 2 Proposed Sealed Document Unredacted Declaration of Reuben Klamer, # 3 Proposed Sealed Document Unredacted Declaration of Paul Glass)(Renner, Eric) **This entry/document has been filed under seal pursuant to statute, rule or court order and access is restricted. Please login to CM/ECF to view document(s).** (Entered: 10/18/2019) |
| 10/25/2019 | | 63 | TEXT ORDER granting 280 Motion to Seal; granting 286 Motion to Seal. So Ordered by Chief Judge William E. Smith on 10/25/2019. (Jackson, Ryan) (Entered: 10/25/2019) |

```
MIME-Version:1.0
From:cmecf@rid.uscourts.gov
To:cmecfnef@rid.uscourts.gov
Bcc:
--Case Participants: Joseph Avanzato (javanzato@apslaw.com, mbiagetti@apslaw.com),
Courtney L Batliner (aleksandra.aviza@hklaw.com, courtney.batliner@hklaw.com), Thomas P.
Burke, Jr (tburke@glaserweil.com), Christine K. Bush (cbush@hinckleyallen.com,
pstroke@hinckleyallen.com), Joseph V. Cavanagh, Jr (jl@blishcavlaw.com,
jvc@blishcavlaw.com), Robert J. Cavanagh, Jr (ldl@blishcavlaw.com, rjc@blishcavlaw.com),
David A Cole (david.cole@cwt.com, nyecfnotice@cwt.com, paul.wegner@cwt.com), Mary C. Dunn
(ldl@blishcavlaw.com, mcd@blishcavlaw.com), Brittany Elias (belias@glaserweil.com), Robert
C. Foote, III (robert.foote@cwt.com), Brenna Anatone Force (bforce@apslaw.com,
mbiagetti@apslaw.com), Ryan M. Gainor (pstroke@hinckleyallen.com,
rgainor@hinckleyallen.com), Patricia L. Glaser (pglaser@glaserweil.com), Mark T. Goracke
(mark.goracke@hklaw.com), Nicholas Edward Huskins (nhuskins@glaserweil.com), David B.
Jinkins (djinkins@thompsoncoburn.com), Joshua C. Krumholz (jadah.mcaskill@hklaw.com,
joshua.krumholz@hklaw.com, karolyn.schwind@hklaw.com, laura.obrien@hklaw.com,
sarah.sylvestre@hklaw.com), John T. Moehringer (john.moehringer@cwt.com), Robert M Pollaro
(john.augelli@cwt.com, john.moehringer@cwt.com, linda.ricci@cwt.com,
maegan.fuller@cwt.com, nyecfnotice@cwt.com, robert.pollaro@cwt.com), Mitchell N. Reinis
(mreinis@thompsoncoburn.com), Eric E. Renner (erenner@rennerlawllc.com), Patricia K. Rocha
(dhumm@apslaw.com, jpeters@apslaw.com, jtarantino@apslaw.com, procha@apslaw.com), Jacob
W.S. Schneider (jacob.schneider@hklaw.com), Erica J. Van Loon (evanloon@lathropgage.com),
Gary Wexler (gwexler@thompsoncoburn.com), Chief Judge William E. Smith
(alexis_williams_torrey@rid.uscourts.gov, breegan_semonelli@rid.uscourts.gov,
daniel_procaccini@rid.uscourts.gov, kelsey_hayward@rid.uscourts.gov,
sharon_nissim@rid.uscourts.gov, wesnef2@rid.uscourts.gov, wesnef@rid.uscourts.gov),
Magistrate Judge Patricia A. Sullivan (mag_judge_sullivan@rid.uscourts.gov,
pasnef@rid.uscourts.gov)
--Non Case Participants: Michelle R. Smith (mrsmith@ap.org), Courtroom Deputies
(courtroom_deputies@rid.uscourts.gov)
--No Notice Sent:

Message-Id:1462512@rid.uscourts.gov
Subject:Activity in Case 1:15-cv-00419-WES-PAS Markham Concepts, Inc. v. Hasbro, Inc.
Order on Motion to Seal
Content-Type: text/html
```

## U.S. District Court

### District of Rhode Island

## Notice of Electronic Filing

The following transaction was entered on 10/25/2019 at 4:30 PM EDT and filed on 10/25/2019

| | |
|---|---|
| **Case Name:** | Markham Concepts, Inc. v. Hasbro, Inc. |
| **Case Number:** | 1:15-cv-00419-WES-PAS |
| **Filer:** | |

**WARNING: CASE CLOSED on 08/14/2019**

**Document Number:** No document attached

**Docket Text:**

**TEXT ORDER granting [280] Motion to Seal; granting [286] Motion to Seal. So Ordered by Chief Judge William E. Smith on 10/25/2019. (Jackson, Ryan)**

**1:15–cv–00419–WES–PAS Notice has been electronically mailed to:**

Brenna Anatone Force &nbsp &nbsp bforce@apslaw.com, mbiagetti@apslaw.com

Brittany Elias &nbsp &nbsp belias@glaserweil.com

Christine K. Bush &nbsp &nbsp cbush@hinckleyallen.com, pstroke@hinckleyallen.com

Courtney L Batliner &nbsp &nbsp courtney.batliner@hklaw.com, aleksandra.aviza@hklaw.com

David A Cole &nbsp &nbsp david.cole@cwt.com, nyecfnotice@cwt.com, paul.wegner@cwt.com

David B. Jinkins &nbsp &nbsp djinkins@thompsoncoburn.com

Eric E. Renner &nbsp &nbsp erenner@rennerlawllc.com

Erica J. Van Loon &nbsp &nbsp evanloon@lathropgage.com

Gary Wexler &nbsp &nbsp GWexler@thompsoncoburn.com

Jacob W.S. Schneider &nbsp &nbsp jacob.schneider@hklaw.com

John T. Moehringer &nbsp &nbsp john.moehringer@cwt.com

Joseph Avanzato &nbsp &nbsp javanzato@apslaw.com, mbiagetti@apslaw.com

Joseph V. Cavanagh , Jr &nbsp &nbsp jvc@blishcavlaw.com, jl@blishcavlaw.com

Joshua C. Krumholz &nbsp &nbsp joshua.krumholz@hklaw.com, jadah.mcaskill@hklaw.com, Karolyn.Schwind@hklaw.com, laura.obrien@hklaw.com, sarah.sylvestre@hklaw.com

Mark T. Goracke &nbsp &nbsp mark.goracke@hklaw.com

Mary C. Dunn &nbsp &nbsp mcd@blishcavlaw.com, ldl@blishcavlaw.com

Mitchell N. Reinis &nbsp &nbsp mreinis@thompsoncoburn.com

Nicholas Edward Huskins &nbsp &nbsp nhuskins@glaserweil.com

Patricia K. Rocha &nbsp &nbsp procha@apslaw.com, dhumm@apslaw.com, jpeters@apslaw.com, jtarantino@apslaw.com

Patricia L. Glaser &nbsp &nbsp pglaser@glaserweil.com

Robert C. Foote , III &nbsp &nbsp robert.foote@cwt.com

Robert J. Cavanagh , Jr &nbsp &nbsp rjc@blishcavlaw.com, ldl@blishcavlaw.com

Robert M Pollaro &nbsp &nbsp robert.pollaro@cwt.com, john.augelli@cwt.com, John.Moehringer@cwt.com, linda.ricci@cwt.com, maegan.fuller@cwt.com, nyecfnotice@cwt.com

Ryan M. Gainor &nbsp &nbsp rgainor@hinckleyallen.com, pstroke@hinckleyallen.com

Thomas P. Burke , Jr &nbsp &nbsp tburke@glaserweil.com

**1:15–cv–00419–WES–PAS Notice has been delivered by other means to:**

Greenberg Traurig, LLP


Gregory A. Markel
Cadwalader, Wickersahm, & Taft LLP
One World Financial Center
Suite 33–106
New York, NY 10022

Louis M. Solomon


Michael S. Lazaroff

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and LORRAINE MARKHAM, individually and in her capacity as Trustee of the Bill and Lorraine Markham Exemption Trust and the Lorraine Markham Family Trust, <br><br>    Plaintiffs, <br><br> v. <br><br> HASBRO, INC., REUBEN KLAMER, DAWN LINKLETTER GRIFFIN, SHARON LINKLETTER, MICHAEL LINKLETTER, LAURA LINKLETTER RICH, DENNIS LINKLETTER, THOMAS FEIMAN, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, ROBERT MILLER, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, and MAX CANDIOTTY, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, <br><br>    Defendants. | Case No. 1:15-cv-419-WES-PAS |
| REUBEN KLAMER, <br><br>    Counterclaim Plaintiff, <br><br> v. <br><br> MARKHAM CONCEPTS, INC., SUSAN GARRETSON and LORRAINE MARKHAM, <br><br>    Counterclaim-Defendants. | |

## DEFENDANT REUBEN KLAMER'S REPLY IN SUPPORT OF HIS MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

# I.      INTRODUCTION

Plaintiffs' Combined Opposition to Defendants' Motions for Attorneys' Fees and Costs (Dkt. 275) ("Opp." or "Opposition") *does not contest* many of the key points that Defendant Reuben Klamer made in his Motion for an Award of Attorneys' Fees and Costs (Dkt. 258) ("Motion") to demonstrate that the Court should award Mr. Klamer his reasonable attorneys' fees and costs.  To wit:

●      Plaintiffs Markham Concepts, Inc., Susan Garretson, and Lorraine Markham (collectively, "Plaintiffs") do not contest that Mr. Klamer prevailed on the merits of their third claim for relief and thus is a "prevailing party" under Section 505 of the Copyright Act.  (Motion at 11-12.)

●      Plaintiffs do not contest that, as a prevailing defendant on a declaratory judgment claim that arose under the Copyright Act, Mr. Klamer may be awarded attorneys' fees under Section 505.  (Motion at 12-14.)

●      Plaintiffs do not contest that, in ruling on an attorney's fee motion under Section 505, "the objective reasonableness of the losing party's position" is the most important factor for the court to consider, but that "in any given case a court may award fees even though the losing party offered reasonable arguments." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1983, 1988 (2016).  (Motion at 10-11, 14.)

●      Plaintiffs do not contest that Mr. Klamer's attorneys' hourly rates – one of the critical factors in the lodestar method – are reasonable.  (Motion at 20-21.)

●      Plaintiffs do not contest that a disinterested attorney admitted to practice in Rhode Island, who is experienced in handling cases similar to this one, has opined that Mr. Klamer's

requested attorneys' fee is reasonable.  (Declaration of Stacey P. Nakasian ("Nakasian Decl.") at ¶¶ 11-13 (Dkt. 258-3).)

● Finally, Plaintiffs do not contest the costs sought by Mr. Klamer in the amount of $38,953.81.  (Motion at 22-23.)

Plaintiffs spend most of their Opposition reasserting the same legal and factual arguments that the Court considered and *soundly rejected* in its January 25, 2019, Findings of Facts and Conclusions of Law (Dkt. 240) ("January 25 Order").  Most critically, the Court rejected Plaintiffs' argument, repeated in the Opposition at 1-2 and 12-14, that the Court should ignore binding First Circuit precedent that, under the 1909 Copyright Act, the presumptive "'author' and copyright holder . . . of [a] commissioned work[] created by independent contractors" is "the commissioning party at whose 'instance and expense' the work was done." *Forward v. Thorogood*, 985 F.2d 604, 606 (1st Cir. 1993).  (January 25 Order at 15-18; *see also* Dkt. 246 at 7; Dkt. 250 at 1-2.)  The Court also rejected Plaintiffs' arguments, repeated in the Opposition at 14-18, (1) that language in the Assignment Agreement overcomes the presumption under the 1909 Copyright Act that Mr. Klamer was the author of The Game of Life (the "Game") and entitled to its copyright ab initio (January 25 Order at 22-24); (2) that Mr. Klamer could not satisfy the "expense" prong of the instance-and-expense test (January 25 Order at 20-22); and (3) that Grace Falco Chambers and Leonard Israel did not contribute significantly to the prototype of the Game (January 25 Order at 5-8).  While Plaintiffs boldly assert that these issues were "closely decided" (Opp. at 24), there is no such indication in the January 25 Order – an order that is one-sidedly in Defendants' favor.  Plaintiffs' position that they had termination rights under Section 304 of the Copyright Act of 1976 was objectively weak and unreasonable, and decidedly so.

Plaintiffs also falsely assert that "[n]one of the Defendants in this case addressed the remaining *Fogerty* factors choosing only to focus on the objectively [sic] reasonableness of the case." (Opp. at 21.) Not so. Mr. Klamer expressly discussed other *Fogerty* factors in his Motion, including "the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). (Motion at 2, 17-18.) Plaintiffs do not, and cannot, contest that their refusal to drop their statutory termination claim placed substantial financial and time burdens on Mr. Klamer, who is 97 years old and of declining health. Among other things, Mr. Klamer had to (1) locate and review over 60 years' worth of documents and other materials relating to the Game (consisting of thousands of pages), (2) respond to multiple sets of requests for admission, interrogatories, and document requests, (3) assist counsel in preparing and responding to multiple motions, and (4) testify at deposition and trial over the course of four days. (Declaration of Erica Van Loon ("Van Loon Decl.") at ¶¶ 19-33, 35-36 (Dkt. 258-1).)

Plaintiffs further assert that awarding attorneys' fees would frustrate, rather than promote, the policies of the Copyright Act because they are the "widow and children of Bill Markham," they "were forced to pursue the present case" against "goliaths in the industry," and they would be "financially ruin[ed]" if the Court awards Defendants the attorneys' fees they seek. (Opp. at 3-4.) While Plaintiffs paint a picture of emotional and financial woe, the facts tell a very different story. Lorraine Markham did not meet Bill Markham, 22 years her senior, until January 1991 (more than *30 years* after Milton Bradley first published the Game), married him one month later, was added to his trust two weeks later, and had him adopt her adult children shortly thereafter. (*See, e.g.,* Deposition of Lorraine Markham (Dkt. 262-8) at 7-8, 44, 62; Dkt. 126 at Ex. 2.) Mr. Markham died less than two years later. (*Id.*) Plaintiffs were not "forced" to file this lawsuit and they are

Case 1:15-cv-00419-WES-PAS   Document 289-1   Filed 10/18/19   Page 5 of 29   PageID #: 11003

not seeking to protect Bill Markham's legacy. To put it bluntly, Plaintiffs' motive was (and is) greed, i.e., to increase their share of the royalty pie at the expense of Mr. Klamer and the other Link successors. Tellingly, neither Lorraine Markham nor her daughter Susan Garretson attended the trial in Los Angeles, despite the fact that they both reside there. (Dkt. 262-8 at 9.) Plaintiffs' claim of poverty also rings hollow when, by their own admission, they earn approximately ███ ███████ in royalties from the Game. (Opp. at 32.) And, Mr. Klamer is obviously not a "large corporation" or a "goliath" (Opp. at 1, 3); he is a 97 year old individual in frail health who has had to take out a loan to pay for the attorneys' fees and costs associated with defending this litigation. (Declaration of Reuben Klamer ("Klamer Decl.") at ¶¶ 2, 6; Declaration of Paul Glass ("Glass Decl.") at ¶ 7.) Under the *Fogerty* and *Kirtsaeng* factors, it is entirely equitable for Mr. Klamer to be awarded the substantial fees and costs he incurred in defending against Plaintiffs' objectively unreasonable termination claim.

Finally, Plaintiffs assert that "the fees requested by the Defendants are excessive." (Opp. at 4.) Plaintiffs' primary complaint is that Defendants collectively used seven law firms and did not submit joint briefs. (Opp. at 25-26, 35-36.) Plaintiffs ignore the fact that Mr. Klamer, Hasbro, and the Linkletter/Atkins Defendants each had independent interests to protect in this case, that Mr. Klamer's counsel took steps to ensure that their billed fees were reasonable (Van Loon Decl. at ¶ 17), that a disinterested attorney admitted to practice in Rhode Island agrees that Mr. Klamer's requested attorneys' fee is reasonable (Nakasian Decl. at ¶¶ 11-13), and that *Plaintiffs themselves used no fewer than eleven attorneys and four law firms in this case*.

For all of the reasons set forth in Mr. Klamer's Motion and below, Mr. Klamer respectfully requests an award pursuant to 17 U.S.C. § 505 of his reasonable attorneys' fees in the amount of $1,876,720.25,[1] plus his costs in the amount of $38,953.81.

## II.  ARGUMENT

### A.  Plaintiffs Partially Misrepresent The Legal Standard

Plaintiffs acknowledge that the Supreme Court has held that a court, in exercising its authority under Section 505, "should give substantial weight to the objective reasonableness of the losing party's position" while "also giv[ing] due consideration to all other circumstances relevant to granting fees." *Kirtsaeng,* 136 S.Ct. at 1983.  (Opp. at 7-8; Motion at 11.)  However, Plaintiffs go on to state that "cases that present novel arguments or complex issues of law should generally not lead to an award of fees, as awarding fees against plaintiffs who brought reasonable actions might lead to fewer meritorious suits being filed."  (Opp. at 8, citing *Lotus Dev. Corp. v. Borland Int'l, Inc.,* 140 F.3d 70, 75 (1st Cir. 1998).)  *Lotus* predates *Kirtsaeng* by 18 years and only one case has cited *Lotus* (for a different proposition) since *Kirtsaeng* was decided.  In *Kirtsaeng*, the Supreme Court expressly *rejected* the argument that a court should give special consideration to "whether a lawsuit resolved an important and close legal issue."  136 S.Ct. at 1985-88.  Instead, the Supreme Court reiterated that "a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be "encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.'"  *Id.* at 1985 (quoting *Fogerty*, 510 U.S. at 527).

---

[1] Mr. Klamer advised the Court in the Motion that Glaser Weil and Lathrop Gage incurred fees relating to the Motion that had not yet been billed.  Motion at 20 n.5.  Since July 30, 2019, Mr. Klamer has incurred $49,326.75 in fees relating to the Motion.  (Supplemental Declaration of Erica Van Loon ("Van Loon Supp. Decl.") at ¶¶ 3, 5-6 and Ex. A; Supplemental Declaration of Eric Renner at ¶ 3 and Ex. A.)

Plaintiffs further admit that an award of fees may be appropriate "if it serves to punish litigation misconduct, or if it deters additional meritless cases." (Opp. at 9.) *Kirtsaeng* also held that a court may order fee-shifting "to deter . . . overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case." 136 S.Ct. at 1988-89.

B.    Plaintiffs' Position That They Had Termination Rights Under Section 304 Of The
      Copyright Act Of 1976 Was Objectively Weak And Unreasonable

Plaintiffs' Opposition is rife with arguments that this Court already has considered and soundly rejected. Mr. Klamer respectfully submits that the January 25 Order conclusively establishes that Plaintiffs' arguments were (and are) objectively weak and unreasonable, such that Mr. Klamer should be awarded his reasonable attorneys' fees and costs.

First, Plaintiffs assert that they "did not advance an objectively weak case that the instance and expense test was overruled." (Opp. at 12-14.) As Plaintiffs acknowledged in their Motion to Amend (Dkt. 241 at 1, 7), they argued "throughout this litigation" that the "instance and expense" test is not the proper test for determining whether a work is a work-for-hire under the Copyright Act of 1909 because it was abrogated by *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989) ("*CCNV*"). *See, e.g.*, Plaintiffs' Pretrial Memorandum (Dkt. 152) at 10-11; Plaintiffs' Posttrial Memorandum (Dkt. 218) at 9; Plaintiffs' Response to Defendants' Post Trial Memoranda (Dkt. 229) at 18-19; Plaintiffs' Final Conclusions of Law (Dkt. 231) at ¶¶ 39-43; Plaintiffs' Motion to Amend (Dkt. 241) at 1, 7-11. Plaintiffs' counsel brought the issue to the Court's attention in closing argument at trial, and argued repeatedly that the instance-and-expense test no longer applied. *See* Trial Transcript Vol. V (Dkt. 238) at 58:7-20, 60:2-10; 152:25-153:15. Mr. Klamer has responded to this argument multiple times before and incorporates by reference his prior briefs on the issue. *See, e.g.,* Klamer's Post-Trial Reply Brief (Dkt. 227 at 6); Klamer's Opposition to

Plaintiffs' Motion to Amend (Dkt. 242 at 4-8); Klamer's Motion for an Award of Attorneys' Fees and Costs (Dkt. 258 at 14-16).

As explained in the Motion (at 15-16), Plaintiffs' argument that the Court should have ignored the First Circuit's holding in *Forward* was objectively unreasonable because a district court is bound to follow controlling circuit precedent. *See, e.g., Green Tree Servicing, LLC v. United States*, 783 F. Supp. 2d 243, 258 (D.N.H. 2011) ("This court is bound to follow controlling circuit precedent, regardless of what it … thinks of it"). As the Court said to Plaintiffs' counsel during the April 15, 2019, hearing on Plaintiffs' Motion to Amend:

> I decided this issue under the *Forward* case, and as far as I'm concerned the *Forward* case is binding circuit precedent. Now, I know your argument is that, well, the First Circuit wasn't asked to revisit the instance and expense test in *Forward* so it would have been appropriate for me to not follow it and to say that *CCNV* abrogates the holding of *Forward*. But that's really not the way the system works. I mean if the First Circuit wants to abrogate its holding in *Forward* and say that *CCNV* requires that, the First Circuit can do that. But I'm not the First Circuit. I have to apply the binding precedent of this circuit.

(Dkt. 246 at 7.) The Court's July 29, 2019, Order denying Plaintiffs' Motion to Amend contained similar language:

> Plaintiffs here have asked the Court to reconsider and amend its Findings of Fact and Conclusions of Law ("FFCL") entered January 25, 2019. *See* Pls.' Mot. to Amend 6-11, ECF No. 241. They say the Court neglected to discuss an argument of theirs as to why the instance-and-expense test should no longer apply under the Copyright Act of 1909. *Id.* The Court, however, clearly stated what it takes to be the law of this Circuit. *See Forward v. Thorogood*, 985 F.2d 604, 606 (1st Cir. 1993). There was no obligation to regurgitate Plaintiffs' argument before doing so. *See Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930-31 (1st Cir. 2014). Of course it is the Court of Appeals's prerogative to accept this argument and thereby change the law it applied in *Forward*.

(Dkt. 250 at 1-2.)

Plaintiffs claim, without citing any supporting authority, that "merely disagreeing with binding precedent does not mean a case is objectively weak." (Opp. at 13.) If that were true,

however, no argument would ever be "objectively weak." The epitome of an objectively unreasonable argument is one that asks a district court to ignore binding circuit precedent, particularly when the same argument has been considered and rejected by two other circuit courts in published opinions. *See Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc.*, 342 F.3d 149, 162-63 (2d Cir. 2003) (holding that the instance-and-expense test is still good law under the 1909 Act because "*CCNV* was not concerned with the status of commissioned works under the 1909 Act"); *Twentieth Century Fox Film Corp. v. Entertainment Distributing*, 429 F.3d 869, 878 (9th Cir. 2005) ("Second, the CCNV Court considered the meaning of 'work-for-hire' *only under the 1976 Copyright Act*. … No part of its decision rests on the meaning of the work-for-hire provision in the 1909 Act, rendering its commentary non-binding dicta.") (emphasis added). Notably, the Opposition ignores both of these cases, which refute Plaintiffs' contention that "the Supreme Court [in *CCNV*] altered its interpretation of [the 1909 Act]." (Opp. at 11.)[2]

Second, Plaintiffs assert that they made a reasonable argument that language in the Assignment Agreement overcomes the presumption under the 1909 Act that Mr. Klamer was the author of the Game. (Opp. at 14-15.) The Court conclusively rejected this argument in the January 25 Order:

> Klamer having provided the instance for and bearing the expense of the prototype's invention, the presumption arises under the 1909 Act that he was the prototype's author and entitled to its copyright ab initio. . . . *And contrary to Markham's contention, nothing in the Assignment Agreement overcomes this presumption.* See Lin-Brook Builders, 352 F.2d at 300 (holding that "an express contractual reservation of the copyright in the artist" is necessary to rebut the presumption of the copyright in the hiring party); Nimmer & Nimmer, supra, § 5.03 (noting that under the 1909 Act, "in the absence of persuasive evidence of an agreement to the contrary, it was generally held that if an artist, writer, photographer, architect or other 'author' is commissioned to create a work, the copyright in such work would vest in the person commissioning the work"). The Agreement states that "[u]pon

---

[2] Plaintiffs acknowledge that the discussion in *M.G.B. Homes, Inc. v. Ameron Homes, Inc.,* 903 F.2d 1486, 1490-91 (11th Cir. 1990), upon which they rely is dicta (Opp. at 13), unlike the holdings of the Second and Ninth Circuits in *Hogarth* and *Twentieth Century Fox.*

the request of LINK, MARKHAM will pursue any copyright . . . to which he may be entitled as the inventor, designer and developer of the Game . . . [and] will assign any such copyright . . . to LINK." Ex. JTX 2.

But this language, far from naming a copyright holder other than Klamer, is operative only in a hypothetical world where Markham held a copyright in the prototype. The Assignment Agreement's post hoc description of Markham as the "inventor, designer and developer of the Game" does not make this hypothetical world a reality. Id.; see Nimmer & Nimmer, supra, § 11.02 ("Insofar as a work is made 'for hire' because it has been prepared by an employee within the scope of his employment, it is the relationship that actually exists between the parties, not their description of that relationship, that is determinative."). Neither does anything else in the Agreement. See Ex. JTX 2. So it remains the case that in the real world – where, as the foregoing has shown, the presumption was that copyright ownership was Klamer's – this clause in the Assignment Agreement is but an empty precaution. . . . Decades of post-publication history show this was the parties' understanding as well: Markham was never asked to "pursue any copyright" because he had no copyright to pursue. Ex. JTX 2; see Exs. JTX 7, JTX 8, JTX 9, JTX 23.

(Dkt. 240 at 22-24; emphasis added.)

Third, Plaintiffs argue that they made "objectively reasonable arguments" that Mr. Klamer could not satisfy the "expense" prong of the instance-and-expense test. (Opp. at 15-16.) The Court conclusively rejected this argument as well in the January 25 Order:

The prototype was also created at Klamer's expense. In determining who bore the expense of creation, the lodestar is financial risk; the question being who took it, or most of it. . . .

One feature of Klamer's arrangement with Markham and his company – and what likely accounted for the level of control Klamer had over the making of the prototype – was that Klamer would pay any and all costs Markham incurred during the project. Trial Tr. I 41-42, 57-58; Trial Tr. II 49; see Exs. JTX 2, JTX 13. This was true even if Klamer was unable to convince Milton Bradley to manufacture the Game. Trial Tr. I 41-42, 57-58; Trial Tr. II 49 see Exs. JTX 2, JTX 13. In other words, if the Milton Bradley executives at Chasen's had been thoroughly unimpressed by the prototype and passed on it completely – as they had on the other idea Klamer brought to them just months earlier – Klamer would have remained on the hook for the $2,423.16 Markham billed him on October 12, 1959. Trial Tr. I 41-42, 57-58; Trial Tr. II 49; see Exs. JTX 2, JTX 13; see also Ex. PTX 20 (evidencing Markham's understanding that Klamer's role in creating the Game was "to sell it to Milton Bradley"). This sum included the cost of Chambers's and Israel's labor along with the material used in the prototype. Ex. JTX 13.

Klamer also agreed to pay Markham thirty percent of the of the royalty he negotiated for himself from Milton Bradley. Ex. JTX 2. And while the use of royalties as payment, as opposed to a fixed sum, "generally weighs against finding a work-for-hire relationship," <u>Playboy Enters. v. Dumas</u>, 53 F.3d 549, 555 (2d Cir. 1995), "[t]he absence of a fixed salary . . . is never conclusive," <u>Picture Music</u>, 457 F.2d at 1216, and has been found "a rather inexact method of properly rewarding with ownership the party that bears the risk with respect to the work's success," <u>Marvel</u>, 726 F.3d at 141. Markham was, moreover, not obliged to pay back the $773.05 advance on royalties he received from Klamer. Ex. JTX 2 . . . . So the royalties involved here do nothing to change the reality that *the risk, and therefore the expense, was Klamer's.*

(Dkt. 240 at 20-22; emphasis added.)[3]

Fourth, Plaintiffs argue that they "advanced reasonable arguments that neither Grace Chambers nor Leonard Israel worked on the actual prototype of the Game." (Opp. at 16-18.) Here too, the Court definitively rejected Plaintiffs' argument:

Chambers and Israel both testified that they – not Markham or Klamer – were the ones at CPD who built the prototype. Trial Tr. I 103-04, 106-07, 130-33; Trial Tr. II 71-78. Asked who constructed the prototype's game board, Chambers said that she did "most of it." Trial Tr. II 72. Israel went further, testifying that "once it was decided what we wanted to have on the board, [Chambers] was the one who put it all together and did the final art work on it." Trial Tr. I 106. Chambers was the one who built the houses, the mountains, and the elevated track out of balsa wood, cardboard, and colored pantone paper. Trial Tr. II 99-103. Chambers also placed the printing on the track and constructed a cardboard spinner. <u>See id.</u> at 101, 132-33. Some of these objects, such as the spinner and the mountains, were later converted to the plastic replicas used for the prototype by an outside firm Markham hired for that purpose. <u>See</u> Trial Tr. I 121-22; Trial Tr. II 103-04; Ex. JTX 13. An outside firm also bound the game board and printed the play money that was part of the prototype. <u>See</u> Trial Tr. II 106-07; Ex. JTX 13.

The art for the prototype's box cover was Israel's handiwork, according to both his and Chambers's testimony. Trial Tr. I 103-04, 110-11; Trial Tr. II 72, 74. Israel created several small-scale sketches as possibilities for the box cover, from which Markham and Klamer selected the one they preferred. Trial Tr. I 103. The favored design was then made by Chambers into a box cover of proper scale. <u>Id.</u> at 134. . . .

---

[3] Plaintiffs claim that the Court found "that it was <u>Hasbro</u>, not Klamer, who 'bore the risk of [the Game's] failure to sell to the public.'" (Opp. at 12; emphasis in original.) Plaintiffs wholly ignore the language quoted in the text above, in which the Court found that Mr. Klamer bore the financial risk and concluded that the Game was made at Mr. Klamer's instance and expense.

Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 11/07/19 Page 77 of 258 PageID #:
11230
Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 10/18/19 Page 12 of 25 PageID #:10

> The third major component to the prototype besides the board and the box – the rules – were a collective, iterative effort. Trial Tr. I 105-06, 116-18; Trial Tr. II 76-77, 105. Once the Game was operational, everyone in and around the CPD offices at the time – Markham, Klamer, Chambers, and Israel – would play it, and then throw out suggested rule changes for the group to consider. Trial Tr. I 105-06, 118-19, 128; Trial Tr. II 76-77, 105. . . .

(Dkt. 240 at 6-8.)  The Court rejected Plaintiffs' arguments, made again in the Opposition (at 10), that Mr. Israel "did not make any physical contributions to the prototype" and that Ms. Chambers "could not provide any more specifics" other than that "she made houses for the game board from balsa wood."  In the face of Mr. Israel's and Ms. Chambers' trial testimony, which reiterated what they testified to in their mid-2017 depositions (*see, e.g.,* Klamer's Proposed Findings of Fact and Conclusions of Law (Dkt. 150) at ¶ 24), it was objectively unreasonable for Plaintiffs to argue that "there was no evidence either employee made any significant contribution to the actual prototype of the Game of Life."  (Opp. at 12.)[4]

Fifth, Plaintiffs argue that "[a]pplication of the *CCNV* test would . . . result in the Game being unable to be considered a work-for-hire."  (Opp. at 14.)  While Plaintiffs attempt to dial back the concessions they made during the April 15, 2019 hearing (Opp. at 16-18), the hearing transcript is clear that Plaintiffs acknowledged that if the Court found that Ms. Chambers and Mr. Israel were Mr. Markham's employees (as the uncontested evidence demonstrated – *see* Motion at 16) "then there would be no statutory rights of termination."

> THE COURT: . . . But if a different test were used and Israel and Chambers were employees, then isn't what, if I understand it correctly, isn't what the impact of

---

[4] Relying on *Alifax Holding SpA v. Alcor Sci. Inc.*, No. CV 14-440 WES, 2019 WL 4247737, at *3 (D.R.I. Sept. 5, 2019), Plaintiffs argue that their successful defense of Defendants' motions to dismiss shows that Plaintiffs' case was objectively reasonable.  (Opp. at 10-11.)  *Alifax* involved the denial of summary judgment.  "In ruling on a motion to dismiss, the Court must 'accept the well-pleaded facts as true, viewing factual allegations in the light most favorable to the plaintiff.'"  *Hallam v. Wall*, No. CV 18-50-WES, 2018 WL 6267286, at *2 (D.R.I. Nov. 30, 2018) (Smith, J.) (quoting *Rederford v. US Airways, Inc.*, 589 F.3d 30, 35 (1st Cir. 2009)).  That Plaintiffs survived two motions to dismiss indicates nothing about the objective reasonableness of their case.

*CCNV* is, that that's what you use to kind of figure out whether it's a work for hire essentially, whether they were employees or agents of, in this case, Markham.

MR. COLE [Plaintiffs' counsel]: The *CCNV* test would be used to determine who was the employer in that situation, yes, sir.

THE COURT: But are there termination rights? Where do the termination rights come from?

MR. COLE: <u>The termination rights would not exist if the Court found that Markham was the employer of Grace Falco Chambers and Leonard Israel.</u>

THE COURT: So don't we end up in the same place?

MR. COLE: <u>We end up in the same place in terms of whether or not there are termination rights</u>. . . .

THE COURT: . . . And then what about the assignment?

MR. COLE: The assignment agreement would still be in place. It would depend whether or not there were termination rights. <u>If, as your Honor posited, Markham was the employer of Grace Falcao Chambers and Leonard Israel, then there would be no statutory rights of termination</u> and the assignment rights would stay in place.

THE COURT: So I guess I come back to where I started. I don't really understand how it would make any difference in the legal outcome. We would end up, I think, even if I followed your approach, I think we'd end up in exactly the same place.

MR. COLE: With respect to rights of termination, yes, your Honor.

(Dkt. 246 at 13-14; emphasis added.)

Contrary to Plaintiffs' argument (Opp. at 18), their concessions during the April 15 hearing were *not* dependent on whether Ms. Chambers and Mr. Israel made original contributions to the prototype for the Game (which the Court found they did, *see* January 25 Order at 6-8). By Plaintiffs' own admission, even if the prototype was not created on a work-for-hire basis for Mr. Klamer, Ms. Chambers and Mr. Israel created the prototype on a work-for-hire basis for Mr.

Markham.[5]  Either way, Plaintiffs would have no termination rights under Section 304.  Plaintiffs' position to the contrary, if not frivolous, was objectively unreasonable.[6]

C.  Other *Fogerty* Factors Further Support Klamer's Attorneys' Fees Request

Plaintiffs claim that "[n]one of the Defendants in this case addressed the remaining *Fogerty* factors choosing only to focus on the objectively [sic] reasonableness of the case."  (Opp. at 21.)  That is demonstrably false.  Mr. Klamer expressly discussed other *Fogerty* factors in the Motion, including that (1) Plaintiffs' refusal to drop their statutory termination claim placed substantial financial and time burdens on Mr. Klamer, who is 97 years old and of declining health; and (2) a fee award would serve as a deterrent to future litigation, given that Mr. Markham and his successors-in-interest have fought repeatedly with Mr. Klamer over royalties and authorship of the Game for nearly sixty years.  (Motion at 17-18.)

Plaintiffs assert that they "did not have an improper motivation – their motivation was to restore royalty payments due to Bill Markham's heirs and to correctly identify Bill Markham as the author of the Game."  (Opp. at 3.)  Putting aside that neither of these alleged motivations has anything to do with Plaintiffs' statutory termination claim and are thus irrelevant to the Motion, Plaintiffs' motivations were decidedly improper.  Plaintiffs initially sued Hasbro only (Dkt. 1),[7]

---

[5] Plaintiffs repeatedly note that they objected to Mr. Klamer's allegedly late supplementation of his discovery responses, which assert that Ms. Chambers and Mr. Israel created the Game as a work-for-hire for Mr. Markham. (Opp. at 6, 17-18.)  But Mr. Klamer first asserted this theory in his Answer to the Third Amendment Complaint and Counterclaims. (Dkt. 136 at 28, 30.)  Plaintiffs never moved to strike any portion of this pleading.

