UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                      )
MARKHAM CONCEPTS, INC.; SUSAN GARRETSON;)
and LORRAINE MARKHAM, individually and )
in her capacity as Trustee of the Bill )
and Lorraine Markham Exemption Trust   )
and the Lorraine Markham Family Trust, )
                                      )
          Plaintiffs,                  )
                                      )
     v.                                )     C.A. No. 15-419 WES
                                      )
HASBRO, INC.; REUBEN KLAMER; DAWN      )
LINKLETTER GRIFFIN; SHARON LINKLETTER; )
MICHAEL LINKLETTER; LAURA LINKLETTER   )
RICH; DENNIS LINKLETTER; THOMAS FEIMAN,)
in his capacity as co-trustee of the   )
Irvin S. and Ida Mae Atkins Family     )
Trust; ROBERT MILLER, in his capacity  )
as co-trustee of the Irvin S. and Ida  )
Mae Atkins Family Trust; and MAX       )
CANDIOTTY, in his capacity as          )
co-trustee of the Irvin S. and Ida Mae )
Atkins Family Trust,                   )
                                      )
          Defendants.                  )
_____ )
                                      )
REUBEN KLAMER,                         )
                                      )
          Counterclaim Plaintiff,      )
                                      )
     v.                                )
                                      )
MARKHAM CONCEPTS, INC., SUSAN          )
GARRETSON and LORRAINE MARKHAM,        )
                                      )
          Counterclaim-Defendants.     )
_____ )

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Before the Court are Defendants' Motions for Attorneys' Fees and Costs, ECF Nos. 258, 259, 265, through which all Defendants[1] ask this Court to exercise its discretion under 17 U.S.C. § 505 to award them — the uncontested prevailing parties — reasonable attorneys' fees and costs.[2] After considering the submissions and carefully reexamining the record, and acknowledging that these Motions present a close call, the Court DENIES Defendants' Motions.

Rather than recount the facts of the case, this Order assumes familiarity with the ones that precede it. Fees and costs are not owed automatically,[3] and the Supreme Court has endorsed several factors to guide courts analyzing whether they are warranted. See Kirtsaeng v. John Wiley & Sons, Inc., 136 S.Ct. 1979, 1985 (2016). These include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components

---

[1] Hasbro, Inc., Dawn Linkletter Griffin, Sharon Linkletter, Michael Linkletter, Laura Linkletter Rich, Dennis Linkletter, Thomas Feiman, Robert Miller, Max Candiotty, and Reuben Klamer.

[2] Defendants request fees and costs only as to Plaintiffs' third claim for relief.

[3] At least one circuit has gone as far as to hold that "the prevailing party in Copyright Act litigation is presumptively entitled to an award of fees under § 505," and that the presumption is stronger still if the defendant prevails. Mostly Memories, Inc. v. For Your Ease Only, Inc., 526 F.3d 1093, 1099 (7th Cir. 2008). The First Circuit has not adopted such a standard.

of the case)[,] and the need in particular circumstances to advance considerations of compensation and deterrence." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994) (internal citation and quotation marks omitted). Each is considered alongside the unchanging purposes of the Copyright Act, which focus on "enriching the general public through access to creative works." Id. at 517-18. This is accomplished through "subsidiary aims" of the Act: "encouraging and rewarding authors' creations while also enabling others to build on that work." Kirtsaeng, 136 S.Ct. at 1986. The eventual question is whether the litigation furthered those purposes. No one factor is controlling, and neither is it a rigid formula, but objective unreasonableness is given "substantial weight," see id. at 1983, 1988, and the Court starts there.

Defendants say Plaintiffs advanced objectively unreasonable positions of law and fact, reflecting their "dubious" motivations[4] and justifying payment. See Def. Hasbro, Inc.'s Mot. for Att'ys' Fees and Costs ("Hasbro Mot.") 3, ECF No. 259. In the end, this case boiled down to two dispositive questions: did Bill Markham create the Prototype (such that he could fairly be considered its author); and was the Prototype a work made for hire? Plaintiffs said yes and no, respectively. They asked for both a declaration

---

[4] Bad faith is unnecessary. See Latin Am. Music Co. v. Am. Soc'y of Composers, Authors & Publishers (ASCAP), 642 F.3d 87, 91 (1st Cir. 2011).