[6] Plaintiffs make the extraordinary statement that the "work-for-hire theory that ultimately carried the day" was the theory that Ms. Chambers and Mr. Israel created the prototype as a work-for-hire for Mr. Markham. (Opp. at 2.)  That is demonstrably false.  This Court concluded that Mr. Klamer "was the prototype's author and entitled to its copyright ab initio" because CPD created the prototype on a work-for-hire basis *for Mr. Klamer*. (January 25 Order at 22.)  While it is also true that Ms. Chambers and Mr. Israel created the prototype on a work-for-hire basis for Mr. Markham, the Court did not rely on that theory to rule in Mr. Klamer's favor.

[7] Plaintiffs extol their agreement to try the case in Los Angeles (Opp. at 25), ignoring that it should not have been filed in Rhode Island in the first place.  Lorraine Markham, Susan Garretson, and Mr. Klamer (the sole-surviving owner of Link) all reside in California.  Hasbro is subject to personal jurisdiction in California, and it should not have been named as a defendant in any event; Hasbro is not a party to the Assignment Agreement between Link and Markham, and Markham is not a party to the License Agreement between Link and Milton Bradley. (January 25 Order at 9.)

despite knowing that their lawsuit would materially impact Mr. Klamer. (Dkt. 9, 20.) Mr. Klamer was forced to intervene, and the Court quickly brokered a resolution pursuant to which Plaintiffs resumed receiving their royalty payments. (Dkt. 23.) Plaintiffs then got greedy and decided to seek a bigger piece of the royalty pie – which jeopardized Mr. Klamer's royalty stream – by seeking a declaration that Plaintiffs had termination rights under Section 304 of the 1976 Act. Plaintiffs have no one but themselves to blame for the fact that Mr. Klamer spent over $1.8 million in attorneys' fees and costs defending against that claim. Had Plaintiffs stuck to their alleged original goal of "ensur[ing] that royalty payments were made as per the parties' agreement" (Opp. at 22), Mr. Klamer would have stopped incurring attorneys' fees and costs in October 2015.

Plaintiffs cite *Fogerty* for the proposition that, in the case of a prevailing defendant, "if an award is to be made at all, it represents a penalty imposed upon the plaintiff for institution of a baseless, frivolous, or unreasonable suit, or one instituted in bad faith." (Opp. at 22.) Plaintiffs blatantly misrepresent the holding in *Fogerty*. After reciting the text that Plaintiffs quote (which is from a 1967 decision of the Southern District of New York), the Supreme Court held in the next sentence that "*such is too narrow a view of the purposes of the Copyright Act because it fails to adequately consider the important role played by copyright defendants*." *Fogerty*, 510 U.S. at 532 n.18. In fact, as set out in the Motion (at 14), a "showing of frivolity or bad faith is not required; rather, the prevailing party need only show that its opponent's copyright claims or defenses were 'objectively weak.'" *Latin American Music Co. v. American Soc'y of Composers, Authors & Publishers*, 642 F.3d 87, 91 (1st Cir. 2011); *Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 329 (1st Cir. 2017) ("*Fogerty* expressly rejected the practice of requiring a showing of . . . bad faith before a prevailing [party] could be awarded attorney's fees.") (internal quotation marks omitted).

Plaintiffs also assert that "[a]n award of fees would not serve any deterrent purpose" because they "have never previously advanced a copyright litigation, and each prior dispute between the parties was a simple matter of contract interpretation." (Opp. at 22-23.) Plaintiffs ignore that Bill Markham and his successors-in-interest have fought with Mr. Klamer over royalties and authorship for nearly *sixty years*. (January 25 Order at 12-15.) There is no reason to believe that Plaintiffs will stop without the deterrent of an attorneys' fees award.

Plaintiffs further assert that an award of fees in this case would chill plaintiffs from filing meritorious cases. (Opp. at 23.) This argument disregards the holding in *Kirtsaeng* that "a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be 'encouraged to litigate [meritorious copyright defenses] *to the same extent* that plaintiffs are encouraged to litigate meritorious claims of infringement.'" 136 S.Ct. at 1985 (quoting *Fogerty*, 510 U.S. at 527) (emphasis added). In fact, the Supreme Court further held in *Kirtsaeng* that "when a person . . . has an unreasonable litigating position, the likelihood that he will have to pay two sets of fees discourages legal action [which] . . . promotes the Copyright Act's purposes, by enhancing the probability that both creators and users (i.e., potential plaintiffs and defendants) will enjoy the substantive rights the statute provides." *Id.* at 1986-87.

Because Plaintiffs' position that they had termination rights under Section 304 was objectively unreasonable, and other *Fogerty* factors similarly support the Motion, the Court should award Mr. Klamer his reasonable attorneys' fees and costs.

D.     Mr. Klamer's Attorneys' Fee Request Is Reasonable

Plaintiffs do not contest the reasonableness of Mr. Klamer's attorneys' hourly rates,[8] or that a disinterested attorney admitted to practice in Rhode Island has opined that Mr. Klamer's

---

[8] Mr. Klamer demonstrated in the Motion (at 20-21) that, in determining the applicable hourly rate, an inquiring court should look to "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

requested attorneys' fee is reasonable.  (Nakasian Decl. ¶¶ 11-13.)  Instead, Plaintiffs improperly lump Defendants' attorneys' fees motions together and argue that (1) the total amount of Defendants' fee requests is greater than other courts have awarded (Opp. at 28-31); (2) Plaintiffs are financially impecunious relative to the Defendants (Opp. 32-33); (3) the fees requested are excessive because no damages were alleged by Defendants (Opp. at 33-34); and (4) the requested fees are unreasonable because Defendants collectively used seven law firms and did not submit joint briefs.  Plaintiffs are wrong on all fronts.

The First Circuit has referred to the lodestar method as "the gold standard for calculating fee awards under a broad array of federal fee-shifting statutes."  *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 n.3 (1st Cir. 2011).  "This approach requires the district court to ascertain the number of hours productively expended and multiply that time by reasonable hourly rates."  *Id.* at 68 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The resulting lodestar amount "represents a presumptively reasonable fee."  *Id.* at 69.  While "a court has discretion to deny fees entirely" if the requested fees are "gluttonously high" (*id.*, citing *First State Ins. Grp. v. Nationwide Mut. Ins. Co.*, 402 F.3d, 43, 44 (1st Cir. 2005)), the First Circuit has held that "denying fees altogether because of an overly ambitious fee request is a drastic step [and] powerful medicine, to be administered sparingly and in only the most egregious cases."  *Id.*

Mr. Klamer's fee request is neither "overly ambitious" nor "egregious"; it is well within the range of what courts have awarded prevailing defendants under Section 505.  (*See* Motion at 21-22.)  For example, in *Fantasy Inc. v. Fogerty*, No. C 85-4929-SC, 1995 WL 261504, at *9 (N.D. Cal. May 2, 1995), *aff'd and remanded*, 94 F.3d 553 (9th Cir. 1996), the district court

---

Plaintiffs do not challenge that, "[w]hen a party recruits counsel from outside the vicinage of the forum court, that court may deem the 'relevant community' to be the community in which the lawyer maintains his or her principal office.  In that event, the court may look to the outside lawyer's actual billing practices to determine the relevant rate."  *United States v. One Star Class Sloop Sailboat*, 546 F.3d 26, 40 (1st Cir. 2008) (citation omitted).

awarded the prevailing defendant $1,351,369.15 in attorneys' fees and costs under Section 505. Plaintiffs do not even mention the *Fantasy* case in their Opposition, much less attempt to distinguish it.  As explained in the Nakasian Declaration, a higher fee award is justified in this case, where (a) a number of contested motions were briefed in the pretrial phase (including motions to stay, to dismiss, for judgment on the pleadings, and to reopen discovery); (b) ten depositions were conducted; (c) Mr. Klamer had to respond to three sets of interrogatories, three sets of document requests and 93 requests for admission; (d) tens of thousands of documents were produced in discovery; (e) a five-day bench trial was conducted; (f) Mr. Klamer's counsel prepared and filed 97 pages of proposed findings of fact together with a substantial post-trial brief; and (g) Mr. Klamer's counsel had to prepare a brief in opposition to Plaintiffs' motion to amend the Court's post-trial decision.  (*See* Nakasian Decl. at ¶ 13.)

Plaintiffs repeatedly assert that they are "financially impecunious" relative to Defendants. (Opp. at 4, 28, 32-33.)  But Plaintiffs' claim of poverty rings hollow when, by their own admission, they earn approximately ███████████ in royalties from the Game.  (Opp. at 32.)[9]  Mr. Klamer is not a large corporation like Hasbro and, unlike the Linkletter/Atkins Defendants who comprise at least eight successors, he is unable to split attorneys' fees and costs among multiple individuals. Rather, Mr. Klamer is a 97-year-old individual in frail health who has had to take out a loan to pay for the attorneys' fees and costs associated with defending this litigation.  (Klamer Decl. at ¶¶ 2, 6; Glass Decl. at ¶ 7.)  Plaintiffs are hardly impoverished, but even if they presently were that would not excuse them from the consequences of their lawsuit.  As the court held in *Zamoyski v. Fifty-Six Hope Rd. Music Ltd., Inc.*, 767 F. Supp. 2d 218 (D. Mass. 2011):

---

[9] With these annual gross earnings, one may fairly question how Markham Concepts had assets of ███████ as of December 31, 2018.  (Opp. at 32.)  Given Plaintiffs' silence on the point, it is reasonable to postulate that Plaintiffs have incurred hundreds of thousands (if not millions) of dollars in attorneys' fees and costs in this case – which would be in line with Mr. Klamer's attorneys' fees and costs.

> Zamoyski argues that the court should deny the Marley Parties' requested fee because it would saddle him with a crippling debt that, in any event, would be uncollectible.  The court is aware that the relative financial strength of parties has been considered by some courts. . . .  The court also recognizes that Zamoyski's earnings of late have been insignificant, as reflected in his proffered 2008 and 2009 tax returns.  Zamoyski's argument, however, raises the troubling notion that his present indigency should excuse him from the consequences of his lawsuit, particularly when his hope for vindication did not adequately take into account the risk that he might not succeed, the significant costs which the Marley Parties themselves would incur in defending their rights, or the fact that fees could be awarded against him.  Nor does Zamoyski's argument adequately take into account his future ability to pay.

*Id.* at 224.  While Plaintiffs complain that "an award of fees in the amount requested would effectively give the Defendants full royalty rights for nearly the next ██ years" (Opp. at 32-33), that is a risk Plaintiffs took in pursuing an objectively unreasonable claim.  Moreover, this Court has discretion to issue a fee award that would spread out Plaintiffs' payment obligations over a longer period.[10]

Plaintiffs' assertion that "the fees requested . . . far exceed the value of the damages in this case, whether intrinsic or monetary ($0)" (Opp. at 34), ignores the fact that Plaintiffs' statutory termination claim attempted to cut off Mr. Klamer's income stream from the Game.  The $1.8 million in attorneys' fees that Mr. Klamer is requesting is commensurate with the vast amount at stake.  Also, Plaintiffs ignore the Seventh Circuit's holding in *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434 (7th Cir. 2004) (cited in the Motion at 12): "[w]hen the prevailing party is the defendant, who by definition receives not a small award but no award [of damages], the presumption in favor of awarding fees is very strong . . . .  For without the prospect of such an award, the party might be forced into a nuisance settlement or be deterred altogether from exercising his rights."  *Id.* at 437.

---

[10] Plaintiffs should have significantly more assets to pay a fee award once this lawsuit is over and they stop incurring attorneys' fees.

Finally, Plaintiffs' are wrong in claiming that "Defendants triplicated the work on this case" and that "the evidence provided . . . is insufficient to accurately identify that the fees [were] sufficiently allocated." (Opp. at 35.)

Contrary to Plaintiffs' assertion, Hasbro was not the party that "led the charge" and Mr. Klamer did not merely "follow Hasbro's lead." (Opp. at 35-36.) Hasbro, the Linkletter/Atkins Defendants, and Mr. Klamer each had independent interests to protect in this case, and Mr. Klamer did not duplicate Hasbro's work. For example:

● Mr. Klamer filed a Motion to Intervene and Stay Plaintiff's Motion and All Further Proceedings In This Matter Pending the Outcome of Arbitration. (Dkt. 9, 20.) Hasbro did not.

● Mr. Klamer had to respond to Plaintiff's Motion for Judgment on the Pleadings and/or to Dismiss Certain of Klamer's Counterclaims and to Strike Certain Affirmative Defenses. (Dkt. 37, 39, 42, 48, 50.) Hasbro did not.

● Mr. Klamer filed a Motion to Dismiss Second Amended Complaint, or in the Alternative, to Transfer This Action to the U.S. District Court for the Central District of California (Dkt. 49), a reply brief on that motion (Dkt. 58), and a supplemental declaration (Dkt. 113). Hasbro did not.

● Mr. Klamer took the lead in filing a Motion to Lift the Stay of Proceedings and Reopen Discovery (Dkt. 107); Hasbro's motion (Dkt. 108) simply incorporated by reference the arguments made in Mr. Klamer's motion, and Mr. Klamer was the only party to file a reply brief (Dkt. 110).

● Mr. Klamer had to respond to Plaintiffs' Emergency Motion to Compel. (Dkt. 161, 162, 163, 164.) Hasbro did not.

-19-

- Mr. Klamer had the lion's share of relevant documents, dating back over 50 years, and he and his counsel had the burden of reviewing and producing those documents.

- Mr. Klamer's counsel were the ones who located Grace Falco Chambers and Leonard Israel.

- Mr. Klamer's counsel defended the depositions of the three main witnesses in the case: Mr. Klamer, Mr. Chambers, and Mr. Israel.

- Hasbro filed a Motion in Limine to Exclude Bill Markham's 1989 Deposition Testimony. (Dkt. 130.) Mr. Klamer did not.

- Hasbro retained an expert (Philip Edward Orbanes). Mr. Klamer did not.

Mr. Klamer's counsel took steps to ensure that their billed fees have been reasonable. For example, attorneys with less experience were assigned tasks such as legal research, discovery, and preparing initial drafts of documents. (Van Loon Decl. at ¶ 17.) Moreover, only twelve attorneys and three law firms worked on this matter for Mr. Klamer. (*Id.* at ¶ 9.)[11] *Plaintiffs themselves used no fewer than eleven attorneys and four law firms*.

Plaintiffs' assertion that Mr. Klamer's counsel's billable hours "did not accurately allocate fees only to the Third Claim for Relief" (Opp. at 36) is demonstrably false. *See* Van Loon Decl. at ¶ 18 ("In calculating the attorneys' fees Mr. Klamer seeks in this Motion ($1,827,393.50), Mr. Klamer has deducted all fees that do not relate to Plaintiffs' third claim for relief."); Declaration of Eric Renner ("Renner Decl.") (Dkt. 258-2) at ¶ 11 ("In calculating the attorneys' fees of Renner

---

[11] Erica Van Loon, co-lead counsel for Mr. Klamer, moved from Glaser Weil to Lathrop Gage in September 2018. (Van Loon Decl. at ¶¶ 5-6.) Before that time, only two firms (Glaser Weil and Renner Law, as local counsel) worked on this matter for Mr. Klamer. (Van Loon Decl. Exs. C and D.) Further, Ms. Van Loon went on maternity leave in the Spring of 2017 and enlisted other members of her firm to help during that time. (Van Loon Supp. Decl. at ¶ 8.)

Law, LLC that Mr. Klamer seeks in this Motion, I have deducted those fees that do not relate to Plaintiffs' third claim for relief.")[12]

So too is Plaintiffs' assertion false that "the evidence provided does not paint a clear picture of what is or is not included in [Mr. Klamer's] fee request[]." (Opp. at 36-37.) The Motion subdivides into eight categories the time and fees that Mr. Klamer's counsel incurred in this case relating to the statutory termination claim, and specifically notes categories of fees that were deducted. (Motion at 19-20; Van Loon Decl. at ¶ 18; Renner Decl. at ¶ 11.) Mr. Klamer attached to the Motion task-based itemized statements of time expended and costs incurred by Glaser Weil, Lathrop Gage, and Renner Law (Van Loon Decl., at ¶ 42 and Exs. C and D; Renner Decl., at ¶ 12 and Ex. B), and the Van Loon and Renner Declarations explain that counsel redacted "privileged information, time entries unrelated to plaintiffs' third claim for relief, and time and costs for which Mr. Klamer does not seek an award" in the Motion. (Van Loon Decl. at ¶ 42; Renner Decl. at ¶ 12.) Where time entries identify multiple tasks performed, and some of those tasks do not relate to Plaintiffs' third claim for relief, the statements note the amount of time deducted. (Van Loon Decl. at ¶ 42 and Exs. C and D.)[13] At the Court's request, Mr. Klamer will produce for *in camera* review an unredacted version of the statements and/or the underlying invoices. (Van Loon Decl. at ¶ 42; Renner Decl. at ¶ 12.)

E.    Klamer's Motion Complied With The Court's Local Rules

Finally, Plaintiffs wrongly assert that Mr. Klamer did not follow Local Rule 54.1, which requires that a motion for attorneys' fees be accompanied by an affidavit of counsel that contains

---

[12] Contrary to Plaintiffs' assertion (Opp. at 36), the depositions of Hasbro employees Pam Hagy and Dave Dubosky covered topics relating to Plaintiffs' third claim for relief.

[13] Plaintiffs correctly note that Mr. Klamer allotted most of his counsel's time to the third claim for relief, despite the fact that this claim was not the focus of the case until 2017. (Opp. at 37.) As the Van Loon Declaration establishes, most of the attorneys' fees and costs that Mr. Klamer seeks in the Motion were incurred from 2017 forward. (Van Loon Decl. ¶¶ 15-16, 18.)

"a description of any fee arrangement made with counsel's client regarding the case." LR Cv 54.1(b)(1)(D). (Opp. at 38.) Plaintiffs claim that the documents and affidavits submitted with the Motion do not include the fee arrangements with Mr. Klamer's attorneys, do not state whether a contingency agreement was in place, and do not make clear whether Mr. Klamer was paying significantly reduced rates. (Opp. at 38.) That is nonsense. The Van Loon and Renner Declarations unequivocally establish that Mr. Klamer's fee arrangements with his counsel are "standard fee arrangement[s]" pursuant to which each law firm is paid "its customary hourly rates." (Van Loon Decl. at ¶¶ 2-3; Renner Decl. at ¶ 2.) These are "not [] contingency fee agreement[s]" and Mr. Klamer has paid all fees and expenses due under the Glaser Weil and Lathrop Gage fee agreements for invoices through June 30, 2019, and all fees and expenses due under the Renner Law fee agreement for invoices through July 31, 2019.[14] (Van Loon Decl. at ¶¶ 2-3, 43; Renner Decl. at ¶¶ 2, 13.)

## V.   CONCLUSION

For the foregoing reasons, Mr. Klamer respectfully requests an award pursuant to 17 U.S.C. § 505 of his reasonable attorneys' fees in the amount of $1,876,720.25, plus his costs in the amount of $38,953.81.

Dated: October 18, 2019                    Respectfully submitted,

                                           REUBEN KLAMER

                                           By his attorneys,

                                            /s/ Eric E. Renner
                                           Eric E. Renner (#7481)
                                           RENNER LAW LLC
                                           10 Dorrance St., Suite 700
                                           Providence, RI  02903

---

[14] Plaintiffs complain that Mr. Klamer's counsel's engagement agreements "are nearly completely redacted." (Opp. at 38.) Mr. Klamer's counsel redacted those portions that are protected by attorney-client privilege and will, at the Court's request, produce for *in camera* review unredacted versions. (*See* Van Loon Decl. at ¶¶ 2-3; Renner Decl. at ¶ 2.)

Phone: 401-404-5251
Fax: 401-404-5285

Patricia L. Glaser (admitted *pro hac vice*)
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Phone: 310-553-3000
Fax: 310-556-2920
pglaser@glaserweil.com

Erica J. Van Loon (admitted *pro hac vice*)
LATHROP GAGE, LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Phone: 310-789-4659
Fax: 310-789-4601
evanloon@lathropgage.com

*Attorneys for Defendant Reuben Klamer*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of October, 2019, this document, filed through the CM-ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

<div align="center">

/s/ Eric E. Renner
Eric E. Renner

</div>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

MARKHAM CONCEPTS, INC., SUSAN
GARRETSON, and LORRAINE MARKHAM,
individually and in her capacity as Trustee of the Bill
and Lorraine Markham Exemption Trust and the
Lorraine Markham Family Trust,

    Plaintiffs,

v.

HASBRO, INC., REUBEN KLAMER, DAWN
LINKLETTER GRIFFIN, SHARON LINKLETTER,
MICHAEL LINKLETTER, LAURA LINKLETTER
RICH, DENNIS LINKLETTER, THOMAS
FEIMAN, in his capacity as co-trustee of the Irvin S.
and Ida Mae Atkins Family Trust, ROBERT
MILLER, in his capacity as co-trustee of the Irvin S.
and Ida Mae Atkins Family Trust, and MAX
CANDIOTTY, in his capacity as co-trustee of the
Irvin S. and Ida Mae Atkins Family Trust.

    Defendants.

Case No. 1:15-cv-419-S-PAS

REUBEN KLAMER,

    Counterclaim Plaintiff,

v.

MARKHAM CONCEPTS, INC., SUSAN
GARRETSON and LORRAINE MARKHAM,

    Counterclaim-Defendants.

## SUPPLEMENTAL DECLARATION OF ERICA J. VAN LOON IN SUPPORT OF
## MOTION FOR ATTORNEYS' FEES AND COSTS

## DECLARATION OF ERICA J. VAN LOON

I, Erica J. Van Loon, declare and state as follows:

1.        I am an attorney at law duly licensed to practice before all courts of the State of California and am admitted *pro hac vice* in this case.  I am a partner in the law firm of Lathrop Gage LLP ("Lathrop Gage"), attorney of record herein for Defendant and Counterclaim Plaintiff Reuben Klamer.  Before joining Lathrop Gage in September 2018, I was a partner at Glaser Weil Fink Howard Avchen & Shapiro LLP ("Glaser Weil").  I make this supplemental declaration in further support of Defendant Reuben Klamer's Motion for an Award of Attorneys' Fees and Costs ("Motion" or "Fees Motion").  The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.        From August 1, 2019, through September 30, 2019, Lathrop Gage billed a total of 99.70 hours in this matter, of which 97.40 hours concern the Fees Motion.

3.        From August 1, 2019, through September 30, 2019, Lathrop Gage billed fees in the amount of $47,438.00, of which $46,167.50 concern the Fees Motion.

4.        From July 1, 2019, through August 31, 2019, Glaser Weil billed a total of 4.25 hours in this matter, of which 1.50 hours concern the Fees Motion.

5.        From July 1, 2019, through August 31, 2019, Glaser Weil billed fees in the amount of $1,549.12, of which $546.75 concern the Fees Motion.

6.        In calculating the updated amount of attorneys' fees Mr. Klamer seeks in the Motion ($1,876,720.25), Mr. Klamer has only added fees that relate to the Fees Motion.  The $1,876,720.25 amount may be subdivided into the following categories (the numbers are identical to those in paragraph 18 of my September 6, 2019 declaration (Dkt. 258-1) except for those relating to the Fees Motion):

| Pleadings: | $ | 348,027.95 | 595.44 hours |
|---|---|---|---|
| Fact Discovery: | $ | 630,228.50 | 1,552.64 hours |
| Expert Discovery: | $ | 32,427.75 | 58.30 hours |
| Settlement: | $ | 156,166.60 | 293.72 hours |

| Pre-Trial: | $ 292,932.44 | 692.35 hours |
|---|---|---|
| Trial: | $ 121,611.00 | 201.20 hours |
| Post-Trial: | $ 147,101.75 | 313.25 hours |
| Motion to Amend: | $ 66,466.38 | 106.90 hours |
| Fees Motion: | $ 81,757.88 | 178.35 hours |
| Total: | $ 1,876,720.25 | 3,992.15 hours |

7.      Attached hereto as Exhibits A are true and correct copies of (i) Lathrop Gage's invoices to Mr. Klamer for the legal services performed from August 1, 2019, through September 30, 2019, in connection with this matter; and (ii) Glaser Weil's invoices to Mr. Klamer for the legal services performed from July 1, 2019, through August 31, 2019, in connection with this matter.  We have redacted from the invoices any privileged information, any time entries unrelated to plaintiffs' third claim for relief, and time and costs for which Mr. Klamer does not seek an award in the Motion.  At the Court's request, we will produce for *in camera* review an unredacted version of the invoices.

8.      I went on maternity leave in the Spring of 2017 and enlisted other members of Glaser Weil to help on this matter during that time.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing facts are true and correct.

Executed on October 18, 2019, at Los Angeles, California.

/s/ Erica J. Van Loon
Erica J. Van Loon

Case 1:15-cv-00419-WES-PAS Document 285-1 Filed 10/18/19 Page 4 of 23 PageID #: 11027

### CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2019, this document, filed through the CM-ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

<div align="right">

/s/ Eric E. Renner
Eric E. Renner

</div>

# EXHIBIT A



2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001

FEDERAL I.D. 43-0948710

Reuben Klamer



September 17, 2019
Client No.        102668
Matter No.        0605476
Invoice No.       1945765

Professional services rendered and costs incurred through August 31, 2019:

Re: Markham Concepts, Inc., et al. v. Hasbro, Inc., et al.,
      Case No.:  15-419-S-PAS

| | | |
|---|---|---|
| Due For Services: | $ | 30,860.50 |
| Due For Costs: | $ | 0.00 |
| TOTAL THIS INVOICE: | $ | 30,860.50 |
| TOTAL BALANCE DUE: | $ | 30,860.50 |

THIS INVOICE IS PAYABLE UPON RECEIPT.  PLEASE RETURN THIS PAGE WITH YOUR REMITTANCE.



2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001

FEDERAL I.D. 43-0948710



Reuben Klamer

September 17, 2019
Client No.          102668
Matter No.          0605476
Invoice No.         1945765

Page 1

Professional services rendered through August 31, 2019:

Re: Markham Concepts, Inc., et al. v. Hasbro, Inc., et al.,
    Case No.: 15-419-S-PAS

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 08/01/19 | TJH | Tabulate hours and dollars billed for each stage of the dispute in preparation for motion for costs and attorney's fees | 2.60 | 650.00 |
| 08/01/19 | JJP | Review Hadachek summary of Glaser Weil and Lathrop Gage invoices for use in motion for attorney's fees and costs | 0.10 | 52.50 |
| 08/01/19 | EJV | Communicate with defense counsel re ▇▇▇▇▇ | 0.50 | 315.00 |
| 08/02/19 | TJH | Redact narrative entries in spreadsheet tabulating bills in preparation for motion for costs and attorney's fees | 1.00 | 250.00 |
| 08/02/19 | JJP | Review Hadachek redactions to Glaser Weil invoices; phone call with Hadachek regarding ▇▇▇ | 0.30 | 157.50 |
| 08/03/19 | TJH | Redact narrative entries in spreadsheet tabulating bills in preparation for motion for costs and attorney's fees | 1.70 | 425.00 |
| 08/05/19 | EJV | Communicate with client | 0.20 | 126.00 |
| 08/05/19 | TJH | Redact narrative entries in spreadsheet tabulating bills in preparation for motion for costs and attorney's fees | 1.20 | 300.00 |
| 08/06/19 | TJH | Redact narrative entries in spreadsheet tabulating bills in preparation for motion for costs and attorney's fees | 3.00 | 750.00 |
| 08/06/19 | JJP | E-mails with Hadachek regarding ▇▇▇▇▇ | 0.10 | 52.50 |
| 08/07/19 | TJH | Redact narrative entries in spreadsheet tabulating bills in preparation for motion for costs and attorney's fees | 1.80 | 450.00 |
| 08/07/19 | EJV | Review invoice redactions for declarations | 0.50 | 315.00 |



2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001

FEDERAL I.D. 43-0948710

Reuben Klamer

September 17, 2019
Client No.       102668
Matter No.      0605476
Invoice No.      1945765

Page 2

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 08/07/19 | JJP | Review redactions to Glaser Weil invoices for use in motion for attorney's fees and costs; conference with Van Loon regarding ▮▮▮ | 2.00 | 1,050.00 |
| 08/08/19 | EJV | Supervise redactions of invoices for declarations | 0.40 | 252.00 |
| 08/08/19 | JJP | Review and revise redactions to Glaser Weil and Glaser Weil invoices for use in motion for attorney's fees and costs | 1.90 | 997.50 |
| 08/13/19 | TJH | Confer with J. Pollack re: ▮▮▮▮▮▮ | 0.30 | 75.00 |
| 08/13/19 | JJP | Phone calls with Van Loon and Hadachek regarding ▮▮▮▮ | 0.60 | 315.00 |
| 08/14/19 | TJH | Confer with J. Pollack re: ▮▮▮▮▮▮ | 0.30 | 75.00 |
| 08/14/19 | JJP | Review Judgment; e-mails with Van Loon regarding ▮▮; revise motion for attorney's fees and costs | 0.10 | 52.50 |
| 08/15/19 | JJP | E-mails with Hadachek regarding ▮▮▮▮ | 0.10 | 52.50 |
| 08/15/19 | TJH | Research in preparation for motion for costs and attorneys fees | 1.20 | 300.00 |
| 08/16/19 | JJP | E-mails with Hadachek and Van Loon regarding ▮▮▮▮ | 0.10 | 52.50 |
| 08/16/19 | EJV | Communicate with client and co-defendants re ▮▮▮▮; supervise new invoices for declaration | 0.60 | 378.00 |
| 08/16/19 | TJH | Finalize data spreadsheet in preparation for motion for costs and attorneys fees | 2.30 | 575.00 |
| 08/19/19 | JJP | Phone call with Van Loon regarding ▮▮▮▮; analysis regarding spreadsheet | 1.10 | 577.50 |



2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001

FEDERAL I.D. 43-0948710

Reuben Klamer

September 17, 2019
Client No.       102668
Matter No.      0605476
Invoice No.      1945765

Page 3

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| | | of Glaser Weil and Lathrop Gage fees and costs; revise redactions | | |
| 08/19/19 | EJV | Communicate with client and Linkletters re ███████ ████████ | 0.80 | 504.00 |
| 08/20/19 | TJH | Confer w/ J. Pollack re: ████████████████████ ████████; discuss ████████████████████████████; update spreadsheet | 0.60 | 150.00 |
| 08/20/19 | JJP | Phone call with Hadachek regarding ████████ ████████████████████████; analysis regarding ████; phone call with Van Loon regarding█████████ | 0.40 | 210.00 |
| 08/21/19 | TJH | Supervise redaction of time entries for motion for attorneys' fees | 0.90 | 225.00 |
| 08/21/19 | JJP | Phone call with Hadachek and e-mails regarding ████ ████████████ | 0.10 | 52.50 |
| 08/21/19 | EJV | Review███████████████████; review Hasbro motion for request to extend time to respond; communicate with local counsel re ████████ | 1.60 | 1,008.00 |
| 08/22/19 | JJP | Review Hasbro's Assented-To Motion to Extend Time to File Motion for Attorneys' Fees; prepare Klamer's Assented-To Motion to Extend Time to File Motion for Attorneys' Fees; conference call with Van Loon and Renner and meetings with Van Loon regarding████ ████████████████; review ████████████ ████████; revise Klamer's motion for attorneys' fees and costs; conference call with Van Loon and Krumholz regarding ████████; prepare Van Loon declaration | 5.50 | 2,887.50 |
| 08/22/19 | TJH | Supervise redaction of time entries for motion for attorneys' fees | 0.40 | 100.00 |



2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001

**LATHROP GAGE**

FEDERAL I.D. 43-0948710

Reuben Klamer

September 17, 2019
Client No.          102668
Matter No.        0605476
Invoice No.       1945765

Page 4

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 08/22/19 | EJV | Attn to non-opposed motion to extend time to bring motion for attorneys' fees; find independent attorney to review reasonableness of fees request; review and revise declaration; call with Hasbro counsel | 1.70 | 1,071.00 |
| 08/23/19 | TJH | Supervise redaction of time entries for motion for attorneys' fees | 0.60 | 150.00 |
| 08/23/19 | JJP | Review Court order granting motions for extension of time to file motion for attorneys' fees; phone call with Renner regarding ▮▮▮▮; revise motion for attorneys' fees and costs; phone calls with Van Loon and legal research regarding ▮▮▮; prepare Van Loon declaration; phone call with Hadachek regarding ▮▮▮▮▮▮▮▮▮▮▮; phone call with Van Loon regarding ▮▮▮▮▮▮ ▮▮▮▮▮▮▮; legal research regarding ▮▮▮; prepare e-mail to Krumholz regarding ▮▮▮; review recent Glaser Weil invoices; phone call to Hadachek regarding ▮▮▮ | 3.00 | 1,575.00 |
| 08/23/19 | EJV | Review and revise motion and supporting declaration; communicate with Hasbro counsel; communicate with potential independent counsel; review local rules on attorneys' fees; supervise charges to spreadsheet in support of motion | 1.80 | 1,134.00 |
| 08/26/19 | TJH | Supervise redaction of time entries for motion for attorneys' fees | 1.10 | 275.00 |
| 08/26/19 | EJV | Review latest draft of declaration and motion for attorneys' fees; communicate with Nakazian; communicate with Hasbro counsel | 1.50 | 945.00 |
| 08/26/19 | JJP | Review Van Loon comments and edits to motion for attorneys' fees and supporting declaration; revise motion for attorneys' fees and supporting declaration; legal research regarding ▮▮▮▮▮▮▮▮▮; phone call with Hadachek regarding ▮▮▮▮▮▮▮ | 1.20 | 630.00 |

2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001


**LATHROP GAGE**

FEDERAL I.D. 43-0948710

Reuben Klamer

September 17, 2019
Client No.        102668
Matter No.        0605476
Invoice No.       1945765

Page 5

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| | | ██████████ | | |
| 08/27/19 | TJH | Supervise redaction of time entries for motion for attorneys' fees | 1.70 | 425.00 |
| 08/27/19 | JJP | Draft bill of costs and supporting memorandum of law and declaration; legal research and e-mails with Van Loon regarding ████; analysis regarding █████ ███████████████; meeting with Van Loon regarding ████; revise motion for attorney's fees and Van Loon declaration; phone call with Hadachek regarding ████████ | 2.50 | 1,312.50 |
| 08/27/19 | EJV | Communicate with Nakazian, Hasbro and client; review updated spreadsheet for fees motion; review and revise motion for costs and supporting declaration | 2.30 | 1,449.00 |
| 08/28/19 | TJH | Supervise redaction of time entries for motion for attorneys' fees | 1.00 | 250.00 |
| 08/28/19 | JJP | Conferences with Van Loon and phone calls with Hadachek regarding ████████████ ████████; e-mails regarding ████; review vendor invoices from Glaser Weil; review Hasbro's bill of costs and supporting papers; revise bill of costs and supporting papers; revise motion for attorneys' fees and costs and Van Loon declaration; review Linkletters' bill of costs and supporting papers | 1.50 | 787.50 |
| 08/28/19 | EJV | Review and finalize motion for costs; communicate with GW re ████████████; review updated spreadsheet for fees motion | 2.00 | 1,260.00 |
| 08/29/19 | JJP | Conferences with Van Loon regarding ███████ ████████████; phone call and e-mail to Renner regarding ████; phone call with Hadachek regarding █████████████; revise motion for attorneys' fees and costs and Van Loon declaration; analysis regarding ████████ | 2.80 | 1,470.00 |



2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001

FEDERAL I.D. 43-0948710

Reuben Klamer

September 17, 2019
Client No. 102668
Matter No. 0605476
Invoice No. 1945765

Page 6

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| | | ███████████████ | | |
| 08/29/19 | TJH | Confirm accuracy of time entries in spreadsheets supporting motion for attorneys fees | 0.50 | 125.00 |
| 08/29/19 | EJV | Call with S. Nakazian; update declaration; review and revise spreadsheet | 4.10 | 2,583.00 |
| 08/30/19 | JJP | Phone call with Hadachek regarding █████████ ; phone call with Van Loon regarding █████ | 0.50 | 262.50 |
| 08/30/19 | TJH | Confirm accuracy of time entries in spreadsheets supporting motion for attorneys fees; confer with J. Pollack re: █████████ | 0.40 | 100.00 |
| 08/30/19 | EJV | Attn to Renner and Nakazian declarations; supervise further updates to declaration and motion | 2.10 | 1,323.00 |

Due For Services: 66.60 $ 30,860.50

| Timekeeper | Hours | Rate | Amount |
|------------|-------|------|--------|
| Erica J. Van Loon | 20.10 | 630.00 | 12,663.00 |
| Joshua J. Pollack | 23.90 | 525.00 | 12,547.50 |
| Timothy J. Hadachek | 22.60 | 250.00 | 5,650.00 |
| | | | $ 30,860.50 |

TOTAL THIS INVOICE: $ 30,860.50

TOTAL BALANCE DUE: $ 30,860.50

Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 11/07/19 Page 103 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS Document 285-1 Filed 10/18/19 Page 18 of 23 PageID
11256



2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001

FEDERAL I.D. 43-0948710

Reuben Klamer



October 3, 2019
Client No.           102668
Matter No.          0605476
Invoice No.         1947969

Professional services rendered and costs incurred through September 30, 2019:

Re: Markham Concepts, Inc., et al. v. Hasbro, Inc., et al.,
    Case No.:  15-419-S-PAS

| | | |
|---|---|---|
| Due For Services: | $ | 16,577.50 |
| Due For Costs: | $ | 51.26 |
| TOTAL THIS INVOICE: | $ | 16,628.76 |
| TOTAL BALANCE DUE: | $ | 16,628.76 |

THIS INVOICE IS PAYABLE UPON RECEIPT.  PLEASE RETURN THIS PAGE WITH YOUR REMITTANCE.