3

that Markham was the author and a ruling that they could pursue a statutory right to termination, which they would use to renegotiate a royalty agreement they found lacking. A finding that the Prototype was a work made for hire would doom Plaintiffs' quest because these are excepted from termination rights, as would a finding that Markham was not the author. So success depended on proving both that Markham himself physically created the Prototype and that it was not made for another's use and benefit. See 17 U.S.C. § 304(c). This was a high bar to be sure, but the payoff if successful would no doubt have been substantial.

After a bench trial, this Court resolved those questions, finding that the Prototype was indeed a work made for Reuben Klamer's hire. It did so after applying the instance-and-expense test, which Plaintiffs argued did not hold post-Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989) ("CCNV"). Having successfully asserted that it did, Defendants argue now – as they did before – that the First Circuit's decision in Forward v. Thorogood, 985 F.2d 604 (1st Cir. 1993), foreclosed Plaintiffs' case from the start, and Plaintiffs' argument to the contrary amounted to a far-fetched mischaracterization of the law.

Throughout the case, Plaintiffs maintained that the Supreme Court's decision in CCNV abrogated the instance-and-expense test followed in Forward. While ultimately unpersuasive to both this Court and the First Circuit, and subject to formidable opposition

4

from Defendants, Plaintiffs' argument was not without support. See, e.g., Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 9.03[D] (2019)[5]. And while this Court (and the Panel)[6] was bound by First Circuit precedent holding otherwise, see Mag Jewelry Co. v. Cherokee, Inc., 496 F.3d 108, 124 (1st Cir. 2007) (reversing district court decision denying attorneys' fees and costs where "the legal principle at the core of their argument [was], as noted earlier, well established"), the Court hesitates to say that Plaintiffs "argue[d] for an unreasonable extension of copyright protection," Matthews v. Freedman, 157 F.3d 25, 29 (1st Cir. 1998) (emphasis added). See Universal Instruments Corp. v. Micro Sys. Eng'g, Inc., 799 F. App'x 43, 46 (2d Cir. 2020) (holding that it was not unreasonable for a party "to try to push through the door

---

[5] Hasbro reduces Nimmer's take to merely his own "personal musings." Def. Hasbro, Inc.'s Reply in Supp. of Its Mot. for Att'ys' Fees and Costs 8, ECF No. 279. Generalist courts – including our Supreme Court – often cite Nimmer on Copyright when analyzing this niche and complex area of the law. See, e.g., Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340 (1991) (citing Nimmer on Copyright twelve times); Perea v. Ed. Cultural, Inc. 13 F.4th 43, 52 (1st Cir. 2021); Markham Concepts, Inc. v. Hasbro, Inc., 1 F.4th 74, 83 (1st Cir. 2021) (while remaining "skeptical" of Plaintiffs' position, acknowledging that Plaintiffs had at least one "influential adherent" on their side).

[6] Offering even more explanation, the First Circuit said that, even if not bound by precedent, it would be "disinclined to [abrogate a prior panel opinion] in this case," remaining "skeptical that the Supreme Court, in construing the 1976 Act, casually and implicitly did away with a well-established test under a different Act." Markham Concepts, 1 F.4th at 82-83 (citing circuit opinions holding similarly). This, however, does not necessarily mean that the position was unreasonable.

that [the court] left open," despite that it disagreed with the position); see also Order Denying Mot. to Amend 2, ECF No. 250 ("Of course it is the Court of Appeals's prerogative to accept this argument and thereby change the law it applied in Forward."). The Court thus declines to award fees and costs on this basis.[7] See Lotus Dev. Corp. v. Borland Int'l, 140 F.3d 70, 75 (1st Cir. 1998) (considering awards against "a plaintiff, who, in a particular case, may have advanced a reasonable, albeit unsuccessful, claim"); see also Photographic Illustrators Corp. v. Orgill, Inc., No. CV 14-11818-PBS, 2020 WL 3051774, at *1 (D. Mass. June 8, 2020) (declining to award attorneys' fees where party raised "novel argument that was not objectively baseless").

Defendants' better argument is that Plaintiffs' case was factually weak. Defendants had evidence supporting multiple paths to victory, and under any one Plaintiffs' case would fold. This is a closer call; but, because in the end the case turned on the Court's interpretation of the evidence, the Court declines to award fees and costs on this ground, too.