103

2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001



FEDERAL I.D. XX-XXX3710

Reuben Klamer
█████████████

October 3, 2019
Client No.        102668
Matter No.        0605476
Invoice No.       1947969

Page 1

Professional services rendered through September 30, 2019:

Re: Markham Concepts, Inc., et al. v. Hasbro, Inc., et al.,
    Case No.:  15-419-S-PAS

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 09/01/19 | TJH | Confirm accuracy of time entries in spreadsheets supporting motion for attorneys fees; update spreadsheet with discount information; report ███ to J. Pollack | 5.10 | 1,275.00 |
| 09/02/19 | JJP | Review revised spreadsheet of Glaser Weil invoices; e-mails with Hadachek regarding ███; analysis regarding revised calculations of Glaser Weil and Lathrop Gage fees and costs; revise motion for attorneys' fees and costs and Van Loon declaration; e-mail with Van Loon regarding ███ | 2.70 | 1,417.50 |
| 09/03/19 | TJH | Further changes to redactions | 2.20 | 550.00 |
| 09/03/19 | JJP | Phone call with Hadachek and Van Loon and e-mails regarding ████████████ | 0.40 | 210.00 |
| 09/03/19 | EJV | Communicate with Nakazian; revise declaration; send to GW and client for review; communicate with client | 1.90 | 1,197.00 |
| 09/04/19 | JJP | Review draft of Renner declaration; review Renner Law invoices and propose redactions thereto; phone call and e-mails with Renner regarding ███; review engagement letters and propose redactions thereto; review draft of Nakasian declaration; update calculations of total attorneys' fees and hours; revise motion for attorneys' fees and costs and Van Loon declaration; meeting with Van Loon regarding ███ | 2.50 | 1,312.50 |
| 09/04/19 | EJV | Communicate with S. Nakazian re ██████; review Renner declaration; revise motion and Van Loon declaration | 1.70 | 1,071.00 |
| 09/05/19 | EJV | Communicate with Nakazian and Renner re | 2.20 | 1,386.00 |

2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001

**LATHROP GAGE**

FEDERAL I.D. 43-0948710

Reuben Klamer

October 3, 2019
Client No.       102668
Matter No.     0605476
Invoice No.    1947969

Page 2

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
|  |  | ███████; finalize papers for filing; communicate with Hasbro and client re ████ |  |  |
| 09/05/19 | JJP | Revise draft of Nakasian declaration; e-mails with Van Loon regarding ████; e-mails with Renner regarding ████████████████████; revise motion for attorneys' fees and costs; finalize papers for filing | 2.50 | 1,312.50 |
| 09/06/19 | EJV | Finalize and coordinate filing of motion for attorneys' fees; call with client; review filings from Linkletters and Hasbro | 2.80 | 1,764.00 |
| 09/06/19 | JJP | Phone call with Van Loon and e-mails with Renner regarding ████████████████████████; phone call with Van Loon regarding ████████████████; review Hasbro's and Linkletters' motions for attorneys' fees | 1.90 | 997.50 |
| 09/09/19 | EJV | Communicate with client; communicate with Hasbro re ████████████ | 0.30 | 189.00 |
| 09/09/19 | JJP | Prepare correspondence to Krumholz regarding ████ ████ | 0.10 | 52.50 |
| 09/10/19 | JJP | Review Hasbro's under seal filings regarding motion for attorneys' fees | 0.30 | 157.50 |
| 09/11/19 | JJP | E-mails regarding Hasbro's motion for attorneys' fees | 0.10 | 52.50 |
| 09/12/19 | JJP | Review Assented-To Motion to Extend Time To File Response to Defendants' Motions for Attorneys' Fees | 0.10 | 52.50 |
| 09/13/19 | JJP | Review Notice of Appeal | 0.10 | 52.50 |
| 09/13/19 | EJV | Communicate with client re ████████████████████████████ | 0.30 | 189.00 |
| 09/16/19 | JJP | ████████████████████████████████████████████ | 1.00 | 525.00 |

2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001

**LATHROP GAGE**

FEDERAL I.D. 43-0948710

Reuben Klamer

October 3, 2019
Client No.          102668
Matter No.          0605476
Invoice No.         1947969

Page 3

| Date | Timekeeper | Description | Hours | Amount |
|------|------------|-------------|-------|--------|
| 09/17/19 | EJV | ██████████████ ██████████████████ ███ | 0.50 | 315.00 |
| 09/17/19 | JJP | ██████████████████ ██████████████████ █████████████ | 0.50 | 262.50 |
| 09/18/19 | EJV | Communicate with client; ███████████ | 0.30 | 189.00 |
| 09/18/19 | JJP | E-mails with Van Loon regarding █████████ ██████ | 0.10 | 52.50 |
| 09/19/19 | JJP | ██████████████████ | 0.10 | 52.50 |
| 09/24/19 | JJP | ██████████████████ ██████ | 0.10 | 52.50 |
| 09/26/19 | JJP | Review Plaintiffs' Motion to Stay, and in the Alternative to Dismiss Without Prejudice, Defendants' Motion for Attorneys' Fees Pending Appeal to the First Circuit; phone call and e-mails with Van Loon and research regarding ████; draft e-mail to co-defendants' counsel regarding ██████████████████ █████ | 1.80 | 945.00 |
| 09/26/19 | EJV | Review motion to stay filed by Markham; communicate with client and co-defendants re ████ | 1.50 | 945.00 |

Due For Services:          33.10   $   16,577.50

| Timekeeper | Hours | Rate | Amount |
|------------|-------|------|--------|
| Erica J. Van Loon | 11.50 | 630.00 | 7,245.00 |
| Joshua J. Pollack | 14.30 | 525.00 | 7,507.50 |
| Timothy J. Hadachek | 7.30 | 250.00 | 1,825.00 |

2345 Grand Boulevard
Kansas City, Missouri 64108-2618
816-292-2000, Fax 816-292-2001

**LATHROP GAGE**

FEDERAL I.D. # XX-XXXXXXX

Reuben Klamer

October 3, 2019

| | |
|---|---|
| Client No. | 102668 |
| Matter No. | 0605476 |
| Invoice No. | 1947969 |

Page 4

$ 16,577.50

Costs incurred through September 30, 2019:

| Description | | Amount |
|---|---|---|
| ████████████████████████ | 09/17/19 | 25.63 |
| ████ | | |
| ███████████████████████ | 09/17/19 | 25.63 |
| ██████ | | |

Due For Costs: $ 51.26

TOTAL THIS INVOICE: $ 16,628.76

TOTAL BALANCE DUE: $ 16,628.76



Glaser Weil Fink Howard
Avchen & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX
Tax I.D. # 95-4156414

REUBEN KLAMER
REUBEN KLAMER TOYLAB, LLC
███████████████

| | |
|---|---|
| Invoice No. | 213594 |
| Invoice Date: | August 29, 2019 |
| Client ID: | 07845 |
| Matter ID: | 001 |
| Billing Attorney: | PMW |

| | |
|---|---|
| Current Billing: | 1,321.61 |
| Previous Balance: | 0.00 |
| Less Discount: | -121.50 |
| **Total Amount:** | **1,200.11** |
| Amount Remitted: | $ _____ |

Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 11/07/19 Page 109 of 258 PageID #: 11262
Case 1:15-cv-00419-WES-PAS Document 283-1 Filed 10/18/19 Page 109 of 258 PageID #: 11042

Client ID: 07845  Matter ID: 001

Page: 2

**REUBEN KLAMER**
**REUBEN KLAMER TOYLAB, LLC**

Billing Attorney  PMW

Invoice No.  213594
Invoice Date  August 29, 2019

Client ID: 07845  Matter ID: 001
RE: MARKHAM CONCEPTS

### FOR PROFESSIONAL SERVICES RENDERED THROUGH July 31, 2019

| Date | Professional | Narrative | Hours | Amount |
|------|-------------|-----------|-------|--------|
| 07/22/19 | JT | ███████████████ | 1.00 | 405.00 |
| 07/29/19 | JT | ██████████ | 0.50 | 202.50 |
| 07/30/19 | JT | Review draft of motion for attorneys fees. | 1.50 | 607.50 |

| | | |
|---|---|---|
| **Total Fees:** | | **1,215.00** |
| **Less Discount:** | | **-121.50** |
| **Total Fees with Adjustment:** | | **$1,093.50** |

### SUMMARY OF PROFESSIONAL SERVICES

| PROFESSIONAL | TYPE | HOURS | HOURLY RATE | AMOUNT |
|-------------|------|-------|-------------|--------|
| JUSTIN THIELE | Associates | 3.00 | 364.50 | 1,093.50 |
| | | 3.00 | | 1,093.50 |

### DISBURSEMENTS



| | | |
|---|---|---|
| 07/01/2019 | ██████████████████ | 106.61 |

| | |
|---|---|
| **Sub-Total Disbursements:** | 106.61 |
| **TOTAL CURRENT BILLING:** | $ 1,321.61 |
| **Previous Balance:** | 0.00 |
| **Less Discount:** | -121.50 |
| **TOTAL AMOUNT DUE:** | $ 1,200.11 |

Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 11/07/19 Page 112 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS Document 285-1 Filed 10/18/19 Page 20 of 23 PageID
11283
11203

Client ID: 07845  Matter ID: 001                                                                Page: 3

Outstanding Invoices

| Date | Invoice Number | Original Amount | Credit(s) | Balance Due |
|------|----------------|-----------------|-----------|-------------|
|      | Total Outstanding Invoices: | | | $0.00 |



Glaser Weil Fink Howard
Avchen & Shapiro, LLP
10250 Constellation Boulevard
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX
Tax I.D. # 95-4156414

REUBEN KLAMER
REUBEN KLAMER TOYLAB, LLC
██████████████

| | |
|---|---|
| Invoice No. | 214072 |
| Invoice Date: | September 13, 2019 |
| Client ID: | 07845 |
| Matter ID: | 001 |
| Billing Attorney: | PMW |

| | |
|---|---|
| Current Billing: | 618.34 |
| Previous Balance: | 1,200.11 |
| Less Discount: | -50.63 |
| **Total Amount:** | **1,767.82** |
| Amount Remitted: | $ _____ |

Client ID: 07845  Matter ID: 001

Page: 2

**REUBEN KLAMER**
**REUBEN KLAMER TOYLAB, LLC**

Billing Attorney    PMW

Invoice No.      214072
Invoice Date     September 13, 2019

**Client ID: 07845  Matter ID: 001**
**RE: MARKHAM CONCEPTS**

**FOR PROFESSIONAL SERVICES RENDERED THROUGH August 31, 2019**

| Date | Professional | Narrative | Hours | Amount |
|------|-------------|-----------|-------|--------|
| 08/15/19 | JT | ███████████ | 0.25 | 101.25 |
| 08/28/19 | JT | ███████████ | 1.00 | 405.00 |

| | | |
|---|---|---|
| Total Fees: | | **506.25** |
| Less Discount: | | **-50.63** |
| Total Fees with Adjustment: | | **$455.62** |

**SUMMARY OF PROFESSIONAL SERVICES**

| PROFESSIONAL | TYPE | HOURS | HOURLY RATE | AMOUNT |
|-------------|------|-------|-------------|--------|
| JUSTIN THIELE | Associates | 0.25 | 364.48 | 91.12 |
| JUSTIN THIELE | Associates | 1.00 | 364.50 | 364.50 |
| | | 1.25 | | 455.62 |

**DISBURSEMENTS**



| 08/01/2019 | | 112.09 |
|---|---|---|

| Sub-Total Disbursements: | 112.09 |
|---|---|
| **TOTAL CURRENT BILLING:** | $    618.34 |
| **Previous Balance:** | 1,200.11 |
| **Less Discount:** | -50.63 |
| **TOTAL AMOUNT DUE:** | $    1,767.82 |

Outstanding Invoices

Client ID: 07845  Matter ID: 001

| Date | Invoice Number | Original Amount | Credit(s) | Balance Due |
|------|----------------|-----------------|-----------|-------------|
| 08/29/19 | 213594 | $1,200.11 | $0.00 | $1,200.11 |
| | Total Outstanding Invoices: | | | $1,200.11 |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

MARKHAM CONCEPTS, INC., SUSAN
GARRETSON, and LORRAINE MARKHAM,
individually and in her capacity as Trustee of the Bill
and Lorraine Markham Exemption Trust and the
Lorraine Markham Family Trust,

    Plaintiffs,

v.

HASBRO, INC., REUBEN KLAMER, DAWN
LINKLETTER GRIFFIN, SHARON LINKLETTER,
MICHAEL LINKLETTER, LAURA LINKLETTER
RICH, DENNIS LINKLETTER, THOMAS
FEIMAN, in his capacity as co-trustee of the Irvin S.
and Ida Mae Atkins Family Trust, ROBERT
MILLER, in his capacity as co-trustee of the Irvin S.
and Ida Mae Atkins Family Trust, and MAX
CANDIOTTY, in his capacity as co-trustee of the
Irvin S. and Ida Mae Atkins Family Trust.

    Defendants.

Case No. 1:15-cv-419-WES-PAS

REUBEN KLAMER,

    Counterclaim Plaintiff,

v.

MARKHAM CONCEPTS, INC., SUSAN
GARRETSON and LORRAINE MARKHAM,

    Counterclaim-Defendants.

## SUPPLEMENTAL DECLARATION OF ERIC E. RENNER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

I, Eric E. Renner, declare and state as follows:

1.    I am an attorney at law duly licensed to practice before all courts of the State of

Rhode Island.  I am the sole member in the law firm of Renner Law, LLC located in Providence,

Rhode Island, and attorney of record herein for Defendant and Counterclaim Plaintiff Reuben

Klamer.  I make this supplemental declaration in further support of Defendant Reuben Klamer's

Motion for an Award of Attorneys' Fees and Costs ("Motion" or "Fees Motion").  The facts set

forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could

and would competently do so under oath.

     2.     From August 1, 2019 through September 30, 2019, Renner Law, LLC billed a

total of 11.3 hours in this matter, of which 9.5 hours concern the Fees Motion.

     3.     From August 1, 2019 through September 30, 2019, Renner Law, LLC billed fees

in the amount of $3,107.50 in this matter, of which $2,612.50 concern the Fees Motion.

     4.     Attached hereto as Exhibit A are true and correct copies of Renner Law, LLC's

invoices to Mr. Klamer for the legal services performed from August 1, 2019, to September 30,

2019, which are the subject to the pending fee request, but omitting any privileged material, and

showing invoice number, date, timekeeper, hours invoiced, dollars invoiced, and description of

task(s) performed.  I have redacted from the invoices any privileged information, any time

entries unrelated to plaintiffs' third claim for relief, and time for which Mr. Klamer does not seek

an award in the Motion.  At the Court's request, I will produce for *in camera* review an

unredacted version of the invoices.

     I declare under pains and penalty of perjury under the laws of the United States of

America that the foregoing is true and correct to the best of my knowledge and belief.

     Executed this 18th day of October, 2019, at Providence, Rhode Island.


          /s/ Eric E. Renner
          Eric E. Renner

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on the 18th day of October, 2019, a true copy of the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be mailed to those indicated as non-registered participants.

                            /s/ Eric E. Renner            

# **EXHIBIT A**

Case 1:15-cv-00419-WES-PAS   Document 289-1   Filed 10/07/19   Page 118 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS   Document 289-2   Filed 10/03/19   Page 3 of 9   PageID #: 11051
11271



# INVOICE

Invoice # 246
Date: 09/09/2019

50 South Main Street
Providence, Rhode Island 02903

Reuben Klamer
Reuben Klamer Toylab
10639 Roselle Street, Suite C
San Diego, CA 92121

## 00013-Klamer

## Markham Concepts matter

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 08/22/2019 | Telephone Conference: Telephone conference with E. Van Loon re: ████████████ | 0.40 | $275.00 | $110.00 |
| Service | 08/22/2019 | Telephone Conference: Telephone conference with S. Nakasian re: ████████████ | 0.30 | $275.00 | $82.50 |
| Service | 08/26/2019 | ████████████████████ ████████████ . | 0.50 | $275.00 | $137.50 |
| Service | 08/28/2019 | ████████████████████ | 0.30 | $275.00 | $82.50 |
| Service | 08/28/2019 | ████████████████████ | 0.50 | $275.00 | $137.50 |

|  |  |
|--|--|
| **Quantity Subtotal** | **2.0** |
| **Quantity Total** | **2.0** |
| **Subtotal** | **$550.00** |
| **Total** | **$550.00** |

## Statement of Account

| | Outstanding Balance | New Charges | Amount in Trust | Payments Received | Total Amount Outstanding |
|--|--|--|--|--|--|
| ( | $0.00 | + $550.00 | ) - ( $0.00 | + $0.00 | ) = **$550.00** |

Invoice # 246 - 09/09/2019

## Detailed Statement of Account

**Current Invoice**

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 246 | 10/09/2019 | $550.00 | $0.00 | $550.00 |
| | | | Outstanding Balance | $550.00 |
| | | | Amount in Trust | $0.00 |
| | | | Total Amount Outstanding | $550.00 |

Thank you for your business. Please send payment upon receipt of this invoice.



# Renner Law, LLC

# INVOICE

Invoice # 248
Date: 10/03/2019

50 South Main Street
Providence, Rhode Island 02903

Reuben Klamer
Reuben Klamer Toylab
10639 Roselle Street, Suite C
San Diego, CA 92121

## 00013-Klamer

## Markham Concepts matter

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 09/03/2019 | Review and Analyze: Review and analyze draft Memo ISO motion for attorneys' fees and supporting declaration of E. Van Loon. | 0.60 | $275.00 | $165.00 |
| Service | 09/03/2019 | General: Review and analyze billing entries and records further to preparation of Memo ISO motion for attorneys' fees and supporting declaration. | 2.00 | $275.00 | $550.00 |
| Service | 09/04/2019 | Draft and Revise: Draft and revise Declaration in Support of Motion for Attorneys' Fees and Costs; review and analyze invoices further to same. | 3.10 | $275.00 | $852.50 |
| Service | 09/04/2019 | Draft and Revise: Insert redactions into invoices; telephone discussion with J. Pollack ████████ | 0.80 | $275.00 | $220.00 |
| Service | 09/05/2019 | Telephone Conference: Telephone conference with J. Pollack re: ████████████████████████ ██████████ | 0.40 | $275.00 | $110.00 |
| Service | 09/06/2019 | General: Review and analyze R. Klamer's Motion for Attorneys' Fees and Costs and accompanying declarations and exhibits; draft and revise same; file same electronically with court. | 1.00 | $275.00 | $275.00 |
| Service | 09/06/2019 | Receipt and Review: Receipt and review Hasbro and Linkletter defendants' motions for attorneys fees and accompanying declarations and exhibits. | 0.50 | $275.00 | $137.50 |
| Service | 09/26/2019 | Review and Analyze: Review and analyze Motion to Stay filed by Markham parties. | 0.40 | $275.00 | $110.00 |
| Service | 09/30/2019 | ████████████████████████████████ | 0.50 | $275.00 | $137.50 |

Case 1:15-cv-00419-WES-PAS   Document 289-1   Filed 10/18/19   Page 3 of 9   PageID #: 11054

Invoice # 248 - 10/03/2019

| | |
|---|---:|
| **Quantity Subtotal** | 9.3 |
| **Quantity Total** | 9.3 |
| **Subtotal** | $2,557.50 |
| **Total** | $2,557.50 |

## Statement of Account

| | Outstanding Balance | | New Charges | | Amount in Trust | | Payments Received | | Total Amount Outstanding |
|---|---|---|---|---|---|---|---|---|---|
| ( | $0.00 | + | $2,557.50 | ) - ( | $0.00 | + | $0.00 | ) = | $2,557.50 |

## Detailed Statement of Account

### Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| 248 | 11/02/2019 | $2,557.50 | $0.00 | $2,557.50 |

| | |
|---:|---:|
| **Outstanding Balance** | $2,557.50 |
| **Amount in Trust** | $0.00 |
| **Total Amount Outstanding** | $2,557.50 |

Thank you for your business. Please send payment upon receipt of this invoice.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and LORRAINE MARKHAM, individually and in her capacity as Trustee of the Bill and Lorraine Markham Exemption Trust and the Lorraine Markham Family Trust, | |
|     Plaintiffs, | Case No. 1:15-cv-419-WES-PAS |
| v. | |
| HASBRO, INC., REUBEN KLAMER, DAWN LINKLETTER GRIFFIN, SHARON LINKLETTER, MICHAEL LINKLETTER, LAURA LINKLETTER RICH, DENNIS LINKLETTER, THOMAS FEIMAN, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, ROBERT MILLER, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, and MAX CANDIOTTY, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust. | |
|     Defendants. | |
| REUBEN KLAMER, | |
|     Counterclaim Plaintiff, | |
| v. | |
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON and LORRAINE MARKHAM, | |
|     Counterclaim-Defendants. | |

## DECLARATION OF REUBEN KLAMER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

31762067

## DECLARATION OF REUBEN KLAMER

I, Reuben Klamer, hereby declare and state as follows:

1.      I make this Declaration on my personal and firsthand knowledge and, if called and sworn as a witness, I could and would testify competently hereto.

2.      I am 97 years old and in a wheelchair.  I require 24-hour in-home medical care, which has cost me approximately ███████ to ███████ per year from 2015 to present.

3.      I have owned and operated my own toy and game development company since Link Research Corporation ("Link") dissolved in 1968, which has been known as Toylab since 1981. Toylab's business expenses have totaled approximately ███████ to ███████ per year annually from 2015 to present. Such expenses include, but are not limited to, salaries for two full time employees, lease payments for Toylab's warehouse space, insurance premiums, and accounting and business management services. Fees and costs associated with the present litigation are specifically excluded from this total.

4.      Due to my advanced age and declining health, as well as the substantial time and resources I and my employees have devoted to defending this case, my business income has declined substantially over the past five years.

5.      During the past 59 years, I have worked diligently to assist Milton Bradley and Hasbro, Inc., in the promotion and further development of The Game of Life without any additional compensation.  None of the other successors-in-interest to Link nor Mr. Markham or his purported successors participated in such efforts.  However, they all benefited from my uncompensated investment of time and resources through the increase in sales of and royalties from the Game.

1

6.      Due to the financial burden defending this case has caused, I have had to take out a loan to pay for the attorneys' fees and costs associated with defending this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15, 2019, at San Diego, California.

By:     Reuben Klamer
        _____
        Reuben Klamer

Case 1:15-cv-00419-WES-PAS   Document 289-1   Filed 11/07/19   Page 125 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS   Document 289-3   Filed 10/18/19   Page 4 of 4 PageID #: 11058
11278

## CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of October, 2019, this document, filed through the

CM-ECF system, will be sent electronically to the registered participants as identified on the

Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-

registered participants.

<div align="right">

    /s/ Eric E. Renner
    Eric E. Renner

</div>

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and LORRAINE MARKHAM, individually and in her capacity as Trustee of the Bill and Lorraine Markham Exemption Trust and the Lorraine Markham Family Trust, | |
| Plaintiffs, | Case No. 1:15-cv-419-WES-PAS |
| v. | |
| HASBRO, INC., REUBEN KLAMER, DAWN LINKLETTER GRIFFIN, SHARON LINKLETTER, MICHAEL LINKLETTER, LAURA LINKLETTER RICH, DENNIS LINKLETTER, THOMAS FEIMAN, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, ROBERT MILLER, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, and MAX CANDIOTTY, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust. | |
| Defendants. | |
| REUBEN KLAMER, | |
| Counterclaim Plaintiff, | |
| v. | |
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON and LORRAINE MARKHAM, | |
| Counterclaim-Defendants. | |

## DECLARATION OF PAUL GLASS IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS

Case 1:15-cv-00419-WES-PAS   Document 289-4   Filed 10/18/19   Page 2 of 4   PageID #: 11280

# <u>DECLARATION OF PAUL GLASS</u>

I, Paul Glass, hereby declare and state as follows:

1.      I make this Declaration on my personal and firsthand knowledge and, if called and sworn as a witness, I could and would testify competently hereto.

2.      I am currently the Vice Chairman of The Colony Group LLC.  I have over thirty years of experience leading successful business management firms and providing business management solutions for major touring acts, singer-songwriters, recording artists, directors, producers, actors, and entertainment executives, many of whom have been my clients for 30 years.  Prior to merging with The Colony Group in 2019, I was one of the founding partners of Glass Malek LLP, a business management firm specializing in the entertainment industry.

3.      I have been a Certified Public Accountant since 1969.

4.      I have served as Mr. Klamer's personal accountant and business manager since 1985.

5.      Mr. Klamer has spent approximately ██████ to ██████ annually on in-home medical care from 2015 to present.

6.      Mr. Klamer's company, Toylab, has incurred business expenses totaling approximately ██████ to ██████ annually from 2015 to present.  Such expenses include, but are not limited to, salaries for two full time employees, lease payments for Toylab's warehouse space, insurance premiums, and accounting and business management services.  Fees and costs associated with the present litigation are specifically excluded from this total.

7.      Mr. Klamer has taken out a loan to pay the attorneys' fees and costs associated with this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 15, 2019, at Los Angeles, California.

By: _____
Paul Glass

Case 1:15-cv-00419-WES-PAS   Document 289-1   Filed 11/07/19   Page 129 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS   Document 289-4   Filed 10/18/19   Page 4 of 4   PageID #: 11062
11282

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2019, this document, filed through the CM-ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

<div align="right">

/s/ Eric E. Renner
Eric E. Renner

</div>

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and LORRAINE MARKHAM, individually and in her capacity as Trustee of the Bill and Lorraine Markham Exemption Trust and the Lorraine Markham Family Trust, <br><br>     Plaintiffs, <br><br> v. <br><br> HASBRO, INC., REUBEN KLAMER, DAWN LINKLETTER GRIFFIN, SHARON LINKLETTER, MICHAEL LINKLETTER, LAURA LINKLETTER RICH, DENNIS LINKLETTER, THOMAS FEIMAN, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, ROBERT MILLER, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, and MAX CANDIOTTY, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust. <br><br>     Defendants. | Case No. 1:15-cv-419-WES-PAS |
| REUBEN KLAMER, <br><br>     Counterclaim Plaintiff, <br><br> v. <br><br> MARKHAM CONCEPTS, INC., SUSAN GARRETSON and LORRAINE MARKHAM, <br><br>     Counterclaim-Defendants. | |

**DEFENDANT HASBRO, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY, AND IN THE ALTERNATIVE TO DISMISS WITHOUT PREJUDICE, DEFENDANTS' MOTION FOR ATTORNEYS' FEES PENDING APPEAL TO THE FIRST CIRCUIT**

Defendant Hasbro, Inc. ("Hasbro") hereby opposes Plaintiffs' Motion to Stay, and in the

Alternative Dismiss Without Prejudice, Defendants' Motion for Attorneys' Fees Pending Appeal

to the First Circuit (the "Motion to Stay") (DE 274).

While an appeal on the merits is pending, the district court may, in its discretion, decide

whether it is appropriate to rule on a request for attorneys' fees. Comments to Fed. R. Civ. P. 54

(1993 amendments) ("If an appeal on the merits of the case is taken, the court may rule on the

claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice.").

However, when considering requests for attorneys' fees, the "First Circuit has instructed that, in

general, 'the better practice … [is] to set the fee at the conclusion of the trial, allowing the parties

to appeal the fee award along with any substantive issues.'" *Sun Capital Partners III, LP v. New*

*England Teamsters & Trucking Indus. Pension Fund*, 329 F.R.D. 102, 108 (D. Mass. 2018)

(quoting *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 149 (1st Cir. 2009)). Indeed,

"[a]djudicating fee disputes immediately, rather than after the conclusion of an appeal, carries

certain benefits," and "allows resolution 'while the services performed are freshly in mind,' and

it facilitates the joint appellate review of fee issues 'at the same time as review on the merits of

the case.'" *Id.* (quoting Fed. R. Civ. P. 54, Advisory Committee Notes to 1993 Amendments).

"For this reason, it is common for courts to address fees even while appeals are pending." *Id.*

As noted by Plaintiffs Markham Concepts, Inc., Susan Garretson and Lorraine Markham

(the "Markham Parties") in the Motion to Stay, "federal courts possess the inherent power to stay

proceedings for prudential reasons," including the ability to stay a request for fees.

*Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004); *see also*

Comments to Fed. R. Civ. P. 54. Hasbro submits, however, that in the present case, those

"prudential reasons" dictate against a stay. The chances of the Markham Parties prevailing on

appeal are extremely slim. As discussed in Hasbro's Motion for Attorneys' Fees and Costs (the "Fees Motion") (DE 259), under any of the Markham Parties' theory, they never could have prevailed. Fees Motion at 2-3, 9. Highly credible evidence established that Grace Chambers and Leonard Israel created the prototype of the Game of Life (the "Prototype") as a work-for-hire for Bill Markham. *Id.* at 9-10. In turn, highly credible evidence also established that Bill Markham and his team created the Prototype as a work-for-hire for Reuben Klamer. *Id.* In response to that overwhelming weight of evidence, the Markham Parties pointed only to irrelevant facts or made claims unsupported by the record.

On the legal issues, meanwhile, the Markham Parties urged the Court to ignore binding First Circuit precedent, wrongly apply Supreme Court precedent, and ultimately apply the incorrect legal test for works-for-hire under the Copyright Act of 1909. *Id.* at 11. Even more egregious, the Markham Parties' counsel admitted during oral argument that the Prototype would have been a work-for-hire even under the Markham Parties' improper legal theories. *Id.* at 14-15.

Because the Markham Parties are so unlikely to prevail on appeal, if the Motion to Stay is granted, a second appeal may be necessary on the issue of fees, resulting in substantial wasted resources for the First Circuit and the parties. On the other hand, if the Motion to Stay is denied and Hasbro's Fees Motion is decided on the present record, the Court's decision, if appealed, can be joined to the pending appeal to efficiently resolve all issues in one appeal, in line with the "better practice" followed in the First Circuit. *See Sun Capital Partners III, LP*, 329 F.R.D. at 108.

As the Court in *Am. Civil Liberties Union of Kentucky v. Grayson Cty., Ky.*, No. CIV.A. 4:01-CV-202, 2008 WL 2597050 (W.D. Ky. June 26, 2008), explained, "[p]ostponing the fees

Case 1:15-cv-00419-WES-PAS  Document 289-1  Filed 11/07/19  Page 133 of 258 PageID #:
11286
Case 1:15-cv-00419-WES-PAS  Document 284-1  Filed 10/10/19  Page 4 of 6 PageID #: 10996

question until all merit-based appeals are exhausted would enable an aggrieved party to re-initiate appellate litigation solely over the issue of fees." *Id.* at *1. This second round of litigation "would demand significant judicial resources and impose additional delay upon the case's finality." *Id.* On the other hand, that Court observed, "if the Court exercises its authority to address the Plaintiffs' request for attorneys' fees during the pendency of the appeal, the aggrieved party may seek appellate review of any fees-related issues by requesting consolidation with the underlying appeal on the merits." *Id.* Based on the foregoing, that Court concluded that it should "consider attorneys' fees promptly after a decision on the merits rather than to stay a motion for attorneys' fees until after the resolution of an appeal." *Id.*; *see also Bryant v. Sagamore Ins. Co.*, No. CIV-13-240-RAW, 2014 WL 4269065, at *2 (E.D. Okla. Aug. 28, 2014) ("[I]t is clear that judicial economy and the public interest also lean in favor of denying the stay so that any appeal may be joined with the appeal of the case."); *McCloud v. City of Sunbury*, No. 4:04 CV 2322, 2006 WL 449198, at *1 (M.D. Pa. Feb. 23, 2006) (denying a motion to stay pending appeal and awarding attorneys' fees).

For the foregoing reasons, Hasbro requests that the Markham Parties' Motion to Stay be denied and Hasbro's Fees Motion be decided on the present record.

DATED: October 10, 2019

Respectfully submitted,

/s/    *Patricia K. Rocha*
Patricia K. Rocha (#2793)
Joseph Avanzato (#4774)
ALDER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Telephone: (401) 274-7200
Facsimile:  (401) 351-4607
Email: procha@apslaw.com
         javanzato@apslaw.com

Joshua C. Krumholz (admitted Pro Hac Vice)
Courtney L. Batliner (admitted Pro Hac Vice)

Mark T. Goracke (admitted Pro Hac Vice)
HOLLAND & KNIGHT LLP
10 St. James Ave., 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile:  (617) 523-6850
Email: joshua.krumholz@hklaw.com
　　　 courtney.batliner@hklaw.com
　　　 mark.goracke@hklaw.com

*Attorneys for Hasbro, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2019, I caused a true and correct copy of the foregoing document to be served on counsel of record *via the electronic court filing system (ECF)*.

_____/s/ Patricia K. Rocha_____

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

MARKHAM CONCEPTS, INC., SUSAN
GARRETSON, and LORRAINE MARKHAM,
individually and in her capacity as Trustee of the Bill
and Lorraine Markham Exemption Trust and the
Lorraine Markham Family Trust,

    Plaintiffs,

v.

HASBRO, INC., REUBEN KLAMER, DAWN
LINKLETTER GRIFFIN, SHARON LINKLETTER,
MICHAEL LINKLETTER, LAURA LINKLETTER
RICH, DENNIS LINKLETTER, THOMAS
FEIMAN, in his capacity as co-trustee of the Irvin S.
and Ida Mae Atkins Family Trust, ROBERT
MILLER, in his capacity as co-trustee of the Irvin S.
and Ida Mae Atkins Family Trust, and MAX
CANDIOTTY, in his capacity as co-trustee of the
Irvin S. and Ida Mae Atkins Family Trust.

    Defendants.

Case No. 1:15-cv-419-S-PAS

REUBEN KLAMER,

    Counterclaim Plaintiff,

v.

MARKHAM CONCEPTS, INC., SUSAN
GARRETSON and LORRAINE MARKHAM,

    Counterclaim-Defendants.

## REUBEN KLAMER'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY, AND IN THE ALTERNATIVE TO DISMISS WITHOUT PREJUDICE, DEFENDANTS' MOTION FOR ATTORNEYS' FEES PENDING APPEAL TO THE FIRST CIRCUIT

Defendant and Counterclaim Plaintiff Reuben Klamer respectfully submits his opposition to Plaintiff's Motion to Stay, and in the Alternative to Dismiss Without Prejudice, Defendants' Motion for Attorneys' Fees Pending Appeal to the First Circuit ("Motion to Stay") (Dkt. 274).

Case 1:15-cv-00419-WES-PAS   Document 288-1   Filed 10/18/19   Page 2 of 5 PageID #: 10985

## I.   **ARGUMENT**

"When attorneys' fees are sought and an appeal on the merits of the case has also been taken, a court has three options.  It 'may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.' Fed. R. Civ. P. 54, Advisory Committee Notes to 1993 Amendments."  *Sun Capital Partners III, LP v. New England Teamsters & Trucking Indus. Pension Fund*, 329 F.R.D. 102, 108 (D. Mass. 2018).  The First Circuit has instructed that "the better practice where fees are mandated by statute would be to set the fee at the conclusion of the trial, allowing the parties to appeal the fee award along with any substantive issues."  *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 149 (1st Cir. 2009).

Mr. Klamer respectfully submits that the Court should deny the Motion to Stay and rule now on Defendants' pending motions for attorneys' fees and costs ("Attorneys' Fees Motions") for at least four reasons:

First, Mr. Klamer is 97 years old and of declining health, and he has been litigating this case for over four years.  Mr. Klamer has incurred over $1.8 million in attorneys' fees and costs defending against Plaintiffs' third claim for relief (Dkt. 258 at 19-20), and has had to take out a loan to pay for those fees and costs.  Given these circumstances, Mr. Klamer would be significantly prejudiced by a stay, or a dismissal without prejudice, of the Attorneys' Fees Motions.