Among other theories, Defendants argued that the Prototype was a work made for hire for Klamer and now submit that it was

---

[7] It is at least somewhat telling that "[t]he Supreme Court has also been presented with, but has declined to take up, the question of whether [CCNV] abrogated the instance and expense test as to commissioned works," id. at 83 n.4; that other litigants have raised this argument lends some support to the conclusion that Plaintiffs' position was reasonable.

6

unreasonable for Plaintiffs to argue otherwise. Defendants had evidence to support this theory, including witnesses Grace Falco Chambers and Leonard Israel, who testified at various points in the litigation that their work was done at Klamer's instance and expense. And Defendants stress that Plaintiffs' counsel's admission that Chambers and Israel were Markham's employees doomed Plaintiffs' case because they – the Prototype's true authors – created it as a work-for-hire, which is doubly fatal in that it also proved that Markham was not the Prototype's author.

But that concession only got Defendants part of the way. Plaintiffs called Chambers' and Israel's testimony incredible as to the extent of their contributions, and they had some evidence to rebut it. For example, Plaintiffs pointed to contemporaneous documents as evidence that Markham was the sole creator. These included the Assignment Agreement and letters between Markham and Klamer (the impetus for these letters being disputes stemming from credit given in a trade publication). See Findings of Fact and Conclusions of Law 12-14, ECF No. 240. In further defense, Plaintiffs argued that the Assignment Agreement showed that the Prototype was not intended to be a work made for hire, overcoming any presumption that it was one. See Playboy Enterprises, Inc. v. Dumas, 53 F.3d 549, 554 (2d Cir. 1995) ("That presumption can be overcome, however, by evidence of a contrary agreement, either written or oral." (internal citation omitted)). Defendants had

plenty of responses to this evidence, including that the Assignment Agreement was hollow legalese,[8] that nothing spoke directly to physical creation, and that, in any event, it was all small proof (if proof at all) measured against Chambers' and Israel's testimony.

After a close review of the record, the Court again cannot say that Plaintiffs pursued a factually unreasonable case. See Airframe Sys., Inc. v. L-3 Commc'ns Corp., 658 F.3d 100, 110 (1st Cir. 2011) (affirming district court's denial of fees, even where the claims failed at the summary judgment stage because of a lack of admissible evidence, emphasizing that it is a matter of the district court's discretion). Both sides came to trial with evidence to support their claims on all theories. Plaintiffs had much to overcome, including surmounting Markham's admission in a decades-old deposition that Chambers, Israel, and his wife worked on the game, as reflected in the invoice submitted to secure reimbursement. See Hasbro Mot. 16. But Plaintiffs did not purposefully obscure relevant evidence (contrary to Defendants' argument). See Mag Jewelry Co., 496 F.3d at 123 (reversing district court denial of fees and costs because it was "apparent

---

[8] Some of the litigated language included that Markham "invented, designed[,] and developed" the game, and that, at Link Research Corporation's request, Markham would pursue any copyright "to which he may be entitled as the inventor, designer, and developer of the [g]ame." See Findings of Fact and Conclusions of Law 10, 23, ECF No. 240.

that the inadequacies in [the company's] showings are traceable to facts of which the company had full knowledge at the time of summary judgment"). Neither did Plaintiffs make false assertions. See Webloyalty.com, Inc. v. Consumer Innovations, LLC, 388 F. Supp. 2d 435, 444 (D. Del. 2005) (awarding fees and costs where, "on the record presented, [the] assertions were' so outlandish as to offend any reasonable concept of the truth," "wast[ing] the resources of its opponent and this court by persisting with an objectively unreasonable strategy").

Rather, Defendants' success turned on how the factfinder interpreted the evidence and assessed credibility. Defendants spend much of their energy relitigating the merits with the benefit of this Court's Findings of Fact and Conclusions of Law, see, e.g., Def. Reuben Klamer's Reply in Supp. of His Mot. for an Award of Att'ys' Fees and Costs 7-11, ECF No. 285; Def. Hasbro, Inc.'s Reply in Supp. of Its Mot. for Att'ys' Fees and Costs 3-4, ECF No. 279, but unpersuasive arguments are not necessarily unreasonable ones. At no point before the issuance of the Findings of Fact and Conclusions of Law did Plaintiffs (or Defendants) know how the Court would weigh the evidence, including Chambers' and Israel's testimony.[9] See InvesSys, Inc. v. McGraw-Hill Companies, Ltd.,