Second, deciding the Attorneys' Fees Motions now will avoid piecemeal appeals on the merits and on fees.  *See Tobin*, 553 F.3d at 149; *Hebert v. Wicklund*, 744 F.2d 218, 223 (1st Cir. 1984) ("[A] district court may, and often does, simultaneously decide the merits and the attorney's fees issues of a suit.  Such a disposition, where possible, represents an economical use of judicial resources, not only for the district court, but also for the court of appeals, which is thereby spared the burden of piecemeal appeals on the merits and on fees."); *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 452 n.14, (1982) ("'piecemeal' appeals of merits and fee questions generally are undesirable").

Third, within the next eight days, the Attorneys' Fees Motions will be fully briefed.

2

Defendants filed the Attorneys' Fees Motions on September 6, 2019.  (Dkt. 258, 259, and 265.)
Plaintiffs filed their Combined Opposition on October 1, 2019.  (Dkt. 275.)  Hasbro and the
Linkletter Defendants filed their reply papers on October 8, 2019 (Dkt. 279 and 281), and Mr.
Klamer will be filing his reply papers on or before October 18, 2019 (*see* Text Order dated October
7, 2019).  The Court should rule on the Attorneys' Fees Motions while the services performed are
fresh in the minds of the parties and the Court.  *See Sun Capital Partners III, LP*, 329 F.R.D. at
108 ("Adjudicating fee disputes immediately, rather than after the conclusion of an appeal, carries
certain benefits.  In particular, it allows resolution 'while the services performed are freshly in
mind,' and it facilitates the joint appellate review of fee issues 'at the same time as review on the
merits of the case.' Fed. R. Civ. P. 54, Advisory Committee Notes to 1993 Amendments.");
*Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004) ("Congress's reasons for its
1993 addition to Rule 54(d)(2)(B) (the fourteen-day deadline) were three-fold: (1) to provide
notice of the fee motion to the non-movant before the time to appeal expires; (2) to encourage a
prompt ruling on fees to facilitate a consolidated appeal on both the merits and the attorneys' fee
issue; and (3) to resolve fee disputes efficiently, 'while the services performed are freshly in mind.'
Fed. R. Civ. P. 54 advisory committee's notes (1993) . . . .")

Fourth, while Plaintiffs assert that Defendants' status as prevailing parties "may be altered
by the decision of the First Circuit in the Appeal" (Motion to Stay at 2), Plaintiffs have not shown
that they are likely to succeed on appeal or that this case is different from any other in which
judgment is appealed and the prevailing party is awarded attorneys' fees.  *See, e.g., Castillo-
Antonio v. Iqbal*, Case No. 14-CV-03316-KAW, 2017 WL 1113300, at *5 (N.D. Cal. Mar. 24,
2017) (declining to stay motion for attorneys' fees pending appeal because the non-prevailing party
made no showing that they were likely to prevail on appeal); *Yenidunya Investments, Ltd. v.
Magnum Seeds, Inc.*, No. CIV. 2:11-1787 WBS, 2012 WL 538263, at *5 (E.D. Cal. Feb. 17, 2012),
*aff'd*, 562 F. App'x 560 (9th Cir. 2014) (denying request to stay motion for attorneys' fees pending
appeal and holding that "[a]lthough an award of attorneys' fees would have to be vacated if the
judgment is reversed, this is no different than any other case in which judgment is appealed and

Case 1:15-cv-00419-WES-PAS   Document 289-1   Filed 11/07/19   Page 139 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS   Document 283-1   Filed 10/10/19   Page 4 of 5 PageID #:
11292

the prevailing party is awarded attorneys' fees").

## II.  **CONCLUSION**

For the foregoing reasons, Klamer respectfully requests that the Court deny Plaintiffs Motion to Stay, and in the Alternative to Dismiss Without Prejudice, Defendants' Motion for Attorneys' Fees Pending Appeal to the First Circuit.


Dated: October 10, 2019                          Respectfully submitted,

                                                 REUBEN KLAMER

                                                 By his attorneys,


                                                  /s/ Eric E. Renner
                                                 Eric E. Renner (#7481)
                                                 RENNER LAW LLC
                                                 10 Dorrance St., Suite 700
                                                 Providence, RI  02903
                                                 Phone: 401-404-5251
                                                 Fax: 401-404-5285

                                                 Patricia L. Glaser (admitted *pro hac vice*)
                                                 GLASER WEIL FINK HOWARD
                                                   AVCHEN & SHAPIRO LLP
                                                 10250 Constellation Blvd., 19th Floor
                                                 Los Angeles, California 90067
                                                 Phone: 310-553-3000
                                                 Fax:  310-556-2920
                                                 pglaser@glaserweil.com

                                                 Erica J. Van Loon (admitted *pro hac vice*)
                                                 LATHROP GAGE, LLP
                                                 1888 Century Park East, Suite 1000
                                                 Los Angeles, California 90067
                                                 Phone: 310-789-4659
                                                 Fax: 310-789-4601
                                                 evanloon@lathropgage.com

                                                 *Attorneys for Defendant and Counterclaim*
                                                 *Plaintiff Reuben Klamer*

Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 11/07/19 Page 140 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS Document 288-1 Filed 10/10/19 Page 5 of 5 PageID 10992:
11293

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2019, this document, filed through the
CM-ECF system, will be sent electronically to the registered participants as identified on the
Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-
registered participants.

/s/ Eric E. Renner
Eric E. Renner

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and LORRAINE MARKHAM, individually and in her capacity as Trustee of the Bill and Lorraine Markham Exemption Trust and the Lorraine Markham Family Trust,

Plaintiffs,

vs.

HASBRO, INC., REUBEN KLAMER, DAWN LINKLETTER GRIFFIN, SHARON LINKLETTER, MICHAEL LINKLETTER, LAURA LINKLETTER RICH, DENNIS LINKLETTER, THOMAS FEIMAN, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, ROBERT MILLER, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, and MAX CANDIOTTY, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust.

Defendants.

CA. No. 1:15-cv-419-S-PAS

## LINKLETTER DEFENDANTS, THOMAS FEIMAN, ROBERT MILLER AND MAX CANDIOTTY'S OPPOSITION TO PLAINTIFFS' MOTION TO STAY DEFENDANTS' MOTION FOR ATTORNEYS' FEES

When dealing with requests for attorney's fees, the "First Circuit has instructed that, in general, 'the better practice ... [is] to set the fee at the conclusion of the trial, allowing the parties to appeal the fee award along with any substantive issues.'" *Sun Capital Partners III, LP v. New England Teamsters & Trucking Indus. Pension Fund*, 329 F.R.D. 102, 108 (D. Mass. 2018) (quoting *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 149 (1st Cir. 2009)).  Deciding the fee issue now will allow the First Circuit to review the merits and the question of fees efficiently in a single consolidated appeal.  Accordingly, and as set forth more fully below, the Court should follow this preferred method and deny the Plaintiffs' Motion to Stay, and in the Alternative to Dismiss Without Prejudice Defendants' Motion for Attorneys' Fees Pending Appeal to the First Circuit (Dkt. No. 274, the "Motion").

1

Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 10/07/19 Page 142 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 10/09/19 Page 2 of 4 PageID #: 10985
11295

## **ARGUMENT**

"Adjudicating fee disputes immediately, rather than after the conclusion of an appeal, carries certain benefits." *Sun Capital Partners III, LP*, 329 F.R.D. at 108. "In particular, it allows resolution 'while the services performed are freshly in mind,' and it facilitates the joint appellate review of fee issues 'at the same time as review on the merits of the case.'" *Id.* (quoting Fed. R. Civ. P. 54, Advisory Committee Notes to 1993 Amendments). "For this reason, it is common for courts to address fees even while appeals are pending." *Id.*

Here, the Court presided over a bench trial and then issued extensive findings of fact and conclusions of law. Deciding the attorneys' fees issue now will avoid a situation where the Court weighs the merits of fee requests years after the bench trial. *Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 329 (1st Cir. 2017) ("the trial court is in the best position to gauge the bona fides of a request for fees.").

Yet, the Motion argues that the Court should stay a ruling on the attorneys' fee issue because it could become be moot if Plaintiffs succeed on appeal at some point in the future. Motion, at p. 3. This argument overlooks the efficiency gained by a single appeal, and the fact that the briefing on the fee issue will soon be complete. Additionally, Plaintiffs' appeal seeks to overturn this Court's factual finding based on unrefuted evidence from percipient witnesses, and it hinges on untenable legal positions. None of Plaintiffs' appellate positions warrants delay in deciding the attorneys' fee issues.

For the foregoing reasons, the Linkletter and Atkins Defendants respectfully request that the Court deny Plaintiffs' Motion to Stay, and in the Alternative to Dismiss Without Prejudice Defendants' Motion for Attorneys' Fees Pending Appeal to the First Circuit.

Respectfully submitted,

Dawn Linkletter Griffin, Sharon Linkletter, Michael Linkletter, Laura Linkletter Rich and Dennis Linkletter, Robert Miller and Max Candiotty, in their capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust

By Their Attorneys,


/s/ Ryan M. Gainor
Christine K. Bush (#5587)
Ryan M. Gainor (#9353)
HINCKLEY, ALLEN & SNYDER LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island 02902
Phone:  (401) 457-2000
Fax:  (401) 277-9600
cbush@hinckleyallen.com
rgainor@hinckleyallen.com


Gary A. Wexler (*pro hac vice*)
David Jinkins (*pro hac vice*)
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, CA 90067
Phone:  (310) 282-9455
Fax:  (310) 282-2501
GWexler@thompsoncoburn.com

Dated:  October 9, 2019

Case 1:15-cv-00419-WES-PAS Document 282-1 Filed 10/09/19 Page 4 of 4 PageID #: 10987

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed through the ECF system on the 9th day of October, 2019, and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

/s/ *Ryan M. Gainor*

4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and LORRAINE MARKHAM, individually and in her capacity as Trustee of the Bill and Lorraine Markham Exemption Trust and the Lorraine Markham Family Trust, <br><br> Plaintiffs, <br><br> vs. <br><br> HASBRO, INC., REUBEN KLAMER, DAWN LINKLETTER GRIFFIN, SHARON LINKLETTER, MICHAEL LINKLETTER, LAURA LINKLETTER RICH, DENNIS LINKLETTER, THOMAS FEIMAN, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, ROBERT MILLER, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, and MAX CANDIOTTY, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust. <br><br> Defendants. | CA. No. 1:15-cv-419-S-PAS |

## LINKLETTER DEFENDANTS, THOMAS FEIMAN, ROBERT MILLER AND MAX CANDIOTTY'S  REPLY IN FURTHER SUPPORT OF MOTION FOR ATTORNEY'S FEES

This case is not a David versus Goliath battle pitting two individuals against a large corporation, despite Plaintiffs' efforts to suggest that dynamic in their Combined Opposition to Defendants' Motion for Attorney's Fees (Dkt. 275, the "Opposition").  The Opposition's hyperbolic language about resources and unequal power simply does reflect reality.[1]  Defendants Dawn Linkletter Griffin, Sharon Linkletter, Michael Linkletter, Laura Linkletter Rich and Dennis Linkletter (collectively the "Linkletter Defendants") are individuals and Defendants Thomas Feiman, Robert Miller and Max Cadiotty (collectively, the "Atkins Defendants," and

---

[1] Plaintiffs are represented by the esteemed New York law firm of Cadwalader, Wickersham & Taft, LLP.  In addition to Cadwalader, Plaintiffs also retained David Nimmer of Irell & Manella LLP before a conflict caused his to step aside as co-counsel.  *See* Opposition at 13 n. 8.  Thus, while Plaintiffs now question their ability to pay any award of legal fees to Defendants, and cast aspersions on Defendants fees, they selected preeminent law firms for their own representation.

1

Case 4:15-cv-00419-WES-PAS   Document 289-1   Filed 10/08/19   Page 2 of 9 of PageID 10976: 11299

together, at times, with the Linkletter Defendants, the "Linkletter and Atkins Defendants") are named in their capacities as co-trustees of the Irvin S. and Ida Mae Atkins Family Trust.

Plaintiffs dragged the Linkletter and Atkins Defendants into this litigation and caused them to expend almost $600,000 in legal fees to defend claims that Plaintiffs should have known were frivolous.[2]  The Opposition does not establish otherwise.  Instead, it reiterates the same unreasonable positions Plaintiffs took throughout this case, and it cites to portions of the record that do not provide the factual underpinnings that Plaintiffs claim.

In short, this involves a fight Plaintiffs chose, frivolously pursued, and continue to press despite long odds.  The Opposition continues to avoid the critical issue: faced with un-contradicted evidence concerning the authorship of the Game of Life, and possessing no countervailing evidence of *authorship* by Bill Markham, Plaintiffs continued with their untenable theories through trial despite having no apparent path to success.  The objective unreasonableness of Plaintiffs' litigation positions warrants an award of attorneys' fees in favor of the Linkletter and Atkins Defendants in the amount sought.

## I.    Relevant Background

### A.    Plaintiffs' Continue to Unreasonably Read the Facts As Introduced At Trial

The Court is familiar with the history and facts of this case, but the Opposition includes several factual claims that require a response because they are relevant to the request for fees.  Following a bench trial, the Court determined that Defendant Reuben Klamer had the initial inspiration for the Game and utilized Mr. Markham's company to bring those ideas to life.  (Findings of Fact and Conclusions of Law, Dkt. 240 at 4-5.)  Two of Markham's employees created the Game's prototype.  *Id.* at 6-8.  Several people contributed to its rules.  *Id.* at 7-8.

Plaintiffs attempt to brush past these facts – or at least square their legal positions – but in

---

[2] Plaintiffs do not challenge costs sought by the Linkletter and Atkins Defendants in the amount of $6,185.36.

doing that, Plaintiffs' record cites do not actually support their positions.

For instance, they argue that Mr. Markham's employees, Ms. Grace Falco Chambers and Mr. Leonard Israel, performed only routine tasks and thus did not contribute anything worthy of copyright protection to the Game. Opposition at 16. To support this statement, Plaintiffs rely on a snippet of deposition testimony from Mr. Israel concerning his first year at Mr. Markham's company (not his work on the Game). This testimony says nothing about Ms. Chambers. *See* Pls. Finding of Fact at 113; Deposition Transcript of Mr. Israel at 36-38. Plaintiffs ignore the trial testimony relied on by the Court about the contributions of these employees. Findings of Fact at 6-7 (collecting trial citations).

Instead, Plaintiffs claim that Ms. Chambers "testified that she made houses for the game board from balsa wood but could not provide any more specifics than that." Opposition at 10. But the portion of the cited trial transcript states as follows:

Q. Who did the actual hands-on work of building the prototype game board?

A. Well, I did a fair amount of it. Leonard helped somewhat and whenever he could cause he had other projects that he was working on. Um, and yeah, I suppose that I used in those days, balsa wood to create the dimensional buildings and roadways and so on.

Q. So just to be clear, you built the houses of the prototype; is that correct?

A. I did, yes.

Q. Did you build the mountains on the prototype?

A. Yes.

Q. Did you construct the elevated track physically on the prototype?

A. Yeah, I'm sure. Yeah, it's many years ago, but I do, I do recall working with the different materials and the cardboard and forming it and so on.

November 17 Trial Transcript at 71-72. Plaintiffs' efforts to minimize Ms. Chambers' testimony illustrate the unreasonable lengths to which Plaintiffs will go in this case. In

trying to make out a defense to the request for attorneys' fees, Plaintiffs only weaken

their position.

Plaintiffs also argue that Ms. Chambers did not understand basic aspects of making a

prototype.  Opposition at 17.  To support this claim, they cite testimony from Ms. Chambers, but

when that testimony is read in context it conveys merely that Ms. Chambers did not recall

whether the ultimate prototype was bound, she did not understand Plaintiffs' counsel's questions

concerning "binding," and she was not been aware Mr. Markham issued a particular invoice

related to the Game.  *See* November 17 Trial Transcript at 105-106.

While contorting the testimony they do cite, Plaintiffs also fail to address the actual

testimony from both Ms. Chambers and Ms. Israel upon which the Court ultimately relied.[3]  *See*

*e.g.* November 16 Trial Transcript at 106 ("Q. Now, let's talk a little bit more about Ms.

Chambers. What role, if any, did she have in connection with the creation of the game board that

was ultimately created? A. Well, once it was decided what we wanted to have on the board, she

was the one who put it all together and did the final art work on it. After all the different changes

had kept constantly being worked on, she always had to work with the new changes and remove

the old copy. And all of this process is something that's moving either forward or changing all

the time until the final word.").

### B.    Procedural Decisions Do Not Suggest Objective Reasonableness by Plaintiffs

Plaintiffs initially brought this case as a breach of contract matter against Hasbro

following Wells Fargo's termination of an escrow agreement that distributed royalties related to

the Game of Life.  Opposition at 5; Dkt. No. 1; Dkt. No. 9.  The Court assisted Plaintiffs and

---

[3] Plaintiffs also overlook testimony from Ms. Chambers to which they have no reasonable rejoinder.  *See e.g,*
November 17 Trial Transcript at 72-73 ("Q. Did Bill Markham physically construct any portions of the prototype
game board? A. No. Actually, you know, looking back, I don't remember that much help from Bill, although he
must have, but I, you know, as far as the board game, uh, the comp, the model, I don't recall Bill actually helping
with that. And it was primarily myself and Leonard helped with some of it.")

Defendants in executing a new escrow agreement that permitted royalties to again flow to Plaintiffs, *see* Dkt. No. 23, but by then Plaintiffs had already amended their complaint to assert the copyright claim at issue here.  Ultimately, in January 2016, the Court permitted Plaintiffs to file a Second Amended Complaint, which named the Linkletter Defendants.  The Linkletter Defendants moved to dismiss the Second Amended Complaint due to lack of personal jurisdiction.  *See* Dkt. No. 62-1.  In October 2016, as the case progressed, the Linkletter Defendants ultimately withdrew their Motion to Dismiss for efficiency reasons and entered into a stipulation concerning their time to answer the Second Amended Complaint.  Dkt. 102.  The Court did not rule on the merits of this Motion to Dismiss.  This jurisdictional motion, which was withdrawn, says nothing about the propriety of Plaintiffs claims.

## II.    Argument

### A.    Plaintiffs Advanced Objectively Unreasonable Claims

Plaintiffs' legal theories were both legally weak and pursued in an objectively unreasonable manner.  For these reasons an award of attorneys' fees is appropriate.  *See Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 329 (1st Cir. 2017) (awarding attorney's fees where factual and legal bases for claims were "at best questionable" despite there being no evidence of bad faith).

The objective weakness of Plaintiffs claim is two-fold.  First, Plaintiffs' position required the Court to refuse to follow binding First Circuit precedent.  Second, Plaintiffs faced unrebutted testimony from percipient witnesses that rendered their theory that Mr. Markham was the lone author of the Game untenable even if they convinced the Court to disregard First Circuit authority, particularly given the lack of evidence of Plaintiffs had to support their claim.  Nevertheless, despite unrebutted testimony fatal to their position they pressed on, ultimately

moving for reconsideration.  As discussed above, doing so has required Plaintiffs to overlook

unrebutted testimony and rely on other evidence that did not comport with testimony.

The Opposition also relies, in part, on Plaintiffs' argument that the Court erred in

permitting testimony related to work done by Ms. Chambers and Mr. Israel.  Opposition at 6.

Plaintiffs, however, do not articulate why the First Circuit is likely to overturn the Court's

decision to permit the parties to present all theories concerning authorship at trial.  *See*

November 15, 2017 Text Order ("The Court will hear evidence on all parties' theories with

respect to authorship, and work made for hire at the trial commencing Thursday morning.")

### B.    <u>Plaintiffs' Claims Do Not Further the Purpose of the Copyright Act</u>

Requiring Defendants to expend considerable resources to protect their interests against

specious claims does not further the purpose of the Copyright Act.  *See Kirtsaeng v. John Wiley*

*& Sons, Inc.,* 136 S. Ct. 1979, 1986–87 (2016) ("Conversely, when a person (again, whether

plaintiff or defendant) has an unreasonable litigating position, the likelihood that he will have to

pay two sets of fees discourages legal action. The copyright holder with no reasonable

infringement claim has good reason not to bring suit in the first instance (knowing he cannot

force a settlement and will have to proceed to judgment); and the infringer with no reasonable

defense has every reason to give in quickly, before each side's litigation costs mount. All of those

results promote the Copyright Act's purposes, by enhancing the probability that both creators

and users (i.e., potential plaintiffs and defendants) will enjoy the substantive rights the statute

provides.")

Plaintiffs claim that a royalty dispute and their sincere belief that Mr. Markham authored

the Game justify their prosecution of this case.  Opposition at 22.  However, a sincere belief in

an unreasonable position does not shield a party from liability for attorneys' fees under the

Copyright Act. *Garcia-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 20 (1st Cir. 2005)

(holding that a showing of bad faith is not required for an award of fees under the Copyright

Act).[4]  Additionally, the Court resolved a critical portion of the royalty dispute early in this case

– before the Plaintiffs even named the Linkletter and Atkins Defendants in the Second Amended

Complaint – and royalties continued to flow to Plaintiffs.  Dkt. No.  23.  Thus, by the time the

Linkletter and Atkins Defendants entered this case, it was not about a royalty dispute.  Instead, it

involved an effort by Plaintiffs to destroy a licensing arrangement and divert all royalties, as

opposed maintaining the royalty portion Plaintiffs had long enjoyed.[5]

### C.    The Plaintiffs Have Received Royalties from the Game for Many Years

Plaintiffs claim that they will be financially unable to pay a fee award, focusing on recent

royalties they have received involving the Game.  Opposition at 32.  This argument overlooks

that Plaintiffs have received significant royalties from the Game for the last two decades.  It is

true that the Plaintiffs are individuals, but they are individuals with resources.

### D.    The Linkletter and Atkins Defendants Complied with the Local Rules

The Linkletter and Atkins Defendants identified their fee arrangement in their request for

fees.  Specifically, they identified the rates they agreed to pay attorneys in this case.  *See* Dkt.

No. 265-1, Declaration of Christine K. Bush and Dkt. No. 265-2, Declaration of Gary Wexler.

There were no special arrangements in this case – as the contemporaneous billing records

indicate, the Linkletter and Atkins Defendants paid their legal fees on a rate multiplied by time

basis.  *Id.* [6]

---

[4] Plaintiffs also assert that Count III of their Third Amended Complaint involves claims beyond a right to terminate copyright assignments and involves concerns about Mr. Markham's legacy.  But the desire to preserve a legacy does not change that Plaintiffs lacked evidence concerning specific copyrightable contributions to the Game.
[5] Plaintiffs criticize that Hasbro, Defendant Reuben Klamer and the Linkletter and Atkins Defendants had separate counsel.  The Linkletter and Atkins Defendants shared counsel – each would have been entitled to their own counsel.  Additionally, Defendants were entitled to file sepearte briefs accounting for their own interests.
[6] Exhibit A to the Declaration of Christine K. Bush also indicates that the Linkletter and Atkins Defendants

7

## III.    Conclusion

For the foregoing reasons, the Linkletter and Atkins Defendants respectfully request an award pursuant to 17 U.S.C. § 505 of their reasonable attorney's fees in the amount of $583,709.50, plus costs in the amount of $6,185.36, for a total of $589,894.86.

<div style="margin-left:40%;">

Respectfully submitted,

Dawn Linkletter Griffin, Sharon Linkletter, Michael Linkletter, Laura Linkletter Rich and Dennis Linkletter, Robert Miller and Max Candiotty, in their capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust

By Their Attorneys,

/s/ *Ryan M. Gainor*
Christine K. Bush (#5587)
Ryan M. Gainor (#9353)
HINCKLEY, ALLEN & SNYDER LLP
100 Westminster Street, Suite 1500
Providence, Rhode Island 02902
Phone:  (401) 457-2000
Fax:  (401) 277-9600
cbush@hinckleyallen.com
rgainor@hinckleyallen.com

Gary A. Wexler (*pro hac vice*)
David Jinkins (*pro hac vice*)
THOMPSON COBURN LLP
2029 Century Park East, 19th Floor
Los Angeles, CA 90067
Phone:  (310) 282-9455
Fax:  (310) 282-2501
GWexler@thompsoncoburn.com

</div>

Dated:  October 8, 2019

---

received a write off of $2.64 in this case.  The Linkletter and Atkins Defendants are not seeking this amount in fees, nor are they seeking any write offs received from Thompson Coburn, LLP.  Plaintiffs also appear to argue that counsel for Defendants may have taken this case on a contingency fee basis.  The Bush and Wexler Declarations refute this speculation.

Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 11/07/19 Page 153 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 10/08/19 Page 9 of 9 PageID #: 10983
11306

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing document was filed through the ECF system on the 8th day of October, 2019, and will be sent electronically to the registered participants identified on the Notice of Electronic Filing.

                                 */s/ Ryan M. Gainor*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

MARKHAM CONCEPTS, INC., SUSAN
GARRETSON, and LORRAINE MARKHAM,
individually and in her capacity as Trustee of the Bill and
Lorraine Markham Exemption Trust and the Lorraine
Markham Family Trust,

       Plaintiffs,

v.

HASBRO, INC., REUBEN KLAMER, DAWN
LINKLETTER GRIFFIN, SHARON LINKLETTER,
MICHAEL LINKLETTER, LAURA LINKLETTER
RICH, DENNIS LINKLETTER, THOMAS FEIMAN, in
his capacity as co-trustee of the Irvin S. and Ida Mae
Atkins Family Trust, ROBERT MILLER, in his capacity
as co-trustee of the Irvin S. and Ida Mae Atkins Family
Trust, and MAX CANDIOTTY, in his capacity as co-
trustee of the Irvin S. and Ida Mae Atkins Family Trust.

       Defendants.

Case No. 1:15-cv-419-WES-PAS

REUBEN KLAMER,

       Counterclaim Plaintiff,

v.

MARKHAM CONCEPTS, INC., SUSAN
GARRETSON and LORRAINE MARKHAM,

       Counterclaim-Defendants.

## DEFENDANT HASBRO, INC.'S REPLY IN SUPPORT
## OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS

i

# TABLE OF CONTENTS

<div align="right">Page</div>

I.    INTRODUCTION ...........................................................................................................1

II.   ARGUMENT ................................................................................................................2

   A.    THE MARKHAM PARTIES' RESPONSES ON THE EVIDENTIARY ISSUES REAFFIRM
      THAT THEIR CASE WAS OBJECTIVELY UNREASONABLE .................................................2

     1.   The Markham Parties Offer Only Weak Resistance With Respect to the Work-
        for-Hire Defense as it Relates to Klamer ....................................................................2

     2.   The Markham Parties' Reliance on Overturning a Discovery Order, and its
        Persistence in Making False Factual Claims, Reveals the Inherently Weak
        Nature of Their Claim ..................................................................................................4

        a.   The Markham Parties Will Never Be Able to Overturn the Court's Discovery
           Order ....................................................................................................................4

        b.   The Markham Parties' Persistence in Making False Factual Assertions Reveals
           the Inherently Weak Nature of Their Claim .........................................................5

     3.   The Markham Parties Still Do Not Understand What They Needed to Prove in
        Order to Prevail ...........................................................................................................7

   B.    THE MARKHAM PARTIES' DEFENSE OF THEIR LEGAL POSITION ON CCNV IS NOT
      SUPPORTABLE .............................................................................................................8

   C.    THE REMAINING FOGERTY FACTORS SUPPORT THE AWARDING OF FEES .........................9

     1.   The Markham Parties' Defense of Their Motivation Is Nonsensical .........................9

     2.   The Markham Parties' Behavior Was Not Reasonable .............................................10

     3.   The Markham Parties' Deterrence Cases Focus Only on Close Cases......................12

   D.    HASBRO'S REQUESTED FEES ARE REASONABLE .........................................................12

   E.    THE MARKHAM PARTIES' CLAIM OF IMPECUNIOUSNESS IS WITHOUT MERIT ...............14

III.  CONCLUSION ...........................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Author's Guild, Inc. v. Hathitrust*,
   No. 11-CV-6351, 2013 WL 603193 (S.D.N.Y. Feb. 15, 2013)...............................................12

*Avery v. Hughes*,
   No. 09-CV-265-JD, 2010 WL 4116849 (D.N.H. Oct. 19, 2010) ...........................................13

*Compaq Computer Corp. v. Ergonome, Inc.*,
   196 F. Supp. 2d 471 (S.D. Tex. 2002) ..................................................................................13

*Ferraris Med., Inc. v. Azimuth Corp.*,
   No. CIV. 99-66-M, 2002 WL 1728225 (D.N.H. July 24, 2002) ........................................8, 11

*Janik v. SMG Media, Inc.*,
   No. 16-CIV-7308, 2018 WL 345111 (S.D.N.Y. Jan. 10, 2018) .........................................9, 10

*Kirtsaeng v. John Wiley & Sons, Inc.*,
   136 S. Ct. 1979, 195 L. Ed. 2d 368 (2016) ............................................................................12

*Latin Am. Music Co. v. Am. Soc'y Of Composers, Authors & Publishers (ASCAP)*,
   642 F.3d 87 (1st Cir. 2011)....................................................................................................12

*Latin Am. Music Co. v. Media Power Grp., Inc.*,
   989 F. Supp. 2d 192 (D.P.R. 2013).........................................................................................13

*M.G.B. Homes, Inc. v. Ameron Homes, Inc.*,
   903 F.2d 1486 (11th Cir. 1990), *abrogated on other grounds by Reed Elsevier,
   Inc. v. Muchnick*, 130 S. Ct. 1237 (2010) ................................................................................8

*Mag Jewelry Co. v. Cherokee, Inc.*,
   496 F.3d 108 (1st Cir. 2007).................................................................................................7, 11

*Mallon v. Marshall*,
   268 F. Supp. 3d 264 (D. Mass. 2017) ....................................................................................12

*Perfect 10, Inc. v. Giganews, Inc.*,
   No. 11-07098, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015)................................................13

*Pina v. Children's Place*,
   740 F.3d 785 (1st Cir. 2014)....................................................................................................5

*Randolph v. Dimension Films*,
   634 F. Supp. 2d 779 (S.D. Tex. 2009) ...................................................................................14

iii

*Thibeault v. Square D Co.*,
   960 F.2d 239 (1st Cir. 1992) ...........................................................................................5

*Twentieth Century Fox Film Corp. v. Entertainment Dist.*,
   429 F.3d 869 (9th Cir. 2005), *abrogated on other grounds by Rimini St., Inc.*
   *v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019) ...............................................................8

*We Shall Overcome Found. v. Richmond Org., Inc.*,
   330 F. Supp. 3d 960 (S.D.N.Y. 2018) .........................................................................12

**Statutes**

17 U.S.C. § 304(c) ...........................................................................................2, 5, 7, 9

17 U.S.C. § 505 ...............................................................................................12, 15

**Other Authorities**

3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 9.03[D] (2019) ......................8

iv

Hasbro respectfully submits this Reply to the Markham Parties' Combined Opposition to Defendants' Motions for Attorneys' Fees and Costs (Dkt. No. 275) (the "Opposition" or "Opp.") and in support of its Motion for Attorneys' Fees and Costs (Dkt. No. 259) (the "Motion").[1]

## I.   **INTRODUCTION**

In their Opposition, the Markham Parties engage in the same behavior that warranted Hasbro's request for fees in the first place.  They claim facts that are unsupported by the evidence, and willfully ignore compelling evidence if it is contrary to their claims.  In that way, like prior submissions, the Opposition makes clear that the Markham Parties cannot be trusted to speak or recognize the truth, or even make cognizable arguments.

Beyond the factual points that they raise, the Markham Parties ignore Hasbro's analysis of *CCNV*, and rely on cases that do not support their position.  The Markham Parties' claim of having a pure motivation, meanwhile, is largely nonsensical because they focus on motivations having nothing to do with their termination claim.  And their claim of reasonable conduct is belied by their willingness to obfuscate the facts, ignore the evidence and pursue claims that they knew (or should have known) had no merit.

Their complaints with regard to Hasbro's fee request also reflect the Markham Parties' improper approach to this litigation.  They claim, for example, that Hasbro did not exclude fees unrelated to the termination claim, that they could not delineate the entries for which Hasbro sought reimbursement, and that Hasbro's claims lacked specificity.  All of those claims are patently false, as detailed herein.  And, in any event, such generalized complaints are not enough to defeat a request for fees.

---

[1] Capitalized terms used herein have the same meaning as those used in Hasbro's Motion.

In short, the Opposition carries forward, without contrition or an acknowledgement of error, the Markham Parties' dubious approach to this litigation.  Regardless of the merits of her claim, Ms. Markham saw in Section 304(c) an opportunity for another payday, to yet again renegotiate a deal that already nets her ████████████.  That unquenchable desire for more has cost Hasbro over $2 million in attorneys' fees.  Hasbro is entitled to reimbursement of a fair portion of that expenditure, as detailed in the Motion and accompanying documents.

## II.  ARGUMENT

### A.  The Markham Parties' Responses on the Evidentiary Issues Reaffirm That Their Case Was Objectively Unreasonable

Hasbro established by overwhelming evidence two levels of work-for-hire: (1) Bill Markham and his team created the Prototype for Klamer as a work-for-hire; and (2) Chambers and Israel created the Prototype for Bill Markham as a work-for-hire.  Proof of either negated the Markham Parties' ability to terminate the transfer of the Copyrights pursuant to 17 U.S.C. § 304(c).  In the Opposition, the Markham Parties assert that, despite this overwhelming evidence, their position was objectively reasonable.  *See, e.g.*, Opp. at 1, n.2, 9-20.  In so claiming, however, they fail to adequately defend their positions, as has been the case throughout this litigation.  That failure serves to highlight, rather than counter, the objectively unreasonable nature of the Markham Parties' case.

#### 1.  The Markham Parties Offer Only Weak Resistance With Respect to the Work-for-Hire Defense as it Relates to Klamer

With regard to the work-for-hire for Klamer, the Markham Parties defend the reasonableness of their claims by making two arguments: (1) they offered substantial evidence to defeat the expense prong of the instance and expense test (Opp. at 11-12, 15);[2] and (2) it was

---

[2] The Markham Parties do not claim that they had a good faith basis to oppose Hasbro's evidence on the instance prong.

reasonable for them to believe that the reservation provision in the Assignment Agreement trumped Hasbro's work-for-hire evidence (*Id*. at 15). With regard to the expense prong, the Markham Parties argue that, because Klamer received an advance on royalties, he bore no risk if the Game was not a commercial success. *Id*. at 11, 15. That, however, is not the point. Klamer's financial risk was not whether the Game was successful; his risk was that Milton Bradley would not accept the Game in the first place. The royalty advance was paid only <u>after</u> Milton Bradley agreed to manufacture and sell the Game. *See* Hasbro FOF at ¶¶ 143-144. Had Milton Bradley rejected the Game, Klamer would have been on the hook for all of Markham's costs, as well as his own, without any remuneration. The Court stated as much in its Decision. Decision at 21 (Klamer agreed to pay "any and all costs Markham incurred during the project . . . ***even if Klamer was unable to convince Milton Bradley to manufacture the Game.***") (emphasis added). By failing to focus on this basic point, the Markham Parties merely reinforce the fact that they have not, and seemingly cannot, address the substantive issues in a good faith manner.

The Markham Parties also repeat their point that Bill Markham was paid in the form of a royalty. Opp. at 15. But in so arguing, they fail to address the basic flaws with that position as identified by the Court, namely that: (1) the existence of a running royalty is an "inexact method" for determining ownership; (2) Bill Markham was not obliged to pay back his royalty advance; and (3) Klamer agreed from the outset to pay Bill Markham's costs, whatever the outcome. Decision at 22. By simply repeating a weak argument that was summarily rejected by the Court, without attempting to address the inherent weaknesses in that argument, the Markham Parties once again reaffirm that they brought objectively weak claims.

Finally, the Markham Parties repeat their argument that the Assignment Agreement "references a reversion of copyrights to Bill Markham, and it was reasonable to argue under

*Gertler* that this reservation of rights resolved the work-for-hire question in Markham's favor."
Opp. at 15. But the Markham Parties never explain why that was a reasonable position to take,
which is particularly problematic where the Court summarily rejected that argument. Decision
at 23-24. It cannot be enough for the Markham Parties to simply assert that their rejected
position was reasonable, without at least addressing the considerable problems with that position
that the Court identified.

> **2.     The Markham Parties' Reliance on Overturning a Discovery Order, and its Persistence in Making False Factual Claims, Reveals the Inherently Weak Nature of Their Claim**

The Markham Parties appear to concede that, as employees of Bill Markham, the work
that Chambers and Israel performed on the Prototype was done as a work-for-hire for Bill
Markham. Recognizing that this concession puts them in grave danger, the Markham Parties
resort to two arguments: (1) they claim that they were reasonable because the Court never should
have allowed Hasbro to make that argument in the first place; and (2) they put up reasonable
resistance in the face of the overwhelming evidence showing the critical roles played by
Chambers and Israel. Opp. at 2-3, 6, 9-10, 12, 16-19. Neither argument helps them.