---

[9] For this reason, Hasbro's Rule 11 letter, in which Hasbro contended that "the testimony of Chambers, Israel and Klamer had definitively established" that Plaintiffs "could not support a claim for termination" does little to answer the relevant

9

369 F.3d 16, 21 (1st Cir. 2004) (emphasizing that "reasonableness of the original claim ha[s] to rest on what [the party] knew when he made and pressed his claim and not merely on the unfavorable outcome"); see also Latin Am. Music Co., Inc. v. Spanish Broad. Sys., Inc., No. 20-2332-CV, 2021 WL 4536898, at *2 (2d Cir. Oct. 5, 2021) (considering claims' objective unreasonableness and frivolousness based on "the time they were filed and litigated" and upholding fees when the court "expressly warned" the plaintiffs at summary judgment). Taking the words of the First Circuit, it was the "district court's job to sort through the evidence and decide what and who was credible." Markham Concepts, Inc. v. Hasbro, Inc., 1 F.4th 74, 84 (1st Cir. 2021); see Kirtsaeng, 136 S.Ct. at 1988 ("Courts every day see reasonable defenses that ultimately fail (just as they see reasonable claims that come to nothing); in this context, as in any other, they are capable of distinguishing between those defenses (or claims) and the objectively unreasonable variety."); Small Justice LLC v. Xcentric Ventures LLC, 873 F.3d 313, 329 (1st Cir. 2017) ("[T]he trial court is in the best position to gauge the bona fides of a request for fees." (internal citation and quotation marks omitted)).

---

questions. Def. Hasbro, Inc.'s Mot. for Att'ys' Fees and Costs 5, ECF No. 259. There is no question from the Court's point of view that once Chambers and Israel testified it was difficult to imagine a scenario where Plaintiffs would defeat the work-for-hire argument, but Plaintiffs could not know how the Court was viewing the testimony.

From the Court's vantage, both sides raised plausible arguments and Plaintiffs' claim, though unsuccessful, was not so weak as to be objectively unreasonable to pursue. See Kirtsaeng, 136 S.Ct. at 1988 (carefully distinguishing liability from reasonableness and asking whether a party "made serious arguments"); Overseas Direct Imp. Co. v. Fam. Dollar Stores Inc., No. 10 CIV. 4919 JGK, 2013 WL 5988937, at *2 (S.D.N.Y. Nov. 12, 2013) (explaining that "lack of success on the merits, without more, does not establish that the non-prevailing party's position was objectively unreasonable").[10]

Objective weakness is not the end of the inquiry, see Matthews, 157 F.3d at 29 ("Depending on other circumstances, a district court could conclude that the losing party should pay even if all of the arguments it made were reasonable."), but the Court makes quick work of those grounds that remain. Because the case was not objectively unreasonable, it follows that it was not frivolous. Nothing in the record convinces the Court that Plaintiffs proceeded with an improper motivation that justifies an

---

[10] None of Defendants' arguments about Plaintiffs' litigation conduct sway in favor of an award, including Hasbro's grievance about its efforts to remove Plaintiffs' original counsel from the case.

award, and neither would an award serve any meaningful deterrence effect.[11]

For those reasons, the Court concludes that the litigation furthered the purposes of the Copyright Act and DENIES Defendants' Motions for Attorneys' Fees and Costs, ECF Nos. 258, 259, 265.

IT IS SO ORDERED.

/s/ *William E. Smith*
William E. Smith
District Judge
Date:  November 5, 2021

---

[11] For his part, Klamer claims the equities favor awarding him his fees in the interest of compensation because he, unlike his compatriots, proceeded through the litigation as a single individual, and one in frail health. See Def. Reuben Klamer's Reply in Supp. of Mot. for an Award of Att'ys' Fees and Costs 13, 17, ECF No. 285.  (The Court is sorry to learn of Reuben Klamer's recent death.  See Katharine Q. Seelye, Reuben Klamer, Creator of the Game of Life, Dies at 99, available at https://www.nytimes.com/2021/09/20/business/reuben-klamer-dead.html (last visited Nov. 5, 2021).)  On balance, this itself does not weigh heavily enough in favor of an award.