> **a.     The Markham Parties Will Never Be Able to Overturn the Court's Discovery Order**

The Markham Parties begin their defense with the dubious proposition that the work-for-
hire defense, as it related to Chambers' and Israel's work, was improperly brought because
Hasbro raised it too late. Opp. at 6, 12, 14. The Court addressed this argument on the Markham
Parties' Motion to Preclude (Dkt. No. 140), however, and summarily rejected it. *See* Text Order,
November 15, 2017 ("The Plaintiff's motion to strike [140] and supplemental motion to strike
[142] are denied. The Court will hear evidence on all parties' theories with respect to authorship,
and work made for hire at the trial commencing Thursday morning."). As the Markham Parties

must know, rulings on such discovery motions are rarely overturned.  *See Pina v. Children's Place*, 740 F.3d 785, 791 (1st Cir. 2014) (Appellate courts "will intervene in such matters only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party.") (citations omitted); *Thibeault v. Square D Co.*, 960 F.2d 239, 243 (1st Cir. 1992) ("Our oversight must proceed in a manner highly respectful of the trial court's intimate knowledge of the case's ebb and flow."). As such, the Markham Parties' chances of overturning the court's discovery order are decidedly slim.

Nor should it be overturned.  A central issue in the case involved the question of who created the Prototype.  With no evidence that Bill Markham physically created anything, the Markham Parties' discovery responses on that topic were highly evasive.  *See* Opposition to Motion to Preclude (Dkt. No. 155) at 2-3.  Only during depositions did Hasbro come to understand, implicitly through questions from Markham's counsel and through highly coached answers from Ms. Markham, that the Markham Parties intended to claim Chambers' and Israel's work as Bill Markham's own.  *Id.* at 2-3, 8.  Because such a claim violated the work-for-hire exception in Section 304(c), Hasbro added that defense to its case.  *Id.* at 2-3, 8-9.  As such, Hasbro was hardly late in raising the defense.  *Id.*[3]

> **b.**     **The Markham Parties' Persistence in Making False Factual Assertions Reveals the Inherently Weak Nature of Their Claim**

The Markham Parties claim that Hasbro failed to focus on "the argument the Markham Parties actually presented: that Grace Chambers and Leonard Israel did not contribute significantly to the actual prototype of the Game."  Opp. at 16.  The Markham Parties begin this

---

[3] In any event, as Hasbro explained in its opposition, the Markham Parties could not claim harm because the facts that informed other aspects of the case – namely authorship – also informed that work-for-hire issue.  *Id.* at 4, 10-13.

argument by claiming that there was a "complete absence of any mention or recognition of Grace Chambers or Leonard Israel in the previously understood history of the Game of Life." *Id.* at 10. But that is contrary to Bill Markham himself who, in his 1989 deposition, acknowledged that Chambers and Israel worked on the Game. *See* Hasbro FOF ¶ 68 (Bill Markham Dep. dated June 15, 1989 at 126:13-22 ("[Q] I think you testified previously that among the people who worked on the game was Grace [Chambers] and Leonard Israel? [A] Yes. . . . And my wife.")). That claim also flies in the face of the single invoice generated by Bill Markham, which shows a substantial number of hours dedicated by Chambers and Israel to the project, and none dedicated by Bill Markham. *See* Hasbro FOF ¶¶ 140-41.

And in claiming that they provided counter-facts to rebut Chambers', Israel's and Klamer's highly credible testimony on the development of the Prototype, the Markham Parties repeat perhaps their most egregious behavior: making false factual claims. For example, after asserting falsely that Chambers and Israel created only routine components, the Markham Parties state in the Opposition that "[t]hese routine components were then used by Bill Markham to create final versions of the prototype houses for use on the actual game board." Opp. at 10. In support, they cite to Markham FOF 110, which cites to deposition and trial testimony of Chambers. *Id.*; Markham FOF 110. That testimony, however, says nothing about Bill Markham at all, let alone stating that he created the structures for the board. That example is just one of the many instances where the Markham Parties made false claims to this Court, and this one occurred *after* Hasbro called out this improper behavior in its papers and at closing argument.[4]

---

[4] Another example in the Opposition is the Markham Parties' claim that Chambers said that she created the balsa houses but could not remember anything else. Opp. at 10. The cites upon which the Markham Parties rely, however, state that Chambers "did a fair amount" of the building of the game board, which included the balsa structures. Declaration of Joshua C. Krumholz in Support of Hasbro's Reply at Ex. 1 (Trial Tr. Vol. IV at 71:13-72:2). Similarly, the Markham Parties claim that Bill Markham "completed the prototype," but all that meant was that he laid down the last bit of track at the restaurant when he and Klamer met Milton Bradley executives. Markham FOF ¶ 83.

*See, e.g.*, Motion at 16-17, 19, n.7; Declaration of Joshua C. Krumholz in Support of Hasbro's Reply (the "Krumholz Reply Dec.") at Ex. 2 (Trial Tr. Vol. V at 93:7-98:4). Such behavior is patently improper. *See Mag Jewelry Co. v. Cherokee, Inc.*, 496 F.3d 108, 123-24 (1st Cir. 2007) (In overturning the failure to award fees in a copyright case, the First Circuit observed that "Mag must have known early on that its infringement claim was tenuous, yet it managed to prolong the litigation by obscuring the clarity of the underlying facts.").

### 3.   The Markham Parties Still Do Not Understand What They Needed to Prove in Order to Prevail

The Opposition also confirms that, even at this late date, the Markham Parties do not understand the elements they needed to prove to prevail in this case. The Markham Parties note, for example, that Hasbro "had to prove that Ms. Chambers and Mr. Israel made original contributions to the prototype of the Game." Opp. at 16. Before any of that, however, the Markham Parties had to prove that Bill Markham was the copyright author of the Prototype. 17 U.S.C. § 304(c). And to do that, they needed to show that he physically created the Prototype. *See* Hasbro's Amended Proposed Conclusions of Law (Dkt. No. 217) at ¶¶ 6-8.

But to this day, the Markham Parties have offered nothing to show physical creation by Bill Markham. Instead, they still focus, even now, on documents listing Bill Markham as the "creator" of the Game, and documents claiming that he "invented, designed, and developed" the Game. Opp. at 9. But those documents still beg the basic question of whether Bill Markham physically created anything. Klamer, for instance, fits the above descriptions, but admitted that he did not physically create the Prototype.

The Markham Parties went into this litigation with no evidence of physical creation on Bill Markham's part, and developed none as the case proceeded. Surely they should have known that they could not prevail without this basic piece of evidence, yet they went blindly forward.

Such behavior warrants an award of fees.[5]  *See Ferraris Med., Inc. v. Azimuth Corp.*, No. CIV. 99-66-M, 2002 WL 1728225, at *3 (D.N.H. July 24, 2002) ("Defendant should not have been required to divert the significant time, attention, and resources required to defend a case that plaintiff (or its counsel) well knew, or well ought to have known, was both factually and legally unsupportable.").

### B. The Markham Parties' Defense of Their Legal Position on *CCNV* Is Not Supportable

In the Motion, Hasbro went to considerable effort to analyze *CCNV* and explain why it could not be interpreted to apply to the independent contractor prong of the 1909 Act.  Motion at 11-14.  The Markham Parties simply ignore that analysis, instead observing that Nimmer agrees with their position, and that the Eleventh Circuit has stated that *CCNV* "rejected" the instance and expense test.  Opp. at 1-2, 13.  Whatever Nimmer's personal musings, however, he also admits that the only courts to address the issue have rejected his argument.  3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 9.03[D] (2019); *see Twentieth Century Fox Film Corp. v. Entertainment Dist.,* 429 F.3d 869, 877-78 (9th Cir. 2005) (refusing to overturn forty years of precedent based on ambiguous dicta in *CCNV*), *abrogated on other grounds by Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 876 (2019).  And while the Eleventh Circuit in *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486 (11th Cir. 1990), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1243, n.2 (2010), stated that *CCNV* "rejected" the instance and expense test, it also made clear in that same sentence that *CCNV* was "defin[ing] the 'work for hire' doctrine *under the 1976 Act.*"  *M.G.B. Homes, Inc.,* 903 F.3d at 1490-91 (emphasis added).

---

[5] The Markham Parties note that they survived two motions to dismiss.  Opp. at 10.  Neither motion was brought by Hasbro, however, and neither dealt with the issues presently before the Court.

8

To be clear, it is not Hasbro's position that a party cannot challenge existing precedent, as the Markham Parties claim. Opp. at 11. But that challenge must be made in good faith and based on a fair reading of existing case law. The Markham Parties' position was anything but that. They failed to engage in a rigorous analysis, as all parties are required to do. Such an approach warrants the awarding of fees.

### C.      The Remaining *Fogerty* Factors Support the Awarding of Fees

The Markham Parties claim that the remaining *Fogerty* factors are in their favor. Opp. at 21. The opposite is true.

### 1.      The Markham Parties' Defense of Their Motivation Is Nonsensical

As Hasbro explained in the Motion, the Markham Parties' motivation in bringing this lawsuit runs contrary to the laudable goals of Section 304(c). Motion at 20-21. Contrary to the goal of providing an avenue for a disenfranchised artist to revisit the success of her work many decades later, Bill Markham's widow has attempted to use the provision to renegotiate a lucrative deal that, on average, already pays her ██████████ for having played no role in the creation of the Game. *Id.*; Opp. at 32. "[A] party is improperly motivated where it asserts claims 'not because of [their] inherent merit,' but rather because it seeks to 'knowingly gamble[] on an unreasonable legal theory in order to achieve a secondary gain,' such as 'the leveraging of settlement.'" *Janik v. SMG Media, Inc.*, No. 16-CIV-7308, 2018 WL 345111, at *13 (S.D.N.Y. Jan. 10, 2018) (citations omitted). That very much describes the Markham Parties' behavior. Regardless of whether they had a meritorious case, the Markham Parties concluded that they could use Section 304(c) to leverage yet another renegotiation out of Klamer and Hasbro. That is improper.

In response, the Markham Parties do not address that argument, but instead claim that they had two different motivations in bringing the lawsuit. One was to "restore royalty

payments." Opp. at 3, 22. That motivation, however, had nothing to do with the Markham Parties' termination claim. That motivation was related to the separately settled contract claims, for which Hasbro does not seek its fees.

The Markham Parties also claim that their real motivation was to have Bill Markham declared the author of the Game.[6] *Id*. at 3, 19, 22. But the trial was over the Markham Parties' termination claim. If they did not care about termination, they should have dropped that portion of their claim. By now claiming that they really did not care about the core claim that they brought, and against which Hasbro spent millions of dollars defending, the Opposition only serves to support Hasbro's claim for fees.

Just as importantly, by not offering a motive for the termination claim itself, the Markham Parties' silence constitutes the clearest admission of all. This case was a play for more money, not because Bill Markham was a disenfranchised artist, or because he and his heirs had been treated unfairly. This lawsuit was a play for more money by Ms. Markham and her daughter because they thought they could get away with it. Awarding fees is therefore appropriate. *See Janik*, 2018 WL 345111, at *13.

### 2.    The Markham Parties' Behavior Was Not Reasonable

The Markham Parties claim that their litigation conduct was reasonable (Opp. at 24), and with respect to discovery issues, Hasbro agrees. But that is not the only conduct worthy of examination. The Markham Parties' unreasonable behavior has taken three forms. One, they have repeatedly made false factual claims unsupported by the record, even after being called out on those falsities in prior pleadings and arguments. Motion at 16-17, 19, n.7; Krumholz Reply

---

[6] The Markham Parties point to the fact that they did not ask for termination of the copyright transfer in their response to Hasbro's demand for them to drop their termination claim. Opp. at 20. While that is true, they certainly wanted money in exchange for dropping that claim. *See* Krumholz Dec., Ex. 13 (Dkt. No. 262-6) at 2.

Dec. at Ex. 2 (Trial Tr. Vol. V at 93:7-98:4). Intentionally obfuscating the facts is behavior worthy of fees. *See Mag Jewelry*, 496 F.3d at 123-24.

Two, from the outset of this case, the Markham Parties have willfully ignored clear evidence, and falsely claimed that evidence would be forthcoming to contradict unrebutted and credible testimony. Motion at 6. Choosing to ignore overwhelming evidence is the kind of unreasonable behavior that supports an award of legal fees. *See Ferraris Med., Inc.*, 2002 WL 1728225, at *3 (In awarding fees, the court noted that, "[a]lthough defense counsel continually pointed out these problems, plaintiff nevertheless proceeded with its meritless claims, causing defendant to incur additional needless defense costs.").

Three, the Markham Parties behaved unreasonably in not dismissing their claims after hearing the testimony of Chambers and Israel. After that testimony, Hasbro offered the Markham Parties an exit, agreeing to waive its claim for fees and costs if they did so. Motion at 20; Krumholz Dec., Ex. 12 (Dkt. No. 262-5). In defending their refusal of that offer, the Markham Parties claim that they needed time to investigate the potential testimony of Linda Ross. Opp. at 20. Even if the Court were to credit that argument, however, which is a dubious one at best, that investigation should have resulted in a voluntary dismissal, because it was clear that Ms. Ross had nothing substantive to offer. Motion at 6. *See Ferraris Med., Inc.*, 2002 WL 1728225, at *4 (noting in awarding fees that "plaintiff slogged on, sometimes seeming to recognize the futility of its endeavor, and sometimes vaguely alluding to evidence (never forthcoming) that would support its case"). Instead, the Markham Parties brought her to trial and wasted everyone's (including Ms. Ross') time. As such, any claim by the Markham Parties that they behaved reasonably is misplaced.

### 3.      The Markham Parties' Deterrence Cases Focus Only on Close Cases

The Markham Parties cite several cases in support of their claim that "[a]n award of fees would not serve as a deterrent purpose."  Opp. at 22.  But all of those cases involved "hard-to-decide" issues, of which this was not one.  *See Mallon v. Marshall*, 268 F. Supp. 3d 264, 266-67 (D. Mass. 2017); *see also Author's Guild, Inc. v. Hathitrust*, No. 11-CV-6351, 2013 WL 603193, *2 (S.D.N.Y. Feb. 15, 2013) (plaintiff's claims were not unreasonable); *We Shall Overcome Found. v. Richmond Org., Inc.*, 330 F. Supp. 3d 960, 969 (S.D.N.Y. 2018) (defenses were not baseless).  Here, the Markham Parties' claims were very much without basis, and deterring the bringing of baseless claims is an appropriate reason to award fees.[7]  *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1986-87, 195 L. Ed. 2d 368 (2016) ("[W]hen a person . . . has an unreasonable litigating position, the likelihood that he will have to pay two sets of fees discourages legal action [which] . . . promote[s] the Copyright Act's purposes, by enhancing the probability that both creators and users . . . will enjoy the substantive rights the statute provides.").

### D.      Hasbro's Requested Fees Are Reasonable

The Markham Parties seek to lump all defendants together when discussing the amount of fees requested.  Hasbro cannot speak for the other defendants, but it does note the Markham Parties' acknowledgement that Hasbro took the lead in defending the case.  Opp. at 35-36.

As for the requested amount of fees, Hasbro took a conservative approach, removing fees not associated with the termination claim, removing fees generated, albeit appropriately, by

---

[7] The Markham Parties assert that their claims were not frivolous, which they say points in their favor.  Opp. at 21. Their claims were in fact frivolous because there is no scenario where they could have prevailed.  *See* Motion at 9-18.  Regardless, a party need not prove frivolousness to be awarded fees under Section 505.  *See Latin Am. Music Co. v. Am. Soc'y Of Composers, Authors & Publishers (ASCAP)*, 642 F.3d 87, 91 (1st Cir. 2011) ("A showing of frivolity or bad faith is not required; rather, the prevailing party need only show that its opponent's copyright claims or defenses were 'objectively weak.'").

tangential members of the team[8] and reducing its rates to be consistent with the views of its

independent third-party evaluator.  Motion at 23-24, 26-28; Krumholz Dec. (Dkt. No. 262) at ¶¶

14, 23, 31-33.  As such, its request is appropriate and in fact is far less than awards given in cases

discussed by the Markham Parties in their Opposition.  *See Perfect 10, Inc. v. Giganews, Inc.*,

No. 11-07098, 2015 WL 1746484 at *28 (C.D. Cal. Mar. 24, 2015) (awarding $5.2 million);

*Compaq Computer Corp. v. Ergonome, Inc.*, 196 F. Supp. 2d 471, 476 (S.D. Tex. 2002)

(awarding $2.7 million).

In response, the Markham Parties make generalized complaints, without pointing to any

specific entries.  That is not enough.  *See Latin Am. Music Co. v. Media Power Grp., Inc.,* 989 F.

Supp. 2d 192, 197 (D.P.R. 2013) (rejecting generalized complaints about excessive billings and

holding that "[i]t is not enough for litigants to merely mention a possible argument; they have the

responsibility to spell out the argument") (citations omitted); *Avery v. Hughes*, No. 09-CV-265-

JD, 2010 WL 4116849, at *3 (D.N.H. Oct. 19, 2010) ("While Hughes raises a valid question

about Avery's attorneys' mixed entries after August 11, he did not provide sufficient detail and

explanation to support his challenge.").

In addition, the Markham Parties claim that: (1) what Hasbro produced was not specific

enough (Opp. at 35); (2) Hasbro did not remove fees attributable to its non-termination claims

(*id*. 36-37); and (3) Hasbro did not delineate the entries on which it sought reimbursement (*id*.

at 37).  Those claims are patently false.  Hasbro provided unredacted[9] invoices submitted by

---

[8] The Markham Parties note that the submitted invoices list more than the attorneys and paralegals for whom Hasbro seeks reimbursement.  Opp. at 37.  That is correct.  Hasbro provided all of its bills, but then carefully explained how and in what ways it removed portions of them from its request, including hours for attorneys and paralegals that were not part of the core team.  *See* Krumholz Dec. (Dkt. No. 262) at ¶¶ 13, 23-24, 32; Exs. 1-5 (filed under seal), 8, 10 (filed under seal).

[9] The Markham Parties state that Hasbro's bills were largely unredacted.  Opp. at 37.  In fact, they were entirely unredacted.  *See* Krumholz Dec. (Dkt. No. 262) at Exs. 1-5, 10 (filed under seal).

Holland & Knight, as well as a listing of all hours billed to Hasbro by Holland & Knight through July 15, 2019. *See* Krumholz Dec. (Dkt. No. 262) at ¶¶ 13, 24, 31; Exs. 1-5, 10 (filed under seal). Entries unrelated to the termination claim were highlighted in yellow and removed from Hasbro's request. *See id.* at ¶¶ 13, 24, 31; Exs. 1-5, 8, 10. Finally, Hasbro provided an omnibus spreadsheet that compiled, by timekeeper, the total hours billed, the total hours billed regarding the termination claim only, the total amounts billed to Hasbro regarding the termination claim at each timekeepers' average billing rate and Hasbro's bottom line requested amount per timekeeper based on Mr. Oliverio's recommended rate. *See id.* at Ex. 8. That request is based only on hours billed regarding the termination claim, and omits those entries highlighted in yellow. *See id.* at ¶¶ 13, 24, 31; Exs. 1-5 (filed under seal), 8, 10 (filed under seal). As such, Hasbro clearly has met its obligations to show clearly what it is and is not claiming.

### E.     The Markham Parties' Claim of Impecuniousness Is Without Merit

The Markham Parties claim that Ms. Markham cannot afford to pay the requested fees, so they should not be awarded. First, fees may be awarded even where it is difficult or impossible for a litigant to pay them. *See Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 796 (S.D. Tex. 2009) ("A prevailing party in a copyright case does not forfeit the ability to obtain a fee award because it is wealthy. A losing party who files an objectively unreasonable infringement case is not exempt from having to pay a fee award based on limited means."). Second, generating ███████████ for work performed by others, with which one had no involvement, hardly makes one poor. In fact, ███████████ in compensation makes Ms. Markham quite wealthy. To suggest otherwise suggests a complete lack of awareness.[10]

---

[10] The Markham Parties also claim that a fee award is inappropriate because there was no claim for damages. Opp. at 33-34. But it has been the Markham Parties' plan from the outset to regain the copyrights and then try to block Hasbro's production of the Game. If successful, that plan would have resulted in many millions of dollars in lost

## III.    <u>CONCLUSION</u>

For the reasons set forth above and in Hasbro's Motion, Hasbro respectfully requests that the Court grant the Motion, and enter an award pursuant to 17 U.S.C. § 505 of Hasbro's reasonable attorneys' fees in the amount of $1,951,323.63, plus its travel-related costs in the amount of $9,112.36 and the $10,256.45 of costs sought in Hasbro's Bill of Costs (*see* Dkt. 255), for a total award of $1,970,692.44.

DATED: October 8, 2019                    Respectfully submitted,

/s/ Patricia K. Rocha
Patricia K. Rocha (#2793)
Joseph Avanzato (#4774)
ALDER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Telephone: (401) 274-7200
Facsimile:  (401) 351-4607
Email: procha@apslaw.com
           javanzato@apslaw.com

Joshua C. Krumholz (admitted Pro Hac Vice)
Courtney L. Batliner (admitted Pro Hac Vice)
Mark T. Goracke (admitted Pro Hac Vice)
HOLLAND & KNIGHT LLP
10 St. James Ave., 11th Floor
Boston, MA 02116
Telephone: (617) 523-2700
Facsimile:  (617) 523-6850
Email: joshua.krumholz@hklaw.com
           courtney.batliner@hklaw.com
           mark.goracke@hklaw.com

*Attorneys for Hasbro, Inc.*

---

revenue.  Ultimately, Hasbro is not interested in wasting its money, and it would not have defended the case as vigorously as it did if it did not see significant financial risk if the Markham Parties prevailed.

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2019, I caused a true and correct copy of the foregoing document to be served on counsel of record *via the electronic court filing system (ECF).*


_____/s/ Patricia K. Rocha_____

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

MARKHAM CONCEPTS, INC., SUSAN
GARRETSON, and
LORRAINE MARKHAM, individually and
in her capacity as Trustee of the Bill and
Lorraine Markham Exemption Trust and the
Lorraine Markham Family Trust,

     *Plaintiffs,*

     v.

HASBRO, INC., REUBEN KLAMER,
THOMAS FEIMAN, ROBERT MILLER,
MAX CANDIOTTY, DAWN LINKLETTER
GRIFFIN, SHARON LINKLETTER,
MICHAEL LINKLETTER, LAURA
LINKLETTER RICH, and DENNIS
LINKLETTER,

     *Defendants.*

C.A. No. 1:15-cv-00419-S-PAS

## DECLARATION OF JOSHUA C. KRUMHOLZ
## IN SUPPORT OF HASBRO'S REPLY
## IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES AND COSTS

I, Joshua C. Krumholz, pursuant to 28 U.S.C. § 1746, hereby declare and state as follows:

1.     I am a partner with the law firm of Holland & Knight LLP ("Holland & Knight"), attorneys of record for Hasbro, Inc. ("Hasbro") in the above-referenced case.  I have been admitted to represent Hasbro in this matter *pro hac vice.*  I submit this Declaration in support of Hasbro's Reply in Support of its Motion for Attorneys' Fees and Costs.

2.     Attached hereto as **Exhibit 1** is a true and accurate copy of excerpts from the November 17, 2017 Bench Trial (Vol. IV).

3.     Attached hereto as **Exhibit 2** is a true and accurate copy of excerpts from the May 10, 2018 Bench Trial (Vol. V).

174

***

I declare under penalty of perjury and under the laws of Rhode Island that the foregoing is true and correct to the best of my knowledge.  Executed this 8th day of October 2019.

/s/ *Joshua C. Krumholz*
Joshua C. Krumholz

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8, 2019, I caused a true and correct copy of the foregoing document to be served on counsel of record *via the electronic court filing system (ECF)*.

_____/s/ *Patricia K. Rocha*_____

Case 1:15-cv-00419-WES-PAS   Document 209-1   Filed 11/07/19   Page 177 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS   Document 270-2   Filed 10/08/19   Page 1 of 11   PageID #: 10926
11330

# EXHIBIT 1

Case 1:15-cv-00419-WES-PAS   Document 239-1   Filed 11/07/19   Page 178 of 258 PageID #: 11331
Case 1:15-cv-00419-WES-PAS   Document 209-1   Filed 10/08/19   Page 2 of 91   PageID #: 10927

1

```
 1                    UNITED STATES OF AMERICA
                    UNITED STATES DISTRICT COURT
 2               FOR THE DISTRICT OF RHODE ISLAND
                              - - -
 3                 HONORABLE WILLIAM E. SMITH
           CHIEF, UNITED STATES DISTRICT JUDGE PRESIDING
 4                            - - -

 5
     MARKHAM CONCEPTS, INC., ET AL.,   )
 6                                     )
                  PLAINTIFF,           )
 7                                     )
     VS.                               )   CASE NO.: CV 15-419-S
 8                                     )
     HASBRO, INC., ET AL.,             )
 9                                     )
                  DEFENDANT.           )
10   _____)

11

12

13            REPORTER'S TRANSCRIPT OF PROCEEDINGS

14              FRIDAY, NOVEMBER 17, 2017

15                LOS ANGELES, CALIFORNIA

16

17

18

19
                 LAURA MILLER ELIAS, CSR 10019
20            FEDERAL OFFICIAL COURT REPORTER
              350 WEST FIRST STREET, ROOM 4455
21             LOS ANGELES, CALIFORNIA 90012
                   PH:  (213)894-0374
22

23

24

25
```

```
1    APPEARANCES OF COUNSEL:

2    ON BEHALF OF PLAINTIFF:

3              CADWALADER, WICKERSHAM & TAFT
               BY: ROBERT M. POLLARO, ESQ.
4                  JOHN T. MOEHRINGER, ESQ.
                   DAVID ASHLEY (DASH) COLE, ESQ.
5                  KATHERINE DeVRES, ESQ.
               ONE WORLD FINANCIAL CENTER
6              NEW YORK, NEW YORK 10281

7    ON BEHALF OF DEFENDANT REUBEN KLAMER:

8              GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO
               BY: PATRICIA L. GLASER, ESQ.
9                  ERICA J. VAN LOON, ESQ.
                   BRITTANY ELIAS, ESQ.
10             10250 CONSTELLATION BOULEVARD
               19TH FLOOR
11             LOS ANGELES, CALIFORNIA 90067

12   ON BEHALF OF DEFENDANT HASBRO:

13             HOLLAND & KNIGHT
               BY:  JOSHUA C. KRUMHOLZ, ESQ.
14                 COURTNEY L. BATLINER, ESQ.
               10 ST. JAMES AVENUE
15             BOSTON, MA 02116

16             ROB TURNER, ESQ.
               1027 NEWPORT AVENUE
17             PAWTUCKET, RI 02861

18   ON BEHALF OF DEFENDANTS LINKLETTER AND ATKINS:

19             THOMPSON COBURN
               BY:  GARY WEXLER, ESQ.
20                 DAVID B. JINKINS, ESQ.
               2029 CENTURY PARK EAST
21             19TH FLOOR
               LOS ANGELES, CALIFORNIA 90067
22
               HINKLEY ALLEN & SNYDER
23             BY:  CHRISTINE BUSH, ESQ.
               100 WESTMINSTER STREET
24             PROVIDENCE, RI 02903

25
```

Case 1:15-cv-00419-WES-PAS Document 269-1 Filed 11/07/19 Page 180 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS Document 269-1 Filed 10/08/19 Page 4 of 11 PageID #: 10929
11333

3

```
1

2
                              INDEX
3

4     WITNESSES FOR
      THE DEFENSE:
5                       DIRECT    CROSS     REDIRECT    RECROSS
      KLAMER, REUBEN
6
      BY:  MS. GLASER                          49
7
      BY:  MR. POLLARO          6                          53
8

9     CHAMBERS, GRACE

10    BY:  MS. VAN LOON    58

11    BY:  MR. MOEHRINGER       83

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1    LOS ANGELES, CALIFORNIA; FRIDAY, NOV. 17, 2017; 10:20 A.M.

 2                          - - -

 3              THE CLERK:  Calling Case No. CV 15-419-WES.

 4              Markham Concepts, Incorporated versus Hasbro.

 5              Please state your appearances.

 6              THE COURT:  I think we can assume all the

 7    appearances are the same as yesterday.  So welcome back

 8    counsel and welcome back, Mr. Klamer.  We're I think ready to

 9    proceed with your, um, with the cross-examination, and I just

10    remind you you're still under oath, Mr. Klamer.

11              THE WITNESS:  Yes.

12              THE COURT:  All right.  Are we ready to proceed?

13              MR. POLLARO:  Yes, Your Honor.

14              THE COURT:  So just as you're getting ready to go

15    forward, if we could just clarify a couple of things with

16    respect to exhibits.  There were, if I understand things

17    correctly, all of the exhibits that were in the stipulated

18    exhibit binder are all admitted in full.  That is the binder

19    that is entitled joint trial exhibits.

20              And then there were a number of exhibits that were

21    referred to yesterday some of which were in this binder and

22    others were not.  And those were described both by their tab

23    number and their exhibit number, and the clerk has made note

24    of all of those that were referred to.  Some of them I think

25    are already admitted in full, but I think others may not have
```

1    idea to base the game off The Checkered Game of Life?

2    A.   No, actually, that was one of the requirements that

3    Reuben Klamer gave us.  That it should be different, but it

4    should be called The Game of Life.

5    Q.   What about the use of a circuitous track throughout the

6    game board versus an outer track?  Was that one of the

7    original ideas or concepts that Mr. Klamer gave you at the

8    outset of working on the game?

9    A.   Yes, I believe so.  Again, he spoke to Bill Markham, but

10   I know he, um, Reuben Klamer, he wanted -- he wanted the game

11   to involve a family.  Therefore, they would have a car which

12   means there should be a track and the track should cover all

13   phases of life.  There's school, there's university, there's,

14   you know, everything in life, and so that's how it kind of

15   came into being.  That was the inspiration the family game of

16   life and. . .

17   Q.   It was your understanding that that instruction came

18   from Mr. Klamer and not from Mr. Markham; is that correct?

19   A.   Yes, yes.

20   Q.   What about the use of an elevated track?  Is that a

21   concept that came from Mr. Klamer?

22   A.   I believe so, yes, yes.

23   Q.   And was that a direction that he gave you at the outset

24   of creating The Game of Life, if you recall?

25   A.   I would say so.  It was so long ago and, you know, the

```
 1    other thing is that he had talked to Mr. Markham at the onset

 2    and I don't know, we don't know, Leonard and I, didn't -- we

 3    weren't in on that conversation or that meeting, but I

 4    understand that it was Reuben Klamer's idea to be realistic

 5    with a track and the roadways would sometimes go upwards.

 6            So all of a sudden, you're faced with three

 7    dimensions and, of course, to create the game board in a

 8    realistic way, you would have to have depth and, again, three

 9    dimensions.  So in that way it was completely different than

10    other game boards on the market.

11    Q.   Who did the actual hands-on work of building the

12    prototype game board?

13    A.   Well, I did a fair amount of it.  Leonard helped

14    somewhat and whenever he could cause he had other projects

15    that he was working on.  Um, and yeah, I suppose that I used

16    in those days, balsa wood to create the dimensional buildings

17    and roadways and so on.

18    Q.   So just to be clear, you built the houses of the

19    prototype; is that correct?

20    A.   I did, yes.

21    Q.   Did you build the mountains on the prototype?

22    A.   Yes.

23    Q.   Did you construct the elevated track physically on the

24    prototype?

25    A.   Yeah, I'm sure.  Yeah, it's many years ago, but I do, I
```

1   do recall working with the different materials and the

2   cardboard and forming it and so on.

3   Q.   Did Sue Markham work on the physical construction of the

4   prototype?

5   A.   No, but I do recall that she typed out, uh, some of the

6   information for the cards, you know, the instructions and so

7   on.  She was involved to a point.

8   Q.   But with regard to actually physically constructing the

9   board game, did Sue Markham actually physically construct the

10  board game?

11  A.   No, she didn't.

12  Q.   And you said that Mr. Israel helped construct portions

13  of the game; is that correct?

14  A.   Yes.

15  Q.   Do you recall which portions those were?

16  A.   Uh, not really.  Uh, yeah, not really, but I did, I

17  suppose I did most of it.  And Leonard was involved in other

18  projects, too and, of course, he did the package which was an

19  important part of it and, um, yeah.

20  Q.   Did Bill Markham physically construct any portions of

21  the prototype game board?

22  A.   No.  Actually, you know, looking back, I don't remember

23  that much help from Bill, although he must have, but I, you

24  know, as far as the board game, uh, the comp, the model, I

25  don't recall Bill actually helping with that.  And it was

73

```
 1   primarily myself and Leonard helped with some of it.
 2   Q.   What was Mr. Klamer's role during the construction of
 3   the prototype?  Did he ever come into Bill Markham's office
 4   while you were working on it?
 5   A.   Yeah, he was there a lot.  He came at least twice a week
 6   and sometimes once a week, but he was there.  And many times
 7   he, you know, didn't like certain things we had done or had
 8   done, but he had definite ideas on how it should go.
 9   Q.   How often would say Mr. Klamer visited Bill Markham's
10   office while you were building the prototype?
11   A.   As far as I remember, at least once a week and often
12   twice a week.  He was pretty anxious to keep the deadline and
13   to meet the deadline.
14   Q.   Who did Reuben meet with when he visited your offices?
15   A.   Well, he always met with Bill first, and then came into
16   the room that Leonard and I were working.  And that's where
17   we had laid out, you know, the work, the game model.
18   Q.   When you met with Mr. Klamer in the portion of the
19   office where you and Leonard worked in, was Mr. Markham
20   present at those meetings?
21   A.   I would say not often, but once in a while, he was.
22   Yeah, I don't recall.  It was usually Mr. Klamer coming in to
23   see how we were doing and, you know, once in a while, Bill
24   would come in.  Often he was not in the office period, Bill
25   Markham.  He was tending to something else, you know, another
```

1    are two exhibits that I would like to admit that if there's

2    any contention, she would be able to authenticate.

3              THE COURT:  All right.  Let's be off the record for

4    a moment.

5              (Discussion held off the record.)

6              THE COURT:  We'll go back on the record briefly.

7    The parties have agreed that JTX 509 and HTX 21 are

8    stipulated as full exhibits.  Just confirming on the record

9    that Mr. Krumholz, Hasbro has no questions of this witness?

10             MR. KRUMHOLZ:  That's correct, Your Honor.

11             THE COURT:  And Ms. Van Loon, you have no redirect?

12             MS. VAN LOON:  No further questions, Your Honor.

13             THE COURT:  All right.  Then Ms. Chambers, your

14   testimony is complete and you may step down.  Thank you very

15   much for being here.

16             Off the record.

17             (Proceedings were concluded at 1:10 p.m.)

18

19

20

21

22

23

24

25

```
 1
 2                    CERTIFICATE OF REPORTER
 3
 4   COUNTY OF LOS ANGELES       )
 5                               )  SS.
 6   STATE OF CALIFORNIA         )
 7
 8   I, LAURA ELIAS, OFFICIAL REPORTER, IN AND FOR THE UNITED
 9   STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA,
10   DO HEREBY CERTIFY THAT I REPORTED, STENOGRAPHICALLY, THE
11   FOREGOING PROCEEDINGS AT THE TIME AND PLACE HEREINBEFORE SET
12   FORTH; THAT THE SAME WAS THEREAFTER REDUCED TO TYPEWRITTEN
13   FORM BY MEANS OF COMPUTER-AIDED TRANSCRIPTION; AND I DO
14   FURTHER CERTIFY THAT THIS IS A TRUE AND CORRECT TRANSCRIPTION
15   OF MY STENOGRAPHIC NOTES.
16
17
18   DATE:  JANUARY 4, 2018_____
19
20   _____/s/  LAURA MILLER ELIAS_____
21   LAURA MILLER ELIAS, CSR 10019
22   FEDERAL OFFICIAL COURT REPORTER
23
24
25
```

# EXHIBIT 2

Case 1:15-cv-00419-WES-PAS   Document 269-1   Filed 11/07/19   Page 189 of 258 PageID #:
11342
Case 1:15-cv-00419-WES-PAS   Document 270   Filed 10/08/19   Page 1 of 19   PageID #: 10958
1

```
 1              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
 2

 3

 4    * * * * * * * * * * * * * *
                               * CA NO. 15-419-WES
 5    MARKHAM CONCEPTS, INC.,   *
      SUSAN GARRETSON, and      *
 6    LORRAINE MARKHAM,         *
      individually and in her   *
 7    capacity as Trustee of    *
      the Bill and Lorraine     *
 8    Markham Exemption Trust   *
      and the Lorraine Markham  *
 9    Family Trust              *
                               *
10          VS.                 * MAY 10, 2018
                               *
11    HASBRO, INC., REUBEN      *
      KLAMER, THOMAS FEIMAN,    *
12    ROBERT MILLER, MAX        *
      CANDIOTTY, DAWN           *
13    LINKLETTER GRIFFIN,       *
      SHARON LINKLETTER,        *
14    MICHAEL LINKLETTER, LAURA *
      LINKLETTER RICH, and      *
15    DENNIS LINKLETTER         *
                               * PROVIDENCE, RI
16    * * * * * * * * * * * * * *

17

18

19          BEFORE THE HONORABLE WILLIAM E. SMITH

20                      CHIEF JUDGE

21
                  (BENCH TRIAL - VOLUME V)
22

23

24

25
```

1    **APPEARANCES:**

2    FOR THE PLAINTIFFS:          ROBERT M. POLLARO, ESQ.
                                  JOHN T. MOEHRINGER, ESQ.
3                                 DAVID A. COLE, ESQ.
                                  Cadwalader, Wickersham & Taft
4                                 200 Liberty Street
                                  New York, NY  10281
5
                                  MARY CAVANAGH DUNN, ESQ.
6                                 Blish & Cavanagh
                                  30 Exchange Terrace
7                                 Providence, RI  02903

8    FOR THE DEFENDANTS:          JOSHUA C. KRUMHOLZ, ESQ.
     Hasbro, Inc.                 COURTNEY L. BATLINER, ESQ.
9                                 MARK T. GORACKE, ESQ.
                                  ROBERT TURNER, ESQ.
10                                CAMILLE FRAMROZE, ESQ.
                                  Holland & Knight
11                                10 St. James Avenue, 11th Floor
                                  Boston, MA  02116;
12
     Ruben Klamer                 PATRICIA GLASER, ESQ.
13                                ERIKA J. VAN LOON, ESQ.
                                  Glaser Weil Fink Howard Avchen
14                                & Shapiro
                                  10250 Constellation Blvd.
15                                19th Floor
                                  Los Angeles, CA  90067
16
                                  ERIC E. RENNER, ESQ.
17                                Renner Law
                                  50 South Main Street, Suite 202
18                                Providence, RI  02903

19   Linkletter and Atkins       CHRISTINE K. BUSH, ESQ.
     Defendants                  Hinckley, Allen & Snyder
20                                100 Westminster Street
                                  Suite 1500
21                                Providence, RI  02903

22                                DAVID B. JINKINS, ESQ.
                                  Thompson Coburn
23                                One US Bank Plaza
                                  St. Louis, MO  63101
24
     Court Reporter:              Denise P. Veitch, RPR
25                                One Exchange Terrace
                                  Providence, RI  02903

1    10 MAY 2018 -- 10:00 A.M.

2         THE COURT:  Good morning, everyone.  We're here

3    in the matter of Markham Concepts, Inc. v. Hasbro,

4    Inc., et al, and we're here for closing arguments on

5    the bench trial in this matter.  Let's have counsel

6    identify themselves for the record, and let's begin

7    with the Plaintiffs.

8         MR. POLLARO:  Robert Pollaro, Cadwalader

9    Wickersham & Taft, here for the Markham parties.

10        MR. MOEHRINGER:  John Moehringer, Cadwalader,

11   Wickersham & Taft, Markham parties.

12        MR. COLE:  Good morning, your Honor.  David

13   Cole, Cadwalader, Wickersham & Taft, here on behalf of

14   the Markham parties.

15        MS. DUNN:  Good morning, your Honor.  Mary Dunn,

16   local counsel on behalf of the Markham parties.

17        MR. KRUMHOLZ:  Good morning, your Honor.  Josh

18   Krumholz from Holland & Knight on behalf of Hasbro.

19        MS. BATLINGER:  Good morning, your Honor.

20   Courtney Batliner from Holland & Knight on behalf of

21   Hasbro.

22        MS. GLASER:  Good morning, your Honor.  Patricia

23   Glaser for Ruben Klamer.

24        MS. VAN LOON:  Good morning, your Honor.

25   Erica van Loon from Glaser Weil for Mr. Klamer.

4

```
 1              MR. RENNER:  Good morning, your Honor.  Eric
 2     Renner for Mr. Klamer.
 3              MR. JINKINS:  Good morning, your honor.
 4     David Jinkins on behalf of Linkletter and Atkins.
 5              MS. BUSH:  Good morning, your Honor.  Christine
 6     Bush on behalf of the Atkins and the Linkletter
 7     Defendants.
 8              MR. TURNER:  Robert Turner on behalf of Hasbro,
 9     your Honor.
10              MS. FRAMROZE:  Camille Framroze on behalf of
11     Hasbro.
12              MR. GORACKE:  And Mark Goracke on behalf of
13     Hasbro.
14              THE COURT:  Very good.  Thank you all very much.
15              All right.  So we have a lot to cover and a lot
16     of folks who want to argue.  I think there was an
17     exchange of some e-mails about argument.  Frankly I
18     can't remember exactly what I said; I'm sure I gave you
19     plenty of time, but so I think Plaintiffs will go
20     first.  And how much time did I give you?
21              MR. POLLARO:  An hour-and-a-half.
22              THE COURT:  Total, right?
23              MR. POLLARO:  No.  Two hours total.  I think an
24     hour-and-a-half initially.
25              THE COURT:  You don't need to use it all, all
```

1    And there's nothing.  There just --

2          THE COURT:  Well, the evidence, I mean the

3    evidence that I get from Plaintiffs' case is that it's

4    two things, may be related; it's documentary,

5    contemporaneous documents in which statements are made

6    that they say reflect what the reality was at the time,

7    which is that he designed, created, and all the words,

8    and it's the, sort of the gaps in the sort of negative

9    inferences that you can draw from the lack of evidence

10   that anyone else did.  So the way I get their case is

11   they put these two things together and say, look,

12   there's a lot of documents that say he created

13   everything and there really isn't anything else besides

14   this testimony of Israel and Chambers and Klamer, which

15   they say is completely fabricated and inconsistent, and

16   if you put all of that together there's nothing else to

17   show that anybody else did it and never any documents

18   that said he did it, and that's the theory, I think.

19         MR. KRUMHOLZ:  I agree with all of that.  I

20   think that is their theory.

21         What the documents show is entirely consistent

22   with somebody who played a meaningful role, a

23   meaningful enough role to get a patent, a meaningful

24   enough role to be acknowledged as inventor, designer,

25   developer, and a meaningful role in supervising,

1    providing input, providing information, providing

2    thoughts, providing direction.  I mean what he did is

3    unknowable, you know, 60 years later, but all the

4    evidence suggests that he did play a role and it was a

5    role of that nature.  All the documents are a hundred

6    percent consistent with that.

7            But that's not the question for the Court.  The

8    question before the Court is whether he physically

9    created something.  And there is nothing -- you know,

10   if he physically created, if he did a sketch, you know,

11   where is it; right?  I mean if we want to go with a

12   negative inference, you know, this is his baby, this is

13   the thing that has paid him millions of dollars, and he

14   said out of nowhere, you know, I had this unfinished

15   board; where is the board?  I don't have the cite on

16   hand, but in 1989 he said yeah, I think I have some

17   sketches in my attic or in my garage or wherever.

18   Well, where are they?  They haven't been produced in

19   this case; right?

20           There is no -- if we're going to go with the

21   negative inference, this is their burden.  They have to

22   show that there was physical creation on his part.  And

23   the documents are consistent with somebody who's played

24   a role, but not consistent with or inconsistent with

25   somebody who physically created something.  And so then

1    we look at the other evidence, right, the other

2    contemporaneous documents and testimony, and we have

3    the invoice, as we talked about.  We have each of their

4    testimony in 1989.  We know that Ms. Israel --

5    Ms. Chambers and Mr. Israel played a meaningful role,

6    six week full-time.  And then we have their testimony;

7    right?  And their testimony, right, the Court has

8    already acknowledged this, but their testimony could

9    not have been clearer:  "I was assigned to come up with

10   what the box cover should look like."  That's

11   Mr. Israel.

12        And who did the packaging?  And then from

13   Ms. Chambers:

14        "Question:  And who did the packaging?

15        "Answer:  Leonard Israel did it."

16        And from Ms. Chambers, "Question:  What role, if

17   any, did Ms. Chambers" -- oh, from Mr. Israel:

18        "What role, if any, did Ms. Chambers have in

19   connection with the creation of the game board?

20        "Answer:  She put it all together and did the

21   final art work on it."

22        The question to her:

23        "Who did the actual hands-on work of building

24   the prototype game board?

25        "Answer:  Well, I did a fair amount of it.

1    Leonard helped somewhat and whenever he could cause he

2    had other projects that he was working on.

3            "Question:  So just to be clear, you built the

4    houses of the prototype; is that correct?

5            "Answer:  I did, yes.

6            "Question:  Did you build the mountains on the

7    prototype?

8            "Answer:  Yes.

9            "Question:  Did you construct the elevated track

10   physically on the prototype?

11           "Answer:  Yeah, I'm sure.  Yeah, it's many years

12   ago, but I do, I do recall working with the different

13   materials and the cardboard and forming it and so on."

14           So for the Court to conclude anything else, as

15   Mr. Pollaro has said, they really have to -- your Honor

16   has to conclude that they were lying.

17           And they go through a significant exercise in

18   trying to show inconsistencies to the Court in their

19   testimony to make that case, and this is where frankly

20   things gets a little troubling.  Troubling in terms of

21   advocacy because they, for instance, say in finding of

22   fact 99, they state that Mr. Israel did not physically

23   create anything.  And below that are the cites that

24   they rely on to have the Court adopt that finding of

25   fact.  The first one is Mr. Israel saying that he was

1   assigned to come up with the box cover and what it

2   should look like.  Doesn't seem like it supports that

3   statement.

4        The next one is just a discussion about what

5   Ms. Chambers did, which is not inconsistent.  The next

6   two are what Sue Markham did, not inconsistent.  And

7   the last one is the discussion about the fact that

8   Ms. Chambers took the sketches, the art work that

9   Mr. Israel created and did what would indeed be a rote

10  process of enlarging it into a box cover.  So we can

11  dismiss that fabrication.

12       Findings of facts 102 and 103.  They claim that

13  Mr. Israel said that Ms. Chambers created the cover,

14  and Chambers said that she did not.

15       All Mr. Israel said in the cite that they

16  reference is what I just talked about; Ms. Chambers did

17  the physical process of enlarging the art work that was

18  created by Mr. Israel.  And then Ms. Chambers

19  truthfully said, to the question of who did the cover,

20  it was Mr. Israel, because the creation of the cover

21  was the art work that he did in the sketch.  Nothing

22  inconsistent there.

23       And then they claim that Mr. Israel and

24  Ms. Chambers performed only routine tasks, and they say

25  both of them.  There is not a single cite that

1  discusses Ms. Chambers at all, but they threw her name

2  in there and asked the Court to adopt that as finding

3  of fact.

4      And they cite to Mr. Israel's deposition.  What

5  Mr. Israel was talking about, and this is in our brief,

6  is his first year on the job.  He was not talking about

7  the work that he did.  Again, not an accurate

8  representation.

9      Your Honor asked about this, their claim that

10  Ms. Chambers didn't know what "binding" was, findings

11  of fact 104 through 106.  When you go -- first of all,

12  not remembering about binding is hardly a reason to

13  believe that she got up to the Court and lied.  But

14  independent of that, when you look at the testimony,

15  she didn't understand the question which came out of

16  the blue from Mr. Pollaro in that context.  Asking

17  about binding, she didn't connect the dots.  When she

18  was shown the invoice it was clear that there was

19  recognition, saying Oh, you're talking about the

20  binding for the work on the board, sure, that makes

21  sense.  So it doesn't even support the proposition that

22  they claim.

23      Then they have a whole independent finding of

24  fact that says that Mr. Israel and Ms. Chambers didn't

25  know important facts.  Again, the cites don't mention

1    Mr. Israel at all, yet they make that statement.  And

2    all they're doing is citing to the binding cite that I

3    talked about above.

4         And the last one, they claim that it's not clear

5    whether Mr. Israel and Ms. Chambers worked on the

6    prototype.  Their entire support for that is

7    Mr. Markham's testimony that he created multiple

8    prototypes, and from that apparently they want the

9    Court to infer that it's not clear that they worked on

10   a prototype.  And by the way, with that testimony, to

11   go back to producing the best evidence, where are all

12   those prototypes that Mr. Markham created?  What effort

13   have they made to find those and produce those?

14   Because we haven't seen those either.

15        So I guess in sum, you asked the question is

16   there any reason not to believe them.  What is their

17   skin in the game?  The answer is they have no skin in

18   the game.  I mean we asked them whether they had any

19   skin in the game, and they said they didn't.  But we

20   also asked them more particularly, you know, about

21   their relationship with Mr. Markham because maybe they

22   hold a grudge.  I mean we affirmatively asked.

23   Mr. Israel said he enjoyed his time working there.

24   Ms. Chambers said, you know, she had good relations

25   with them, it was just time for her to move on.

1      You know, they had the opportunity to

2   cross-examine these witnesses.  They had the

3   opportunity to test out these theories and allow the

4   Court the opportunity to see the demeanor of the

5   witnesses and to see whether, you know, there was any

6   reason to question.  They frankly just wasted our time

7   in cross-examination and then come up here with all

8   this nonsense and challenge their integrity.

9      They talk about this being a legacy issue.  Now,

10  none of that matters for the Court, but I would say

11  that there's a great deal of irony in pretending that

12  this is a legacy issue for them when Mr. Markham knew

13  that copyrights were being registered and didn't care.

14  And they actively frankly for no other reason than

15  greed wanted to totally subtract not only Mr. Israel's

16  contribution, not only Ms. Chambers' contribution, but

17  Sue Markham, his own wife's contribution.

18     They said that the status quo does not change.

19  And again, I'm not going to pretend that this matters

20  for your decision-making, but I think it's just

21  important to get out.  The reason they say the status

22  quo does not change is because if the Court somehow

23  rules in their favor, they don't intend to terminate.

24  They intend to go and try to hold this up.

25     This is not about legacy.  This is about

1    HTX114, between them where it says explicitly that

2    Mr. Klamer would pay the cost.  JTX15 is a virtually

3    contemporaneous agreement dealing with different

4    products and different projects where they said they

5    would pay the cost.  And PTX283 is a document almost a

6    year later between them where for the first time they

7    decided to share the cost and they explicitly accepted

8    The Game of Life from that modified agreement.

9         And also the second day of testimony on page 49,

10   lines 22 through 24:

11        "Question:  Did you owe Markham for his costs

12   whether you did a deal with Milton Bradley or not?

13        "Answer:  Yes, I did."

14        THE COURT:  Okay.  Very good.

15        All right.  Thank you.  I'm going to get to work

16   on getting an opinion here together.  It will probably

17   be hopefully not too long, but at least I would say a

18   couple of months before I get you an opinion; but I'm

19   very confident you'll have it no later than August.

20        All right.  We'll be in recess.

21        (Adjourned)

22

23

24

25

```
 1              C E R T I F I C A T I O N

 2

 3

 4

 5

 6         I, Denise P. Veitch, RPR, do hereby certify

 7    that the foregoing pages are a true and accurate

 8    transcription of my stenographic notes in the

 9    above-entitled case.

10

11

12

13                      /s/ Denise P. Veitch_
                        Denise P. Veitch, RPR
14

15

16                      May 29, 2018
                        Date
17

18

19

20

21

22

23

24

25
```

Case 1:15-cv-00419-WES-PAS   Document 287-1   Filed 11/07/19   Page 203 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS   Document 289-1   Filed 10/09/19   Page 204 of 258 PageID #:
11356

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and LORRAINE MARKHAM, individually and in her capacity as Trustee of the Bill and Lorraine Markham Exemption Trust and the Lorraine Markham Family Trust, | |
|     Plaintiffs, | Case No. 1:15-cv-419-S-PAS |
| v. | |
| HASBRO, INC., REUBEN KLAMER, DAWN LINKLETTER GRIFFIN, SHARON LINKLETTER, MICHAEL LINKLETTER, LAURA LINKLETTER RICH, DENNIS LINKLETTER, THOMAS FEIMAN, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, ROBERT MILLER, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, and MAX CANDIOTTY, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust. | |
|     Defendants. | |
| REUBEN KLAMER, | |
|     Counterclaim Plaintiff, | |
| v. | |
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON and LORRAINE MARKHAM, | |
|     Counterclaim-Defendants. | |

## ASSENTED-TO MOTION TO EXTEND TIME TO FILE A REPLY
## TO PLAINTIFFS' COMBINED OPPOSITION TO
## DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS

Pursuant to Federal Rule of Civil Procedure 6(b), Defendant and Counterclaim Plaintiff

Reuben Klamer ("Klamer") hereby moves for an order extending Klamer's time to file a reply to

Plaintiffs' Combined Opposition to Defendants' Motions for Attorneys' Fees and Costs

("Combined Opposition") up to and including October 18, 2019.  Plaintiffs have assented to this Motion.

This Court entered its judgment on August 14, 2019.  (Dkt. No. 251.)  Each Defendant thereafter filed a motion, assented to by Plaintiffs, to extend the time they had to file a motion for attorneys' fees.  (Dkt Nos. 252, 253, and 254.)  Defendants' motions for extension were granted, and on September 6, 2019, each Defendant filed a motion for attorneys' fees and costs.  (Dkt. Nos. 258, 259, and 265.)

On September 12, 2019, Plaintiffs filed a motion, assented to by all Defendants, to extend Plaintiffs' time to file responses to Defendants' motions for attorneys' fees and costs.  (Dkt. No. 266.)  The Court granted Plaintiffs' motion for extension, and on October 1, 2019, Plaintiffs filed a 39-page Combined Opposition, with three supporting declarations.  (Dkt. Nos. 275 and 276.)

Pursuant to Local Rule Cv 7(a)(4), the deadline for Klamer to file a reply to the Combined Opposition is currently October 8, 2019.  Due to the short deadline to respond and the upcoming Jewish holidays (Yom Kippur and Succoth), for which Klamer's counsel will be out of the office, Klamer respectfully requests an additional ten (10) days, up to and including October 18, 2019, to file his reply to Plaintiffs' Combined Opposition.


Dated: October 3, 2019


 /s/ Eric E. Renner
Eric E. Renner (#7481)
RENNER LAW LLC
50 South Main St., Suite 202
Providence, RI  02903
Telephone: (401) 404-5251
Facsimile: (401) 404-5285
erenner@rennerlawllc.com

Patricia L. Glaser (admitted *pro hac vice*)
Thomas P. Burke, Jr. (admitted *pro hac vice*)
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Blvd., 19th Flr.
Los Angeles, California 90067

2

Case 1:15-cv-00419-WES-PAS   Document 287-1   Filed 10/07/19   Page 205 of 258 PageID #:
11358
Case 1:15-cv-00419-WES-PAS   Document 287-1   Filed 10/09/19   Page 3 of 4 PageID #: 10848

Telephone: (310) 553-3000
Facsimile:  (310) 556-2920
pglaser@glaserweil.com
tburke@glaserweil.com

Erica J. Van Loon (admitted *pro hac vice*)
LATHROP GAGE, LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 789-4659
Facsimile: (310) 789-4601
evanloon@lathropgage.com

*Attorneys for Defendant and Counterclaim*
*Plaintiff Reuben Klamer*

3

Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 11/07/19 Page 206 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS Document 287-1 Filed 10/09/19 Page 4 of 4 PageID #: 10844
11359

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2019, this document, filed through the

CM-ECF system, will be sent electronically to the registered participants as identified on the

Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-

registered participants.

/s/ Eric E. Renner
Eric E. Renner

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and LORRAINE MARKHAM, individually and in her capacity as Trustee of the Bill and Lorraine Markham Exemption Trust and the Lorraine Markham Family Trust, <br><br> Plaintiffs, <br><br> -against- <br><br> HASBRO, INC., REUBEN KLAMER, DAWN LINKLETTER GRIFFIN, SHARON LINKLETTER, MICHAEL LINKLETTER, LAURA LINKLETTER RICH, DENNIS LINKLETTER, THOMAS FEIMAN, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, ROBERT MILLER, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust, and MAX CANDIOTTY, in his capacity as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust. <br><br> Defendants. | Case No. 1:15-cv-419-S-PAS |
| REUBEN KLAMER, <br><br> Counterclaim Plaintiff, <br><br> -against- <br><br> MARKHAM CONCEPTS, INC., and LORRAINE MARKHAM, <br><br> Counterclaim Defendants. | |

# PLAINTIFFS' COMBINED OPPOSITION TO
## DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ..................................................................................................

I.      INTRODUCTION ...............................................................................................1

II.     BACKGROUND ................................................................................................5

III.    DENIAL OF FEES IS APPROPRIATE GIVEN THAT THE *FOGERTY*
        FACTORS WEIGH IN FAVOR OF PLAINTIFFS ...........................................7

        A.      Legal Standards.......................................................................................7

        B.      The Markham Parties' Copyright Claims Are Objectively Reasonable And
                Not Objectively Weak...............................................................................9

                1.      The Markham Parties' Case Against Work-For-Hire Was Not
                        "Objectively Weak"....................................................................12

                        a.      The Markham Parties Did Not Advance an Objectively
                                Weak Case That The Instance And Expense Test Was
                                Overruled ........................................................................12

                        b.      Even Under The Instance And Expense Test, The Markham
                                Parties' Arguments Were Not Objectively Weak..........14

                        c.      The Markham Parties Advanced Reasonable Arguments
                                that Neither Grace Chambers Nor Leonard Israel Worked
                                on the Actual Prototype of the Game.............................16

                2.      The Markham Parties' Litigation Decisions Following the
                        November Trial Were Objectively Reasonable ..........................18

        C.      Regardless Of The Objective Reasonableness Of Plaintiffs' Case, The
                Remaining Factors Weigh In Favor Of Denying The Award Of Fees ................21

                1.      Plaintiffs' Case Is Not Frivolous................................................21

                2.      Plaintiffs' Motivation Is Consistent With Purposes Of The
                        Copyright Act.............................................................................21

                3.      The Need To Advance Consideration Of Compensation And
                        Deterrence ..................................................................................22

                4.      Plaintiffs' Litigation Conduct was Reasonable and Plaintiffs Took
                        Every Opportunity to Conserve Party Resources .......................24

IV.   DEFENDANTS' FEES REQUESTS ARE EXCESSIVE AND SHOULD BE
      DENIED OR SIGNIFICANTLY REDUCED ...................................................27

      A.    Legal Standards...........................................................................27

      B.    The Defendants' Fee Requests Are Excessive And Should Be Denied ...............28

      C.    If Awarded, The Markham Parties Are Entitled To A Significant
            Reduction In The Requested Award ..........................................................31

            1.    The Markham Parties Are Financially Impecunious Relative To
                  The Defendants ........................................................................32

            2.    The Fees Are Excessive Given That No Damages Were Alleged
                  By Defendants ..........................................................................33

      D.    Unreasonableness Of Fees .................................................................35

V.    DEFENDANTS KLAMER AND LINKLETTER FAILED TO FOLLOW THE
      LOCAL RULES.............................................................................38

VI.   CONCLUSION...............................................................................39

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES:

*Airframe Sys., Inc. v. L-3 Commc'ns Corp.*,
    658 F.3d 100 (1st Cir. 2011).................................................................8, 27, 29

*Alifax Holding SpA v. Alcor Sci. Inc.*,
    No. CV 14-440 WES, 2019 WL 4247737 (D.R.I. Sept. 5, 2019) (Smith, C.J.).............. *passim*

*Authors Guild, Inc. v. Hathitrust*,
    No. 11 CV 6351, 2013 WL 603193 (S.D.N.Y. Feb. 15, 2013) ........................................ 23-24

*Bos.'s Children First v. City of Bos.*,
    395 F.3d 10 (1st Cir. 2005).................................................................................28

*Broad Music, Inc. v. C.B.G., Inc.*,
    No. 11-cv-40142-FDS, 2014 WL 4656879 (D. Mass. Sept. 12, 2014) ......................29, 32, 33

*Cmty. for Creative Non-Violence v. Reid*,
    490 U.S. 730 (1989) ("*CCNV*") .................................................................. 1-2, 12

*Compaq Comp. Corp. v. Ergonome Inc.*,
    196 F. Supp. 2d 471 (S.D. Tex. 2002), *aff'd*,
    387 F.3d 403 (5th Cir. 2004) ...............................................................................30

*Conway v. Licata*,
    144 F. Supp. 3d 212 (D. Mass. 2015) .................................................................34

*Coutin v. Young & Rubicam P.R., Inc.*,
    124 F.3d 331 (1st Cir. 1997)...............................................................................38

*Donnell v. United States*,
    682 F.2d 240 (D.C. Cir. 1982)............................................................................36

*Erickson Prods., Inc. v. Only Websites, Inc.*,
    No. 12-CV-1693, 2015 WL 13745786 (S.D.N.Y. Sept. 2, 2015), *aff'd as modified*,
    2016 WL 1337277 (S.D.N.Y. Mar. 31, 2016) ................................................. 37-38

*First St. Ins. Grp. v. Nationwide Mut. Ins. Co.*,
    401 F.3d 43 (1st Cir. 2005)...................................................................... *passim*

*Fogerty v. Fantasy, Inc.*,
    510 U.S. 517 (1994)............................................................................... *passim*

**PAGE(S)**

*Forward v. Thorogood*,
 985 F.2d 604 (1st Cir. 1993) ............................................................................. 13

*García-Goyco v. Law Envtl. Consultants, Inc.*,
 428 F.3d 14 (1st Cir. 2005) ............................................................................. 8, 29

*Garnier v. Andin Int'l, Inc.*,
 884 F. Supp. 58 (D.R.I. 1995) ......................................................................... *passim*

*Greene v. Ablon*,
 No. 09-10937-DLJ, 2013 WL 4714344 (D. Mass. Aug. 28, 2013), *aff'd*,
 794 F.3d 133 (1st Cir. 2015) ................................................................................ 34

*Hensley v. Eckerhart*,
 461 U.S. 424 (1983) ......................................................................................... *passim*

*InvesSys Inc. v. McGraw-Hill Cos.*,
 No. Civ. A. 01-12048-GAO, 2003 WL 21696545 (D. Mass. May 27, 2003) ............. 29, 35-36

*InvesSys Inc. v. McGraw-Hill Cos.*,
 369 F.3d 16 (1st Cir. 2005) .................................................................................. 29

*Janik v. SMG Media, Inc.*,
 No. 16-Civ.-7308, 2018 WL 345111 (S.D.N.Y. Jan. 10, 2018) ......................................... 21-22

*Johnson v. Ga. Hwy. Exp., Inc.*,
 488 F.2d 714 (5th Cir. 1974) ................................................................................. 38

*Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*,
 820 F. Supp. 2d 569 (S.D.N.Y. 2011) ...................................................................... 24-25

*Kirtsaeng v. John Wiley & Sons, Inc.*,
 136 S. Ct. 1979 (2016) ..................................................................................... *passim*

*Latin Am. Music Co. v. ASCAP*,
 642 F.3d 87 (1st Cir. 2011) .................................................................................. 29

*Lieb v. Topstone Indus., Inc.*,
 788 F.2d 151 (3d Cir. 1986) ............................................................................... *passim*

*Lin-Brook Bldrs. Hardware v. Gertler*,
 352 F.2d 298 (9th Cir. 1965) ................................................................................. 14

*Lotus Dev. Corp. v. Borland Int'l, Inc.*,
 140 F.3d 70 (1st Cir. 1998) ............................................................................... *passim*

**PAGE(S)**

*M.G.B. Homes, Inc. v. Ameron Homes, Inc.*,
    903 F.2d 1486 (11th Cir. 1990) ..................................................................2, 13

*Mallon v. Marshall*,
    268 F. Supp. 3d 264 (D. Mass. 2017) .......................................................24, 26, 29

*Marco v. Accent Publ'g Co.*,
    969 F.2d 1547 (3d Cir. 1992)...........................................................................15

*Marvel Characters, Inc. v. Kirby*,
    726 F.3d 119 (2d Cir. 2013)............................................................................15

*Matthews v. Freedman*,
    157 F.3d 25 (1st Cir. 1998)..............................................................................29

*Muller v. Twentieth Century Fox Film Corp.*,
    No. 08 Civ. 02550, 2011 WL 3678712 (S.D.N.Y. Aug. 22, 2011) ........................32

*Oravec v. Sunny Isles Luxury Ventures L.C.*,
    No. 04-22890-CIV, 2010 WL 1302914 (S.D. Fla. Mar. 31, 2010) ........................36

*Perfect 10 Inc. v. Giganews*,
    No. CV 11-07098-AB, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015), *aff'd*,
    847 F.3d 647 (9th Cir. 2017) ...........................................................................30

*Playboy Enters., Inc. v. Dumas*,
    53 F.3d 549 (2d Cir. 1995)..............................................................................15

*Polsby v. St. Martin's Press, Inc.*,
    No. 97 Civ. 690, 2001 WL 180124 (S.D.N.Y. Feb. 22, 2001) ..............................33

*Quaglia v. Bravo Networks*,
    No. 04-10460-RWZ, 2006 WL 2691686 (D. Mass. Sept. 19, 2006).....................27

*Randolph v. Dimension Films*,
    634 F. Supp. 2d 779 (S.D. Tex, 2009) ...............................................................33

*Scott-Blanton v. Universal City Studios Prods. LLLP*,
    593 F. Supp. 2d 171 (D.D.C. 2009)..................................................................37

*Soc'y of Tranfiguration Monastery, Inc. v. Archbishop Gregory of Denver, Colo.*,
    780 F. Supp. 2d 121 (D. Mass. 2011) ...............................................................29

*Spooner v. EEN, Inc.*,
    644 F.3d 62 (1st Cir. 2011).................................................................29, 34, 36

                                                                                      **PAGE(S)**

*T-Peg Inc. v. Vt. Timber Works, Inc.*,
    669 F.3d 59 (1st Cir. 2012)..................................................................... 27, 28, 33-34

*Vargas v. Transeau*,
    No. 04 Civ. 9772, 2008 WL 3164586 (S.D.N.Y. Aug. 6, 2008), *aff'd*,
    352 F. App'x 458 (2d Cir. 2009) (Summary Order)..............................................32

*We Shall Overcome Found. v. Richmond Org., Inc.*,
    330 F. Supp. 3d 960 (S.D.N.Y. 2018)..................................................................23

*Woodhaven Homes & Realty, Inc. v. Hotz*,
    396 F.3d 822 (7th Cir. 2005) .............................................................................28

*Zamoyski v. Fifty-Six Hope Rd. Music Ltd.*,
    767 F. Supp. 2d 218 (D. Mass. 2011) ................................................. 27-28, 29, 32

**STATUTES & OTHER AUTHORITIES:**

17 U.S.C. § 505 ........................................................................................................7

Fed. R. Civ. P. 11(b)(2)..........................................................................................13

DRI LR 54.1(b)(1)(D)..............................................................................................38

3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 9.03[D] (2019) ................2, 13

4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.10 (2019) ....................4, 29

## I.     **INTRODUCTION**

The fees[1] requested by the Defendants are not due "as a matter of course" and are not warranted in this case based on the several "nonexclusive factors" identified by the Supreme Court in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), and *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016), each of which weigh in favor of the Markham Parties.  The *Fogerty* factors include "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  510 U.S. at 234 n.19 (citation omitted).  When properly weighed, as instructed by the Supreme Court, it is apparent that an award of fees in this case would frustrate, not further, the purposes and policies of the Copyright Act by chilling artists like Bill Markham from asserting their rights against large corporations such as Hasbro. *Id.* at 524. The Defendants' Motion should be denied for at least the following reasons.

*First,* the Defendants' Motions for fees should be denied because the Markham Parties did not put forward an objectively weak case – factually or legally.  The Markham Parties presented multiple reasonable arguments for why the Game of Life could not and should not be considered a work for hire.[2]  Defendants focus almost exclusively on the Markham Parties' third argument: that *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740-41 (1989) ("*CCNV*"), destroyed the rationale of the "instance and expense" test.  Defendants fail to acknowledge, among other things, that the foremost expert on copyright law and the author of the prestigious *Nimmer on Copyright* treatise (cited extensively by this court in its Findings of Fact) has

---

[1]     "Fees" as referred to herein refers to both the costs and fees requested by the Defendants.

[2]     Plaintiffs repeatedly made three objectively reasonable arguments, namely (1) the express reservation of rights in the assignment agreement precluded application of the instance and expense test; (2) the test could not be satisfied even if improperly applied because no party satisfied both the instance and expense prongs; and (3) the test had been overruled. *See, e.g.,* D.I. 152 at 9-13; D.I. 218 at 17-20.

unambiguously declared that the "support undergirding the [instance and expense test] line of cases has entirely collapsed" as a result of *CCNV*.  *See* 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 9.03[D] (2019).  Mr. Nimmer is not alone in his assessment; the Eleventh Circuit Court of Appeals agrees and has similarly stated that the rationale of the instance and expense test had been "rejected" by *CCNV*.  *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1490-91 (11th Cir. 1990).  For the Markham Parties to advance these very same arguments, as an issue of first impression[3] in the First Circuit, is legally objectively reasonable.

The Markham Parties' legal arguments were corroborated by over 50 years of history about the Game of Life, as spelled out in the documentary evidence presented throughout the proceedings, none of which identified Grace Chambers or Leonard Israel.  Although Bill Markham was unable to speak for himself in this case, the documentary evidence consistently identified Bill Markham as the creator of Game of Life, and the only dispute between the parties was whether Bill Markham could be considered to have created the work alone or as a work-for-hire for Reuben Klamer.  The new work-for-hire theory that ultimately carried the day – *i.e.*, that the game was create by Grace Chambers and Leonard Israel for Bill Markham – was proposed by Defendants only after the close of discovery and mere weeks before trial.  In fact, even from an early point the facts showed that authorship was murky, as the registrations originally listed Milton Bradley as the author of the Game despite all evidence to the contrary.[4]  In this case, the Markham Parties' arguments and reliance on decades of evidence crediting Bill Markham with

---

[3]    Regardless of whether *Forward* represents binding precedent on whether district courts must use the instance and expense test, there is no dispute that the *Forward* court was not presented with, and therefore did not decide, the question of whether *CCNV* had any impact on whether the test should be applied.

[4]    Even the Court agreed the registrations were incorrect in listing Milton Bradley as the original author. *See* Findings of Fact and Conclusions of Law, D.I. 240 at 22 (finding that Klamer was the author *ab initio* of the copyrighted works)

the creation of the Game was not unreasonable.  Thus, the Markham Parties' case was

objectively reasonable, weighing against an award of fees.

      ***Second***, the remaining *Fogerty* factors, which were all but ignored by the Defendants,

each weigh in favor of the Markham Parties.  The Markham Parties did not have an improper

motivation – their motivation was to restore royalty payments due to Bill Markham's heirs and to

correctly identify Bill Markham as the author of the Game of Life copyrights.  Further, an award

of fees in this case would not serve any purpose of deterrence, as the Markham Parties have not

previously litigated a copyright issue relating to the Game and are not likely to file any further

cases relating to copyrights regardless of whether a fee is awarded.  In fact, an award of fees

would serve only to deter future independent artists, such as Markham, from bringing potentially

meritorious cases for fear of being bankrupted if they don't succeed.[5]

      ***Third***, awarding attorneys' fees in this case would frustrate, rather than promote, the

policies of the Copyright Act.  For nearly 60 years, the Markham family has held and guarded its

sincere belief, corroborated by documentary evidence, that Bill Markham was the creator of the

Game of Life.  After the death of Bill Markham, the Markhams watched as Reuben Klamer

began to claim sole credit for the Game and attempted to restrict the flow of royalties associated

with the Game.  The widow and children of Bill Markham were forced to pursue the present case

because Hasbro refused to release royalties and failed to clarify the authorship of the Game, even

if the case meant going against goliaths in the industry such as Reuben Klamer, Art Linkletter,

and Hasbro, the largest toy and game company in the United State.  The Copyright Act and its

fee-shifting provision was intended to encourage plaintiffs to pursue meritorious cases, not to

deter individuals such as the Markhams from bringing claims against large corporations such as

---

[5]    Bill Markham filed for bankruptcy less than a decade after the Game was created.

Hasbro. Awarding attorneys' fees in this case would have a chilling effect on future individuals considering whether to sue to establish rights they have to works of authorship. *See Lotus Dev. Corp. v. Borland Int'l, Inc.*, 140 F.3d 70, 75 (1st Cir. 1998) ("[B]ecause novel cases require a plaintiff to sue in the first place, the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff, who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim."). The outrageous fees being sought by Hasbro and the other Defendants would serve no purpose other than to financially ruin the individuals of the Markham family. An award of fees therefore is inappropriate in this case. *See Lieb v. Topstone Indus., Inc.,* 788 F.2d 151, 158 (3d Cir. 1986) ("[T]he aims of the statute are compensation and deterrence where appropriate, but not ruination.").

*Fourth*, the fees requested by the Defendants are excessive. Defendants collectively ask for over $4 Million in fees and costs. An award of this amount is unprecedented in the First Circuit, and other circuits have entertained such requests only a handful of times, and only then in extreme and exceptional circumstances. 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.10 (2019). An award at even a fraction of what the Defendants are asking would undercut the polices of the Copyright Act. This is particularly the case when, as here, the Markham Parties took all reasonable steps to efficiently litigate the authorship issue in this case first before its other claims. Conversely, Defendants have not litigated this case reasonably and consistently filed separate yet substantively similar briefs over the course of the litigation. On nearly every occasion, Defendants used an army of over 30 attorneys to submit substantially the same arguments, causing their fees to triple. Defendants should not now be allowed to use the fee shifting provisions of the Copyright Act to push their inefficiencies onto the Markham Parties.

4

The decision to award fees is left entirely to the Court's equitable discretion.  For all of the above reasons, this Court should deny the Defendants' Motions.

## II.    <u>BACKGROUND</u>

The Court is familiar with the procedural and factual background of this case from its own Findings of Fact and from the Defendants' Motions.  Plaintiffs provide only such additional background as relevant to the present combined Response and to emphasize the portions of the case which Defendants are attempting to sweep under the rug.

Plaintiffs initially brought this case in October of 2015 primarily as a breach of contract action following Hasbro's refusal to release royalties based on Reuben Klamer's refusal to sign a new escrow agreement which would allow the royalty-receiving parties to continue receiving royalties as per their long-standing arrangement.  *See* Complaint, D.I. 1.  When the case was filed, the Markham Parties were not receiving ANY royalties and had not for some time. *Id.* Following the intervention of Reuben Klamer (and the addition of the Linkletter parties into the case), the parties exchanged various pleadings and Klamer and the Linkletter defendants filed motions to dismiss the case on various grounds.  D.I. 49; D.I 62.  These motions were denied entirely and withdrawn, respectively.  D.I. 128; D.I. 102.  The parties also filed motions regarding Plaintiffs' prior counsel, who had moved to a new firm.  D.I. 75.  Although a claim requesting a declaration that Bill Markham was the "sole creator, designer, developer, inventor, author, and owner of the Game, and all of its intellectual property . . . " was included in the First Amended Complaint, the parties were not able to litigate this claim until discovery was re-opened in 2017.  *See* D.I. 14; D.I. 94; D.I. 107.  Thereafter, Defendants continually asserted the same theory with respect to the right for statutory termination: that no such right could exist

because Klamer was Bill Markham's employer. [6] *See* D.I. 140, Ex. B; D.I. 142, Ex. A.  The

parties conducted discovery under this contention through the close of discovery on September

29, 2017.

On October 24, 2017, mere weeks before the beginning of trial in the case, Defendants

**for the first time** asserted a theory that the Game was a work-for-hire, with Grace Chambers and

Leonard Israel as actual creators of the Game of Life and Bill Markham as their employer.

Hasbro was the first Defendant to raise this new theory.  The Markham Parties quickly objected

to Hasbro's belated disclosure in a letter to the Court dated October 31, 2017 and a

teleconference on November 2, 2017.  *See generally* D.I. 142.  After receiving permission to file

a motion, the Markham Parties filed a motion to strike Hasbro's new theory.  *Id.* Fifteen minutes

after the motion was filed, Klamer served supplemental discovery responses now including this

new theory.  *Id.*  Klamer's supplementation could have been served during discovery, when

Hasbro filed its own supplemented discovery responses, or after the Markham Parties repeatedly

objected to the late supplementation, but instead Klamer waited until the Markham Parties had

filed a first motion so as to cause the Markham Parties to have to prepare and file a second

motion, driving up litigation costs.  *Id.*  The Markham Parties' objections were ultimately

overruled by the Court the day before the trial began in a text order. *See* November 15, 2017

Text Order.

The Markham Parties agreed to streamline the case and proceed with the first phase of

the trial in this case, beginning on November 16, 2017.  As a concession to Defendants and to

allow the Court to hear live testimony from Defendants' witnesses, the Markham Parties agreed

---

[6]    Hasbro initially offered a second theory: that the Game was a work-for-hire by Bill Markham for Milton
Bradley.  This theory was later abandoned and waived, and Hasbro did not pursue it at trial or in its post-
trial briefing.

to try the initial portion of the case in Los Angeles.  Defendants' witnesses gave testimony that

both supported and contradicted the documentary evidence of the case, but the Court did not

make any statement regarding the credibility of the witnesses until its final Findings of Fact

delivered at the conclusion of the entire case, more than a year later.  D.I. 240.  The trial then

proceeded to a second phase in Rhode Island after a disinterested witness – the niece of Bill

Markham – contacted the Court regarding her personal experience playing the prototype with her

Uncle prior to its commercial release and witnessing the industry acknowledge Markham as

having created the Game. *See* D.I. 178, Ex. A; D.I. 184. The Court further heard testimony from

expert witnesses.

The Court issued its Findings of Fact and Conclusions of Law on January 25, 2019 after

all the testimony was received.  D.I. 240.  Again, in order to simplify proceedings, the Markham

Parties agreed to settle the majority of the Causes of Action and stipulated to dismissal of those

claims on August 14, 2019 leaving only the "authorship" and "right of termination" issues for

appeal.  D.I. 249.  Per the stipulation, each side was to pay its own costs and fees relating to the

dismissed claims. *Id.*  The Markham Parties have since filed a Notice of Appeal and intend to

appeal the Findings of Fact to the First Circuit.  D.I. 267.

## III.    DENIAL OF FEES IS APPROPRIATE GIVEN THAT THE *FOGERTY* FACTORS WEIGH IN FAVOR OF PLAINTIFFS

### A.    Legal Standards

The Copyright Act provides that courts may, but are not required to, "award a reasonable

attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.  The Supreme Court

has made absolutely clear that this decision is left ultimately to the discretion of the Court, and

that in no event should fees be granted as a matter of course.  *Fogerty*, 510 U.S. at 534; *see also*

*Kirtsaeng*, 136 S. Ct. at 1988 ("[I]f some court confuses the issue of liability with that of reasonableness, its fee award should be reversed for abuse of discretion.").

The First Circuit applies four nonexclusive factors in determining whether to award attorneys' fees as outlined by the Supreme Court in *Fogerty*. These four factors are frivolousness, motivation, factual and legal objective unreasonableness, and considerations of compensation and deterrence. *Airframe Sys., Inc. v. L-3 Commc'ns Corp.*, 658 F.3d 100, 108 (1st Cir. 2011) (*citing Fogerty*, 510 U.S. at 534 n.19). In the *Fogerty* analysis, objective reasonableness of the arguments presented by the non-prevailing party is critical. *Kirtsaeng*, 136 S. Ct. at 1985. The Copyright Act is best served when parties advance meritorious arguments, and therefore not every unsuccessful plaintiff should be required to pay the fees associated with litigating their case. *Id.* Instead, a prevailing party must show that the opponent's claims were "objectively weak." *García-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14, 20 (1st Cir. 2005).

However, even where a party's case has been objectively weak, a court can still refuse to award attorneys' fees based on other factors about the case. *Kirtsaeng*, 136 S. Ct. at 1988 ("objective reasonableness can be only an important factor in assessing fee applications – not the controlling one"). For example, cases that present novel arguments or complex issues of law should generally not lead to an award of fees, as awarding fees against plaintiffs who brought reasonable actions might lead to fewer meritorious suits being filed. *See Lotus Dev.*, 140 F.3d at 75 ("[B]ecause novel cases require a plaintiff to sue in the first place, the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff, who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim."). Advancing a novel and reasonable but ultimately unsuccessful case serves the purposes of the Copyright Act. *Kirstaeng,* 136 S. Ct. at 1986-87.

8

221

An award of fees may be appropriate if it serves to punish litigation misconduct, or if it deters additional meritless cases. *Id.* at 1988. On the other hand, a lack of such misconduct or deterrence reduces the value of awarding attorneys' fees. Overall, *Fogerty* requires District Courts to use their discretion in determining whether to award fees "with the goal of vindicating the overriding purpose of the Copyright Act[.]" *Lotus Dev.*, 140 F.3d at 73.

### B. The Markham Parties' Copyright Claims Are Objectively Reasonable And Not Objectively Weak

Far from objectively weak, the arguments presented by the Markham Parties were consistent with the long standing history of the Game of Life, and were supported by all of the contemporaneous documentary evidence, subsequent deposition testimony in the 1980s, and even much of the testimony adduced during the present proceedings. For example, Bill Markham was identified as having "invented, designed, and developed" the Game of Life in both the Assignment Agreement he signed with Reuben Klamer and in correspondence he received from Reuben Klamer. *See* Plaintiffs and Counter-Claim Defendants The Markham Parties' Findings of Fact ("FOF"), D.I. 220 ¶¶ 257-58, 264, 277. Other documents from Reuben Klamer complimented Bill Markham on having "rush[ed] the game to completion" and having "done a wonderful job." *Id.* ¶ 291. Bill Markham testified under oath that he personally created multiple aspects of the game, including the iconic spinner. *Id.* ¶ 75. Grace and Leonard also attributed the creation of the spinner to Bill Markham. *Id.* ¶¶ 75-76, 107. Reuben Klamer similarly testified that Bill Markham was the one who actually put the finishing touches on the game, when he completed assembling the board at the Chasen's dinner presentation with Milton Bradley. *Id.* ¶ 139. Even well into this case, Klamer filed a Declaration, subject to the penalty of perjury, referring to the copyrighted prototype as "Mr. Markham's Prototype." *Id.* ¶ 289. This is

9

particularly telling given that Klamer testified that he visited Markham's studio several times a week and oversaw all aspects of the prototype's development. 11/16/2017 Trial Tr. 18:23-19:1.

Also noteworthy was the complete absence of any mention or recognition of Grace Chambers or Leonard Israel in the previously understood history of the creation of the Game of Life. None of the profusion of documents from the previous five decades mention, let alone describe any substantive contributions made by Ms. Chambers or Mr. Israel to the prototype of the Game of Life. Neither Ms. Chambers nor Mr. Israel was asked to sign the Assignment Agreement. Even during trial, Leonard Israel testified that he remembered making "thumbnail sketches" for different possible approaches to the cover of the Game, but did not create the cover itself. 11/16/2017 Trial Tr. 117:11-13, 133:21-134:10. Mr. Israel testified unequivocally that he did not make any physical contributions to the prototype. 11/16/2017 Trial Tr. 114:5-115:1; *see also* FOF ¶ 6. Similarly, Grace Chambers testified that she made houses for the game board from balsa wood but could not provide any more specifics than that. 11/17/2017 Trial Tr. 71:13-20. These routine components were then used by Bill Markham to create final versions of the prototype houses for use on the actual game board. FOF ¶ 110. This testimony is corroborated by Bill Markham's own prior testimony, as well as with Leonard's deposition testimony in this case that he only did "routine tasks" at Markham's request. *Id.* ¶ 113. The Court's Findings of Fact ultimately found that Grace Chambers and Leonard Israel physically worked on the prototype, but given the mountain of evidence Plaintiffs presented, their argument that Bill Markham was the sole creator of the Game was not unreasonable or objectively weak.[7] In fact, the Markham Parties successfully defended two Motions to Dismiss by Defendants, indicating that their case was objectively reasonable. *See Alifax Holding SpA v. Alcor Sci. Inc.*, No. CV 14-440 WES,

---

[7] Indeed, Ms. Chambers testified that even her own résumés did not describe any work she did on the prototype of the Game of Life.

10

2019 WL 4247737, at *3 (D.R.I. Sept. 5, 2019) (Smith, C.J.) (finding that denial of a dispositive motion suggested that the claim was not "objectively weak").

Even with respect to the work-for-hire arguments, the Markham Parties advanced objectively reasonable arguments.  Defendants assert that one of the Markham Parties' arguments was objectively weak because it was foreclosed by First Circuit precedent. Defendants have not argued, nor could they, that binding First Circuit precedence rendered the Markham Parties' other arguments objectively weak.  Even assuming this precedent was binding, Defendants' argument would create a rule that any attempt to challenge and possibly overturn Circuit precedent is *per se* objectively weak.  This rule would result in absurdity; in a hypothetical situation where the Supreme Court altered its interpretation of a law, any attempt by a party to assert the new interpretation in a Circuit would be judged "objectively weak" until the prior Circuit precedent was formally reversed with the Supreme Court's instructions.  This cannot and should not be the case.  Moreover, the argument against the instance and expense test was but one of Plaintiffs' arguments.  In fact, Plaintiffs asserted a number of reasonable arguments against the work-for-hire theories, regardless of which test was used, and therefore an award of fees would be inappropriate.

Even if the instance and expense test applied, the Markham Parties had strong arguments regarding why Reuben Klamer could not be considered an "employer" under the test.  In particular, the law is clear that the "expense" prong may be satisfied if a party bore financial risk for the venture.  As the uncontroverted evidence showed at trial, Mr. Klamer admitted that he bore no risk whatsoever for the success or failure of the Game. 11/17/2017 Trial Tr. 10:8-11; FOF ¶ 189 ("Q: My question is if there were no sales of the Game of Life, LINK Research still retained the remainder of the $5,000 deposit; correct?" A: Yes.").  Thus, the Markham Parties' argument that he could not satisfy the expense prong of the instance and expense test was not

objectively weak. Although the Court found that Klamer satisfied the expense test because he was willing to pay Markham's costs on the project, even the Court itself noted that it was Hasbro, not Klamer, who "bore the risk of [the Game's] failure to sell to the public." *See* Findings of Fact and Conclusions of Law, D.I. 240 at 20 n.5. With respect to the theory that Bill Markham himself was an employer under the instance and expense test, this argument was not raised until after the end of fact discovery. The Markham Parties properly objected to this late-raised theory, and though the Markham Parties were overruled, they maintained their objection throughout trial and intend to argue this decision was incorrect. Moreover, the Markham Parties argued that there was no evidence either employee made any significant contribution to the actual prototype of the Game of Life. As a result, the Markham Parties' arguments were not objectively weak, and therefore an award of attorneys' fees would not serve the interests of justice.

        1.     The Markham Parties' Case Against Work-For-Hire Was Not "Objectively Weak"

              *a.*    *The Markham Parties Did Not Advance an Objectively Weak Case That The Instance And Expense Test Was Overruled*

To begin with the focus of Defendants' motions, the Markham Parties' arguments that *CCNV* abrogated the instance and expense test were objectively reasonable. The instance and expense test ultimately represents judicial decisions on how to determine an "employer" under an Act of Congress – specifically, the 1909 Copyright Act. *CCNV* held that in construing the term "employer" as it related to the 1976 Copyright Act, Courts should look to common law agency principles because the term was not defined otherwise in the statute. 490 U.S. at 740-41. *CCNV* therefore should have been found to abrogate the instance and expense test or at least be reasonably interpreted to have done so. But only because the Supreme Court decides issues actually presented to it – it did not itself deal the fatal blow to the test. Instead the Supreme

Court provided the roadmap.  Notably, the Markham Parties are not the only entity to have ever advanced this reasoning.  As the Eleventh Circuit noted in dicta, the rationale of the instance and expense test was "rejected" by *CCNV*.  *M.G.B. Homes,* 903 F.2d at 1490-91.  Similarly, David Nimmer, who is a sufficiently persuasive authority that this Court cited his treatise favorably five different times in its Findings of Fact, has argued that *CCNV* abrogated the instance and expense test. [8]  3 *Nimmer on Copyright*, *supra*, § 9.03[D].  Supported by such sophisticated legal minds, the Markham Parties' arguments cannot be said to have been objectively weak.

Defendants argue that this Court found *Forward v. Thorogood,* 985 F.2d 604 (1st Cir. 1993), to be binding precedent, and therefore that the Markham Parties' arguments were objectively weak.  The Markham Parties argued, and still maintain, that (i) *CCNV* is superior binding precedent, and (ii) *Forward* did not represent binding precedent on the specific legal point of whether *CCNV* abrogated the instance and expense test.  Nevertheless, merely disagreeing with binding precedent does not mean a case is objectively weak.  Rule 11, for example, explicitly notes that a party may make reasonable arguments against existing law.  Fed. R. Civ. P. 11(b)(2).  Moreover, in the event that *Forward* does represent binding law on this issue, the Markham Parties are still able to present their arguments to the Court of Appeals.  In fact, this Court suggested, almost encouraged, that this very approach would be appropriate: "If the First Circuit disagrees with me, you can make all these arguments to the First Circuit." 3/25/19 Hearing Tr. 25:21-26:4; *see also id.* at 7:5-17 (". . . as far as I'm concerned the *Forward* case is binding circuit precedent . . . if the First Circuit wants to abrogate its holding in *Forward* and say that *CCNV* requires that, the First Circuit can do that. But I'm not the First Circuit.").  Mere disagreement with established precedent, especially when supported by another Court of

---

[8]    Mr. Nimmer would have made the very same argument to this Court himself but for his law firm's previously unknown conflict of interest, which precluded his ability to continue as Plaintiffs co-counsel.

13

Appeals and the author of the premier treatise on copyright law, does not mean an argument is objectively weak.

Whether or not *CCNV* applies would fundamentally change the outcome of this case. Under the agency factors promoted by *CCNV*, Klamer would not be Markham's employer, as the vast majority of the factors would weigh against him.  For example, Bill Markham, an independent contractor, provided his own tools, worked on the Game in an office he owned, set his own schedule, had the right to hire and fire employees, paid his employees, did not receive benefits from Klamer, and had no taxes withheld by Klamer.  FOF ¶¶  81, 119-27.  This would dispense of Defendants' primary work-for-hire contention.  As described in further detail below, the Markham Parties also argue that the Defendants waived any argument that Ms. Chambers or Mr. Israel made any original contributions to the prototype, and in any event failed to prove any such contributions, meaning that the work could not be found to be a work-for-hire for Bill Markham by his employees.  Application of the *CCNV* test would therefore result in the Game being unable to be considered a work-for-hire.  The Markham Parties' appeal remains active, and the mere fact that this Court decided it could not rule for the Markham Parties due to alleged precedent does not mean the Markham Parties' arguments are unreasonable.

> b.    *Even Under The Instance And Expense Test, The Markham Parties' Arguments Were Not Objectively Weak*

Moreover, as referenced above, the Markham Parties did not rely solely on *CCNV*, but instead made reasonable arguments that the test did not apply and, even if applied, Klamer could not be Markham's employer.  First, instance and expense law is clear that a work will generally be found to not be a work-for-hire if there was an "express contractual reservation of the copyright in the artist." *See, e.g., Lin-Brook Bldrs. Hardware v. Gertler,* 352 F.2d 298, 300 (9th Cir. 1965).  Such a situation appeared to exist in the present case, where the Assignment

14

Agreement between Bill Markham and Reuben Klamer explicitly stated that Markham's rights to the copyrights underlying the Game of Life would "revert to Markham." FOF ¶¶ 36, 192-95. Although the Court's Findings of Fact found this language to be hypothetical, it certainly references a reversion of copyrights to Bill Markham, and it was not unreasonable to argue under *Gertler* that this reservation of rights resolved the work-for-hire question in the Markham Parties' favor.

Second, the Markham Parties made objectively reasonable arguments that Klamer could not be Bill Markham's employer under the instance and expense test because he could not satisfy the "expense" prong of the test. Courts will look at various factors to see if the expense prong is met, and Klamer appeared to have failed each of these factors. For example, the party which provides "tools, resources, or overhead" may be found to satisfy the expense prong, *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 140 (2d Cir. 2013); *Marco v. Accent Publ'g Co.*, 969 F.2d 1547, 1550 (3d Cir. 1992), but Bill Markham owned his own offices and provided his own tools for the creation of the game. *See* FOF ¶ 81. There is no dispute that Bill Markham owned his own company, and Klamer was not his "employer" in the traditional sense. In such a situation, the nature of payment by the hiring party is considered indicative of whether a work was created at another party's expense, and Bill Markham was paid in royalties as opposed to receiving a salary. *Playboy Enters., Inc. v. Dumas*, 53 F.3d 549, 555 (2d Cir. 1995) (payment of a royalty "generally weighs against finding a work-for-hire relationship"). Finally, the expense test may be satisfied by the party which bore financial risk for the success or failure of the work. *See, e.g., Marvel Characters,* 726 F.3d at 140 (noting that the law is ultimately interested in who took the "risk with respect to the work's success"). Reuben Klamer himself testified that his company would have profited regardless of whether a single copy of the Game of Life was ever sold, meaning he incurred no financial risk for the Game. 11/17/2017 Trial Tr. 10:8-11. Given

15

that each of these arguments weighed against Klamer being able to satisfy the expense prong of the instance and expense test, the Court could reasonably have found based on the Markham Parties' objectively reasonable arguments that Reuben Klamer could not be considered Bill Markham's employer.  The Markham Parties' reasonable – even if ultimately unsuccessful – arguments should prevent an award of attorneys' fees.

<div style="text-align:center">

c.     *The Markham Parties Advanced Reasonable Arguments that Neither Grace Chambers Nor Leonard Israel Worked on the Actual Prototype of the Game*

</div>

Defendants' Motions again misstate the Markham Parties' arguments with respect to whether the Game of Life was a work-for-hire for Bill Markham by his employees.  Specifically, Defendants focus only on the fact that these individuals were Bill's employees, but ignore completely the argument the Markham Parties actually presented: that Grace Chambers and Leonard Israel did not contribute significantly to the actual prototype of the Game.  The registrations on the copyrights underlying the Game of Life were on the prototype of the Game. FOF ¶¶ 234-37.  In order to find that these works were works-for-hire created by Grace Chambers and Leonard Israel for Bill Markham, the Defendants therefore had to prove that Ms. Chambers and Mr. Israel made original contributions to the prototype of the Game.  The Markham Parties advanced objectively reasonable arguments that no such proof existed.  For example, Bill Markham and Leonard Israel each testified that Bill would work directly on projects "he was really interested in," and that he assigned only "routine" tasks to his employees. *Id.* ¶ 113.  Of the three registrations in this case – for the cover, board, and rules of the prototype – Leonard Israel testified that he was uninvolved with the board and the rules.  *Id.* ¶¶ 99-102.  As for the cover, Mr. Israel testified that he created sketches of the cover, but did not create the cover itself.  *Id.*  Similarly, Ms. Chambers testified that she created balsa wood houses to serve as models for how houses might look on the actual prototype game board.  *Id.* ¶ 110.  As to

<div style="text-align:center">16</div>

creating the actual board, however, she did not understand the basics of how to create a prototype, including not understanding how to even bind the board together.  *Id.* ¶¶ 105-06, 114. Ms. Chambers also was unaware that multiple copies of the original prototype were made, which would indicate that she worked on a copy and not the original prototype. Moreover, multiple witnesses testified that various copies of the Game of Life were created, and no proof was introduced that the employees worked on the version that was ultimately submitted to Milton Bradley and the Copyright office. *Id.* ¶ 83. To the contrary, the evidence adduced unambiguously shows that Bill Markham completed the prototype "for the very first time" at Chasen's.  *Id.* ¶ 139.  Milton Bradley took that prototype, which Markham exclusively had assembled, back to the East Coast.  The Court's Findings of Fact easily could have found that this evidence represented at most Mr. Israel's and Ms. Chamber's "routine" tasks, unrelated to the actual creation of the prototype that was the subject of the copyright.  The Findings of Fact may have decided otherwise, but that ultimate decision does not render the above arguments unreasonable.

The Defendants each also assert that the Markham Parties had an objectively weak case by citing to oral arguments in which counsel for Plaintiffs acknowledged that if Grace Chambers and Leonard Israel were Bill Markham's employees, there would be no rights of termination if the Court determined that Chambers and Leonard contributed copyrightable work to the prototype.  This citation again fails to provide a full context or address the Markham Parties' reasonable arguments.  First, as noted previously, the Markham Parties believe that introduction of the belated theory was improper and intend to appeal that issue.  At the time of the testimony, however, the theory had been admitted, and the Markham Parties could only preserve their objections for appeal.  *See* Transcript of Plaintiff's Motion to Amend Findings of Fact and Conclusions of Law, D.I. 246 at 14:7-12 ("Mr. Cole: [T]he Markham Parties have also objected to that late-raised theory . . . The case originally revolved only around whether Klamer was the

17

employer of Markham."); *see also id.* at 39:4-14 (noting the Markham Parties' "previous objection to the late introduction of the theory of Markham being the employer."). Courts frequently have excluded theories that were first disclosed after the close of fact discovery, and the Markham Parties' preservation of their objection is entirely reasonable and not objectively weak.

Second, the selectively cited transcript does not address the Markham Parties' central argument regarding Grace Chambers and Leonard Israel: that they did not work on the prototype itself, and therefore that the prototype could not have been a work-for-hire performed by them. As described above, the work-for-hire analysis requires two prongs: that original contributions to a work were made, and that the person making such original contributions was an employee. The Markham Parties have admitted that Grace Chambers and Leonard Israel were Bill Markham's employees, but never ceded the first prong. In light of these omitted arguments, the Markham Parties' arguments that Grace Chambers and Leonard Israel did not contribute to the actual prototype of the Game were not objectively weak.

2.    The Markham Parties' Litigation Decisions Following the November Trial Were Objectively Reasonable

Hasbro apparently takes issue with the fact that Plaintiffs did not immediately drop its case after the testimony delivered – entirely by Defendants' witnesses – at the November 2017 portion of the trial. *See* Hasbro Br. 5-6. To the extent that Hasbro is arguing that the Markham Parties' decision to continue advancing the case after the November trial justifies an award of fees, this argument should be firmly rejected. To begin with, the First Circuit has made clear that a refusal to settle cannot be grounds for an award of attorneys' fees. *See Lotus Dev.*, 140 F.3d at 75 (noting that awarding fees because of a refusal to settle would deter parties with meritorious cases from pursuing litigation, which would run contrary to the purposes of the Copyright Act).

18

However, the Markham Parties' case remained objectively reasonable after the November trial for multiple factors.

First, as discussed above, even though the Court ultimately sided with Defendants, significant evidence was revealed in California which would have permitted the Court to conclude that the witnesses had not in fact made original contributions to the prototype, or that the testimony of at least Klamer could be viewed as lacking credibility. At the conclusion of the November trial, only the Defendants' case-in-chief had been presented, and even this testimony was rife with contradictions and statements that deviated from the contemporaneous documents. The Court gave no indications of its credibility determinations at the time, and the Markham Parties were objectively reasonable in believing that the Court might ultimately find for them.

Second, Hasbro's letter was concerned solely with the right of termination, and the Markham Parties' Third Claim for Relief is far broader. The Markham Parties explicitly sought declarations that Bill Markham was the "author" of the Game of Life and that the intellectual property rights associated with the Game "vested in Bill Markham at its inception." *See* Third Amended Complaint, D.I. 127 ¶ 83. Such a declaration has significant independent value in and of itself apart from underlying a statutory right of termination. A significant factor in the Markham Parties' decision to bring this case at all was the gradual erosion of any recognition of Bill Markham's contributions to the Game of Life. His contributions to the board game industry were being ignored, and the Markham Parties were watching as their husband and father was gradually being written out of history. A declaration from a federal court that Bill Markham authored the Game would prevent any further erosion of his legacy, regardless of whether the Plaintiffs had a separate right of termination. Such a declaration would also deter the larger parties from potentially breaching their contracts with the Markhams in the future, or from withholding royalties as it had done previously, precipitating this case. Hasbro has placed great

19

weight on the right of termination issue because it is a corporation beholden to its shareholders and primarily concerned with being able to continue selling the game that earns it between ▋▋▋▋ ▋▋▋▋ dollars per year.  But the Plaintiffs, mere individuals who are fighting for Bill Markham's legacy, are primarily concerned with clarifying who actually created the Game.  In fact, in proposing the framework of any potential settlement in their response letter to Hasbro, the Plaintiffs never once refer to a right of termination.  *See* Hasbro Br. Ex. 13 at 2.  Instead, the very first parameter referenced for any potential settlement was "assurances that Hasbro will acknowledge Bill Markham as the sole designer and creator of the Game[.]" *Id.* Even after the November trial, there remained a strong possibility that the Court would find that Bill Markham was the author of the Game of Life, either through his own contributions or under the Defendants' belated work-for-hire theory.  The Markham Parties therefore had no reason to drop their case after the November trial, and any argument that fees are justified because the Markham Parties continued the case should be rejected.

Third, it was only after the November trial (indeed, on the same day that Hasbro mailed its letter to Plaintiffs) that the niece of Bill Markham, Linda Mack Ross, felt compelled to reach out directly to the Court to state that she "did spend a lot of time" with Bill Markham "during the time the game was being created and eventually sold."  *See* D.I. 178, Ex. A.  She specifically stated that she did not care about the Markham Parties receiving any funds, but that she "[did] care that my Uncle's name stays as the creator [of the Game.]" *Id.*  The Markham Parties were certainly objectively reasonable in their decision to investigate this new witness rather than submit to Hasbro's letter, and the Court even re-opened discovery to allow the parties to prepare for Ms. Ross's testimony.  *See* D.I. 184.  This discovery did not occur until long after Hasbro's deadline in its letter had passed.  Thus, any assertion by Hasbro that an award of fees is justified

20

because the Markham Parties continued to litigate the case after receiving their letter should be summarily rejected, and Defendants' Motions for fees should be denied.

> **C.  Regardless Of The Objective Reasonableness Of Plaintiffs' Case, The Remaining Factors Weigh In Favor Of Denying The Award Of Fees**

Importantly, the issue of whether fees should be awarded in any particular case is left entirely to the equitable discretion of the Court, and is never automatic. *Fogerty*, 510 U.S. at 534. Even if arguments are found to be "objectively weak," a court may still determine that an award of fees would not advance the purposes of the Copyright Act. *Kirtsaeng*, 136 S. Ct. at 1984. None of the Defendants in this case addressed the remaining *Fogerty* factors choosing only to focus on the objectively reasonableness of the case.[9] All of the remaining *Fogerty* factors weigh heavily in favor of the Markham Parties.

> 1.  Plaintiffs' Case Is Not Frivolous

A case is frivolous if it has "no basis in law or fact." *Garnier v. Andin Int'l, Inc.*, 884 F. Supp. 58, 61 (D.R.I. 1995). Particularly, cases are not frivolous where "a careful factual and legal analysis [is] required" to decide a legal issue as the Court did in this case. *Id.* As discussed at length, Markham Parties' case was not objectively weak, much less frivolous. Thus, this factor weighs in favor of Markham Parties.

> 2.  Plaintiffs' Motivation Is Consistent With Purposes Of The Copyright Act

This Court has held that there was no "improper motivation" in bringing claims where there was a "legitimate theory of the case[.]" *Alifax Holding,* 2019 WL 4247737, at *4 (Smith, C.J.). Some cases have found an award of fees justified where there is an anti-competitive intent or other improper motivation in bringing the case in the first place, such as leveraging a settlement, extorting a larger settlement agreement, or gaining publicity. *Janik v. SMG Media,*

---

[9]   By failing to address the remaining *Fogerty* factors, Defendants have waived their rights to do so.

21

*Inc.*, No. 16 Civ. 7308, 2018 WL 345111, at *13 (S.D.N.Y. Jan. 10, 2018).  A proper motivation

exists when a party "sincerely believed" they were entitled to copyright protection and used

litigation to vindicate their rights.  *Id.*  The First Circuit has clearly rejected the argument that the

refusal to settle should militate in favor of awarding attorneys' fees.  *Lotus Dev.*, 140 F.3d at 75.

In fact, the First Circuit cited the concerns addressed in *Fogerty* to support its position that

parties should not be faulted for prosecuting their claims.  *Id.*  In this case, the Markham Parties'

motivation is not improper because they held a sincere belief during the course of the litigation

that Bill Markham was the author of the Game of Life.  This case was brought initially only to

ensure that royalty payments were made as per the parties' agreement, and thereafter maintained

to conclusively determine the creation and authorship of a beloved board game.  This motivation

is not improper, and in fact furthers the purposes of the Copyright Act, which encourages

reasonable lawsuits and seeks to clarify for the public the extent and ownership of relevant

intellectual property.  Thus, this factor weighs in favor of denying an award of fees.

   3. The Need To Advance Considerations Of Compensation And Deterrence

   Courts have also previously found an award of fees justifiable where a party has engaged

in vexatious litigation or is likely to bring additional suits against additional parties following the

conclusion of the case.  *See Fogerty*, 510 U.S. at 532 n.18 ("In the case of a prevailing defendant

. . . if an award is to be made at all, it represents a penalty imposed upon the plaintiff for

institution of a baseless, frivolous, or unreasonable suit, or one instituted in bad faith."); *see also*

*Kirtsaeng*, 136 S. Ct. at 1989 (courts may award fees to "deter repeated instances of copyright

infringement or overaggressive assertions of copyright claims").  In this case, in contrast,

granting Defendants' Motions would serve to frustrate, rather than advance, the purposes of the

Copyright Act.  An award of fees would not serve any deterrent purpose, as a final decision in

this case will conclusively resolve the issue of termination rights and obviate the need for any

further dispute on the subject. This is not the classic attorneys' fees case where a vexatious copyright owner asserts infringement against a broad range of companies over multiple cases. The Markham Parties have never previously advanced a copyright litigation, and each prior dispute between the parties was a simple matter of contract interpretation. Courts have found the deterrence factor to have little weight where defenses were "not baseless," especially when "so much of the case turned on events that happened 50 or more years ago." *We Shall Overcome Found. v. Richmond Org., Inc*., 330 F. Supp. 3d 960, 969 (S.D.N.Y. 2018).

If anything, awarding fees in a case such as this will only serve to deter future individuals from pursuing reasonable cases on unsettled questions of law for fear that the corporation will demand millions of dollars in attorneys' fees. The Markham Parties comprise the widow and child of Bill Markham who are attempting to clarify their rights based on reasonable arguments against a massive corporation. An award of fees, would cause a chilling effect *discouraging* plaintiffs from filing meritorious cases. Such a chilling effect would not advance the purposes of the Copyright Act, which instead *encourages* plaintiffs to file meritorious suits. *See Kirtsaeng*, 136 S. Ct. at 1985; *see also Lotus Dev.*, 140 F.3d at 75 ("[B]ecause novel cases require a plaintiff to sue in the first place, the need to encourage meritorious defenses is a factor that a district court may balance against the potentially chilling effect of imposing a large fee award on a plaintiff, who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim.").

Furthermore, Courts have refused to award attorneys' fees in cases where the parties' "advocacy helped delineate the respective rights of creators[.]" *Authors Guild, Inc. v. Hathitrust*, No. 11 CV 6351, 2013 WL 603193, at *1 (S.D.N.Y. Feb. 15, 2013). In *Authors Guild*, the fact that certain arguments "were ultimately unpersuasive" did not mean that the claims were unreasonable and the Court found that "[t]he purposes of copyright would not be furthered" by awarding attorneys' fees. *Id.* at *2. The Court was unpersuaded by the argument that only the

23

winning parties should be "rewarded for advancing the purposes of copyright in this litigation." *Id.* at \*1.

Courts in the First Circuit have refused to award attorneys' fees in situations where such an award would "deter future litigants from seeking redress in hard-to-decide cases." *Mallon v. Marshall*, 268 F. Supp. 3d 264, 267 (D. Mass. 2017). The facts of *Mallon* are extremely similar to those in the instant case. In *Mallon*, plaintiffs claimed they were the co-author and co-owner of a scientific paper and thus had certain rights pertaining to its publication. In a line that is strikingly similar to the facts of this case, the court stated that "Mallon sought to use copyright to assert what he felt was a legitimate right concerning disposition and control of academic work that he contends was the result of his efforts." *Id.* at 266. Ultimately the plaintiff lost but attorneys' fees were not awarded because there was no bad faith, the question was closely decided, and there was no concern of deterring the plaintiff from filing a series of similar suits. *Id.* at 267. The instant case presents many of the same issues: the Markham parties "sought to use copyright to assert what [they] felt was a legitimate right concerning" the Game of Life property, a question of law of first impression was closely decided, and there is no concern of deterring the Markham Parties from filing similar suits. *Id.* at 266.

> ### 4. Plaintiffs' Litigation Conduct was Reasonable and Plaintiffs Took Every Opportunity to Conserve Party Resources

Finally, the Markham Parties' litigation conduct was exceedingly reasonable, both in terms of avoiding fees and working cooperatively with the other parties. Just as a parties' misconduct may weigh in favor of awarding fees, a parties' reasonable conduct can weigh in favor of denying fees. *See, e.g.*, *Garnier*, 884 F. Supp. at 63 ("The plaintiff acted reasonably in prosecuting a case that involved complex legal problems, thus justifying a denial of a fee to the defendants."). For example, rather than try all of its issues at once, as a plaintiff would be

24

237

entitled to do, the Markham Parties agreed to try the work-for-hire issue separately so as to allow the parties to focus on that issue rather than the many contract issues also in the case. *Jovani Fashion, Ltd. v. Cinderella Divine, Inc*., 820 F. Supp. 2d 569, 574 (S.D.N.Y. 2011) (Finding the "generally respectful conduct of the litigation" outweighing allegations for attorneys' fees). As part of this agreement, the Markham Parties agreed to postpone or not take the depositions of multiple witnesses, all in the interest of avoiding unnecessary fees and expenses. The Markham Parties agreed to try the case in Los Angeles so that the Court could hear live testimony from the witnesses in this case and make the fairest decision possible, even when each of the witnesses were being brought by Defendants and the Markham Parties' case was being brought based on contemporaneous documents. This agreement was done so as to best accommodate all parties. In travelling to California, the Markham Parties (whose counsel is based in New York) willingly accepted greater expenses than the Defendants (all of whose counsel, besides Hasbro's, are based in California). The Markham Parties' exceedingly reasonable litigation conduct should not be punished by an award of fees, or future plaintiffs may find less reason to cooperate with opposing counsel.

In contrast, Defendants made few efforts to avoid expenses. Despite the fact that each Defendant advanced the same arguments, based on the same facts, each group of Defendants submitted their own motions, responses, and replies with respect to every issue in the case. Reasonable Defendants in this situation could have formed a joint defense group, or signed onto each other's briefs to preserve costs. Instead, Defendants involved seven different law firms, a dozen partners, and scores of staff in filing what would invariably be three briefs containing the same essential arguments. To the extent any Defendant had a slightly different argument with respect to any particular issue, such Defendant easily could have submitted a much shorter brief signing on to the main brief and making its additional argument. The Markham Parties, in

responding to Defendants' briefs, always sought to conserve resources and be respectful to the Court by submitting a single response to all three Defendants' briefs, emphasizing that Defendants' three briefs easily could have been a single brief. Defendants ran up the bills and expenses in this case, and should not be rewarded for doing so by being granted millions of dollars in fees.

Defendants' only contention with respect to litigation misconduct is a passing reference to the disqualification of the Markham Parties' previous counsel. The actions of prior counsel should not be imputed to plaintiff. Notably, the Markham Parties filed no motions or responses in connection with prior counsel's actions except when ordered by the Court to move for a stay. It was prior counsel themselves who chose to switch law firms without properly notifying the Court, and prior counsel who responded to the motion for disqualification. *See* D.I. 86 (identifying prior counsel, not the Markham Parties, as "Respondents" for the response). There can be no serious argument that the Markham Parties asked their counsel to switch law firms, and awarding fees against the Markham Parties for their prior counsel's actions would not serve the purpose of the Copyright Act. Notably, Hasbro did not seek any sort of sanctions or fees in connection with its disqualification motion at the time. It should not be permitted to seek those fees now, and seek to recover the fees from the Markham Parties instead of the prior counsel.

For at least the reasons provided above, all of the *Fogerty* factors weigh in favor of the Markham Parties and the Defendant's fee requests should be denied. The First Circuit has consistently denied the award of attorney's fees in cases where the *Fogerty* factors favored the non-prevailing party. *See, e.g., Mallon*, 268 F. Supp. 3d at 266–67 (denying motion for fees where there were "no grounds for specific or general deterrence to favor fee-shifting" and there was no reason to believe the losing party would file similar suits absent punishment); *Alifax Holding,* 2019 WL 4247737, at *3 (denying a motion for fees where the claim was not

"objectively weak," there was no "improper motivation" in bringing the claim, and no need to compensate one party nor was there a need to deter the other); *Garnier,* 884 F. Supp. at 63 (denying a motion for fees where each of the *Fogerty* factors favored the non-prevailing party); *Airframe Sys.,* 658 F.3d at 110 (affirming the district court's denial of attorneys' fees where each *Fogerty* factor was applied).

## IV. DEFENDANTS' FEES REQUESTS ARE EXCESSIVE AND SHOULD BE DENIED OR SIGNIFICANTLY REDUCED

### A. Legal Standards

The Supreme Court has made absolutely clear that this decision to award fees is at the sole discretion of the Court. *Fogerty*, 510 U.S. at 534. The First Circuit has denied fees in their entirety for requests for fees that are outrageously high. *See, e.g., First St. Ins. Grp. v. Nationwide Mut. Ins. Co.*, 402 F.3d 43, 44 (1st Cir. 2005) (finding it was within the discretion of the court to deny a fee request where it was "so excessive" it "merit[ed] outright denial of any fee").

The court also has broad discretion in determining how to fashion fees if they are awarded. Although the lodestar method is the conventional framework for fashioning fee awards, it is not the only method. *T-Peg Inc. v. Vt. Timber Works, Inc.,* 669 F.3d 59, 63 (1st Cir. 2012). The Supreme Court held that the district court "may attempt to identify specific hours that should be eliminated or it may simply reduce the award to account for limited success." *Hensley v. Eckerhart,* 461 U.S. 424, 436-37 (1983).

Further, "[i]t is well-established that courts may consider a party's ability to pay" fees awarded under Section 505. *Quaglia v. Bravo Networks,* No. 04-10460-RWZ, 2006 WL 2691686, at *2 (D. Mass. Sept. 19, 2006); *Zamoyski v. Fifty-Six Hope Rd. Music Ltd.*, 767 F. Supp. 2d 218, 224 (D. Mass. 2011) (considering the "relative financial strength" of the parties in

awarding attorneys' fees); *Lieb,* 788 F.2d at 156 (noting that "[t]he relative financial strength of the parties is a valid consideration" and concluding that the sum requested was "large" and may be "excessive in light of the plaintiff's resources" and remanding to the district court for articulation of fee calculation). It is also well established that the proportion of the attorneys' fees to the damages claimed in the case is a valid consideration. *Lieb*, 788 F.2d at 156; *see also T-Peg*, 669 F.3d at 61 ("VTW . . . sought over $200,000, a steep sum for a case involving only $66,350 in damages."); *Woodhaven Homes & Realty, Inc. v. Hotz,* 396 F.3d 822, 824 (7th Cir. 2005) ("§ 505 demands that [the award] be 'reasonable' . . . $220,000, seems quite excessive . . . as [defendant] claimed only $55,000 in damages."). Ultimately, this is an equitable judgment within the discretion of the court. *Hensley*, 461 U.S. at 436-37.

**B.    The Defendants' Fee Requests Are Excessive And Should Be Denied**

The First Circuit has held that where a fee request is "so excessive" it "merit[s] outright denial of any fee." *First St. Ins.*, 402 F.3d at 44; *see also Bos.'s Children First v. City of Bos.*, 395 F.3d 10, 18 (1st Cir. 2005) (holding that the District Court "supportably concluded that 'the only reasonable fee is no fee at all.'") (citation omitted). The Defendants, collectively and individually, have requested grossly excessive fees in this case that far exceed any other award of fees in this Circuit.  Granting such massive fees would not only severely deter future plaintiffs from filing meritorious cases, ███████████████████████████████. *See* Exs. A, B, C. Assisting large corporations in financially destroying relatively financially weak parties is not the purpose of the Copyright Act. *Lieb*, 788 F.2d at 156 ("The relative financial strength of the parties is a valid consideration[.]").

In their Motions, Hasbro has requested $1,970,692.44, Klamer requested $1,866,347.31, and Linkletter requested $589,894.86, totaling $4,426,934.61.  Hasbro Br. 28-29; Klamer Br. 23; Linkletter Br. 7. Such fees, collectively and individually, are magnitudes greater than any award

the First Circuit has ever issued, or even considered. Since *Fogerty*, the awards issued by the

First Circuit have been significantly lower and more reasonable:

| Case | Award Requested | Award Granted |
|------|-----------------|---------------|
| *First St. Ins. Grp. v. Nationwide Mut. Ins. Co.*, 402 F.3d 43 (1st Cir. 2005); *Mallon v. Marshall*, 268 F. Supp. 3d 264 (D. Mass. 2017); *Alifax Holding Spa v. Alcor Sci. Inc.*, No. CV 14-440 WES, 2019 WL 4247737 (D.R.I. Sept. 5, 2019) (Smith, C.J.); *Garnier v. Andin Int'l, Inc.*, 884 F. Supp. 58 (D.R.I. 1995); *Airframe Sys., Inc. v. L-3 Commc'ns Corp.*, 658 F.3d 100 (1st Cir. 2011) | Multiple | **Denied fees entirely** |
| *Matthews v. Freedman*, 157 F.3d 25 (1st Cir. 1998) | $60,000 | $25,000 |
| *García-Goyco v. Law Envtl. Consultants, Inc.*, 428 F.3d 14 (1st Cir. 2005) | $111,721.82 | $111,721.82 |
| *Latin Am. Music Co. v. ASCAP*, 642 F.3d 87 (1st Cir. 2011) | $82,000 | $62,000 |
| *Spooner v. EEN, Inc.*, 644 F.3d 62 (1st Cir. 2011) | $175,714.30 | $98,745.80 |
| *InvesSys Inc. v. McGraw-Hill Cos.*, 369 F.3d 16 (1st Cir. 2005); *InvesSys Inc. v. McGraw-Hill Cos.*, No. Civ. A. 01-12048-GAO, 2003 WL 21696545 (D. Mass. May 27, 2003) | $476,273.87 | $228,583.78 |
| *Zamoyski v. Fifty-Six Hope Rd. Music Ltd.*, 767 F. Supp. 2d 218 (D. Mass. 2011) | $160,228.30 | $90,770.80 |
| *Soc'y of Tranfiguration Monastery, Inc. v. Archbishop Gregory of Denver, Colo.*, 780 F. Supp. 2d 121 (D. Mass. 2011) | $59,759.74 | $59,759.74 |
| *Broad. Music., Inc. v. C.B.G., Inc.*, No. 11-cv-40142-FDS, 2014 WL 4656879 (D. Mass. Sept. 12, 2014) | $34,270 | $12,000 |

The amount of fees awarded in the First Circuit is also consistent with fees awarded in

other circuits. 4 *Nimmer on Copyright*, *supra*, § 14.10.  Only in exceptional cases do the courts

provide substantial awards where the non-prevailing party exhibited conduct contrary to the

29

purposes of the Copyright Act. The Defendants have relied on such cases to support their excessive request. Not surprisingly, Hasbro and Klamer cite the same cases in which fees in excess of $1M were awarded: *Perfect 10 Inc. v. Giganews*, No. CV 11-07098-AB, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d 647 (9th Cir. 2017), and *Compaq Comp. Corp. v. Ergonome Inc.,* 196 F. Supp. 2d 471 (S.D. Tex. 2002), *aff'd*, 387 F.3d 403 (5th Cir. 2004). Hasbro Br. 27-28, Klamer Br. 21-22. In both *Perfect 10* and *Compaq,* the high fee awards were provided as a deterrence for the misconduct of the non-prevailing parties and were exceptional to the line of cases discussed above.[10]

In *Perfect 10*, the court relied heavily on the *Fogerty* factors of motivation and deterrence, finding the non-prevailing party to be "in the business of litigation" and "a serial plaintiff operating on a self-proclaimed business model of litigation . . . spending eight hours per day, 365 days per year on litigation[.]" 2015 WL 1746484 at *9, *12. In considering the other *Fogerty* factors, the *Perfect 10* court found that the non-prevailing party pursued objectively unreasonable claims and that its impecunity was intentional to avoid fees. *Id.* at *13. Further, the *Perfect 10* case had an exceptional amount of litigation activity with over 700 docket entries involving more than 30 noticed motions including 8 motions for summary judgment.[11] *Id.* at *1. Along a similar vein, the *Compaq* court noted its award of fees was based on, *inter alia*, "(3) [the non-prevailing party], from the beginning of the litigation, failed to respond timely to discovery, which resulted in monetary sanctions and holdings of contempt" and "(4) [the non-prevailing party] filed a multitude of non-meritorious motions[.]" 196 F. Supp. 2d at 474.

---

[10]   *Perfect 10* and *Compaq* are at best persuasive precedent.

[11]   Even given the substantial weight of the factors in favor of the prevailing party, the Perfect 10 court gave a 10% overall reduction in the fees it requested. *Id.* at *26.

The facts of *Perfect 10* and *Compaq* could not be further from the facts of this case. As explained, the Markham Parties are not "in the business of litigation," but are solely seeking recognition for their father's work. Further, as discussed above, the *Fogerty* factors weigh in favor of the Markham Parties. Thus, *Perfect 10* and *Compaq* are simply inapplicable here.

Further, a party's excessive greed in requesting massively high fees is in and of itself is a basis for denying an award of any fees. *First St.*, 402 F.3d at 44. For example, in *First State* the First Circuit Court of Appeals upheld the district court's determination that a request of $89,012.82 was so "grossly excessive" that it was not entitled to ***any fee whatsoever***. *Id.* Most of the fees being requested were for time spent on an "emergency motion" resulting in a total of 34 pages of memoranda and attendance "at a short hearing." *Id.* Similarly here, the corporate Defendants have employed an army of attorneys and staff to triplicate the motions and arguments they put forward all in an effort to stomp out the single issue of authorship put forward by the Markham Parties. The Defendants' request of over $4 Million in fees should be denied in its entirety as it is grossly excessive.

### C.      If Awarded, The Markham Parties Are Entitled To A Significant Reduction In The Requested Award

For at least all of the reasons provided thus far, the fees should be denied in their entirety. In the event that a fee is awarded, the fee should be significantly reduced for a number of reasons. ***First***, the Markham Parties are financially impecunious relative to the Defendants and will suffer financial ruin if the Defendants are awarded their request. ***Second***, the fees requested are extremely excessive given that this was not a copyright infringement case and no monetary damages were asserted. ***Third***, the Defendants' requested fees are unreasonable.

1.    The Markham Parties Are Financially Impecunious Relative To The Defendants

When fees have been awarded, the financial strength of the non-prevailing party relative to the prevailing party has long been a valid consideration.  *Lieb,* 788 F.2d at 156 ("The relative financial strength of the parties is a valid consideration."); *see also Zamoyski,* 767 F. Supp. 2d at 224  (considering the "relative financial strength" of the parties in determining the award of fees); *Broad Music, Inc. v. C.B.G., Inc.,* No. 11-cv-40142-FDS, 2014 WL 4656879 at *3, *7 (D. Mass. Sept. 12, 2014) ("court may consider other facts as well when adjusting fee award . . . [including] relative financial strength of the parties").  Courts have emphasized that "the aims of the statute are compensation and deterrence where appropriate, but not ruination."  *Lieb,* 788 F.2d at 156; *see also Vargas v. Transeau*, No. 04 Civ. 9772, 2008 WL 3164586, at *4 (S.D.N.Y. Aug. 6, 2008), *aff'd*, 352 F. App'x 458 (2d Cir. 2009) (Summary Order). "The goals of the Copyright Act would not be promoted by bringing about [the non-prevailing party's] financial ruin." *Muller v. Twentieth Century Fox Film Corp.,* No. 08 Civ. 02550, 2011 WL 3678712, at *4 (S.D.N.Y. Aug. 22, 2011).

Awarding the Defendants over $4,000,000.00 in fees would ██████████████████████ ████████████████████.  *See* Exs. A, B, C.  As Brian Donnelly, the CPA for certain of the Markham Parties, stated in his declaration, ██████████████████████

██████████████████████████████████████████████████████████

██████████████████████████ Ex. A.  The Markham Concepts company had assets of ████████████ as of December 31, 2018.  *Id.*  Susan Garretson and Lorraine Markham, who are plaintiffs in this case in their personal capacities, would be currently ███

██████████████████████████████████████████████

██████████████████████████ Exs. B, C.  Further, since the royalty stream



32

flowing from Hasbro is worth approximately ▮▮▮▮▮ per year, an award of fees in the amount requested would effectively give the Defendants full royalty rights for nearly the next ▮▮ years. Exs. A, B, C. The Defendants never asked for such relief, are not entitled to such relief and should not be able to use the fee-shifting provision of the Copyright Act to achieve such relief.[12] Awarding the requested fees and effectively wiping out the Markham Parties' royalty stream for five years does not further the purposes of the Copyright Act.

In similar cases where the non-prevailing party was found to be impecunious, courts have substantially reduced the fee awards. *Polsby v. St. Martin's Press, Inc.,* No. 97 Civ. 690, 2001 WL 180124, at *1 (S.D.N.Y. Feb. 22, 2001) (reducing requested fees by almost 90% in order to "take into account the financial circumstances of the plaintiff"); *Broad. Music.,* 2014 WL 4656879, at *7 (reducing fees by 65% citing the relative financial situations of the parties as a consideration.); *Randolph v. Dimension Films,* 634 F. Supp. 2d 779, 801-02 (S.D. Tex, 2009) (reducing fees by 86% citing "disproportionate financial positions of the parties" in its reasoning).

Thus, awarding the requested fees by the Defendants would not promote the goals of the Copyright Act.  As discussed above, the court has the discretion to deny the excessive fees in full. In the event that the Court awards fees, fees should be substantially reduced to avoid total financial ruin of the Markham parties.

        2.      The Fees Are Excessive Given That No Damages Were Alleged By Defendants

In determining the amount of fee to be awarded, it is well established that damages are a valid consideration. *Lieb*, 788 F.2d at 156. Courts have reduced and diminished fees that were in

---

[12]   The crux of the contract claims was the increase in royalties the Defendants sought from Bill Markham. These claims were settled. Defendants should not be allowed to get a second bite at the apple by re-litigating this issue under the guise of a fee award.

excess of the actual damages alleged or received. *T-Peg*, 669 F.3d at 61 (reducing fee request from over $200,000 to $35,000 stating that the fee requested was "a steep sum for a case involving only $66,350 in damages"); *Greene v. Ablon,* No. 09-10937-DLJ, 2013 WL 4714344, at *9 (D. Mass. Aug. 28, 2013) (denying $298,492.90 in fee requests citing in its reasoning that "the requested awards dwarf the $19,000 recovery"), *aff'd*, 794 F.3d 133 (1st Cir. 2015); *Conway v. Licata,* 144 F. Supp. 3d 212, 216 (D. Mass. 2015) ("The Court's reluctance to award fees for prosecuting this claim is also buttressed by the difference between the damages awarded ($5,000) and the amount of fees sought ($50,133.53)."). The court should do the same in this case.

This case was not an infringement case and there were no copyright-related damages asserted by either party. While Defendants may argue that maintaining the status quo of the contractual relationship has an intrinsic value, that value was not increased by the determination of this case and is significantly smaller than the excessive fees it requests. In fact, courts have considered the intrinsic value of non-monetary awards. The court in *Spooner v. EEN, Inc.,* 644 F.3d 62 (1st Cir. 2011), addressed the intrinsic value of a permanent injunction in addition to damages received after a copyright infringement trial. *Id.* at 68-69. The *Spooner* court determined that $98,745.80 was a reasonable award proportionate to the damages of $40,000, settlement of $10,000 and the permanent injunction. Here, the fees requested are far in excess of what was decided in *Spooner* and far exceed the value of the damages in this case, whether intrinsic or monetary ($0). Thus**,** awarding any fees would be unjust. Because the Defendants' request far exceeds the damages it received, the Defendants' fee requests should either be denied in full or significantly reduced to further the purposes of the Copyright Act.

**D.    Unreasonableness Of Fees**

34

The Defendants' fees are unreasonable for several reasons.  *First*, the Defendants triplicated the work on this case by presenting the same or substantially similar arguments. *Second*, the Defendants collectively staffed no less than 35 attorneys and paralegals, allotting nearly all of their overall hours, costs, and fees on this case to the copyright issues of a single Claim for Relief.  *Third*, the evidence provided by the Defendants is insufficient to accurately identify that the fees sufficiently allocated.

Defendants brought an army of attorneys to a case that had only 8 relevant depositions, little more than 50,000 pages of documents and a short trial.  Once the copyright issue began to be litigated in 2017, Hasbro consistently led the charge, with Klamer and Linkletter following suit by filing separate motions with substantially the same arguments as Hasbro.  *See, e.g.,* D.I. 140; D.I. 155; D.I. 158 (Hasbro, then Klamer, served untimely supplemental contentions, forcing Plaintiffs to move to strike); D.I. 177; D.I. 179; D.I. 180 (Hasbro and Klamer each filed separate but substantially similar oppositions to Plaintiffs' motion to reopen discovery); D.I. 148; D.I. 151 (Hasbro and Klamer filed separate and lengthy pretrial briefs with substantially the same arguments); D.I. 214; D.I. 219; D.I. 213 (Each Defendant filed separate and lengthy post-trial briefs with substantially the same arguments). Defendants easily could have collaborated on a single brief and each signed onto it, significantly limiting costs; this is further evident because Defendants apparently did in fact review and edit each other's briefs and motions *before* they were filed, and Klamer's counsel was speaking with Hasbro's counsel almost daily. *See, e.g.,* D.I. 258-1 at 42, 131, 135 (Klamer); D.I. 264-4 at 60 (Hasbro).

Courts have previously reduced fees as a result of such inefficiencies, given that efficient litigation is in furtherance of the Copyright Act. *InvesSys Inc. v. McGraw-Hill Cos.,* No. Civ. A. 01-12048-GAO, 2003 WL 21696545, at *3 (D. Mass. May 27, 2003) (adjusting attorney hours and billing rates by one third where the case as "heavily staffed" and disproportionate "to the

task at hand"); *Oravec v. Sunny Isles Luxury Ventures L.C.,* No. 04-22890-CIV, 2010 WL 1302914, at *12-13 (S.D. Fla. Mar. 31, 2010) (reducing defendants requested fee 25-35% for duplicative efforts). Defendants did the opposite, tripling the amount of hours needed for every effort. Further, courts have denied fees where a party "contributed little or nothing of substance" in the victory, identifying filing of redundant submissions and arguments as a consideration for their de minimis contribution. *Donnell v. United States*, 682 F.2d 240, 248 (D.C. Cir. 1982). Here, Defendants Klamer and Linkletter did little or nothing more than follow Hasbro's lead. As such, Klamer and Linkletter's fees should be excluded entirely.

Moreover, the Defendants' billable hours were excessive, duplicative, and did not accurately allocate fees only to the Third Claim for Relief. For example, Defendants' exhibits all include a number of billable hours related to the <u>contract</u> claim, including hours spent deposing Hasbro employees Pam Hagy and Dave Dubosky, who had no impact whatsoever on the copyright case and had no knowledge of any aspect of the 1959 facts of the copyright case. *See, e.g.,* D.I. 265-5 at 11-13 (Hasbro); D.I. 258-1 at 121-24, 133, 135, 157, 165, 168-69 (Klamer); D.I. 265-2 at 18, 27 (Linkletter). As explicitly noted in the stipulation of dismissal, and as is obvious from the procedural posture of the case at the time, these settlement discussions could not have related to any copyright claim. In addition to the duplicated efforts of the Defendants described previously, Defendants request fees for billable attorney and staff hours for travel and clerical tasks such as printing and preparing binders. *See, e.g.,* D.I. 258-1 at 40, 57, 67, 96 (Klamer); D.I. 265-2 at 10, 13, 16, 22-24 (Linkletter). These types of excessive fees are unreasonable.

Lastly, the requesting party bears the burden of proving the reasonableness of its fees. *Hensley,* 461 U.S. at 433; *Spooner*, 644 F.3d at 68. None of the Defendants have met that burden, as the evidence provided does not paint a clear picture of what is or is not included in

36

their fee requests, nor shows that fees were appropriately allocated solely to the copyright

aspects of Plaintiff's Third Claim for Relief.  Each party has allotted <u>all or nearly all</u> of its

billable time to this Claim, despite the fact that many other Claims were litigated and the Third

Claim was not the focus of the case until nearly two years after its initial filing.  *See* Hasbro Br.

at 24; Klamer Br. at 19; Linkletter Br. at 7.  Moreover, Klamer and Linkletter significantly

redacted their billable entries, leaving it impossible for the Court or the Plaintiffs to determine if

the billed time was related to this case at all, much less whether it was related to a copyright

claim.  These parties seek to use privilege as a sword and shield, asserting that the time entries

are subject to fee-shifting but refusing to detail their fees.  Such tactics are not permitted.

Hasbro, on the other hand, properly provided the majority of its time unredacted, but did not

clearly indicate which fee items it was requesting in the invoices and which it was not.  While

Hasbro alleges it is only asking for fees from eight attorneys and two paralegals, its supporting

invoices have numerous other individuals and time entries listed. *See, e.g.,* D.I. 264-4 at 10

(Brian R. Love and Kideda E. Ray); D.I. 264-3 at 12 (Kevin M. Hoogstraten), 17 (Sean R.

Sullivan)

     "Where the documentation of hours is inadequate, the district court may reduce the award

accordingly." *Hensley,* 461 U.S. at 433.  Thus, the evidence provided by the Defendants is not

sufficient to show the hours allocated solely to the Third Claim for Relief. *See Scott-Blanton v.*

*Universal City Studios Prods. LLLP,* 593 F. Supp. 2d 171, 177 (D.D.C. 2009) (reducing fees and

costs by 45% because the billing records with block entries left the court "to approximate the

amount of time which should be allocated to each task"); *Erickson Prods., Inc. v. Only Websites,*

*Inc.,* No. 12-CV-1693, 2015 WL 13745786, at *7 (S.D.N.Y. Sept. 2, 2015) (reducing fees by

45% to $45,152 because block billing entries "imped[ed] the court's ability to ascertain what

amount of time was expended on a discrete task(s)"), *aff'd as modified*, 2016 WL 1337277

(S.D.N.Y. Mar. 31, 2016) (maintaining reduction but slightly lowering it to 40%). Thus, the Defendants' requests should be denied entirely or significantly reduced.

## V. DEFENDANTS KLAMER AND LINKLETTER FAILED TO FOLLOW THE LOCAL RULES

In order to request a fee award, Local Rule 54.1 provides that the requesting party must file a supporting affidavit from counsel containing "a description of any fee arrangement made with counsel's client regarding the case[.]" DRI LR 54.1(b)(1)(D).  Here, Klamer and Linkletter both failed to provide an affidavit containing such fee arrangement. Although the affidavits from Klamer and Linkletter include the engagement agreements as exhibits, those agreements are nearly completely redacted. Neither the documents nor the affidavits include the fee arrangements with Klamer and Linkletter's attorneys. In determining whether to award a fee and the amount of a fee if awarded, courts consider whether a contingency arrangement was in place. *Coutin v. Young & Rubicam P.R., Inc*., 124 F.3d 331, 337 & n.3 (1st Cir. 1997) (stating the First Circuit uses the *Johnson* factors in awarding fees) (*citing Johnson v. Ga. Hwy. Exp., Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974)).  No evidence other than attorney argument was submitted regarding the fee arrangements that Klamer and the Linkletters had with their counsel, in violation of Local Rule 54.1.  Even beyond the contingency question, it is unclear whether the Klamers and Linkletters were paying significantly reduced rates or were capped at paying a certain amount of hours.  These factors could be considered by the Court and are required in order to provide a full "description of **any** fee arrangement made with counsel's client regarding the case.  DRI LR 54.1(b)(1)(D) (emphasis added).  Thus, the Klamer and Linkletter requests should be dismissed in their entirety.

38

## VI.    <u>CONCLUSION</u>

For at least the reasons provided herein, the Markham Parties request that the Court deny Defendants' requests for fees. In addition, for the reasons detailed in the Plaintiffs' Motion to Stay, And in the  Alternative to Dismiss Without Prejudice, Defendants' Motion for Attorneys' Fees Pending Appeal to the First Circuit, D.I. 274, the Markham Parties  believe significant judicial resources could be preserved  by delaying consideration of the Defendants' Motions until after the appeals have concluded.  The Markham Parties therefore additionally request  as per that Motion that the Court stay Defendants' motion for attorneys' fees and in the alternative dismiss the motion without prejudice until the resolution of the appeal.

Dated: October 1, 2019

<table>
<tr><td>/s/ Robert M. Pollaro</td><td>/s/ Mary C. Dunn</td></tr>
<tr><td>Robert M. Pollaro</td><td>Joseph V. Cavanagh, Jr. (#1139)</td></tr>
<tr><td>John T. Moehringer</td><td>Mary Cavanagh Dunn (#6712)</td></tr>
<tr><td>David Cole</td><td>Robert J. Cavanagh, Jr. (#8589)</td></tr>
<tr><td>CADWALADER, WICKERSHAM & TAFT LLP</td><td>BLISH & CAVANAGH  LLP</td></tr>
<tr><td>One World Financial Center</td><td>Commerce Center</td></tr>
<tr><td>New York, New York 10281</td><td>30 Exchange Terrace</td></tr>
<tr><td>Telephone (212) 504-6000</td><td>Providence, Rhode Island 02903</td></tr>
<tr><td>*Admitted Pro Hac Vice*</td><td>Telephone (401) 831-8900</td></tr>
<tr><td></td><td></td></tr>
<tr><td></td><td>*Attorneys for Plaintiffs*</td></tr>
</table>

39

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2019, I caused a true and correct copy of the foregoing document to be served on counsel of record via the electronic court filing system (ECF).


                                    /s/ Robert M. Pollaro
                                    Robert M. Pollaro

Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 11/07/19 Page 254 of 258 PageID #:
11407
Case 1:15-cv-00419-WES-PAS Document 288-1 Filed 09/26/19 Page 1 of 5 PageID #: 11407

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

---

MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and
LORRAINE MARKHAM, individually and in her capacity as
Trustee of the Bill and Lorraine Markham Exemption Trust
and the Lorraine Markham Family Trust,

                                    Plaintiffs,

                    -against-

HASBRO, INC., REUBEN KLAMER, DAWN
LINKLETTER GRIFFIN, SHARON LINKLETTER,
MICHAEL LINKLETTER, LAURA LINKLETTER RICH,
DENNIS LINKLETTER, THOMAS FEIMAN, in his capacity
as co-trustee of the Irvin S. and Ida Mae Atkins Family Trust,
ROBERT MILLER, in his capacity as co-trustee of the Irvin S.
and Ida Mae Atkins Family Trust, and MAX CANDIOTTY, in
his capacity as co-trustee of the Irvin S. and Ida Mae Atkins
Family Trust.

                                      Defendants.

No. 1:15-cv-419-S-PAS

---

REUBEN KLAMER,

                              Counterclaim Plaintiff,

                    -against-

MARKHAM CONCEPTS, INC., SUSAN GARRETSON, and
LORRAINE MARKHAM,

                              Counterclaim Defendants.

---

## PLAINTIFFS' MOTION TO STAY, AND IN THE ALTERNATIVE TO DISMISS WITHOUT PREJUDICE, DEFENDANTS' MOTION FOR ATTORNEYS' FEES <u>PENDING APPEAL TO THE FIRST CIRCUIT</u>

Plaintiff and Counterclaim Defendants Markham Concepts, Inc., Susan Garretson, and

Lorraine Markham (collectively, the "Markham Parties") respectfully request that the Court stay,

or in the alternative dismiss without prejudice, Defendants' Motions for Attorneys' Fees (*See*

Docket Entries 258, 259, and 265) pending the Markham Parties' appeal on the merits to the

First Circuit Court of Appeals.  On September 6, 2019, each Defendant in the case filed motions

for attorneys' fees and costs.  On September 13, 2019 the Markham Parties filed a notice of

appeal with the Court (the "Appeal").  Defendants' motions require that they each be found to be

a "prevailing party," which may be altered by the decision of the First Circuit in the Appeal.  The

Markham Parties' appeal is based on the merits of the outcome in this Court, including, among

other things, the final judgment entered on August 14, 2019 and the decision of whether prior

First Circuit cases are correct given binding Supreme Court precedent.  In the interest of saving

judicial resources, the Markham Parties believe a stay of the motions for attorneys' fees pending

the outcome of the appeal to the First Circuit is proper so that the parties can be certain which

party has ultimately "prevailed" in the case.

　　　　The Federal Rules of Civil Procedure authorize a district court to defer ruling on a

request for attorneys' fees and costs until a pending appeal has been resolved.  Comments to Fed.

R. Civ. P. 54 (1993 amendments) ("If an appeal on the merits of the case is taken, the court may

rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without

prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been

resolved.")  Additionally, the First Circuit has stated that "[I]t is apodictic that federal courts

possess the inherent power to stay proceedings for prudential reasons." *Microfinancial, Inc. v.*

*Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004).  Courts frequently order stays rather

than deciding the merits of an attorneys' fees motion when an appeal is pending.  *See, e.g., Corey*

*Airport Servs., Inc. v. City of Atlanta*, 2011 WL 13216938, at *1 (N.D. Ga. Apr. 6,

2011)(Granting motion to stay decision on attorneys' fees for reasons of judicial economy);

*Broadsoft Inc. v. CallWave Commucations LLC*, C.A. No. 13- 711-RGA-SRF, Docket Entry 442

(D. Del. May 7, 2018); *Bracey v. Lancaster Foods LLC*, 2019 WL 1129436, at *6 (D. Md. Mar.

12, 2019)(staying a motion for attorneys' fees where there was a pending appeal); *Fialka-Feldman v. Oakland Univ. Bd. of Trustees*, 2010 WL 3505716, at *2 (E.D. Mich. Sept. 7, 2010)(granting stay of motion for attorneys' fees pending appeal); *Pharmanetics, Inc. v. Aventis Pharm., Inc.*, 2006 WL 8438578, at *2 (E.D.N.C. Mar. 24, 2006)(granting stay of motion for attorneys' fees pending appeal, citing reasons of judicial economy and because "if this court's judgment is reversed in whole or in part by the appellate court, the prevailing party as to some of the claims might change").  Defendants' motions could become moot if the Markham Parties prevail on appeal and therefore, staying the motion until after the Appeal is resolved would conserve the resources of the Court and obviate the need for a detailed analysis on whether the case was "objectively weak."  Counsel for the Markham Parties attempted to reach an agreement with the Hasbro Defendants' on this motion, but were unable to do so.

In the alternative, per Rule 54, the Court may also find that, in the interests of all parties, the motions for fees should be denied without prejudice. Comments to Fed. R. Civ. P. 54 (1993 amendments).  This denial would allow Defendants to re-file their motions in the event that they prevail in the appellate courts, while keeping no open motions on the Court's docket. The Markham Parties therefore respectfully request in the alternative that the Court dismiss the Defendants' motion ***without prejudice*** pending resolution of the Appeal.  Courts in this Circuit and other Circuits have dismissed motions for fees ***without prejudice*** in the past pending the resolution of an appeal.  *See, e.g.*, *Vital Basics, Inc. v. Vertrue Inc.*, 2006 WL 1794934, at *1 (D. Me. June 28, 2006)(denying without prejudice motions for attorneys' fees pending appeal); *Walker Digital, LLC v. Expedia, Inc.*, 2013 WL 5662145 (D. Del. Oct. 16, 2013)(denying without prejudice motions for attorneys' fees pending appeal).  As discussed above, resources will be preserved in dismissing the Defendants' motion without prejudice.

Accordingly, the Markham Parties respectfully request that the Court stay Defendants'
motion for attorneys' fees and in the alternative dismiss the motion without prejudice until the
resolution of the Appeal.


Dated:  September 26, 2019

Respectfully submitted,

_/s/ Robert M. Pollaro_ _____
Robert M. Pollaro
John T. Moehringer
David Cole
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone (212) 504-6000
_Admitted Pro Hac Vice_

_/s/ Mary C. Dunn_ _____
Joseph V. Cavanagh, Jr. (#1139)
Mary Cavanagh Dunn (#6712)
Robert J. Cavanagh, Jr. (#8589)
BLISH & CAVANAGH  LLP
Commerce Center
30 Exchange Terrace
Providence, Rhode Island 02903
Telephone (401) 831-8900

_Attorneys for Plaintiffs_

Case 1:15-cv-00419-WES-PAS Document 289-1 Filed 11/07/19 Page 258 of 258 PageID #:
Case 1:15-cv-00419-WES-PAS Document 274-1 Filed 09/26/19 Page 5 of 5 PageID #: 10731
11411

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on September 26, 2019, I caused a true and correct copy of the foregoing document to be served on counsel of record *via the electronic court filing system (ECF)*.

                    /s/ Robert M. Pollaro
                    Robert M. Pollaro